**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Solas OLED Ltd., an Irish corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>Samsung Display Co., Ltd., a Korean corporation;<br><br>Samsung Electronics Co., Ltd., a Korean corporation; and<br><br>Samsung Electronics America, Inc., a New York corporation;<br><br>*Defendants*. | CASE NO.  2:19-cv-152<br><br>**JURY DEMANDED** |

## Complaint for Patent Infringement

Plaintiff Solas OLED Ltd. ("Solas") files this complaint against Defendants Samsung Display Co., Ltd.; Samsung Electronics Co., Ltd.; and Samsung Electronics America, Inc. (collectively, "Defendants"); alleging infringement of U.S. Patent No. 9,256,311 (entitled "Flexible touch sensor").  The accused products are Samsung Galaxy smartphones with touchscreens (including flexible touch sensors) that wrap around the edges of the display.

**Plaintiff Solas OLED and the asserted patent.**

1. Plaintiff Solas is a technology licensing company organized under the laws of Ireland, with its headquarters at 4-5 Burton Hall Road, Sandyford, Dublin 18.

2. Solas is the owner of U.S. Patent No. 9,256,311, entitled "Flexible touch sensor," which issued February 9, 2016 (the "'311 patent").  A copy of the '311 patent is attached to this complaint as Exhibit 1.

**Defendants and the Accused Products.**

3. Defendant Samsung Display Co., Ltd. ("Samsung Display") is a Korean corporation. Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean corporation. Defendant Samsung Electronics America, Inc. ("Samsung Electronics America") is a New York corporation with regular and established places of business in this district.

4. The Accused Products are Samsung Galaxy smartphones with touchscreens (including flexible metal-mesh touch sensors and flexible OLED panel substrates) that wrap around the edges of the phone display. As an illustrative example, this includes Galaxy S9 model smartphones (illustrated below).



Galaxy S9
https://www.samsung.com/us/smartphones/galaxy-s9/

5. Defendant Samsung Display makes and supplies touchscreen displays that are incorporated into the accused Galaxy smartphones. Defendants Samsung Electronics and Samsung Electronics America make and supply the accused Galaxy smartphones, which includes selling the accused smartphones to distributers and end users.

**Jurisdiction, venue, and joinder.**

6. Solas asserts claims for patent infringement against Defendants under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over Solas' patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

7. The Court has personal jurisdiction over Defendants. Defendants Samsung Display and Samsung Electronics have established minimum contacts with the United States as a whole such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants Samsung Display and Samsung Electronics have purposefully directed activities at the United States—in particular, directing accused Galaxy smartphones for sale to distributers and end customers within the United States (including within this district) and engaging in sales and marketing efforts to generate and support such sales. The claims for infringement arise out of, or relate to, those activities. Defendant Samsung Electronics America has regular and established places of business within this district and has committed acts of infringement within this district (e.g., offering to sell and selling the Accused Products).

8. Defendants are jointly and severally liable for infringing the asserted patent. Defendants' liability arises out of the same transaction, occurrence or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale and selling the Accused Products. As a result, this action involves questions of law and fact that are common to all Defendants.

9. Venue is proper in this district under 28 U.S.C. §1400(b) and 28 U.S.C. §§ 1391(c). For Defendants Samsung Display and Samsung Electronics, venue is proper as to a foreign defendant in any district. Defendant Samsung Electronics America has regular and

established places of business in this district at: 1301 East Lookout Drive, Richardson, Texas 75080; and 6635 Declaration Drive, Plano, TX 75023.

**Claim for patent infringement.**

10. Solas incorporates by reference each of the allegations in paragraphs 1-9 above and further alleges as follows:

11. On February 9, 2016, the United States Patent and Trademark Office issued U.S. Patent No. 9,256,311, entitled "Flexible touch sensor." Ex. 1.

12. Solas is the owner of the '311 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

13. Each claim of the '311 patent is valid, enforceable, and patent-eligible.

14. Each Defendant has directly infringed (literally and equivalently), contributed to the infringement, and induced others to infringe the '311 patent and, unless enjoined, will continue to do so by using, selling, offering for sale, or importing products that infringe the claims of the '311 patent and by contributing to or inducing others to infringe the claims of the '311 patent without a license or permission from Solas.

Direct infringement.

15. Each Defendant has directly infringed (literally and equivalently), and continues to infringe, at least one claim of the '311 patent by using, offering to sell, selling, and importing the Accused Products. Defendants infringe multiple claims of the '311 patent, including independent claim 1. An example way that the Accused Products infringe each element of claim 1, for an example accused Galaxy smartphone, is provided below.

**"1. An apparatus compromising: a substantially flexible substrate;"**

The accused Galaxy smartphones include flexible Organic Light Emitting Diode (OLED) panels that include a substantially flexible polyimide substrate.

**"and a touch sensor disposed on the substantially flexible substrate, the touch sensor comprising drive or sense electrodes made of flexible conductive material configured to bend with the substantially flexible substrate,"**

The accused Galaxy smartphones include a touch sensor layered on top of the substantially flexible polyimide substrate.  The touch sensor includes drive or sense electrodes (the mesh grid illustrated below) made from flexible, conductive metal, configured to bend with the flexible OLED panel.



**"wherein: the flexible conductive material of the drive or sense electrodes comprises first and second conductive lines that electrically contact one another at an intersection to form a mesh grid;"**

In the accused Galaxy smartphones, the drive or sense electrodes are made from flexible metal mesh.  This flexible metal mesh includes conductive metal lines that physically intersect (and thus electrically contact) to form a mesh grid.



**"and the substantially flexible substrate and the touch sensor are configured to wrap around one or more edges of a display."**

In the accused Galaxy smartphones, the flexible metal touch sensor layer and OLED panel substrate wrap around the edge of the phone display.



<u>Indirect infringement.</u>

16.    Each Defendant has known of the '311 patent, or has been willfully blind to the '311 patent, since at least 2014. The application that became the '311 patent (No. 13/284,674) was published as US2013/0106441A1 (the '441 application) on May 2, 2013. The '441 application was cited by the examiner during the prosecution of the following Samsung Display patent applications:

Case 2:19-cv-00152-JRG   Document 1   Filed 05/02/19   Page 6 of 10 PageID #: 6

- US 13/776,932 (published as US 2014/0132553 A1) ("Flexible touch screen panel and flexible display device with the same"), published May 15, 2014, assigned to "Samsung Display Co., Ltd.";

- US 14/592,276 (published as US 2015/0123926 A1) ("Flexible touch screen panel and flexible display device with the same"), published May 7, 2015, assigned to "Samsung Display Co., Ltd.";

- US 14/248,126 (published as US 2015/0153873 A1) ("Touch panel, display apparatus, and method of manufacturing the touch panel"), published June 4, 2015, assigned to "Samsung Display Co., Ltd.";

- US 14/457,259 (published as US 2015/0220120 A1) ("Display device having a touch panel"), published August 6, 2015, assigned to "Samsung Display Co., Ltd.";

- 14/601,947 (published as US 2016/0066411 A1) ("Flexible circuit board and electronic device including the same"), published March 3, 2016, assigned to "Samsung Display Co., Ltd."

17. The '441 published application was also cited on the face of the following issued Samsung Display patent:

- US 9,778,697 B2 ("Flexible touch screen panel and flexible display device with the same") issued October 3, 2017 and assigned to "Samsung Display Co., Ltd."

18. Defendants Samsung Electronics and Samsung Electronics America have learned of the '311 patent through their work with Samsung Display to manufacture and supply the Accused Products.

19. Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the accused products within the United States, or importing the Accused Products into the United States, would constitute infringement.

20. In addition, the service of this complaint provided Defendants with additional notice of the '311 patent and of their infringement.

21. Defendants have induced, and continue to induce, infringement of the '311 patent by actively encouraging others (including each other, distributers and end customers) to use, offer to sell, sell, and import the Accused Products.  These acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions supporting sales; providing the Accused Products for sale; and agreeing to indemnify patent infringement within the United States.

22. Defendants have contributed to infringement of the claims of the '311 patent and continue to do so by supplying, or causing to be supplied, material parts of the invention within the United States—in particular, as described above in ¶15, a metal mesh touch sensor and OLED panel substrate that is designed to be substantially flexible and to wrap around the edges of the smartphone display.  The flexible nature of this component has no substantial non-infringing uses and has been known by Defendants to be especially adapted for use in infringing the '311 patent.

<u>Willful infringement.</u>

23. Defendants' infringement of the '311 patent has been and continues to be willful and egregious.  As detailed above in ¶¶16-20, and incorporated here, each Defendant has known of the '311 patent and has known of its infringement since at least 2014.  In the alternative, each

Defendant has been willfully blind to the '311 patent and has been willfully blind to its infringement since at least 2014. In addition, the service of this complaint provided Defendants with additional notice of the '311 patent and of their infringement.

Damages.

24.     Solas has been damaged by Defendants' infringement of the '311 patent and is entitled to reasonable royalty damages and enhanced damages due to Defendants' willful infringement.

**Jury demand.**

25.     Solas demands trial by jury of all issues.

**Relief requested.**

Solas prays for the following relief:

A.      A judgment in favor of Solas that Defendants have infringed the '311 patent and that the '311 patent is valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendants to pay Solas compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C.      A judgment that Defendants have willfully infringed the '311 patent and that Solas is entitled to enhanced damages as a result of such willful infringement;

D.      A permanent injunction prohibiting Defendants from further acts of infringement of the '311 patent;

E.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Solas, including, without limitation, pre-judgment and post-judgment interest;

F.   A finding that this case is exceptional under 35 U.S.C. § 285, at minimum due to Defendants' willful infringement, and an award of Solas' reasonable attorney's fees and costs; and

G.   Any and all other relief to which Solas may be entitled.

Dated:  May 2, 2019                    Respectfully submitted,

/s/ Sean A. Luner w/permission by Andrea Fair
Sean A. Luner
State Bar No. 165443
Gregory S. Dovel
State Bar No. 135387
Jonas Jacobson
State Bar No. 269912
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Email:  sean@dovel.com
Email:  greg@dovel.com
Email:  jonas@dovel.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF,
SOLAS OLED, LTD.**