# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| Solas OLED Ltd., an Irish corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>Samsung Display Co., Ltd., a Korean corporation, Samsung Electronics Co., Ltd., a Korean corporation, and Samsung Electronics America, Inc., a New York corporation,<br><br>*Defendants*. | CASE NO. 2:19-cv-152-JRG<br><br>**PLAINTIFF SOLAS OLED LTD.'s RESPONSE TO DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S COUNTERCLAIMS**<br><br>**JURY DEMANDED** |

**PLAINTIFF SOLAS OLED LTD.'s RESPONSE TO DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S COUNTERCLAIMS**

Plaintiff Solas OLED Ltd. ("Solas") hereby answers the Counterclaims of Defendants Samsung Display Co., Ltd.; Samsung Electronics Co., Ltd.; and Samsung Electronics America, Inc. (collectively, "Defendants"), as follows:

## PARTIES

1.      Solas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Defendants' counterclaims and on that basis denies the allegations.

2.      Solas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Defendants' counterclaims and on that basis denies the allegations.

3. Solas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Defendants' counterclaims and on that basis denies the allegations.

4. Solas admits that it is an Irish corporation. Solas admits that its headquarters are at 4-5 Burton Hall Road, Sandyford, Dublin 18.

## JURISDICTION AND VENUE

5. Solas states that the allegations of paragraph 5 of Defendants' counterclaims consist of legal conclusions that require no answer.

6. Solas states that the allegations of paragraph 6 of Defendants' counterclaims consist of legal conclusions that require no answer.

## BACKGROUND

7. Solas admits that it filed suit against Defendants on May 2, 2019, alleging that Defendants infringe U.S. Patent No. 9,256,311 ("the '311 patent"). Solas admits that on August 23, 2019, it filed an amended complaint against Defendants alleging that they infringe the '311 patent and U.S. Patents Nos. 6,072,450 ("the '450 patent") and 7,446,338 ("the '338 patent") (collectively the "Patents-in-Suit").

8. Solas admits that it alleges in its Amended Complaint that it is the owner of the '450 patent, the '338 patent, and the '311 patent.

9. Solas states that the allegations of paragraph 9 of Defendants' counterclaims consist of legal conclusions that require no answer.

## FIRST COUNTERCLAIM

## (NON-INFRINGEMENT OF '450 PATENT)

10. Solas restates and incorporates by reference its answers to paragraphs 1 through 9 of Defendants' counterclaims as if set forth fully herein.

11. Solas states that the allegations of paragraph 11 of Defendants' counterclaims consist of legal conclusions that require no answer.

12. Solas states that the allegations of paragraph 12 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Samsung has not infringed and is not infringing the '450 patent, and denies all remaining allegations of paragraph 12 of Defendants' counterclaims.

13. Solas states that the allegations of paragraph 13 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants are entitled to a declaratory judgment that they do not infringe the '450 patent.

## SECOND COUNTERCLAIM

## (INVALIDITY OF '450 PATENT)

14. Solas restates and incorporates by reference its answers to paragraphs 1 through 13 of Defendants' counterclaims as if set forth fully herein

15. Solas states that the allegations of paragraph 15 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the claims of the '450 patent are invalid, and denies all remaining allegations of paragraph 15 of Defendants' counterclaims.

16. Solas states that the allegations of paragraph 16 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants are entitled to a declaratory judgment that the claims of the '450 patent are invalid, and denies all remaining allegations of paragraph 16 of Defendants' counterclaims.

## THIRD COUNTERCLAIM

### (NON-INFRINGEMENT OF '338 PATENT)

17. Solas restates and incorporates by reference its answers to paragraphs 1 through 16 of Defendants' counterclaims as if set forth fully herein.

18. Solas states that the allegations of paragraph 18 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants have not infringed and are not infringing the claims of the '338 patent, and denies any and all remaining allegations in paragraph 18 of Defendants' counterclaims.

19. Solas states that the allegations of paragraph 19 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants are entitled to a declaratory judgment that they do not infringe the claims of the '338 patent, and denies all remaining allegations of paragraph 19 of Defendants' counterclaims.

## FOURTH COUNTERCLAIM

### (INVALIDITY OF '338 PATENT)

20. Solas restates and incorporates by reference its answers to paragraphs 1 through 19 of Defendants' counterclaims as if set forth fully herein.

21. Solas states that the allegations of paragraph 21 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the claims of the '338 patent are invalid, and denies all remaining allegations of paragraph 21 of Defendants' counterclaims.

22. Solas states that the allegations of paragraph 22 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants are entitled to a

declaratory judgment that the claims of the '338 patent are invalid, and denies all remaining allegations of paragraph 22 of Defendants' counterclaims.

## FIFTH COUNTERCLAIM

## (NON-INFRINGEMENT OF '311 PATENT)

23. Solas restates and incorporates by reference its answers to paragraphs 1 through 22 of Defendants' counterclaims as if set forth fully herein.

24. Solas states that the allegations of paragraph 24 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants have not infringed and are not infringing the claims of the '311 patent, and denies all remaining allegations of paragraph 24 of Defendants' counterclaims.

25. Solas states that the allegations of paragraph 25 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants are entitled to a declaratory judgment that they do not infringe the claims of the '311 patent, and denies all remaining allegations of paragraph 25 of Defendants' counterclaims.

## SIXTH COUNTERCLAIM

## (INVALIDITY OF '311 PATENT)

26. Solas restates and incorporates by reference its answers to paragraphs 1 through 25 of Defendants' counterclaims as if set forth fully herein.

27. Solas states that the allegations of paragraph 27 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the claims of the '311 patent are invalid, and denies all remaining allegations of paragraph 27 of Defendants' counterclaims.

28.     Solas states that the allegations of paragraph 28 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants are entitled to a declaratory judgment that the claims of the '311 patent are invalid, and denies all remaining allegations of paragraph 28 of Defendants' counterclaims.

## SEVENTH COUNTERCLAIM

## (UNENFORCEABILITY OF '311 PATENT)

29.     Solas restates and incorporates by reference its answers to paragraphs 1 through 28 of Defendants' counterclaims as if set forth fully herein.

30.     Solas states that the allegations of paragraph 30 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the '311 patent is unenforceable based on the allegedly inequitable conduct of the named inventors of the '311 patent, the attorneys responsible for prosecuting the application that led to the '311 patent, and the Atmel employees responsible for supervising the prosecution of the application that led to the '311 patent (collectively the "Applicants"), and denies all remaining allegations of paragraph 30 of Defendants' counterclaims.

31.     Solas states that the allegations of paragraph 31 of Defendants' counterclaims consist of legal conclusions that require no answer.

32.     Solas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Defendants' counterclaims and on that basis denies the allegations.

33.     Solas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Defendants' counterclaims and on that basis denies the allegations.

34. Solas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Defendants' counterclaims and on that basis denies the allegations.

35. Solas states that the allegations of paragraph 35 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that U.S. Patent No. 7,884,808 (the "Joo Patent") and U.S. Patent Publication No. 2010/0045632 (the "Yilmaz Publication") are material to patentability of the '311 patent. Solas denies that the Joo Patent and Yilmaz Publication in combination disclose each of the limitations of the independent claims of the '311 patent. Solas denies all remaining allegations of paragraph 35 of Defendants' counterclaims.

36. Solas states that the allegations of paragraph 36 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the Joo Patent expressly disclosed a limitation that "the substantially flexible substrate and the touch sensor are configured to wrap around one or more edges of a display." Solas denies all remaining allegations of paragraph 36 of Defendants' counterclaims.

37. Solas states that the allegations of paragraph 37 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the Yilmaz Publication expressly discloses the limitations of the independent claims of the '311 patent, and denies all remaining allegations of paragraph 37 of Defendants' counterclaims.

38. Solas states that the allegations of paragraph 38 consist of speculation and legal conclusions that require no answers. Solas denies all allegations of paragraph 38 of Defendants' counterclaims.

39. Solas admits that the application that resulted in the issuance of the Joo Patent appears on its face to have been filed on August 28, 2007 and that the Joo Patent appears on its

face to have been issued on February 8, 2011. Solas states that the remaining allegations of paragraph 39 of Defendants' counterclaims consist of legal conclusions that do not require an answer. Solas denies that the Joo Patent is prior art to the '311 patent under pre-AIA 35 U.S.C. §§ 102(a) or (e), and denies all remaining allegations of paragraph 39 of Defendants' counterclaims.

40. Solas states that the allegations of paragraph 40 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the Joo Patent expressly disclosed a limitation that "the substantially flexible substrate and the touch sensor are configured to wrap around one or more edges of a display." Solas denies all remaining allegations of paragraph 40 of Defendants' counterclaims.

41. Solas admits that on the face of the relevant applications, it appears that U.S. Patent Application No. 13/198,579 ("the '579 application") was pending during the prosecution of the '311 patent. Solas denies all remaining allegations of paragraph 41 of Defendants' counterclaims.

42. Solas admits that it appears on the face of the '579 application that Esat Yilmaz and Jalil Shaikh were among the named inventors of that application, and that Atmel Corporation was the assignee.

43. Solas lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Defendants' counterclaims and on that basis denies the allegations.

44. Solas admits that it appears on the face of the file history of the '311 patent that the '579 application was cited in at least one rejection of the claims of the application that led to

the '311 patent. Solas states that the remaining allegations of paragraph 44 of Defendants' counterclaims consist of legal conclusions that require no answer.

45. Solas states that the allegations of paragraph 45 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the claims of the '579 application included a substantially similar limitation to the independent claims of the '311 patent, and denies all remaining allegations of paragraph 45 of Defendants' counterclaims.

46. Solas admits that it appears on the face of the file history of the '579 application that, following an August 24, 2015 amendment by Applicants to the claims of the '579 application signed by Chad D. Terrell, independent claim 1 of the '579 application recited "a substantially flexible substrate configured to bend at an edge between a first surface and a second surface of a deice, the edge comprising an angle of deviation between the first and second surfaces of at least approximately 45°," and "a touch sensor disposed on the substantially flexible substrate and configured to bend with the substantially flexible substrate at the edge between the first and second surfaces, the touch sensor comprising drive or sense electrodes, each drive or sense electrode made of a flexible conductive metal mesh, the flexible conductive metal mesh forming each drive or sense electrode configured to bend with the substantially flexible substrate at the edge between the first and second surfaces." Solas denies all remaining allegations of paragraph 46 of Defendants' counterclaims.

47. Solas states that paragraph 47 of Defendants' counterclaims consists of legal conclusions that require no answer. Solas denies that multiple prior art references disclose a claim limitation of the '311 patent, and denies all remaining allegations of paragraph 47 of Defendants' counterclaims.

48. Solas admits that it appears on the face of the '579 application file history that Examiner Ahn cited the Joo Patent in a rejection in the '579 application on September 11, 2015.

49. Denied.

50. Solas admits that it appears on the face of the '579 application file history that Chad D. Terrell stated that the Joo Patent describes a "touch input portion that includes an upper touch portion and a side touch portion" and "that '[t]he upper touch portion 106 … generates input by touching a key display portion displayed on the display unit' and 'the side touch portion 108 . . . is formed at the side surface portion . . . to generate input different than that generated by the upper touch portion.'" Solas denies all remaining allegations of paragraph 50 of Defendants' counterclaims.

51. Denied.

52. Solas admits that it appears on the face of the file history of the '311 patent that the application that led to the issuance of the '311 patent received a Notice of Allowance on September 24, 2015, and Applicants paid the issue fee on December 22, 2015. Solas denies all remaining allegations of paragraph 52 of Defendants' counterclaims.

53. Solas lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of Defendants' counterclaims and on that basis denies the allegations.

54. Solas admits that it appears on the face of the file history of the '579 application that Applicants filed a response in the '579 application on December 11, 2015. Solas states that the remaining allegations of paragraph 54 of Defendants' counterclaims consist of legal conclusions that require no answer.

55. Solas admits that it appears on the face of U.S. Patent Application Publication No. 2011/0253668 to Winoto et al. ("Winoto") that Winoto was filed on March 23, 2011 and published on October 20, 2011. Solas denies that Winoto is prior art to the '311 patent under pre-AIA 35 U.S.C. §§ 102(a) and 102(e).

56. Solas admits that it appears on the face of the file history of the '579 application that Examiner Ahn stated in an August 22, 2014 Office Action that "Winoto teaches a touch screen comprises metal nanowires comprises flexible metal nanowires." Solas denies all remaining allegations of paragraph 56 of Defendants' counterclaims.

57. Solas admits that it appears on the face of U.S. Patent Application Publication No. 2008/0180399 to Cheng ("Cheng") that Cheng was filed on January 31, 2007 and published on July 31, 2008. Solas denies that Cheng is prior art to the '311 patent under pre-AIA 35 U.S.C. §§ 102(a) and 102(e).

58. Solas admits that it appears on the face of the file history of the '579 application that Examiner Ahn stated in an April 23, 2015 Office Action that "Cheng teaches flexible conductive metal mesh … configured to bend with the substantially flexible substrate at the edge between the first and second surfaces." Solas denies all remaining allegations of paragraph 58 of Defendants' counterclaims.

59. Denied.

60. Denied.

61. Solas admits that it appears on the face of the Yilmaz Publication that it was published on February 25, 2010 and that it lists Atmel Corporation as the assignee, and Esat Yilmaz as a named inventor. Solas denies all remaining allegations of paragraph 61 of Defendants' counterclaims.

62. Solas admits that it appears on the face of the Yilmaz Publication that it was published on February 25, 2010. Solas states that the remaining allegations of paragraph 62 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the Yilmaz Publication is prior art to the '311 patent under 35 U.S.C. § 102(b) and denies all remaining allegations of paragraph 62 of Defendants' counterclaim.

63. Denied.

64. Solas states that paragraph 64 of Defendants' counterclaims consists of legal conclusions that require no answer. Solas denies that the Yilmaz Publication was anticipatory prior art that disclosed every limitation of the claims of the '311 patent as originally filed. Solas denies all remaining allegations of paragraph 64 of Defendants' counterclaims.

65. Solas admits that the Yilmaz Publication does not disclose the "substantially flexible substrate and the touch sensor are configured to wrap around one or more edges of a display" limitation of claims 1 and 7 of the '311 patent. Solas states that the remaining allegations of paragraph 65 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies all remaining allegations of paragraph 65 of Defendants' counterclaims.

66. Solas states that the allegations of paragraph 66 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the limitation "the substantially flexible substrate and the touch sensor are configured to wrap around one or more edges of a display" was disclosed by the Joo Patent, and Solas denies all remaining allegations of paragraph 66 of Defendants' counterclaims.


67. Solas lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Defendants' counterclaims and on that basis denies the allegations.

68. Solas admits that on the face of the file history of the Yilmaz Publication, it appears that Scott Wornow signed a Power of Attorney to Prosecute Applications Before the USPTO grating Baker Botts L.L.P. power of attorney in the patent application that was published as the Yilmaz Publication (US 12/421,713). Solas lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of Defendants' counterclaims and on that basis denies the allegations.

69. Solas admits that on the face of the file history of the Yilmaz Publication, it appears that Chad D. Terrell of Baker Botts signed and filed amendments to the claims and/or remarks on the Examiner's Office Actions issued in U.S. Patent Application No. 12/421,713. Solas lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of Defendants' counterclaims and on that basis denies the allegations.

70. Solas states that the allegations of paragraph 70 of Defendants' counterclaims contain legal conclusions that require no answer. Solas lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of Defendants' counterclaims and on that basis denies the allegations.

71. Solas admits that on the face of the file history of the '311 patent it appears that on October 26, 2011, Esat Yilmaz signed a declaration stating that "I do not know and I do not believe" that the "subject matter which is claimed in and for which a patent is sought on the

application entitled *Flexible Touch Sensor*" was "described in any printed publication in any country . . . more than one year prior to the above-identified application."

72. Solas admits that on the face of the file history it appears that the Yilmaz Publication was published on February 25, 2010. Solas denies all remaining allegations of paragraph 72 of Defendants' counterclaims.

73. Solas states that the allegations of paragraph 73 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the Yilmaz Publication disclosed every limitation of the originally filed independent claims of the application that led to the '311 patent, and denies all remaining allegations of paragraph 73 of Defendants' counterclaims.

74. Denied.

75. Solas states that the allegations of paragraph 75 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that the allegations of Defendants' counterclaims constitute evidence of a pattern or plan to deceive the USPTO or that inequitable conduct occurred, and denies all remaining allegations of paragraph 75 of Defendants' counterclaims.

76. Solas states that the allegations of paragraph 76 of Defendants' counterclaims consist of legal conclusions that require no answer. Solas denies that Defendants are entitled to a declaratory judgment that the claims of the '311 patent are unenforceable, and denies all remaining allegations of paragraph 76 of Defendants' counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE, Solas prays for the following relief with respect to Defendants' counterclaims:

A. A dismissal with prejudice of Defendants' counterclaims;

B. An adjudication that Defendants are not entitled to any relief on their counterclaims, including, without limitation, any fine or damages; and

C. Costs and such further relief to which Solas is entitled, and which the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Solas demands a trial by jury on all issues so triable.

Dated: October 28, 2019

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster (CA SB No. 181067)
Reza Mirzaie (CA SB No. 246953)
Neil A. Rubin (CA SB No. 250761)
Kent N. Shum (CA SB No. 259189)
Theresa Troupson (CA SBN 301215)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@raklaw.com
E-mail: rmirzaie@raklaw.com
E-mail nrubin@raklaw.com
E-mail kshum@raklaw.com
Email ttroupson@raklaw.com

Sean A. Luner
CA State Bar No. 165443
Gregory S. Dovel
CA State Bar No. 135387
Jonas B. Jacobson
CA State Bar No. 269912
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Email: sean@dovel.com
Email: greg@dovel.com
Email: jonas@dovel.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF
SOLAS OLED, LTD.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 28, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

*/s/ Reza Mirzaie*
Reza Mirzaie