**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**



| | |
|---|---|
| SOLAS OLED LTD., | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| SAMSUNG DISPLAY CO., LTD., | § |
| SAMSUNG ELECTRONICS CO., LTD, and | § |
| SAMSUNG ELECTRONICS AMERICA, | § |
| INC., | § |
| | |
| Defendants. | |

Case No. 2:19-CV-00152-JRG

## DOCKET CONTROL ORDER

In accordance with the scheduling conference held in this case, it is hereby **ORDERED**

that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| Monday, October 5, 2020 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| Monday, August 31, 2020 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| Monday, August 24, 2020 | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires[1] |
| Monday, August 24, 2020 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*.

| Monday, August 24, 2020 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
|---|---|
| Monday, August 17, 2020 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| Monday, August 10, 2020 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| Monday, August 10, 2020 | Serve Objections to Rebuttal Pretrial Disclosures |
| Monday, August 3, 2020 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| Monday, July 20, 2020 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| Monday, July 13, 2020 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed <u>prior</u> to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[2] Motions for Summary Judgment shall comply with Local Rule CV-56. |
| Monday, June 29, 2020 | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| Monday, June 29, 2020 | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
|---|---|
| Monday, June 22, 2020 | Deadline to Complete Expert Discovery |
| Monday, June 8, 2020 | Serve Disclosures for Rebuttal Expert Witnesses |
| Monday, May 18, 2020 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| Monday, May 18, 2020 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| Wednesday, April 22, 2020 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| Wednesday, April 1, 2020 | *Claim Construction Hearing – 1:30 p.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| Wednesday, March 18, 2020 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| Wednesday, March 11, 2020 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| Wednesday, March 4, 2020 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| Wednesday, February 19, 2020 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any)<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |
| Wednesday, February 19, 2020 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |

| | |
|---|---|
| Wednesday, February 12, 2020 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| Wednesday, February 12, 2020 | File amendment to Joint Claim Construction Statement, to the extent required by added or amended constructions following completion of P.R. 3-4(a) document production |
| Earlier of Thursday, February 6, 2020 or 21 days after Defendants serve written notice that they have complied with P.R. 3-4(a) | Parties exchange preliminary constructions and extrinsic evidence for any new claim terms, phrases, or clauses identified by Solas. (P.R. 4-2) Parties may propose amendments to their existing preliminary constructions at this time, as well. |
| Earlier of Thursday, January 30, 2020 or 14 days after Defendants serve written notice that they have complied with P.R. 3-4(a) | Solas may propose additional claim terms, phrases, or clauses which it contends should be construed (P.R. 4-1) |
| Wednesday, January 29, 2020 | File Response to Amended Pleadings |
| Thursday, January 16, 2020 | Comply with P.R. 3-4(a) (Documents Sufficient to Show Operation of Accused Instrumentalities) for documents that require approval under the Act on Prevention of Leakage and Protection of Industrial Technology ("IAT") of the Republic of Korea.

To the extent that Defendants receive the required approvals under the IAT prior to this deadline, upon approval, Defendants shall make a good faith effort to promptly produce the documents they have been approved to produce. To the extent Defendants are unable to produce the documents they have been approved to produce within 5 business days of receiving such approval under the IAT, Defendants shall provide prompt notice to Solas and will work in good faith to resolve the issue in an efficient manner.

Defendants shall serve Solas with written notice when they believe that they have completed their production of documents under P.R. 3-4(a). |
| Wednesday, January 15, 2020 | *File Amended Pleadings

It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |

| Wednesday, January 8, 2020 | Comply with P.R. 4-3 (Joint Claim Construction Statement) |
|---|---|
| Wednesday, December 18, 2019 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| Monday, December 9, 2019 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| Monday, December 2, 2019 | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions[3] |
| Monday, December 2, 2019 | Comply with P.R. 3-3 & 3-4(b) (Invalidity Contentions)<br><br>Comply with P.R. 3-4(a) with respect to documents that do not require approval under the Act on Prevention of Leakage and Protection of Industrial Technology ("IAT") of the Republic of Korea |
| Wednesday, November 13, 2019 | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| Wednesday, November 6, 2019 | *File Proposed Docket Control Order and Proposed Discovery Order<br><br>The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| Wednesday, October 23, 2019 | Join Additional Parties |
| Monday, October 7, 2019 | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

**(\*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.**

## ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will

---

[3]  http://www.txed.uscourts.gov/sites/default/files/judgeFiles/EDTX%20Standing%20Order%20 Re%20Subject%20Matter%20Eligibility%20Contentions%20.pdf

benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions**:  For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed.  All documents shall be single-sided and must include the CM/ECF header.  These copies shall be delivered to the Court within three (3) business days after briefing has completed.  For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court.  Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**:  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)     The fact that there are motions for summary judgment or motions to dismiss pending;

(b)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO")**:  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged).  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO**:  The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**So Ordered this**

**Nov 7, 2019**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE