**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　Defendants. | Civil Action No. 2:19-cv-00152-JRG |

**DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG
ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S
MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**

**I.    INTRODUCTION**

Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., (collectively, "Defendants") respectfully move to stay the above-captioned litigation until the Patent Trial and Appeal Board ("PTAB") has concluded *inter partes* review ("IPR") of U.S. Patent No. 9,256,311 ("the '311 patent"), 6,072,450 ("the '450 patent"), and 7,446,338 ("the '338 patent") (collectively "the Asserted Patents").

Samsung Display has filed petitions for IPR on each of the Asserted Patents, and did so promptly after Plaintiff's claims. Plaintiff's original complaint asserted only the '311 patent. On September 30, 2019—before Defendants served their answer in this case, (Dkt. 27)—Samsung Display filed an IPR petition, AIA Review Number IPR2019-01668, seeking review of the '311 patent. On August 23, 2019, Plaintiff filed an Amended Complaint asserting two additional patents, the '450 patent and the '338 patent. Less than three months later, on November 7, Samsung Display filed a second IPR petition, AIA Review Number IPR2020-00140, seeking review of the

'450 patent on November 7. On December 18, Samsung Display filed a third IPR petition, AIA Review Number IPR2020-00320, seeking review of the '338 patent. These IPR petitions challenge the validity of all asserted claims of the Asserted Patents.

The factors considered by this Court favor a stay. First, a stay will not unduly prejudice Solas, because Solas does not compete with Defendants, does not practice the Asserted Patents, and can be adequately compensated through monetary damages. *See VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Second, the case is in its very early stages. Staying the case now would conserve the Court's and the parties' resources. Finally, the IPRs are likely to simplify the issues in this matter. The IPR petitions cover all of the asserted claims of the Asserted Patents and rely on prior art and prior art combinations that were not considered by the patent examiners. Moreover, Solas' statements in IPR proceedings will be relevant to the issues in this case, including claim construction.

Given the substantive effect the IPR petitions will have on the Asserted Patents, the interests of efficiency favor staying this case now. Defendants respectfully request that the Court stay this matter pending final resolution of the IPRs.

## II.     FACTUAL BACKGROUND

On May 2, 2019, Solas filed a complaint against Samsung Display, Samsung Electronics, and Samsung Electronics America, asserting infringement of the '311 patent. (Dkt. 1.) On May 14, 2019, Samsung filed an unopposed motion for extension of time to move, answer or otherwise respond to the complaint. (Dkt. 9.)

On August 23, 2019, Solas filed an amended complaint, adding claims alleging infringement of the '450 and '338 patents. (Dkt. 15.) On October 7, 2019, Defendants answered. (Dkt. 27.)

This case is still in the very early stages. The claim construction hearing is not set to take place until April 1, 2020. (Dkt. 43 at 3.) On September 30, 2019, prior to answering the amended complaint, Samsung Display filed an IPR petition seeking review of all of the claims of the '311 patent. On October 3, 2019, the PTAB verified and accorded a filing date to the IPR petition. Solas' preliminary response is due on January 3, 2020, and the PTAB's institution decision is due on April 3, 2020.

On November 7, 2019, Samsung Display filed an IPR petition seeking review of all asserted claims of the '450 patent. On November 14, 2019, the PTAB verified and accorded a filing date to the IPR petition. Solas' preliminary response is due on February 14, 2020, and the PTAB's institution decision is due on May 14, 2020.

On December 18, 2019, Samsung filed an IPR petition seeking review of all asserted claims of the '338 patent. Consistent with the petitions for the '311 and '450 Patents, Samsung Display expects that the PTAB will verify and accord a filing date shortly, with Solas' preliminary response due three months from the PTAB according a filing date to the petition.

The IPR petitions challenge the validity of all of the asserted claims of the Asserted Patents. The petitions feature prior art and prior art combinations not considered by the patent examiners during prosecution of the applications leading to the Asserted Patents:

- '311 Patent: U.S. Patent No. 8,722,314 ("Kuriki"), U.S. Patent No. 9,395,851 ("Mikladal"), U.S. Patent Application Pub. No. 2011/0102361 ("Philipp"), U.S. Patent Application Pub. No. 2012/0218219 ("Rappaport"), International Publication No. WO 2010/099132 ("Moran"), and U.S. Patent Application Pub. No. 2008/0223708 ("Joo"). *See generally* Ex. 1 (IPR2019-01668 petition).

- '450 Patent: U.S. Patent No. 5,670,792 ("Utsugi"), Japanese Patent Application Publication No. JPH053079 ("Manabe"), and International Publication No. WO 96/25020 ("Eida"). *See generally* Ex. 2 (IPR2020-00140 petition).

- '338 Patent: U.S. Patent Application Pub. No. 2002/0158835 ("Kobayashi"), U.S. Patent Application Pub. No. 2004/0113873 ("Shirasaki"), and International Publication No. WO 03/079441 ("Childs"). *See generally* Ex. 3 (IPR2020-00320 petition).

These prior art references, either alone or in combination, anticipate or render obvious each of the claims of the Asserted Patents.

In support of the '311 IPR petitions, Dr. Andrew Wolfe submitted a declaration explaining why the '311 patent would have been obvious to a person of ordinary skill in the art in view of the prior art references, provided motivations for combining the prior art references in the manner claimed by the '311 patent, and demonstrated that the combinations would have been well within the grasp of a person of ordinary skill in the art. *See generally* Ex. 4 (IPR 2019-01668 Decl. of Dr. Andrew Wolfe). In support of the '450 and '338 IPR petitions, Dr. Adam Fontecchio likewise submitted declarations explaining why both the '450 and '338 patents would have been anticipated or obvious to a person of ordinary skill in the art in view of the prior art references, provided motivations for combining the prior art references in the manner claimed by the '450 and '338 patents, and demonstrated that the combinations would have been well within the grasp of a person of ordinary skill in the art. *See generally* Ex. 5 (IPR 2020-00140 Decl. of Dr. Adam Fontecchio); Ex. 6 (IPR2020-00320 Decl. of Dr. Adam Fontecchio).

### III.   LEGAL STANDARD

The Court possesses the inherent power to control its own docket, including the power to stay proceedings. *Customedia Techs., LLC, v. DISH Network Corp*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997));

*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). In determining how to manage its docket, the district court "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Gonzalez v. Infostream Grp., Inc.*, No. 2:14-cv-906-JRG-RSP, 2015 WL 12910770, at *1 (E.D. Tex. Mar. 3, 2015).

When deciding whether to stay a case pending IPR, district courts will consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id*. Each of these factors weigh in favor of granting a stay.

## IV. ARGUMENT

All of the pertinent factors weigh in favor of granting a stay pending the results of the IPR petitions, which will not cause any undue prejudice, will conserve this Court's and the parties' resources, and will simplify this litigation.

### A. Solas Will Not Suffer Any Undue Prejudice.

Solas would not suffer any undue prejudice if the Court stays the case. "[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318. Solas is a non-practicing entity that does not compete with Defendants or sell products that practice the Asserted Patents. Monetary relief will be sufficient to compensate Solas for any damages, and a "stay will not diminish the monetary damages to which [Solas] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive

remedy." *Id*. The "mere delay in collecting damages does not constitute undue prejudice." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) (internal citations omitted).

Defendants, by contrast, would suffer undue prejudice in the absence of a stay, because they would continue to incur the expense and burden of defending against infringement allegations of patent claims that the PTAB may invalidate. This is particularly true since Samsung Display filed the IPR petitions promptly, within approximately 4 months of the filing of the amended complaint, and well before the one year deadlines. To date, only limited preliminary document production has taken place and the deadline to substantially complete document production is still almost 2 months away. Similarly, the claim construction hearing is not scheduled until April of next year, with the trial not scheduled until October.

Indeed, a stay will benefit both parties by allowing them to take advantage of the IPR system, which constitutes "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." U.S. Patent and Trademark Office, *Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings, and Transitional Program for Covered Business Method Patents*, 77 FR 48679, 48680 (Aug. 14, 2012). Accordingly, this factor favors granting Samsung's motion to stay.

### B. This Case Is in Its Early Stages.

The fact that this case is in its early stages, and "there remains a significant amount of work ahead for the parties and the court," also weighs in favor of a stay. *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014); *see also Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid

claims" (quotation omitted)). Samsung Display filed all three of the IPR petitions within approximately 4 months of the filing of the amended complaint, claim construction briefing has not yet taken place, and only preliminary discovery has taken place. This timeline constitutes the very early stages of litigation when determining to stay a case pending administrative review. *See, e.g.*, *VirtualAgility*, 759 F.3d at 1317 (finding stay pending CBM review appropriate where "there remained eight months of fact discovery, the joint claim construction statements had yet to be filed, and jury selection is a year away").

A stay would conserve judicial resources, including by avoiding any need to revisit claim construction or orders in view of arguments advanced before the PTAB. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer"). In addition, a stay would allow the parties to avoid incurring significant expense if the litigation continues. *See*, *e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (finding that the court should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial" and further finding that such circumstances weighed strongly in favor of a stay) (opinion vacated because the parties settled the case the day before the opinion issued).

This early stage of proceedings in this case also favor granting Defendants' motion to stay.

### C. IPR Proceedings Will Simplify or Eliminate Issues, Streamlining Litigation and Reducing the Burden on the Parties and This Court.

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. The pending IPR petitions here concern each asserted claim

of the Asserted Patents. IPR would simplify the issues in this case and potentially resolve it altogether.

Moreover, "[a] stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *2 (quotations omitted). As the Federal Circuit and this Court have observed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s consideration." *Norman IP Holdings, LLC v. TP-Link Techs. Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

According to the USPTO's November 2019 trial statistics (the most recent available statistics), the PTAB instituted 63% of trial petitions in 2019, and 67% of petitions in the Electrical/Computer technology area (the relevant technology area of the Asserted Patents) overall. *See* Ex. 7 (PTAB Statistics November 2019) at 6–7. Instituted IPRs generally lead to claim cancellation. 80% of Final Written Decisions have resulted in at least one claim being found invalid, and 63% of Final Written Decisions have found all instituted claims invalid. *Id.* at 10. Therefore, it is highly likely that the IPRs will impact this case significantly. Accordingly, this factor weighs in favor of granting Defendants' request for a stay.

Regardless of the institution decision, Solas' statements in its Preliminary Responses will be material evidence, including the possible expansion of evidence for the Court to consider for claim construction. *Aylus Networks*, 856 F.3d at 1359; *see also Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Because it is possible, even likely, that the PTO will proceed on at least one of [Defendant's] IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the

additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."). Such statements proved dispositive in a past case before this Court. *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sep. 9, 2017), *adopted by* 2017 WL 4314580, at *1 (E.D. Tex. Sep. 28, 2017).

If the PTAB invalidates the asserted claims, then a stay will have saved significant time and resources for the Court and the parties. If only some of the claims are invalidated, then IPR will have narrowed the issues and will also add prosecution history that may inform the proper construction of claim terms, infringement, and invalidity. *See NFC Tech.*, 2015 WL 1069111, at *7 ("[A]ny disposition by the PTAB is likely to simplify the proceedings before this Court.").

## V. CONCLUSION

Defendants submits that the balance of factors favors staying these proceedings, and respectfully requests that the Court grant its motion to stay this case pending final resolution of the IPRs of the '311, '450, and '338 patents.

Dated: December 20, 2019

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com

Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this December 20, 2019.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On December 20, 2019, counsel for Solas and Samsung engaged in a meet and confer conference pursuant to Local Rule CV-7(h). Solas' counsel indicated that Solas is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith