UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., § § Plaintiff, § § v. § § SAMSUNG DISPLAY CO., LTD., § SAMSUNG ELECTRONICS CO., LTD., § and SAMSUNG ELECTRONICS § AMERICA, INC., § § Defendants. § | Civil Action No. 2:19-cv-00152-JRG |

**DEFENDANTS' UNOPPOSED MOTION FOR ISSUANCE OF
LETTER ROGATORY TO CASIO COMPUTER CO., LTD.**

Pursuant to this Court's inherent authority to issue Letter Rogatory, Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., (collectively "Defendants"), by and through their undersigned attorneys, hereby request this Court issue a Letter of Request for International Judicial Assistance to obtain documents and testimony from Casio Computer Co., Ltd. ("Casio"). Plaintiff Solas OLED Ltd. ("Solas") has indicated that it will not oppose this motion.

Defendants' use of Letter Rogatory is an appropriate method of obtaining discovery from Casio because Japan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil and Criminal Matters. *See* Fed. R. Civ. P. 4(2)(2)(B); All Writs Act, 28 U.S.C. §§ 1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner."); *see also* U.S. Dep't of State Legal Considerations for Japan,

https://travel.state.gov/content/travel/en/legalconsiderations/ judicial/country/japan.html (last visited on May 23, 2018).

Judicial assistance between the United States and Japan is governed by Article 5 of the Vienna Convention on Consular Relations. *See* U.S. Dep't of State Legal Considerations for Japan; *see also* Vienna Convention on Consular Relations (1963), *available at* http://legal.un.org/ilc/texts/instruments/english/conventions/9_2_1963.pdf (last visited May 23, 2018). Article 5(j) of the Convention acknowledges that the use of Letter Rogatory is an appropriate method of requesting evidence located in a foreign State. *See* Vienna Convention on Consular Relations (1963). Furthermore, as numerous courts have confirmed, the use of Letter Rogatory has been the traditional method of requesting foreign judicial assistance in obtaining evidence located aboard. *See, e.g., Bakeer v. Nippon Cargo Airlines, Co.*, 2011 U.S. Dist. LEXIS 90102, \*61-62 (E.D.N.Y. 2011) (opinion noting that "[s]ince Japan is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters . . ., [t]he only method for obtaining the testimony of an unwilling Japanese witness is through 'a letter rogatory executed by a Japanese court'"); *United States v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (district court should have granted request by defendant for use of letter rogatory to obtain evidence located abroad that was relevant to defendant's case).

The proposed letter submitted herewith solicits documents from Casio. The proposed letter submitted herewith also solicits deposition testimony from Casio, through one or more designated officers, directors, managing agents, or other person(s) who consent to testify on behalf of Casio and answer the questions provided.

The requested order for the issuance of a Letter Rogatory is necessary because Article 17 of the Japan-United States Consular Convention only authorizes American consular officers to

take depositions in Japan, "on behalf of the courts or other judicial tribunals or authorities of the sending state (United States), voluntarily given, in accordance with the laws of the receiving state (Japan)." This provision regarding the authority of consular officers to take depositions has been interpreted by the Japanese Government very strictly. *See* U.S. Dep't of State Legal Considerations for Japan. Japanese law and practice, and the mutually-agreed upon interpretation of the U.S.-Japan Consular Convention concerning obtaining evidence in Japan, permits the taking of deposition of a willing witness on U.S. consular premises for use in U.S. courts only: (1) when pursuant to a commission (28 U.S.C. App. Fed. It Civ. P. Rule 28(b)(2)) to take a deposition issued by a court to any Consul or Vice-Consul of the United States at (Tokyo, Naha, Osaka-Kobe, Sapporo, Fukuoka); or (2) on notice, provided an order issued by a court in the United States specifically authorizes a U.S. consular officer to take the deposition on notice. *See id.*

For these reasons, Defendants respectfully requests the Court grant its unopposed motion, endorse the attached Letter of Request, and direct the Clerk to place the Court's seal upon them and return them to Defendants for delivery to the foreign jurisdiction.

Dated: February 25, 2020

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com

Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via electronic mail this 25th of February, 2020.

/s/ Melissa R. Smith
Melissa R. Smith