IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | § Case No. 2:19-CV-00152-JRG |
| | § |
| SAMSUNG DISPLAY CO., LTD., | § |
| SAMSUNG ELECTRONICS CO., LTD, and | § |
| SAMSUNG ELECTRONICS AMERICA, | § |
| INC., | § |
| | § |
| *Defendants.* | § |

## AGREED TEMPORARY AMENDMENT TO PROTECTIVE ORDER

WHEREAS, the unprecedented COVID-19 pandemic requires temporary measures to proceed with on-going litigation, while avoiding travel and in-person contact;

WHEREAS, pursuant to the Court's April 20, 2020 Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic, the parties have worked collaboratively to identify and implement temporary measures that will enable the receiving party's personnel to review source code during the pandemic without the need for travel or in-person source code review; and,

WHEREAS, this temporary amendment to Paragraph 10(k) of the Protective Order—made pursuant to the Court's April 20, 2020 Standing Order Regarding Pretrial Procedures in Civil Cases Assigned to Chief District Judge Rodney Gilstrap During the Present COVID-19 Pandemic—is not to be construed as either party's agreement or admission as to the adequacy or appropriateness of these provisions in other circumstances;

IT IS **ORDERED** THAT the following Temporary Amendment be made to Paragraph 10 of the Court's previous Protective Order:

Starting from the entry of this Temporary Amendment and continuing until either such date as:

(A) all of producing Party's outside counsel's United States offices are open for business and can host outside visitors, and the receiving Party's outside counsel no longer has policies in place that require or encourage attorneys to work from home or that discourage attorney U.S. domestic air travel, due to risks associated with the COVID-19 pandemic; or

(B) entry of a subsequent Order of this Court;

the producing Party's Source Code Material shall be provided on a "secure remote-access" computer(s), in place of the "stand- alone" computer(s). The persons permitted to access RESTRICTED CONFIDENTIAL - SOURCE CODE under Section 10(e) shall be provided with access to the secure remote-access computer(s). These persons will be permitted to remotely review the Source Code Material, but they will not be permitted to download Source Code Materials from the remote-access computer or to make printouts or screenshots that are stored anywhere other than on the remote-access computer(s). The provisions of Sections 10(b)-(d) of the Court's Protective Order concerning the "stand-alone" computer(s) shall also apply to the "secure remote-access" computer(s), and the provisions of Section 10(j) will apply to appropriately locked storage in a home office.

**So ORDERED and SIGNED this 29th day of May, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE