# EXHIBIT 2

| **From:** | Cho, Daniel |
| --- | --- |
| **Sent:** | Wednesday, May 6, 2020 2:16 PM |
| **To:** | James S. Tsuei |
| **Cc:** | Neil Rubin; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas; melissa@gillamsmithlaw.com |
| **Subject:** | RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG) |

Neil,

We write to follow up regarding Solas's infringement contentions, which Solas has failed to supplement despite committing on our April 29 meet and confer call that it would do so by May 1. We have repeatedly asked Solas to supplement its infringement contentions, which are deficient in fundamental respects that we have previously raised. In brief, (1) they do not identify Solas's factual basis for contending limitations are met or identify the theory under which Solas contends the limitation is met, and (2) they do not identify any basis whatsoever for accusing most of the accused products of infringement. For nearly every accused product, Solas provides no claim chart and no explanation at all of its basis for claiming infringement. Defendants produced their detailed technical documents more than four months ago. The Court issued its claim construction order weeks ago. Yet Solas has not provided supplemental infringement contentions, has not clearly disclosed its infringement theories for the accused products and the factual basis for them, and has yet to explain any basis to assert infringement as to nearly all accused products.

Based on the Court's claim constructions, we fail to see how Solas can maintain its infringement claims on the '338 and '311 patents. While we disagree with the assertions in Solas's email of May 1 concerning the "write current" limitation of the '338 patent, which are inconsistent with the Court's construction and the operation of the accused products, even setting that aside Solas has provided no basis for asserting infringement of the accused products under the other limitations of the asserted claims, including the other terms construed by the Court. With respect to the '311 patent, even in its May 1 email Solas provided no factual explanation of how it can claim that any accused product meets the limitation "configured to wrap around one or more edges of a display" infringement under the Court's construction, much less how all of the accused products could meet this limitation. Nor has Solas disclosed how each product accused of infringing the '311 patent allegedly meets the other claim limitations of the numerous asserted claims. As to the '450 patent, Solas has likewise failed to disclose how each accused product allegedly infringes the asserted claims.

Finally, while we appreciate Solas withdrawing four patent claims -- and Defendants will reduce the amount of prior art they assert as well -- we are nearing the end of fact discovery and Solas's number of asserted claims remains excessive: Solas continues to assert 14 claims of the '311 patent, 7 claims of the '450 patent, and 5 claims of the '338 patent, for a total of 26 claims, far in excess of the number of claims that could be tried. We reiterate our request that Solas reduce the number of asserted claims.

The above deficiencies need to be rectified immediately. With the end of fact discovery fast approaching, Solas's failure to meaningfully and properly reduce its asserted claims, along with its failure to properly disclose its theories for any claims that it intends to continue to pursue, are unfairly and unduly prejudicing defendant's ability to defend this case.

Regards,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

# COVINGTON

---

**From:** Cho, Daniel <DWCho@cov.com>
**Sent:** Friday, May 1, 2020 1:01 PM
**To:** James S. Tsuei <jtsuei@raklaw.com>
**Cc:** Neil Rubin <nrubin@raklaw.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

Neil,

During our April 29 meet and confer, you stated that Solas would be sending, by April 30 (i.e., yesterday), a responsive letter to our April 22 letter requesting that Solas narrow the case in light of the Court's *Markman* ruling to dismiss the claims on the '311 and '338 patents. We have not, however, received a response to our letter. Please provide the responsive letter today.

We have also discussed, multiple times, what we believe to be the inadequacy of Solas's infringement contentions. You stated during our April 29 meet and confer that Solas will be serving supplemental infringement contentions today (May 1). As discussed on our call, if Solas maintains any infringement claims on the asserted '311 and '338 patents, we expect that Solas's supplemental infringement contentions will provide detailed allegations as to each limitation based on Defendants' technical documents and as to each accused product. To the extent Solas believes that it has a good faith basis to maintain infringement claims on these patents despite the claim construction order, Solas's supplemental infringement contentions should disclose its infringement theories and make clear for each accused product how Solas contends that the product infringes in light of the Court's constructions. We further expect that, for the asserted '450 patent, Solas will provide detailed allegations as to each limitation based on Defendants' technical documents as to each accused product. Solas's supplemental infringement contentions should also reduce the number of asserted claims. We look forward to receiving the supplemental infringement contentions today.

You also agreed to provide, by today (May 1), Solas's position as to whether it will maintain the denial in paragraph 82 of its answer to Defendants' First Amended Counterclaims, and whether Solas will agree to amend its responses to Interrogatory No. 15. We look forward to your correspondence on this issue.

Best,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**COVINGTON**

---

**From:** Cho, Daniel
**Sent:** Thursday, April 30, 2020 1:32 PM
**To:** 'James S. Tsuei' <jtsuei@raklaw.com>
**Cc:** 'Neil Rubin' <nrubin@raklaw.com>; 'andrea@wsfirm.com' <andrea@wsfirm.com>; 'claire@wsfirm.com' <claire@wsfirm.com>; 'greg@dovel.com' <greg@dovel.com>; 'jonas@dovellaw.com' <jonas@dovellaw.com>; 'jw@wsfirm.com' <jw@wsfirm.com>; 'rak_solas@raklaw.com' <rak_solas@raklaw.com>; 'sean@dovel.com' <sean@dovel.com>; 'ttroupson@raklaw.com' <ttroupson@raklaw.com>; 'wliu@raklaw.com' <wliu@raklaw.com>; Samsung-Solas <Samsung-Solas@cov.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

Neil and James,

We write to follow-up on our meet-and-confer yesterday afternoon concerning various discovery issues.

### 1. Defendants' April 22 Letter Concerning Case-Narrowing

We discussed J. Frisch's April 22 letter requesting Solas to promptly narrow the case in light of the Court's claim constructions, including by dismissing its infringement claims on the '338 and '311 patents or stipulating to non-infringement of those patents under the Court's constructions. You stated that Solas is working on a responsive letter to be sent today (April 30). We look forward to receiving the responsive letter.

You also confirmed that Solas will be serving supplemental infringement contentions tomorrow (May 1). As Jared emphasized on the call, if Solas maintains any infringement claims on the asserted patents, Defendants expect that Solas's supplemental infringement contentions will provide detailed allegations as to each limitation based on Defendants' technical documents, which Solas has had for over four months. As noted in Jared April 22 letter and reiterated during our meet and confer yesterday, to the extent Solas believes that it has a good faith basis to maintain infringement claims on the asserted patents despite the claim construction order, Solas's supplemental infringement contentions should disclose its infringement theories and make clear for each accused product how Solas contends that the product infringes in light of the Court's constructions.

During the parties' April 15 meet and confer, James acknowledged that Judge Gilstrap will likely expect Solas to streamline the case by dropping claims, and stated that he would need to confer with the full team regarding the possibility and timing of reducing the number of asserted claims. We believe that such narrowing is particularly appropriate now, given the Court's claim construction order. At a minimum, we expect Solas to drop asserted claims in its supplemental infringement contentions being served tomorrow.

### 2. Solas's Deficient Response to Defendants' Interrogatory No. 15

We discussed Solas's April 28 supplemental response to Defendants' interrogatory No. 15, which requested Solas's factual basis for its denial in paragraph 82 of its answer to Defendants' First Amended Counterclaims (Dkt. No. 68) that U.S. Patent Publication No. 2004/0113873 ("Shirasaki '873") disclosed the limitation of claim 1 of the '338 patent stating "wherein said plurality of transistors for each pixel include a driving transistor, one of the source and the drain of which is connected to the pixel electrode, a switch transistor which makes a write current flow between the drain and the source of the driving transistor, and a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period."

Solas supplemented its response to Interrogatory No. 15 by stating that "[a]t the time Solas filed its Response to [the Counterclaims] . . . , the parties had identified [the] term 'write current' in the claim language, . . . as a term whose construction was in dispute.  No construction had issued at the time, and Solas thus lacked sufficient knowledge to admit or deny substance of the factual allegation contained in paragraph 82 of Samsung's First Amended Counterclaims, and on that basis denied it."

We explained that if Solas will maintain the denial in paragraph 82 of its answer, Defendants are entitled to an updated explanation concerning Solas's factual basis for that denial, because the Court has now construed the term "write current."  In the alternative, if Solas will now admit that Shirasaki '873 discloses the limitation of claim 1 of the '338 patent, we noted that Defendants should be informed of that immediately.

You agreed to provide, by tomorrow (May 1), Solas's position as to whether it will maintain the denial in paragraph 82 of its answer to Defendants' First Amended Counterclaims, and whether Solas will agree to amend its responses to Interrogatory No. 15.  We look forward to your correspondence on this issue tomorrow.

3. **Deposition Dates for Solas Witnesses, Mr. Shaikh, and Mr. Yilmaz**

We also discussed the deposition dates for Solas's witnesses, Mr. Shaikh, and Mr. Yilmaz.  We had previously requested Solas/RAK to provide their availability in May for depositions.

**Jalil Shaikh:** James stated that Mr. Shaikh is available starting the second week of May, and agreed to provide exact dates by next Tuesday (May 5).

**Esat Yilmaz:** James stated that Mr. Yilmaz is currently in China, where there are limitations on the types of video-conferencing software that can be used for remote depositions.  James also stated that RAK still has not secured Mr. Yilmaz's availability because Mr. Yilmaz himself still does not know his exact availability.  We noted that we have been asking for Mr. Yilmaz's availability for the last several months, and that fact discovery is closing in less than 5 weeks.  James agreed to provide an update as soon as possible concerning Mr. Yilmaz's availability for his deposition, including whether he will be available to attend a video-deposition outside of China.  We asked that you provide Mr. Yilmaz's availability by the end of next week.  Please provide Mr. Yilmaz's availability by next Friday (May 8).

**Ciaran O'Gara, Colm O'Riordan, James Prusko, Gerald Padian, Robert Beirne:**  James stated that Solas's witnesses should be available mid to late May, but that exact dates are not yet available.  James agreed to provide exact dates next week.  By next Tuesday (May 5), please provide specific dates in mid/late May for each of Solas's witnesses' depositions.

Best,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Cho, Daniel
**Sent:** Friday, April 17, 2020 5:08 PM
**To:** 'James S. Tsuei' <jtsuei@raklaw.com>
**Cc:** 'Neil Rubin' <nrubin@raklaw.com>; 'andrea@wsfirm.com' <andrea@wsfirm.com>; 'claire@wsfirm.com' <claire@wsfirm.com>; 'greg@dovel.com' <greg@dovel.com>; 'jonas@dovellaw.com' <jonas@dovellaw.com>; 'jw@wsfirm.com' <jw@wsfirm.com>; 'rak_solas@raklaw.com' <rak_solas@raklaw.com>; 'sean@dovel.com' <sean@dovel.com>; 'ttroupson@raklaw.com' <ttroupson@raklaw.com>; 'wliu@raklaw.com' <wliu@raklaw.com>; Samsung-Solas <Samsung-Solas@cov.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

James,

We write to follow up on our meet and confer of Wednesday afternoon concerning deficiencies in Solas's infringement contentions, document production, and interrogatory responses.

## I.  Solas's Deficient Infringement Contentions

With respect to Solas's infringement contentions, insofar as Solas is relying on different infringement theories for certain accused products, we reiterated our request that Solas supplement its infringement contentions to include detailed claim charts disclosing all such theories and clearly identifying the accused products that it contends fall under each theory.  We noted that Solas's March 12 amended infringement contentions did not cure the deficiencies outlined in our March 13 email.  We also noted that Solas has now had Defendants' technical documents for several months, including printouts of GDS files, and that Solas has conducted teardowns of at least the Galaxy S6, Galaxy S7 Edge, Galaxy S8, and Galaxy S9 products.  As stated in our April 10 email, Defendants expect to receive supplemental infringement contentions that identify all of Solas's infringement factual theories for each of the asserted claims with respect to all accused product models.  You stated that Solas will endeavor to supplement its infringement contentions within 2 weeks of receiving Defendants' response to Solas's Interrogatory No. 19 (served on April 15), and that you would notify us if, after reviewing Defendants' Interrogatory response, Solas believes more time will be necessary.

We also asked if Solas would be willing to drop asserted claims in its forthcoming amended infringement contentions.  You acknowledged that Judge Gilstrap will likely expect Solas to streamline the case by dropping claims, and stated that you would need to confer with your team regarding the possibility and timing of reducing the number of asserted claims.  We believe that such narrowing is particularly appropriate, given the Court's claim construction order of this morning, and we intend to follow up separately on this issue.

## II.  Solas's Deficient Document Production

### A.  Licenses Between Casio and Third Parties

Regarding Casio's licenses with third parties, you stated that Solas asked Casio multiple times whether it would share copies of Casio's licenses with third-parties, and that Casio refused.  You noted that Solas made these requests before and after the execution of the April 2016 Casio-Solas Patent Purchase Agreement.  We asked whether Solas had made its requests to Casio pursuant to Section 6.7 of the April 2016 Casio-Solas Patent Purchase Agreement which requires Casio to provide Solas with "any documents or other information" in Casio's possession "reasonably related to" the '450 and '338 patents.  You stated that you were not sure.

As stated on the call, Defendants specifically request Solas to invoke Section 6.7 of the April 2016 Casio-Solas Patent Purchase Agreement to seek Casio's cooperation with discovery in this litigation, and provide confirmation to Defendants.  At a minimum, Solas should request Casio to provide copies of all licenses with third-parties

concerning the asserted '338 and '450 patents (including all licenses listed in Exhibit IV of the Casio-Solas Patent Purchase Agreement), documents concerning the value of the asserted '338 and '450 patents (including documents concerning any valuations of those patents), and Casio's patent prosecution files for the asserted '338 and '450 patents.

We also asked whether Solas has any information in its possession, custody, or control concerning Casio's licenses with third parties, including the contents of the licenses that were reviewed by Solas's outside counsel via a dataroom computer at Ropes & Gray LLP. You stated that Solas does not have any information concerning Casio's licenses with third parties, and that any documents created by Solas's outside counsel based on his/her review of the dataroom computer would be attorney work product. You confirmed that any such work product would have been identified on Solas's privilege log. As requested on the call, please identify the privilege log entries (by "Doc. No.") relating to Solas's outside counsel's notes or documents created based on his or her review of Casio's licenses. To the extent Solas's outside counsel who reviewed Casio's licenses copied down the substance of the licenses along with his or her legal analysis, we request that the factual portion of the counsel's notes/documents be produced.

### B. Solas's Tear-down Report and Photographs

With respect to tear down raw photographs produced by Solas (SOLAS_SAMSUNG_0021004–394), you stated that you believe Solas has now produced all raw photographs of all tear-downs in its possession, custody, and control—including the tear-downs shown in Solas's infringement contentions and "evidence of use" charts produced in this litigation. You agreed to check with your client and confirm in writing. Please provide the confirmation as soon as possible.

You also agreed to identify the privilege log entries (by "Doc. No.") relating to the tear-down reports "if such entries exist." Please identify the relevant privilege log entries. To the extent certain privileged documents were omitted from the privilege log, you agreed to supplement Solas's privilege log. If there were omissions from Solas's privilege log, please supplement the log promptly.

### C. Solas's Reference to "Comparable Industry License Agreements for OLED Technologies"

On March 20, Solas produced (1) an unexecuted copy of the Exclusive Patent License Agreement between the Arizona Board of Regents and Solterra Renewable Technologies, Inc. (SOLAS_SAMSUNG_0021395–412), (2) the August 2008 OLED Technology License Agreement between Konica Minolta Holdings and Universal Display (SOLAS_SAMSUNG_0021413–39); and (3) the September 2011 OLED Technology License Agreement between Pioneer Corporation and Universal Display (SOLAS_SAMSUNG_0021440–60). During yesterday's call, you confirmed that Solas has now produced all license agreements it believes supports the representation to LG Display that a proposed royalty rate of 3% was based on industry data and comparable industry license agreements for OLED technologies.

### III. Solas's Deficient Interrogatory Responses

### A. Interrogatory No. 2

Regarding the credit agreements and security agreements referenced in the public assignment histories concerning Solas's security interests with Morgan Stanley, JPMorgan Chase Bank, and Wells Fargo, *see, e.g.*, SOLAS_SAMSUNG_00021461–22829, you stated that Solas does not have any of the underlying credit agreements and security agreements in its possession, custody, or control.

You also agreed to supplement Solas's response to Interrogatory No. 2 to identify and describe all licenses granted for each of the asserted patents, including but not limited to the licenses referenced in our April 10 email (section III.A).

**B. Interrogatory No. 5**

Regarding Solas's licensing communications with Ignis Innovation, Royole Corp., Visionox Co., and Vivo, you agreed to supplement Solas's Response to Interrogatory No. 5 to identify those documents. If Solas has not produced such documents, please promptly do so, or (in the alternative) confirm that no such documents exist.

**C. Interrogatory No. 15**

Regarding Interrogatory No. 15, you agreed to supplement Solas's response to provide a more "detailed narrative reason for why Solas provided the denial in Paragraph 82" of its Answer to Defendants' Counterclaims.

We appreciate your efforts to work with us on the issues outlined above.

Best,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

From: Cho, Daniel
Sent: Friday, April 10, 2020 4:54 PM
To: 'James S. Tsuei' <jtsuei@raklaw.com>
Cc: 'Neil Rubin' <nrubin@raklaw.com>; 'andrea@wsfirm.com' <andrea@wsfirm.com>; 'claire@wsfirm.com' <claire@wsfirm.com>; 'greg@dovel.com' <greg@dovel.com>; 'jonas@dovellaw.com' <jonas@dovellaw.com>; 'jw@wsfirm.com' <jw@wsfirm.com>; 'rak_solas@raklaw.com' <rak_solas@raklaw.com>; 'sean@dovel.com' <sean@dovel.com>; 'ttroupson@raklaw.com' <ttroupson@raklaw.com>; 'wliu@raklaw.com' <wliu@raklaw.com>; Samsung-Solas <Samsung-Solas@cov.com>; 'melissa@gillamsmithlaw.com' <melissa@gillamsmithlaw.com>
Subject: RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

James,

We are in receipt of your April 7 e-mail regarding Defendants' responses to Solas's First Set of Interrogatories. Given that many of the deficiencies in Solas's document production and discovery responses (as previously identified in our March 13 meet-and-confer and follow-up e-mail) still remain, we propose that the parties meet-and-confer on the items raised by both sides next Tuesday (4/14) or Wednesday (4/15). Please let us know your availability on those dates.

In particular, Defendants would like to discuss the following deficiencies:

**I. Solas's Deficient Infringement Contentions**

In our March 13 e-mail, we noted that Solas had agreed during the meet-and-confer earlier that day to supplement its infringement contentions. We further stressed that Solas's contentions should clearly delineate how Solas's theories of infringement apply to the large number of different product models identified by Solas as allegedly infringing the three asserted patents. In particular, to the extent that Solas is relying on different factual theories of infringement for different subsets of accused products (for example, pointing to different structures in the accused products as the alleged "interconnections" and/or "transistor array substrate" of the asserted claims of the '338 patent), that Solas amend its contentions to identify those different theories, including both a) identifying representative products for each of those different infringement theories; and b) identifying all accused product models that fall under each infringement theory.

Solas served supplemental infringement contentions on March 20, and further has represented that it would supplement its contentions within two weeks of receiving Defendants' responses to Solas's Interrogatory No. 19 (now due April 15), which requests that Defendants map the various accused product models to the .gds schematic files produced by Defendants. We understand that Solas wishes to confirm the correlation between the extensive technical documentation produced by Defendants to date with the accused product models before supplementing its contentions to identify the complete subsets of accused products that fall under each of Solas's infringement theories. However, clear inconsistencies remain in Solas's infringement theories that can (and should) be corrected by Solas even before it receives Defendants' responses to Interrogatory No. 19.

For example, for the "color filter" element of dependent claims 12 and 13 of the '450 patent, Solas's March 20 contentions cite to teardown images for the Galaxy S6 and Galaxy S7 Edge – even though Solas relies on teardown images for the Galaxy _S8_ for the associated independent claim elements (as well as the other asserted claims for this patent).

Given that Solas has not identified any "color filter" in the Galaxy S8, by next Friday, April 17, please: a) confirm that Solas is not asserting dependent claims 12 and 13 against the accused Galaxy S8 models; or b) provide supplemental contentions for dependent claims 12 and 13 that provide Solas's factual infringement theories with respect to the Galaxy S8.

Further, given that Solas has apparently conducted teardowns of the Galaxy S6 and Galaxy S7 Edge in addition to its previously disclosed teardowns of the Galaxy S8, by next Friday, April 17, please also: a) confirm that Solas's factual infringement theories for the Galaxy S6 and Galaxy S7 Edge are identical to those identified for the Galaxy S8 for claims 1, 4-6, 8, 15, and 16 of the '450 patent and claims 1, 5, 6, 9 and 10 of the '338 patent; or b) provide supplemental contentions for those claims that provide Solas's factual infringement theories for those claims with respect to the Galaxy S6 and Galaxy S7 Edge.

Finally, as noted above, Defendants expect to receive supplemental infringement contentions that identify all of Solas's infringement factual theories for each of the asserted claims with respect to all accused product models by no later than two weeks after Defendants provide their response to Solas's Interrogatory No. 19.

## II.  Solas's Deficient Document Production

### A.  Licenses Between Casio and Third Parties

In our March 13 email, we asked Solas to confirm whether it had requested Casio to provide copies of all licensing agreements related to the '450 and '338 patents pursuant to Section 6.7 of the April 2016 Casio-Solas Patent Purchase Agreement which requires Casio to provide Solas with "any documents or other information" in Casio's possession "reasonably related to" the '450 and '338 patents. We have yet to receive a response. Please provide a response.

### B.  Solas's Tear-down Report and Photographs

On March 19, Solas produced raw photographs of tear-downs (SOLAS_SAMSUNG_0021004–394).  Please confirm that Solas has now produced all raw photographs of any tear-downs in its possession, custody, and control—including the tear-downs shown in Solas's infringement contentions and "evidence of use" charts produced in this litigation.

During our March 13 meet and confer, you stated that all other documents relating to Solas's tear-downs, including tear-down reports, are work product, and that they have been identified in Solas's privilege log.  Please identify the privilege log entries (by "Doc. No.") relating to the tear-down reports.

## C.  Solas's Reference to "Comparable Industry License Agreements for OLED Technologies"

During our March 13 meet and confer, Solas agreed to produce and identify the "comparable industry license agreements for OLED technologies" referenced in Solas's licensing proposal presentations to LG Display, *see, e.g.*, SOLAS_SAMSUNG_0005061–76.  On March 20, Solas produced (1) an unexecuted copy of the Exclusive Patent License Agreement between the Arizona Board of Regents and Solterra Renewable Technologies, Inc. (SOLAS_SAMSUNG_0021395–412), (2) the August 2008 OLED Technology License Agreement between Konica Minolta Holdings and Universal Display (SOLAS_SAMSUNG_0021413–39); and (3) the September 2011 OLED Technology License Agreement between Pioneer Corporation and Universal Display (SOLAS_SAMSUNG_0021440–60).

Please confirm that Solas has now produced all license agreements it believes supports the representation to LG Display that a proposed royalty rate of 3% was "based on industry data and comparable industry license agreements for OLED technologies."

Please also produce all license agreements in Solas's possession, custody, or control that Solas contends would constitute a comparable license for purposes of seeking a reasonable royalty from Defendants in this litigation.  If it is Solas's position that all such licenses have been produced, please confirm so in writing.

## III.  Solas's Deficient Interrogatory Responses

### A.  Interrogatory No. 2

During our March 13 meet and confer, Solas agreed to produce and identify responsive documents concerning Solas's agreements or communications with Morgan Stanley, JPMorgan Chase Bank, and Wells Fargo concerning the security interests identified in Solas's response to Interrogatory No. 2.  On March 20, Solas supplemented its response to Interrogatory No. 2 and identified the public assignment histories concerning the security interests.  *See* SOLAS_SAMSUNG_00021461–22829.  The assignment histories reference credit agreements and security agreements—none of which Solas has produced—that ostensibly contain highly relevant terms, including loan amounts.  *See, e.g.*, SOLAS_SAMSUNG_0021508 ("Whereas, Atmel Corporation . . . and Morgan Stanley Senior Funding, Inc . . . are parties to a Credit Agreement dated as of December 6, 2013"); SOLAS_SAMSUNG_0021994 ("Whereas, Microchip . . . and the Grantee [JP Morgan Chase Bank] have entered into that certain Amended and Restated Credit Agreement"); SOLAS_SAMSUNG_0022521 ("[Microchip] and certain other Grantors . . . have executed and delivered a Pledge and Security Agreement, dated as of May 29, 2018").  Please promptly produce the credit agreements and security agreements referenced in the public assignment histories.

Solas's response to Interrogatory No. 2 remains deficient in other respects.  Interrogatory No. 2 requested Solas to "[i]dentify each person that currently has, or previously had, any ownership and/or financial interest in any Asserted Patent" (including licenses), and, for each, to provide "a description in detail of the interest held" and "how and when the interest was acquired."  Yet there appears to be a number of licenses that are not accounted for in Solas's initial and supplemental responses.  For example, Section 8 of the April 2016 Casio-Solas Patent Purchase Agreement, refers to a "limited, worldwide, non-exclusive, nontransferable, nonassignable, royalty-free license in and to the ['338 and '450] Patents" given by Solas to Casio.  Likewise, Section 4 of the December 2018 Microchip-

Solas Patent Purchase Agreement refers to a "non-exclusive, worldwide, perpetual . . . , irrevocable . . . , non-sublicensable and nontransferable . . . , royalty-free, and paid-up right and license" to the asserted '311 patent. Previous agreements regarding the asserted patents also refer to such licenses -- for example, the licenses granted by Atmel to Uni-Pixel and GIS to the asserted '311 patent.

Please supplement your response to Interrogatory No. 2 by next Wednesday, April 15 to identify and describe all licenses granted to each of the asserted patents, including but not limited to the licenses discussed above.

### B. Interrogatory No. 5

During our March 13 meet and confer, Solas agreed to supplement its response to Interrogatory No. 5 to identify documents relating to its "discussions toward licensing Asserted Patents or Related Patents with Apple Inc., eMagin Corporation, Ignis Innovation Inc., LG Display Co. Ltd., Royole Corporation, Sony Corporation, Visionox Co. Ltd., Vivo Communication Technology Co. Ltd." Solas's March 20 Supp. Resp. at 8. On March 20, Solas supplemented its response to Interrogatory No. 5 with a string-cite of Bates ranges, noting that "[d]ocuments responsive to this interrogatory have been produced[.]" *Id.* at 9–12. Yet, Solas appears to not have produced any documents relating to its licensing communications with Ignis Innovation, Royole Corp., Visionox Co., and Vivo.

If Solas has produced such documents, please supplement Solas's Response to Interrogatory No. 5 by next Wednesday, April 15 to identify those documents. If Solas has not produced such documents, please promptly do so, or (in the alternative) confirm that no such documents exist.

### C. Interrogatory No. 15

Interrogatory No. 15 requests that Solas "[d]escribe in detail all factual bases for Your denial in paragraph 82 of [Solas's] Answer to Defendants' First Amended Counterclaims (Dkt. No. 68) that U.S. Patent Publication No. 2004/0113873 disclosed the limitation of claim 1 of the '338 patent stating 'wherein said plurality of transistors for each pixel include a driving transistor, one of the source and the drain of which is connected to the pixel electrode, a switch transistor which makes a write current flow between the drain and the source of the driving transistor, and a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period.'"

Solas raised various objections, but did not provide any substantive response to Interrogatory No. 15. Given that Solas presumably must have had a factual basis for making this denial in its Answer, please promptly supplement your response to this interrogatory by Wednesday, April 15 to identify and describe any and all factual bases.

Regards,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**COVINGTON**

---

**From:** Cho, Daniel
**Sent:** Friday, March 13, 2020 11:20 PM

**To:** James S. Tsuei <jtsuei@raklaw.com>
**Cc:** Neil Rubin <nrubin@raklaw.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

James,

We write to follow up on our meet and confer this afternoon concerning deficiencies in Solas's document production, interrogatory responses, and infringement contentions.

## Solas's Deficient Document Production

We first discussed the numerous deficiencies in Solas's document productions to date.

### A. Negotiations and Communications Concerning the Casio Agreement and Microchip Agreement

During our call, you represented that Solas has produced all non-privileged documents relating to all negotiations and communications leading up to the April 11, 2016 Patent Purchase Agreement between Solas and Casio, and the December 21, 2018 Patent Sale and Assignment Agreement between Solas and Microchip. Regarding drafts of the purchase agreements, you agreed to confirm with your client whether any such documents may have been kept as attachments or standalone documents. You agreed to produce any responsive documents by next Friday (March 20).

### B. Licenses Between Casio and Third Parties

In addition, you represented that Solas and its agents do not have (and have never had) possession, custody, or control, of any licenses between Casio and third-parties relating to Casio's patent portfolio, including the licenses alluded to in Exhibit IV of the April 2016 Casio Agreement. You explained that Solas had an outside attorney review Casio's licensing documents "in a transitory state" via a dataroom, and no copies were received, made, or saved. You also confirmed that the "redacted version[s]" of "[a]ll licensing agreements related to the [Casio] patents" made "available through Ropes & Gray LLP," as noted in Solas's document SOLAS_SAMSUNG_0006071, are the documents that Solas's outside counsel reviewed.

We note that Section 6.7 of the April 2016 Casio Agreement requires Casio to provide Solas with "any documents or other information" in Casio's possession "reasonably related to" the '450 and '338 patents. Please confirm whether Solas has requested Casio to provide copies of all licensing agreements related to the '450 and '338 patents pursuant to this provision.

### C. Communications with Esat Yilmaz

Regarding communications with Esat Yilmaz, you represented that all responsive communications would constitute privileged work product material, and that Solas would not be producing any documents.

### D. Solas's "Evidence of Use" Charts – Tear-downs

With respect to tear-downs of the accused products as shown in Solas's claim charts, including the "evidence of use" claim charts produced by Solas, you agreed to produce the raw photographs of the tear-downs by next Friday (March 20). Regarding all other documents relating to Solas's tear-downs, including tear-down reports, you represented that they are all work product. You also stated that such work product documents would be identified in Solas's privilege log.

### E. Solas's Reference to "Comparable Industry License Agreements for OLED Technologies" and Other Licensing Proposals

You also agreed to produce and identify, by mid-next week, the "comparable industry license agreements for OLED technologies" referenced in Solas's licensing proposal presentations to LG Display, *see, eg.*, SOLAS_SAMSUNG_0005061–76. As for all other Solas licensing proposals to third-parties, you represented that Solas has already produced all non-privileged, responsive documents in its possession, custody, or control.

### Solas's Deficient Interrogatory Responses

We also discussed Solas's deficient responses to Defendants' First Set of Interrogatories.

#### A. Interrogatory No. 2

Regarding Solas's agreements or communications with Morgan Stanley, JPMorgan Chase Bank, and Wells Fargo concerning the security interests identified in Solas's response to Defendants' Interrogatory No. 2, you agreed to confirm with Solas whether it has any responsive documents in its possession, custody, or control. You stated that you would aim to produce any responsive documents by next Friday (March 20).

#### B. Interrogatory No. 4

You reiterated that neither Solas or Russ August is in possession of any licenses between Casio and any third-party. With respect to documents concerning licenses between Microchip and third-parties, we agreed to follow up with you after reviewing Microchip's March 5 document production in response to Defendants' document subpoena.

#### C. Interrogatory No. 5

You stated that Solas would supplement its response to Interrogatory No. 5 by the end of next week, including to identify documents responsive to this interrogatory.

#### D. Interrogatory No. 10

You stated that Solas would also supplement its response to Interrogatory No. 10 by next Friday (March 20). You also stated that that Solas has produced everything in its possession, custody, or control responsive to Solas's communications with the prior assignees and named inventors of the asserted '311, '338, and '450 patents.

### Solas's Deficient Infringement Contentions

With respect to Solas's infringement contentions, insofar as Solas is relying on different infringement theories for certain accused products, we again asked that Solas supplement its infringement contentions to include detailed claim charts disclosing such theories and the accused products that it contends fall under those theories. We noted that Solas's supplemental infringement contentions served last night (March 12) did not cure the deficiencies. We noted that Solas has now had Defendants' technical documents for over two months. You stated that Solas would be willing to supplement its infringement contentions once Defendants serve their response to Solas's Interrogatory No. 19 concerning Samsung Display's GDS files. You stated that Solas would be willing to supplement its infringement contentions within 2 weeks of receiving Defendants' response to Solas's Interrogatory No. 19.

Regarding claims 12 and 13 of the '450 patent (directed to color filters), you agreed to serve revised claim charts that include a "reasonably detailed explanation of the scientific basis on which one might conclude that the layer being removed in the before-and-after pictures [in the claim charts] constitute color filtering layers that fall within the

scope of the claims." You asked us to check in with you towards the end of next week if Solas has not served supplemental claim charts.

We appreciate your efforts to work with us on the issues outlined above.

Best,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**COVINGTON**

---

**From:** Cho, Daniel <DWCho@cov.com>
**Sent:** Tuesday, March 10, 2020 1:19 PM
**To:** James S. Tsuei <jtsuei@raklaw.com>
**Cc:** Neil Rubin <nrubin@raklaw.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

James,

We are available Friday (3/13) at 2 PM Eastern. We will circulate a dial-in.

Best,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**COVINGTON**

---

**From:** James S. Tsuei <jtsuei@raklaw.com>
**Sent:** Monday, March 9, 2020 11:13 PM
**To:** Cho, Daniel <DWCho@cov.com>
**Cc:** Neil Rubin <nrubin@raklaw.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com
**Subject:** Re: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

[EXTERNAL]
Daniel, thank you for your email. Solas is available to meet and confer on the issues identified in this email chain and in your March 7, 2020 email regarding Solas' interrogatory responses, at the following times: Thursday 3/12, 1:00 p.m. – 3:00 p.m. Pacific, and Friday 3/13, 10:30 a.m – 12:00 p.m. Pacific. Please let us know if one of those times works for Samsung.

--
James S. Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * *

IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

**From:** "Cho, Daniel" <DWCho@cov.com>
**Date:** Monday, March 9, 2020 at 4:49 PM
**To:** "James S. Tsuei" <jtsuei@raklaw.com>
**Cc:** Neil Rubin <nrubin@raklaw.com>, "andrea@wsfirm.com" <andrea@wsfirm.com>, "claire@wsfirm.com" <claire@wsfirm.com>, "greg@dovel.com" <greg@dovel.com>, "jonas@dovellaw.com" <jonas@dovellaw.com>, "jw@wsfirm.com" <jw@wsfirm.com>, "rak_solas@raklaw.com" <rak_solas@raklaw.com>, "sean@dovel.com" <sean@dovel.com>, "ttroupson@raklaw.com" <ttroupson@raklaw.com>, "wliu@raklaw.com" <wliu@raklaw.com>, Samsung-Solas <Samsung-Solas@cov.com>, "melissa@gillamsmithlaw.com" <melissa@gillamsmithlaw.com>
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

James,

We write to follow up about the discovery issues raised in our March 4 email below, to which we have received no response.  Please provide Solas's availability for a meet and confer on these issues.  We note that we have repeatedly asked for Solas's basis to assert claims for which, in its infringement contentions, Solas's provided no such factual basis, including dependent claims 12 and 13 of the '450 patent (directed to color filters), claim 3 of the '450 patent (directed to a "first electrode" having a "rough surface"), and claim 9 of the '338 patent (directed to the resistivity of the interconnections).  Solas has failed to do so, despite the fact that Samsung Display produced the pertinent technical documents over two months ago and made its .GDS files available for inspection over three weeks ago.  To alleviate the need for Defendants to continue to incur significant costs in defending against these claims, please confirm that Solas is withdrawing its infringement allegations as to them.

In addition, we note that Solas recently produced "OLED Licensing Proposal" presentations that it gave to LG.  *See, e.g.,* SOLAS_SAMSUNG_0005061–5076.  In these presentations, Solas personnel represented to LG that a proposed royalty rate of 3% was "based on industry data and comparable industry license agreements for OLED technologies."  *See* SOLAS_SAMSUNG_0005067.  Please promptly produce and identify the "comparable industry license agreements for OLED technologies" referenced in these presentations, which are responsive and highly relevant to the licensing of the Asserted Patents.  Solas should also produce all licensing proposal presentations or documents provided by Solas to any other third party concerning one or more of the asserted patents.

Regards,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**COVINGTON**

---

**From:** Cho, Daniel <DWCho@cov.com>
**Sent:** Wednesday, March 4, 2020 12:15 AM
**To:** James S. Tsuei <jtsuei@raklaw.com>
**Cc:** Neil Rubin <nrubin@raklaw.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

James,

We have corresponded several times about ongoing deficiencies in Solas's discovery to date. At this point, Solas has produced only around 20,500 pages of documents, much of which is publicly available documents such as file histories. Solas has not produced significant materials that it was required to produce pursuant to the Local Patent Rules and the Court's Discovery Order (Dkt. No. 42) and which Defendants have specifically raised multiple times now.

**<u>Negotiations and Communications Concerning the Casio Agreement and Microchip Agreement</u>**

During our February 7 meet and confer, Neil stated that Solas would be producing, by February 10, the documents Solas has that are responsive to the following categories of documents:

(1) The negotiations and communications leading up to the April 11, 2016 Patent Purchase Agreement between Solas and Casio ("the Casio Agreement"), and the December 21, 2018 Patent Sale and Assignment Agreement between Solas and Microchip ("the Microchip Agreement"), including all drafts of these two agreements; and

(2) Communications with Casio or Microchip about the asserted patents or litigation concerning those patents.

We have yet to receive relevant documents in these categories. For instance, Solas has failed to produce any documents showing the negotiation of the price terms of its patent purchases. Rather, on February 10 and 11, Solas produced only a few documents concerning the negotiations that led up to the Casio Agreement. *See* SOLAS_SAMSUNG_0005869–73; SOLAS_SAMSUNG_0005822–24; SOLAS_SAMSUNG_0005910–16; SOLAS_SAMSUNG_0006066–72; SOLAS_SAMSUNG_0006073–74; SOLAS_SAMSUNG_0006065. These appear to be only a portion of the negotiations, and do not address key terms. In addition, Solas appears not to have produced any documents concerning the negotiations and communications leading up to the Microchip Agreement. If Solas has produced such documents, please promptly identify where they are in its production.

We reiterate our request that Solas immediately produce all documents in its possession, custody, or control responsive to the two categories of documents identified above, including all drafts of the Casio Agreement and the

Microchip Agreements and all communications with those companies or others concerning terms of those agreements, including but not limited to price and existing licenses to the patents. If it is your position that Solas does not have any such documents, please confirm that in writing by Friday, March 6.

## Communications with Esat Yilmaz

To date, Solas has not produced its communications with Esat Yilmaz other than the November 2018 consulting agreement. Please immediately produce all communications between Mr. Yilmaz and Solas that are responsive to the issues in this case, including any communications relating to the '311 patent or Microchip (Atmel). If it is your position that Solas does not have any such documents, please confirm that in writing by Friday, March 6.

## Licenses Between Casio and Third Parties

The documents Solas produced on February 10 and 11 indicate that Solas has obtained certain information and documents concerning agreements between Casio and other third parties, including, for example, Ortus Technology Co., Ltd., Toppan Printing Co., Ltd., eDigital Corp., Samsung Electronics, Japan Display, Sony, Panasonic, Innolux, Eastman Kodak, and Ricoh Corp. *See, e.g.*, SOLAS_SAMSUNG_0005870 ("[W]e will provide the redacted agreement to Solas directly as soon as we obtain Innolux's approval."); *id.* ("We, therefore, will provide a redacted version of the [Kodak] agreement for Solas's review on February 19."). In fact, the "Due Diligence Checklist" attached to the Feb. 1, 2016 Letter of Intent between Casio and Solas indicates that "redacted version[s]" of "[a]ll licensing agreements related to the [Casio] patents" were made "available through Ropes & Gray LLP." SOLAS_SAMSUNG_0006071.

We have yet to receive any of this information that Solas ostensibly has obtained from Casio. We reiterate our request that Solas immediately produce all documents in its possession, custody, or control concerning any agreements (whether redacted or not) between Casio and any third party related to the asserted '450 and '338 patents, including any licenses alluded to in Exhibit IV of the April 2016 Casio Patent Purchase Agreement. If it is your position that Solas does not have any such documents, please confirm that in writing by Friday, March 6.

## Deficiencies in Solas's Infringement Contentions

We have identified and conferred about substantial deficiencies in Solas's infringement contentions. As an example (explained in a February 10 email), Solas has identified no factual basis for alleging infringement of a number of claims, including dependent claims 12 and 13 of the '450 patent (directed to color filters), claim 3 of the '450 patent (directed to a "first electrode" having a "rough surface"), and claim 9 of the '338 patent (directed to the resistivity of the interconnections). Solas has had Defendants' technical documents for many weeks now, and spent two days reviewing the .GDS files on February 13 and 14. After we raised these issues, and weeks after the technical documents were produced, you stated on February 14 that "Solas intends to provide amended infringement contentions the week after next." Solas failed to do so. Given that Solas has identified no basis for alleging infringement of these claims, please confirm that Solas will be withdrawing its infringement allegations as to them.

In addition, as to the other asserted claims, Solas should either promptly supplement its infringement contentions to include detailed claim charts disclosing each of your infringement theories for the products listed in Solas's infringement contentions or narrow its list of accused products. Please provide a date certain this week by which Solas will do so.

## Solas's "Evidence of Use" Charts – Tear-downs

Solas produced a number of "evidence of use" claim charts, including for the asserted '311, '450, and '338 patents, that refer to tear-downs of accused products in this litigation. *See, e.g.*, SOLAS_SAMSUNG_0005432–52 Please promptly identify the source of the tear-downs, including who performed them, and produce all documents,

including photographs, relating to the tear-downs that serve as basis for these claim charts. Defendants reserve their rights to inspect the actual tear-downs at a later date.

Regards,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** James S. Tsuei <jtsuei@raklaw.com>
**Sent:** Friday, February 14, 2020 8:46 PM
**To:** Cho, Daniel <DWCho@cov.com>
**Cc:** Johnson, Grant <GJohnson@cov.com>; Neil Rubin <nrubin@raklaw.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com; Hill, Jordan <JVHill@cov.com>; Garr, David <dgarr@cov.com>
**Subject:** Re: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

==[EXTERNAL]==
Daniel,

I am writing in response to your emails dated February 10 and 14 regarding discovery issues.

Solas's review and production of documents falling within the categories identified in your emails and letters is continuing. You received document productions this week containing, among other items, nonprivileged documents and communications responsive to categories (1) and (2) listed under the third paragraph, and categories (1) – (4) under the fifth paragraph, of your February 10 email. We are attempting to confirm that there are no additional nonprivileged documents outstanding.

We also confirm the following:
- Solas has produced all non-privileged documents in its possession in the categories enumerated (1) through (7) under the fourth paragraph of your February 10 email;
- Solas has produced all non-privileged documents relating to conception and reduction to practice for the asserted patents;
- Solas does not intend to contact any of the named inventors of the asserted patents other than Esat Yilmaz. As we stated last week, we have inquired with Mr. Yilmaz on how to contact Mr. Laub and Mr. Shaikh but have not yet received a response;
- Solas is not aware of any nonprivileged communications with Mr. Yamada and Mr. Shirasaki, but are attempting to confirm that such communications do not exist.

In addition, Solas has reached out to Microchip for information regarding the '311 patent and has already produced that information to Samsung in recent document productions. As we stated previously, Samsung should subpoena Microchip

to obtain further discovery regarding the '311 patent. However, we are willing to cooperate in obtaining discovery and scheduling depositions should such process be necessary.

Regarding your specific request that Solas invoke Section 3.2(b) of the Microchip Agreement, please provide an explanation why Samsung believes a third party deposition of Mr. Brunet, who resides in London, is relevant, necessary, and proportional given the needs of the case. We are not aware of any testimony from Mr. Brunet (or any other Microchip employee) relevant to the '311 patent that would not be nonduplicative of testimony from Mr. Yilmaz, who is a named inventor.

Finally, your demand that Solas amend its infringement contentions is premature. As an initial matter, we do not agree with your characterization of Solas's infringement theories. Additionally, Samsung only recently made the GDS files for the accused products available for inspection in D.C., the review of which occurred today. However, in order to avoid any unnecessary disputes, Solas intends to provide amended infringement contentions the week after next.

--
James S. Tsuei
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
jtsuei@raklaw.com

* * * * * * * * * * * * * * * * * * * * * * * * *
IRS Circular 230 Notice:  This communication is not intended to be used and cannot be used, for the purpose of avoiding U.S. federal tax-related penalties or promoting, marketing or recommending to another party any tax-related matter addressed herein.
- - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

**From:** "Cho, Daniel" <DWCho@cov.com>
**Date:** Friday, February 14, 2020 at 11:18 AM
**To:** Neil Rubin <nrubin@raklaw.com>
**Cc:** "Johnson, Grant" <GJohnson@cov.com>, "andrea@wsfirm.com" <andrea@wsfirm.com>, "claire@wsfirm.com" <claire@wsfirm.com>, "greg@dovel.com" <greg@dovel.com>, "jonas@dovellaw.com" <jonas@dovellaw.com>, "jw@wsfirm.com" <jw@wsfirm.com>, "rak_solas@raklaw.com" <rak_solas@raklaw.com>, "sean@dovel.com" <sean@dovel.com>, "ttroupson@raklaw.com" <ttroupson@raklaw.com>, "wliu@raklaw.com" <wliu@raklaw.com>, Samsung-Solas <Samsung-Solas@cov.com>, "melissa@gillamsmithlaw.com" <melissa@gillamsmithlaw.com>, James Tsuei <jtsuei@raklaw.com>, "Hill, Jordan" <JVHill@cov.com>, "Garr, David" <dgarr@cov.com>
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

Counsel for Solas,

We have not received a response to my February 10 email below.  Please provide a response today.

Among other things, please provide a timing estimate by the end of today for production of documents in the various categories outlined in my February 10 email.  Please also let us know today whether Solas will invoke Section 3.2(b) of the Microchip Agreement and facilitate discovery of relevant documents and information regarding the '311 patent, including by requesting Mr. Samuel Brunet "or other [Microchip] employee knowledgeable . . . about the technical aspects of the ['311 patent]" to be made available for a deposition. Microchip Agreement at 5.

Regards,

Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

# COVINGTON

---

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

---

**From:** Cho, Daniel <DWCho@cov.com>
**Sent:** Monday, February 10, 2020 6:45 PM
**To:** Neil Rubin <nrubin@raklaw.com>
**Cc:** Johnson, Grant <GJohnson@cov.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com; James Tsuei <jtsuei@raklaw.com>; Hill, Jordan <JVHill@cov.com>; Garr, David <dgarr@cov.com>
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

Counsel,

We write to follow-up on our meet and confer on February 7, 2020 regarding Solas's deficient document production and infringement contentions.

## <u>Categories of Documents Identified in Our January 30 Letter</u>

We discussed the categories of documents listed on pages 1–2 of my January 30 letter regarding the numerous deficiencies in Solas's document productions to date.

You stated that Solas will be producing a number of documents today (February 10) responsive to at least the following categories of documents:

(1) The negotiations and communications leading up to the April 11, 2016 Patent Purchase Agreement between Solas and Casio ("the Casio Agreement"), and the December 21, 2018 Patent Sale and Assignment Agreement between Solas and Microchip ("the Microchip Agreement"), including all drafts of these two agreements; and
(2) Communications with Casio or Microchip about the asserted patents or litigation concerning those patents.

For the following categories of documents, you represented that Solas had produced all non-privileged, responsive documents in <u>its</u> possession, custody, or control:

(1) Communications and documents concerning any investigation, testing, analysis, study, examination, or reverse engineering, conducted by on or behalf of Solas, of the accused products;
(2) Communications and documents related to the licenses of the '450 and '338 patents granted by Section 8 of the Casio Agreement and the license to the '311 patent granted by Section 4.1 of the Microchip Agreement;
(3) Communications and documents related to any licenses listed in Exhibit IV of the Casio Agreement that relate to the asserted '450 and '338 patents;

(4) Communications and documents concerning the value of any of the asserted patents, including documents concerning any valuations of the asserted patents;

(5) Communications and documents concerning any marking of any product or device with the number of any of the asserted patents;

(6) License agreements, covenants not to sue, and releases for any asserted patent or related patent; and

(7) The prior assignees' patent prosecution files for the asserted '311, '338, and '450 patents, pursuant to Section 6.7 of the Casio Agreement and Section 3.1 of the Microchip Agreement.

For the following categories of documents relating to Casio and Microchip, you agreed to request Casio and Microchip for responsive documents in their possession, custody, or control, including:

(1) Communications and documents concerning any licenses listed in Exhibit IV of the Casio Agreement related to the '450 and '338 patent pursuant to Section 6.7 of the Casio Agreement;

(2) Communications and documents concerning the value of any of the asserted patents, including documents concerning any valuations of the asserted patents;

(3) Communications and documents concerning any marking of any product or device with the number of any of the asserted patents; and

(4) License agreements, covenants not to sue, and releases for any asserted patent or related patent.

For these latter categories of documents, you agreed provide a timing estimate for document production <u>by Friday, February 14</u>. As for the prior assignees' patent prosecution files for the asserted '311, '338, and '450 patents, you stated that you understand that neither Casio nor Microchip have any responsive prosecution files beyond what is publicly available and has been produced. You nonetheless agreed to confirm this with Casio and Microchip this week.

## <u>Conception & Reduction to Practice Documents</u>

We also raised concerns with Solas's deficient production of document related to the conception and reduction to practice for the asserted patents. Regarding the '450 and '338 patents, you stated that neither Solas or Casio have any documents in their possession, custody, or control relating to the conception and reduction to practice of those patents. You stated that Solas will rely solely on constructive reduction to practice for the '450 and '338 patents. As for the '311 patents, beyond the documents collected from Mr. Yilmaz and produced by Solas to date, you stated that there is nothing more in Solas or Microchip's possession, custody, or control, relating to the conception and reduction to practice of the patent. You confirmed that Solas had produced the "full universe" of conception and reduction to practice documents for the '311 patent.

## <u>Discovery of Named Inventors and Prior Assignees</u>

We discussed whether Solas (or the Russ August firm) had reached out to the named inventors of the asserted patents and sought their cooperation with discovery for this litigation. Regarding the '450 and '338 patent inventors, you stated that, before your firm became involved with the present litigation, Solas had attempted to engage Hiroyasu Yamada and Tomoyuki Shirasaki, and neither agreed to work with Solas. Please produce copies of the communications from Solas to these inventors, as well as any other communications Solas has had with any of the named inventors on the asserted patents.

We are in receipt of the contact information for Tomoyuki Shirasaki and Hiroyasu Yamada which you sent to us on Friday afternoon. As for the '311 patent inventors, you stated that Microchip does not have current contact information for Steven Laub and Jalil Shaikh. However, you are in contact with Esat Yilmaz, who has been engaged as a consultant for Solas, and we understand that you will be asking Mr. Yilmaz whether he has contact information for Mr. Laub and Mr. Shaikh. Aside from Mr. Yilmaz, you stated that Solas (and your firm) does not intend to make contact with the named inventors of the asserted '331, '450, and '338 patents.

We also discussed Section 3.2(b) of the Microchip Agreement. The terms of this section indicate, among other things, that, upon Solas's request, Microchip must (i) provide documentation of "technical and economic information" to Solas and (ii) make available individuals at Microchip who are knowledgeable of the same, including an individual "knowledgeable . . . about the technical aspects of the Assigned Patents," which would include the '311 patent. Microchip Agreement at 5. You represented that neither your firm nor Solas has reached out to Microchip for any information pursuant to Section 3.2(b) of the Microchip Agreement, and that you believe Defendants would need to subpoena Microchip to obtain further discovery regarding the '311 patent. Please let us know by Wednesday, February 12 whether Solas will invoke Section 3.2(b) of the Microchip Agreement and facilitate discovery of relevant documents and information regarding the '311 patent, including by requesting Mr. Samuel Brunet "or other [Microchip] employee knowledgeable . . . about the technical aspects of the ['311 patent]" to be made available for a deposition. *Id.*

## Deficiencies in Solas's Infringement Contentions

Finally, we noted that Solas's infringement contentions served on October 7, 2019 are deficient in several respects. For example, we explained that Solas only charted one "representative" product for each of the '450, '338, and '311 asserted patents. We pointed you to Solas's infringement allegations in its complaints filed in the Western District of Texas against Samsung's customers, where it appears that Solas is advancing different infringement theories for certain of the products that are accused in the present litigation for which Solas has not served claim charts. Insofar as Solas is relying on different infringement theories for certain accused products, we requested that Solas promptly supplement its infringement contentions to include detailed claim charts disclosing such theories and the accused products that you contend fall under those theories, particularly in light of the fact that Solas has now had Defendants' technical documents for over a month. As another example, we noted that, for at least dependent claims 12 and 13 of the '450 patent (directed to color filters) and claim 9 of the '338 patent (directed to the resistivity of the interconnections), Solas points to "information and belief" as its sole basis for asserting infringement. Similarly, we noted that, for claim 3 of the '450 patent, Solas has not shown adequate factual basis for asserting infringement. Now that Solas has had Defendants' technical documents for over a month, we requested that Solas promptly supplement its infringement contentions to explain its factual bases for asserting infringement of each of those dependent claims. You agreed to consider supplementing Solas's contentions with the rest of your team.

We appreciate your efforts to work with us on the issues outlined above. Please let us know if you have a different understanding of our meet and confer.

Regards,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**COVINGTON**

**From:** Neil Rubin <nrubin@raklaw.com>
**Sent:** Friday, February 7, 2020 5:04 PM
**To:** Cho, Daniel <DWCho@cov.com>
**Cc:** Johnson, Grant <GJohnson@cov.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com;

jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com; James Tsuei <jtsuei@raklaw.com>; Hill, Jordan <JVHill@cov.com>; Garr, David <dgarr@cov.com>
**Subject:** Re: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

[EXTERNAL]
Daniel,

As we just discussed, we have some contact information for two of the Casio inventors.

Mr. Yamada's personal email address is yamadah57@gmail.com

The most recent business address we have for Mr. Shirasaki is:

Ortus Technology Co., Ltd.
2-8-7 Asahigaoka
Hino-shi, Tokyo, 191-0065, Japan

As we previously indicated, we do not represent either gentleman, and we cannot guaranty that either will be receptive to being contacted concerning this case.


Neil A. Rubin

RUSS AUGUST & KABAT | 12424 Wilshire Boulevard, 12th Floor | Los Angeles, CA 90025
Main +1 310 826 7474 | Direct +1 310 979 8252 | nrubin@raklaw.com | www.raklaw.com


> On Feb 7, 2020, at 11:08 AM, Cho, Daniel <DWCho@cov.com> wrote:
>
> Please use this dial-in for today's meet and confer at 2 PM Eastern.
>
> 1-866-798-7071 (Code: 1790331)
>
> Best,
> Daniel


_____
**From:** Neil Rubin <nrubin@raklaw.com>
**Sent:** Friday, February 7, 2020 1:49 AM
**To:** Cho, Daniel <DWCho@cov.com>
**Cc:** Johnson, Grant <GJohnson@cov.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>;melissa@gillamsmithlaw.com; James Tsuei <jtsuei@raklaw.com>
**Subject:** Re: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

[EXTERNAL]
Daniel,

Yes, we can talk then. Can you circulate a dial-in number?

Neil A. Rubin

RUSS AUGUST & KABAT | 12424 Wilshire Boulevard, 12th Floor | Los Angeles, CA 90025
Main +1 310 826 7474 | Direct +1 310 979 8252 | nrubin@raklaw.com | www.raklaw.com

On Feb 6, 2020, at 1:26 PM, Cho, Daniel <DWCho@cov.com> wrote:

Neil,

Please confirm whether you are available to meet and confer tomorrow at 2 PM Eastern.

Best,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

<image001.jpg>

---

**From:** Cho, Daniel <DWCho@cov.com>
**Sent:** Wednesday, February 5, 2020 11:05 AM
**To:** Neil Rubin <nrubin@raklaw.com>
**Cc:** Johnson, Grant <GJohnson@cov.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com; James Tsuei <jtsuei@raklaw.com>
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

Neil,

Please let us know if you are available at 2 PM ET on Friday.

Best,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

**From:** Neil Rubin <nrubin@raklaw.com>
**Sent:** Wednesday, February 5, 2020 3:48 AM
**To:** Cho, Daniel <DWCho@cov.com>
**Cc:** Johnson, Grant
<GJohnson@cov.com>; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com;jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com; James Tsuei <jtsuei@raklaw.com>
**Subject:** Re: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

<mark>[EXTERNAL]</mark>
Daniel,

We have conflicts on Wednesday and Thursday. Are you available to talk on Friday?


Neil A. Rubin

RUSS AUGUST & KABAT | 12424 Wilshire Boulevard, 12th Floor |
Los Angeles, CA 90025
Main +1 310 826 7474 | Direct +1 310 979 8252
| nrubin@raklaw.com | www.raklaw.com


> On Feb 4, 2020, at 8:30 AM, Cho, Daniel <DWCho@cov.com>
> wrote:
>
> Counsel for Solas,
>
> We write to follow up on our January 30 letter, to which we have
> not yet received a response.  Please provide your availability for a
> meet and confer tomorrow or Thursday.
>
> Best,
> Daniel
>
> **Daniel Cho**
>
> Covington & Burling LLP
> One CityCenter, 850 Tenth Street, NW
> Washington, DC 20001-4956
> T +1 202 662 5451 | dwcho@cov.com
> www.cov.com
>
> <image001.jpg>


---

**From:** Cho, Daniel <DWCho@cov.com>
**Sent:** Thursday, January 30, 2020 11:31 PM

**To:** Neil Rubin <nrubin@raklaw.com>; Johnson, Grant <GJohnson@cov.com>
**Cc:** andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com;rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com; James Tsuei <jtsuei@raklaw.com>
**Subject:** RE: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

Counsel for Solas,

Please see the attached correspondence.

Regards,
Daniel

**Daniel Cho**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5451 | dwcho@cov.com
www.cov.com

<image004.jpg>

---

**From:** Neil Rubin <nrubin@raklaw.com>
**Sent:** Tuesday, January 21, 2020 12:12 PM
**To:** Johnson, Grant <GJohnson@cov.com>
**Cc:** andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com;rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com; James Tsuei <jtsuei@raklaw.com>
**Subject:** Re: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

<span style="background-color: yellow">**[EXTERNAL]**</span>
Grant,

We have been working to identify and produce non-privileged documents responsive to your January 7 letter, and I wanted to provide you information on those efforts.

We will be producing a number of documents in connection with our interrogatory responses due today, which are in the categories of documents set forth in your letter, including documents related to Solas's corporate structure, communications between Solas and potential licensees of its patents, and our consulting agreement with Mr. Yilmaz. We are reviewing additional documents that may be responsive in these categories and expect to complete our production of those additional documents by January 27, 2020

Your letter asks that we request additional documents and information from Casio and Microchip, beyond those currently in Solas's possession or control, including contact information for the named inventors. We are working to do so, and we estimate that we will be in a position to produce any documents they provide on or around February 7, 2020.

As for subpoenas, we do not represent Casio, Microchip, prosecution counsel, or any of the inventors other than Mr. Yilmaz, and we are not authorized to accept subpoenas on their behalf. We do not see anything in Solas's agreements with Casio or Microchip that would authorize us to accept service of process on their behalf, on behalf of their prior prosecution counsel, or on behalf of their current or former employees.


Neil A. Rubin

RUSS AUGUST & KABAT | 12424 Wilshire Boulevard, 12th Floor | Los Angeles, CA 90025
Main +1 310 826 7474 | Direct +1 310 979 8252
| nrubin@raklaw.com | www.raklaw.com

> On Jan 16, 2020, at 6:28 PM, Johnson, Grant <GJohnson@cov.com> wrote:
>
> Neil,
>
> I write to follow up on our letter of January 7, to which we have not yet received a response. Given the nature of these issues, we ask that you respond to each of them by no later than tomorrow.
>
> As we noted in the letter, Solas' document production is severely deficient at this point. With the limited time for fact discovery, this is a significant concern. To date, Solas has produced only two documents that are not publically available -- purchase agreements for the patents in suit, which together total 34 pages. We note that although these two documents are referenced in the public assignment histories at the PTO, and are in Solas's possession, they were only produced after our repeated requests. The deadline to substantially complete document production is only a month away, and Solas has not produced any of the documents required by P.R. 3-2(a) and (b), as well as any documents on numerous other core topics.
>
> In addition, we look forward to Solas's confirmation that it will produce documents that, while in the possession of Casio or Microchip, are within the control of Solas. If

Solas contends, notwithstanding the provisions of the purchase agreements, that it lacks control over these documents, please explain the basis for so contending and confirm that Solas will at least accept service of subpoenas for documents and testimony on behalf of Casio, Microchip, the patent prosecution counsel, and the named inventors. Please also advise whether Solas is representing any of the named inventors other than Mr. Yilmaz, and if Solas is not, whether Solas has contacted them to request that they cooperate in providing discovery (including a deposition) in this case.

Thanks,

**Grant Johnson**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5867 | gjohnson@cov.com
www.cov.com

<image001.jpg>

---

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the int immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e Thank you for your cooperation.

---

**From:** Neil Rubin <nrubin@raklaw.com>
**Sent:** Monday, January 13, 2020 2:21 AM
**To:** Johnson, Grant <GJohnson@cov.com>
**Cc:** andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovellaw.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; wliu@raklaw.com; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com
**Subject:** Re: Solas v. Samsung (Case No. 2:19-cv-00152-JRG)

==[EXTERNAL]==
Counsel,

We are investigating the issues raised in this letter, and we expect to provide a response toward the middle of this week.

Neil A. Rubin

RUSS AUGUST & KABAT | 12424 Wilshire Boulevard, 12th Floor | Los Angeles, CA 90025
Main +1 310 826 7474 | Direct +1 310 979 8252 | nrubin@raklaw.com | www.raklaw.com

On Jan 7, 2020, at 6:57 PM,
Johnson, Grant
<GJohnson@cov.com> wrote:

Counsel,

Please see the attached
correspondence.

Best,

**Grant Johnson**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5867 | gjohnson@cov.com
www.cov.com

<image001.jpg>

This message is from a law firm and may contain information that is confidential or legally privileged. If you are
immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and d
Thank you for your cooperation.

<2020.01.07 - G. Johnson Letter to
Solas re Discovery.pdf>


<2020.01.07 - G. Johnson Letter to Solas re
Discovery.pdf>


<Mail Attachment.ics>