# EXHIBIT 8

| From: | Reza <rmirzaie@raklaw.com> |
|---|---|
| Sent: | Tuesday, June 2, 2020 12:37 AM |
| To: | Cho, Daniel |
| Cc: | Neil Rubin; Johnson, Grant; andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovel.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; Samsung-Solas; melissa@gillamsmithlaw.com |
| Subject: | Re: Solas v. Samsung - 19-cv-00152-JRG - Solas's May 17 Amended Disclosure of Asserted Claims and Infringement Contentions |

**[EXTERNAL]**
Hello Daniel,

On the four points you raised regarding our infringement contentions, I believe Neil confirmed that we've already responded to/mooted the first two.

Regarding the third point, per our phone conversation, we will not present new infringement theories in our report regarding reads for which Samsung does not currently have notice. To the contrary, Samsung has had notice of our reads through our charts on actually representative models—and specifically identified models—for many months now. Further, Samsung also has had notice of exemplary documents (down to the pincite) for many more models. And based on the timing and substance of our original contentions and our amended contentions, there is no prejudice to Samsung.

With respect to your fourth point, our infringement theories on those additional models also were no different from and already conveyed through our representative charts. Moreover, like the models involved in the third point you raise, we added additional pincited documents to those models before the deadline to amend contentions. Similarly, we served those contentions weeks ago, before any technical depositions weeks ago and before our last few rounds of supplemental written discovery responses. There is no prejudice to Samsung relating to this point, either.

Thanks,
Reza


> On Jun 1, 2020, at 4:47 PM, Reza <rmirzaie@raklaw.com> wrote:
>
> Daniel,
>
> Thanks for the call today and the compromise Samsung proposed during it. We've had a chance to discuss that compromise. Though we do believe we are/were entitled to the full scope of what I outline in my email below, months ago, we will accept Samsung's compromise.
>
> To confirm, under that compromise, Samsung:

A. Will produce, later today, additional versions of the Supplements identified in my email, in which only the pricing tables are redacted; to be clear, I believe there are two such Supplements, but please let me know if you have a difference understanding;

B. Will provide, later today, a written interrogatory response that conveys the annual payments/amounts of material Samsung purchased from UDC under the Supplements;

C. Will not provide drafts of the UDC patent license agreement or Supplements, or other communications with UDC; and

D. The parties agree that Solas's damages expert will have 48 hours from the production of A and B to prepare a supplemental report, of up to five pages, to opine on the newly produced information.

Please let me know if this comports with your understanding and we will not file our motion to compel.

We will write you separately, later today, to address the remaining issues Samsung discussed during our call regarding Solas's contentions.

Thanks
Reza

> On Jun 1, 2020, at 12:01 PM, Cho, Daniel <DWCho@cov.com> wrote:
>
> Counsel for Solas,
>
> We have not received a response from Solas concerning our request to meet and confer. Please be prepared to address the issues identified in Grant's May 22 email during our meet and confer this afternoon at 3:30 PM Eastern.
>
> Regards,
> Daniel
>
> **Daniel Cho**
>
> Covington & Burling LLP
> One CityCenter, 850 Tenth Street, NW
> Washington, DC 20001-4956
> T +1 202 662 5451 | dwcho@cov.com
> www.cov.com
>
> <image001.jpg>

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, plea immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your syst Thank you for your cooperation.

> **From:** Neil Rubin <nrubin@raklaw.com>
> **Sent:** Friday, May 22, 2020 11:05 PM

**To:** Johnson, Grant <GJohnson@cov.com>
**Cc:** andrea@wsfirm.com; claire@wsfirm.com; greg@dovel.com; jonas@dovel.com; jw@wsfirm.com; rak_solas@raklaw.com; sean@dovel.com; ttroupson@raklaw.com; Reza Mirzaie <rmirzaie@raklaw.com>; Samsung-Solas <Samsung-Solas@cov.com>; melissa@gillamsmithlaw.com
**Subject:** Re: Solas v. Samsung - 19-cv-00152-JRG - Solas's May 17 Amended Disclosure of Asserted Claims and Infringement Contentions

**[EXTERNAL]**
Grant,

To briefly address the issues raised in your paragraphs beginning "First" and "Second," the inclusion of withdrawn claims and the Dell product in the contentions was an oversight on our part. We apologize for any confusion.

Neil A. Rubin

RUSS AUGUST & KABAT | 12424 Wilshire Boulevard, 12th Floor | Los Angeles, CA 90025
Main +1 310 826 7474 | Direct +1 310 979 8252 | nrubin@raklaw.com
| www.raklaw.com

> On May 22, 2020, at 2:28 PM, Johnson, Grant <GJohnson@cov.com> wrote:
>
> Counsel,
>
> We write regarding Solas's Second Amended Disclosure of Asserted Claims and Infringement Contentions that Solas served on Sunday, May 17, 2020. Defendants object to these contentions and request that Solas withdraw them.
>
> First, Solas's Second Amended Contentions assert infringement of patent claims that Solas's counsel previously represented were no longer at issue in the case: claims 12 and 13 of the '450 patent and claims 19 and 20 of the '338 patent. *See* Reza Mirzaie's email of May 1, 2020 (attached) ("To this end, we will proceed without claims 12 and 13 of the 450 patent and without claims 19 and 20 of the 311 patent."). Please confirm that Solas is not asserting these claims.
>
> Second, Solas's Second Amended Contentions assert infringement by a product that Solas's counsel previously represented, including to Judge Albright in its Western District of Texas case against Dell, was <u>not</u> at issue in this litigation. After Solas's original infringement contentions alleged infringement of the '450 patent by the "Dell Venue 8 7000 series," Solas removed that product

from its Amended Infringement Contentions -- which, as you recall, Solas served the same day that Solas filed its brief opposing Dell's motion to stay the Western District of Texas action based in part on the infringement allegations against that product in this case. Please confirm that Solas does not intend to reassert infringement by this product after making contrary representations to the Court in the Western District of Texas litigation.

Third, Solas's Second Amended Contentions fail to disclose any basis for Solas to allege infringement as to nearly all of the accused products. For each asserted patent, Solas has provided claim charts addressing only a single accused product. In each case, that product is not representative of all of the accused products, which should be apparent from the technical documents produced to Solas. We have repeatedly raised this issue with Solas, including on a prior meet and confer in April (and most recently in a May 6 e-mail (attached)), yet Solas still has failed to cure this fundamental defect and to disclose how it contends the other products allegedly infringe each asserted claim.

Finally, Solas's Second Amended Contentions improperly raise accusations of infringement of the '338 patent against a number of products that Solas had never previously alleged to infringe that patent: the Samsung Galaxy S5, the Samsung Galaxy S6 Edge+, the Samsung Galaxy Note 3, Samsung Galaxy Note 4, Samsung Galaxy Note Edge, and the Samsung Galaxy Note 5. These products were all marketed long before this case began. The Galaxy S5, for instance, was released in 2014. Solas has no justification for its late assertions as to these products just two weeks before the close of fact discovery, and the prejudice is compounded by Solas's failure to provide any disclosure of the basis for asserting that these products infringe the '338 patent.

Please provide your availability Monday to meet and confer about Solas's Second Amended Disclosure of Asserted Claims and Infringement Contentions.

**Grant Johnson**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5867 | gjohnson@cov.com
www.cov.com

<image001.jpg>

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended reci immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail fron Thank you for your cooperation.

<Mail Attachment.eml><Mail Attachment.eml>