# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC, | § |
| *Plaintiff*, | § |
| v. | §   Case No. 2:18-cv-00491-JRG-RSP |
| GOOGLE LLC, | § |
| *Defendant*. | § |

## ORDER

The Court addressed several motions at a motion hearing on March 12, 2020.[1] The Court enters this Order to memorialize any rulings made during that hearing. The Court will proceed through each motion that was discussed.

**I.   Motion to Compel Identification and Production of Financial Documents (Dkt. No. 178)**

This motion was **GRANTED-IN-PART**. The Court **GRANTED** Uniloc's request for a narrative response in response to Interrogatory Number 4. Since each of these cases listed above in footnote 1 have different products at issue, it is **ORDERED** that Google shall provide a narrative response in each case. The Court **DENIED** any further relief with respect interrogatory number 4, and the Court **DENIED** this motion to the extent that it asks for further licenses pursuant to Interrogatory Number 6.

**II.   Google's Motion to Strike Portions of Uniloc 2017 LLC's Infringement Contentions (Dkt. No. 153)**

---

[1] The Court heard arguments on the following cases: Case No. 2:18-cv-00491-JRG-RSP, Case No. 2:18-cv-00492-JRG-RSP, Case No. 2:18-cv-00493-JRG-RSP, Case No. 2:18-cv-00496-JRG-RSP, Case No. 2:18-cv-00497-JRG-RSP, Case No. 2:18-cv-00499-JRG-RSP, Case No. 2:18-cv-00502-JRG-RSP, Case No. 2:18-cv-00503-JRG-RSP, and Case No. 2:18-cv-0504-JRG-RSP.

The Court **GRANTED** this motion. The patent local rules require that the accused products be charted. There is some leeway for use of representative products, but there is a requirement that the Plaintiff not simply identify the other uncharted products. The Plaintiff must also use some reasonable diligence to use the publicly available information to explain how the infringement theory that is charted would apply to uncharted products. In this case, the Court does not find that there has been any effort to accomplish that to demonstrate that the charted products are reasonably similar through the use of publicly available information to show a basis for the same theory to be applied. It is therefore **ORDERED** that the uncharted products are hereby stricken from Uniloc's infringement contentions and that those uncharted products are no longer at issue in the case.

### III. Uniloc's Motion to Compel Products Reasonably Similar to Charted Products (Dkt. No. 159)

The Court **DENIED** this motion. As explained in reference to Google's Motion to Strike Portions of Uniloc 2017 LLC's Infringement Contentions, Uniloc did not provide an explanation to show that uncharted products were reasonably similar to charted products. Consequently, the Court struck products from Uniloc's infringement contentions that were uncharted.

Uniloc's Motion to Compel Products Reasonably Similar to Charted Products was denied because the ruling on Google's Motion to Strike Portions of Uniloc 2017 LLC's Infringement Contentions effectively takes the products that Uniloc claims to be "reasonably similar" out of the case, making any discovery into these products unnecessary.

**SIGNED this 27th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE