**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>  Defendants. | Civil Action No. 2:19-cv-00152-JRG |

**DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S RENEWED MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**

**I.    INTRODUCTION**

Samsung Display Co., Ltd. ("SDC"), Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively "Defendants") respectfully renew their Motion to Stay Pending *Inter Partes* Review ("IPR"). Two days ago, the Patent Trial and Appeal Board ("PTAB") granted institution in the third and final IPR against the three asserted patents in this case. The PTAB has now instituted IPR of all of the patent claims that are asserted in this litigation. Therefore, Defendants renew their request to stay the case. Defendants are separately filing an unopposed request to expedite the briefing schedule for this motion.

On December 20, 2019, Defendants filed their initial motion to stay based on petitions for IPR of U.S. Patent Nos. 9,256,311 ("the '311 patent"), 6,072,450 ("the '450 patent"), and 7,446,338 ("the '338 patent") (collectively "the Asserted Patents"). Dkt. 56. As Defendants explained, SDC had filed those IPR petitions promptly after Plaintiff asserted infringement. SDC

filed the petition on the '311 patent, which was the only originally asserted patent, on September 30, before Defendants filed their answer in this case; and SDC filed the petitions on the '450 and '338 patents on November 7 and December 18, 2019, within four months after Solas had amended its complaint on August 23, 2019 to add claims of infringement of those two patents. Dkt. 56 at 1–2.

On February 4, 2020, the Court denied Defendants' motion "without prejudice to its refiling if and when IPR proceedings are instituted by the PTAB." Dkt. 69. The Court explained that "[a]t this nascent stage, it is impossible for the Court to determine 'whether the stay will likely result in simplifying the case before the court.' Indeed, if the PTAB denies institution of the IPRs, there will be no simplification of the case before the Court at all." *Id.* (citation omitted).

After the Court's order, PTAB instituted IPR proceedings on all three of the asserted patents. *See* Ex. 1 (IPR2019-01668 Institution Decision); Ex. 2 (IPR2020-00140 Institution Decision); Ex. 3 (IPR2020-00320 Institution Decision). The PTAB instituted IPR of the '311 patent on April 1, 2020 (IPR2019-01668), before the *Markman* hearing, and Defendants submitted a notification to the Court on April 6, 2020. Dkt. 96. The PTAB instituted IPR of the '450 patent on May 8, 2020 (IPR2020-00140), and Defendants submitted a notification to the Court on May 12, 2020. Dkt. 110. Two days ago, on June 23, 2020, the PTAB instituted IPR of the '338 patent (IPR2020-00320).

With all three of the proceedings now being instituted, the PTAB has decided to review the patentability of every patent claim that is asserted in this litigation. Under 35 U.S.C. § 316(a)(11), the PTAB will generally be required to issue its final written decisions in these matters within one year of institution—with the last of these decisions being due by June 23, 2021.

## II. ARGUMENT

The factors considered by this Court favor a stay. *First*, a stay will not unduly prejudice Solas, because Solas does not compete with Defendants, does not practice the asserted patents, and could be adequately compensated through monetary damages if it prevails on a claim. *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). In fact, one of the three asserted patents expired well before Solas filed its complaint. *Second*, Defendants have been diligent in pursuing PTAB review and a stay, and staying the case now would avoid duplicative litigation. *See e-Watch Inc. v. Apple, Inc.*, No. 2:13-CV-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015) (finding defendant promptly renewed its motion by filing within two days of PTAB's decision). Jury selection in this case is scheduled to occur on October 5, which is over three months from now, and dispositive and *Daubert* motions have not yet been filed. *See Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-CV-505-JRG, 2017 WL 7051628, at *2 (E.D. Tex. Oct. 25, 2017) (granting renewed motion in which jury selection was scheduled to occur less than two months after the renewed motion).[1] *Finally*, the IPRs are likely to simplify, if not eliminate, the issues in this matter, because the petitions cover all of the asserted claims of the asserted patents and rely on prior art and prior art combinations that were not considered by the patent examiners. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015).

### A. Solas Will Not Suffer Undue Prejudice.

Solas would not suffer any undue prejudice if the Court stays the case. "[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility*, 759 F.3d at 1318. Solas

---

[1] Am. Docket Control Order, *Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-CV-505-JRG (E.D. Tex. Oct. 4, 2017), ECF No. 269.

is a non-practicing entity who neither competes with Defendants nor sells products that practice the Asserted Patents. Monetary relief will be sufficient to compensate Solas for any damages, and a "stay will not diminish the monetary damages to which [Solas] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." *Id.* The "mere delay in collecting those damages does not constitute undue prejudice." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-CV-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015) (internal citation omitted).

Defendants, by contrast, would suffer undue prejudice in the absence of a stay, because they would continue to incur the expense and burden of defending against infringement allegations of patent claims that the PTAB may invalidate. This is particularly true since SDC filed the IPR petitions promptly—approximately four months after Solas filed the Amended Complaint, and well before the one-year deadlines—and the PTAB has now concluded that SDC has shown a reasonable likelihood of establishing unpatentability in its IPRs on each of the three asserted patents.

Rather than cause prejudice, a stay will benefit both parties. The stay would allow the parties to take advantage of the IPR system through PTAB, which is "a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680-01 (Aug. 14, 2012) (to be codified at 37 C.F.R. pt. 42). Accordingly, this factor favors granting Samsung's motion to stay.

### B.        The Stage of the Case Does Not Weigh Against the Defendants.

Defendants' diligence in filing the IPR petitions with PTAB and moving to stay this case also weighs heavily in favor of a stay. *See e-Watch*, 2015 WL 12915668, at *3 (according weight to the timing of defendant's initial motion to stay and its quick renewal of the motion after the PTAB's institution decision). Before Defendants even answered the Amended Complaint, SDC filed an IPR petition seeking review of all of the claims of the '311 patent (the sole patent asserted in Solas's original complaint). SDC then filed IPR petitions seeking review of all of the claims of the '450 patent within two months of filing the '311 patent petition, and the petition for review of the '338 patent within two months of the '450 patent petition. Immediately after all three petitions were filed with PTAB, Defendants moved to stay in this Court. Dkt. 56. Defendants have promptly apprised the Court of the PTAB's institution of IPR proceedings on the '311 patent and the '450 patent. And Defendants are now renewing their motion to stay *just two days* after PTAB instituted on the final of SDC's petitions for IPR of the three asserted patents.

"[T]he proper time to measure the stage of litigation" is at "the date of the filing of the motion to stay." *VirtualAgility*, 759 F.3d at 1316. And courts must "accord some weight to the timing" of a defendant's initial motion, when evaluating a renewed motion to stay. *e-Watch*, 2015 WL 12915668, at *3. When the initial motion to stay was filed in this litigation, "there remain[ed] a significant amount of work ahead for the parties and the court." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). Claim construction briefing had not yet taken place, only preliminary discovery had occurred, and the *Markman* hearing was months away—all constituting the very early stages of litigation. *See, e.g.*, *VirtualAgility*, 759 F.3d at 1317 (finding stay pending CBM review appropriate where "there remained eight months of fact discovery, the joint claim construction statements had yet to be filed,

5

and jury selection [is] a year away"). Indeed, the first IPR proceeding was instituted before the *Markman* hearing. Now, although the discovery period is almost complete, briefing has not yet started on dispositive motions or *Daubert* motions (such motions are due on July 13, 2020), motions *in limine* are not due for two months (on August 24, 2020), and jury selection remains more than three months away—more than enough to warrant a stay. *See Image Processing*, 2017 WL 7051628, at *2 (concluding that the benefits of a stay outweighed the costs, when jury selection was scheduled to occur less than two months after the renewed motion); *Customedia Techs., LLC v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *2–3 (E.D. Tex. Aug. 9, 2017) (granting an opposed motion to stay after briefing on motions *in limine* and summary judgment had concluded).

### C. IPR Proceedings Will Simplify or Eliminate Issues, Reducing the Burden on the Parties and This Court.

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. The IPR petitions here concern each asserted claim of each of the three asserted patents. Therefore, "[s]taying this case has the potential to simply the issues before the Court," and potentially, resolve the issues altogether. *Customedia Techs*, 2017 WL 3836123, at *2. Because the PTAB has instituted proceedings for each asserted claim of each Asserted patent, "a stay has the potential to decrease the burdens on the Court and the parties, and any potential costs, delay, or prejudice resulting from postponing the resolution of the case are outweighed by the benefits of a stay." *Id.*

Moreover, "[a] stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Tech.*, 2015 WL 1069111, at *1 (quotations omitted). As the Federal Circuit and this Court

6

have observed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s consideration." *Norman IP Holdings*, 2014 WL 5035718, at *2 (quoting *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985)).

According to the USPTO's May 2020 trial statistics (the most recent available statistics), 80% of Final Written Decisions have resulted in at least one claim being found invalid, and 62% of Final Written Decisions have found all instituted claims invalid. *See* PTAB Trial Statistics, May 2020 at 10.[2] Therefore, it is highly likely that the IPRs will impact this case significantly. Even if they invalidate only some of the claims, then IPR will have narrowed the issues and will also add prosecution history that may inform the construction of claim terms as well as infringement and invalidity issues. *See NFC Tech.*, 2015 WL 1069111, at *7 ("[A]ny disposition by the PTAB is likely to simplify the proceedings before this Court.").

### III. CONCLUSION

For the above reasons, Defendants submit that the balance of factors favors staying these proceedings, and respectfully renew their request that the Court grant their motion to stay this case in light of the PTAB decisions instituting IPR on all asserted claims of the '311, '450, and '338 patents.

---

[2] *Available at* https://www.uspto.gov/sites/default/files/documents/trial_statistics_20200531.pdf (last accessed June 25, 2020).

Dated: June 25, 2020

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this June 25, 2020.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

On June 24, 2020, counsel for Solas and Samsung engaged in a meet and confer conference pursuant to Local Rule CV-7(h).  Solas' counsel indicated that Solas is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith