**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> SAMSUNG DISPLAY CO., LTD., § <br> SAMSUNG ELECTRONICS CO., LTD., § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC., § <br> § <br> *Defendants.* § | CIVIL ACTION NO. 2:19-CV-00152-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc.'s (collectively "Samsung") Renewed Motion to Stay Proceedings Pending *Inter Partes* Review (the "Motion"). (Dkt. No. 118.) In the Motion, Samsung requests that the Court stay this case in view of the *inter partes* reviews ("IPR") instituted by the Patent Trial and Appeal Board ("PTAB") of the three asserted patents in this case. (*Id.* at 1.) For the reasons described herein, the Court finds that the Motion should be and hereby is **DENIED**.

### I. BACKGROUND

Plaintiff Solas OLED Ltd. ("Solas") asserts that Samsung infringes three of its patents: U.S. Patent Nos. 6,072,450 (the "'450 Patent"); 7,446,338 (the "'338 Patent"); and 9,256,311 (the "'311 Patent) (collectively, the "Asserted Patents"). (Dkt. No. 15 at 1.) On December 20, 2019, Samsung moved to stay this case based on its petitions for IPR of the Asserted Patents (the "Original Motion") (Dkt. No. 56.) However, the Court denied the Original Motion as premature because the PTAB had not yet instituted IPR proceedings on the Asserted Patents. (Dkt. No. 69.) Over the course of the six months following Samsung's Original Motion and the Court's Order

addressing the same, the Court has conducted claim construction proceedings and fact discovery has closed. (*See* Dkt. No. 95.) Over this same time period, the PTAB has instituted an IPR of each of the Asserted Patents: the '311 Patent on April 1, 2020; the '450 Patent on May 8, 2020; and the '338 Patent on June 23, 2020. Despite the October 5, 2020 trial setting in this case, Samsung files the instant Motion to stay this case in light of the aforementioned instituted IPRs.

## II. LEGAL STANDARD

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.).

## III. DISCUSSION

### A. A Stay Will Prejudice Solas.

Samsung argues that Solas will not suffer any prejudice if the Court stays this case because Solas is a non-practicing entity, and as such, monetary relief will be sufficient to compensate Solas for any damages and a stay will not diminish that relief. (Dkt. No. 118 at 3–4 (citing *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-cv-759, 2015 WL 11143485, at *2 (E.D. Tex. Dec. 16, 2015)).) Samsung further argues that Defendants, on the other hand, will be

prejudiced by the absence of a stay because they would be forced to incur the expense and burden of defending against infringement claims based on patents that could be invalidated by the PTAB. (*Id.* at 4.)

Solas responds that the imposition of a stay this late in the case will unfairly prejudice Solas. (Dkt. No. 123 at 9.) Solas notes that the Final Written Decisions on the aforementioned IPRs could not be issued before the scheduled infringement trial in this case and given the late stage of litigation, a majority of the costs associated with litigation have already been incurred. (*Id.*) Solas further argues that permitting a stay would deprive Solas of its chosen forum and give Samsung a risk-free forum to invalidate the Asserted Patents. (*Id.* at 10.)

This factor weighs heavily against granting a stay in this case. The Court is not persuaded by Samsung's argument that because Solas' is not a competitor of Samsung, a delay to this litigation will result in no prejudice to Solas. In *Cellular Communications*, on which Samsung relies to argue that a delay will not cause a non-practicing entity prejudice, the court stated that the plaintiff "makes no specific allegations of prejudice in this case other than the natural delay that would occur when a stay is granted in any case." *See Cellular Commc'ns Equip., LLC*, 2015 WL 11143485, at *2. Here, Solas has made specific allegations of prejudice. Specifically, Solas points out that with fact and expert discovery completed, it has already incurred the majority of the expenses associated with this litigation. (Dkt. No. 123 at 9.) Further, there is caselaw from this Court that contradicts the *Cellular Communications* rationale concerning prejudice. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan 29, 2015 ("[T]he mere fact that Rembrandt is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an *imminent trial date*.") (emphasis added). In *Rembrandt*, the court found that granting a stay would

prejudice the plaintiff in light of the fact that trial was a month away. *Id.* Here, discovery is completed and trial is only a few months away. Accordingly, the Court finds that this factor weighs heavily against a stay at this advanced stage of litigation.

### B. This Case Has Reached an Advanced Stage.

Samsung argues that it has been diligent in filing the IPR petitions and moving to stay this case, and as such, this factor weighs in favor of a stay. (Dkt. No. 118 at 5 (citing *e-Watch Inc. v. Apple, Inc.*, No. 2:13-cv-1061-JRG-RSP, 2015 WL 12915668, at *3 (E.D. Tex. Mar. 25, 2015)).) Samsung argues that when the Original Motion was filed in this litigation, the case was in its infancy and this should be accorded some weight by the Court. (*Id.*)

Solas responds that courts routinely deny stay motions in cases that are not nearly as far along as this one. (Dkt. No. 123 at 2 (citing *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-cv-00961, 2017 WL 3149142, at *1–2 (E.D. Tex. July 25, 2017); *NetFuel, Inc. v. Cisco Sys., Inc.*, No. 5:18-cv-02352-EJD, 2020 WL 836714, at *1 (N.D. Cal. Feb. 20, 2020); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp 2d 1107, 1111 (N.D. Cal. 2006); *International Test Solutions, Inc. v. Mipox International Corp.*, No. 16-cv-00791-RS, 2017 WL 1316549, at *2 (N.D. Cal. Apr. 10, 2017.)).) Solas argues each of these cases were not as far as long as this case when stays were denied in those cases. (*Id.* at 3.) Thus, Solas argues, the Court should deny the stay sought here. (*Id.*)

While it is true that the Court must accord some weight to the timing of Samsung's Original Motion, in view of the unique posture and timing of this case relative to the timing of the instituted IPRs, the Court is of the opinion that this factor weighs against a stay in this case. In the *e-Watch* case relied on by Samsung, the Court held that some weight must be given to the timing of the defendant's initial motion to stay the case, and ultimately held that the case should be stayed. *e-*

*Watch Inc.*, 2015 WL 12915668, at *3. However, in that case, claim construction proceedings had not yet commenced, fact discovery had not closed, and expert discovery had no closed. (*Id.*) Conversely, in this case, the Court has issued a claim construction order and all discovery has closed. In fact, the deadline to file *Daubert* motions and other dispositive motions was July 13, 2020. (Dkt. No. 95.)Accordingly, due to the extremely advanced stage of this case, the Court finds that this factor weighs against granting a stay.

### C. The Stay Will Likely Simplify the Case.

Samsung argues that the IPRs stand to drastically simplify this case because they concern each asserted claim of each of the Asserted Patents. (Dkt. No. 118 at 6.) In support of this argument, Samsung cites to the USPTO's May 2020 trial statistics[1] which reveal that "80% of Final Written Decisions have resulted in at least one claim being found invalid, and 62% of Final Written Decisions have found all instituted claims invalid." (*Id.* at 7.)

Solas responds that the PTAB's decision to institute IPR is not nearly as definitive as Samsung portrays. (Dkt. No. 123 at 5.) In view of the Supreme Court's Decision in *SAS Insitute, Inc. v. Iancu*, Solas argues that the PTAB is precluded from instituting IPRs for only some of a patent's asserted claims, but instead must address all of the asserted claims. (*Id.* (citing 138 S. Ct. 1348 (2018)).) Accordingly, Solas argues that any institution decision occurring after *SAS* provides a weaker inference that the PTAB will invalidate a claim. (*Id.* at 6 (citing *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-390-RWS-RSP, 2019 WL 3826051, at *1–2 (E.D. Tex. Aug. 14, 2019)).) Finally, Solas argues that relying on only post-*SAS* statistics, the likelihood of a claim being invalidated falls significantly. (*Id.* at 7.)

---

[1] *Available at* https://www.uspto.gov/sites/default/files/documents/trial_statistics_20200531.pdf (last accessed July 8, 2020).

This factor weighs in favor of a stay. Regardless of whether the IPRs result in invalidating the Asserted Claims, there is still a substantial likelihood that the issues will be narrowed. Each asserted claim will either be invalidated by the PTAB or Samsung will be precluded from making certain invalidity arguments in this case. *See* 35 U.S.C. § 315(e)(2); *see also Intelllectual Ventures I LLC v. T-Mobile USA, Inc., et al.*, No. 2:17-cv-577-JRG, Dkt. No. 255 at 7 (E.D. Tex. Dec. 13, 2018). Therefore, regardless of the result of the instituted IPRs, the issues before the Court will be simplified, and as such, this factor weighs in favor of a stay.

### IV. CONCLUSION

After weighing all the factors that bear on whether a staying pending IPR is warranted, the Court finds that the balance of those factors weighs against grating a stay. According, in the exercise of its discretion, the Court **DENIES** the Samsung's Renewed Motion to Stay Proceedings Pending *Inter Partes* Review (Dkt. No. 118).

**So ORDERED and SIGNED this 17th day of July, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE