**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD. | |
| Plaintiff, | |
| v. | Civil Action No. 2:19-cv-00152-JRG |
| SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION FOR <u>SUMMARY JUDGMENT OF NONINFRINGEMENT OF THE '338 PATENT</u>**

# TABLE OF CONTENTS

I.     **STATEMENT OF THE ISSUES TO BE DECIDED (L.R. CV-56(a)(1))** ..................................2

II.    **STATEMENT OF THE UNDISPUTED MATERIAL FACTS (L.R. CV-56(a)(2))** .................3

    A.    The Asserted Claims of the '338 Patent............................................................3

    B.    Each Accused Samsung Product uses a ▮▮▮▮▮▮▮▮▮▮▮▮. ......................................4

III.    **LEGAL STANDARD** ........................................................................................................5

IV.    **ARGUMENT**......................................................................................................................5

    A.    Undisputed facts establish that the Accused Samsung Products do not contain "a driving transistor, one of the source and the drain of which is connected to the pixel electrode," as required by all Asserted Claims. ..............................................5

    B.    Undisputed facts establish that the Accused Samsung Products do not contain "a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period," as required by all of the Asserted Claims. .......................................7

    C.    Undisputed facts establish that the Accused Samsung Products do not contain "a switch transistor which makes a write current flow between the drain and the source of the driving transistor," as required by all of the Asserted Claims. .........................................................8

        1.    Solas's infringement theory as to "write current" is inconsistent with the Court's claim construction of "pull-out current." ..................................................................................9

        2.    Even under Solas's interpretation, there is not current that is "pull[e]d out" of the circuit and that "flow[s] between the drain and the source of the driving transistor.". 12

    D.    Solas has not alleged or provided expert opinion that the Accused Samsung Products meet the above limitations under the doctrine of equivalents.......................................................13

    E.    Summary judgment of noninfringement should be granted as to the accused products for which Solas has proffered no evidence of infringement. ......................................................14

        1.    Defendants are entitled to summary judgment that the Accused Apple Products do not infringe the '338 Patent............................................................................................14

        2.    Defendants are entitled to summary judgment that the First Amended Accused Samsung Products do not infringe the '338 Patent. .....................................................16

V.    **CONCLUSION** ..............................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcon Research Ltd. v. Barr Labs., Inc.*,
    745 F.3d 1180 (Fed. Cir. 2014) ................................................................................... 15, 17

*Bicon, Inc. v. The Straumann Co.*,
    441 F.3d 945 (Fed. Cir. 2006) ............................................................................................ 6

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
    134 S. Ct. 843 (2014) ...................................................................................................... 16

*Regents of Univ. of Cal. v. Affymetrix, Inc.*,
    No. 17-CV-01394-H-NLS, 2019 WL 1317855 (S.D. Cal. Mar. 21, 2019) ................................... 15, 17

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
    247 F.3d 1316 (Fed. Cir. 2001) ......................................................................................... 5

*Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*,
    No. 2:16-CV-04502-MLH, 2018 WL 6038277 (C.D. Cal. Apr. 24, 2018) ................................... 16

*V-Formation, Inc. v. Benetton Grp. SpA*,
    401 F.3d 1307 (Fed. Cir. 2005) ......................................................................................... 5

Undisputed facts establish that no Accused Samsung Product infringes U.S. Patent No. 7,446,338 (the "'338 patent"). The '338 patent is directed to a display panel comprising "interconnections" that are "formed to project from a surface of the transistor array substrate" so as to suppress voltage drop and signal delay in the display panel circuit, and a particular three-transistor circuit structure. (Dkt. 81-1 ('338 patent) at 2:3–8, 2:34–36, 3:63–67, 24:20–22.) Claim 1 recites "interconnections" that are "formed to project from a surface of the transistor array substrate" and requires a three-transistor structure that includes (1) "a driving transistor, one of the source and the drain of which is connected to the pixel electrode," (2) "a switch transistor which makes a write current flow between the drain and the source of the driving transistor," and (3) "a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period." (*Id.* at 24:30–38.)

The accused products do not, however, use the claimed three-transistor circuit structure. Each of the accused products uses a drastically different ████████████ developed by Samsung Display. Solas's attempt to fit a square peg into a round hole fails in multiple respects. *First*, neither the source nor the drain of the accused "driving transistor" is connected to the pixel electrode, ██████████████████████████████████████████. Solas's infringement theory contravenes the plain meaning of the limitation that the pixel electrode be connected to "one of the source and the drain" of the driving transistor. *Second*, it is undisputed that during the light emission period, the alleged holding transistor, █, does not hold a voltage between the gate and ***source*** of the alleged driving transistor as required by the claim, but rather ████████████████████████████. *Third*, the alleged switch transistor does not make a "pull out current" flow between the drain and the source of the driving transistor. Solas's infringement theory contradicts the Court's construction, as current is not pulled out of the circuit

in the accused products. Not only that, but Solas resorts to a theory that would also require current to flow ***through*** a capacitor, which both sides' experts agree is impossible.

In addition, unrebutted expert testimony shows that the Accused Apple Products do not infringe the '338 patent. Although Solas accused these products of infringement in its contentions, Solas's expert offered no opinion that any of these products infringe. Defendants' expert has explained that the Accused Apple Products do not contain the claimed three-transistor structure nor separate limitations of claim 1 concerning interconnections and the pixel electrodes.[1] Solas's expert has further conceded that other Samsung products that Solas had previously accused of infringement do not infringe the '338 patent.

Defendants respectfully submit that summary judgment of noninfringement of the '338 patent should therefore be entered.

## I.  STATEMENT OF THE ISSUES TO BE DECIDED (L.R. CV-56(a)(1))

1.      Has Solas failed to offer evidence on which a reasonable jury could find the Accused Samsung Products contain "a driving transistor, one of the source and the drain of which is connected to the pixel electrode," as required by the Asserted Claims.

2.      Has Solas failed to offer evidence on which a reasonable jury could find the Accused Samsung Products contain "a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period," as required by the Asserted Claims.

3.      Has Solas failed to offer evidence on which a reasonable jury could find the Accused Samsung Products contain "a switch transistor which makes a write current flow between the drain and the source of the driving transistor," as required by the Asserted Claims.

---

[1] While this brief refers to Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. jointly as "Defendants" for convenience, each is a separate entity that performs different roles as to the manufacture and sale of the Accused Products.

4. Has Solas failed to offer evidence on which a reasonable jury could find the Accused Apple Products contain, in addition to the above three limitations, "a plurality of interconnections which are formed to project from a surface of the transistor array substrate, and which are arrayed in parallel to each other," with "the pixel electrodes being arrayed along the interconnections between the interconnections on the surface of the transistor array substrate," as required by the Asserted Claims.

5. Has Solas failed to offer evidence on which a reasonable jury could find that the First Amended Accused Samsung Product contain any of the required elements of the Asserted Claims.

## II. STATEMENT OF THE UNDISPUTED MATERIAL FACTS (L.R. CV-56(a)(2))

### A. The Asserted Claims of the '338 Patent

1. Solas asserts infringement of claims 1, 5, 6, 9, and 10 of the '338 patent (the "Asserted Claims"). Independent claim 1, on which all other asserted claims depend, recites:

> A display panel comprising:
>
> a transistor array substrate which includes a plurality of pixels and comprises a plurality of transistors for each pixel, each of the transistors including a gate, a gate insulating film, a source, and a drain;
>
> **a plurality of interconnections which are formed to project from a surface of the transistor array substrate**, and which are arrayed in parallel to each other;
>
> a plurality of pixel electrodes for the plurality of pixels, respectively, **the pixel electrodes being arrayed along the interconnections between the interconnections** on the surface of the transistor array substrate;
>
> a plurality of light-emitting layers formed on the pixel electrodes, respectively; and
>
> a counter electrode which is stacked on the light-emitting layers,
>
> wherein said plurality of transistors for each pixel include **[1] a driving transistor, one of the source and the drain of which is connected to the pixel**

████████████████████████████

**electrode, [2] a switch transistor which makes a write current flow between the drain and the source of the driving transistor, and [3] a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period**.

(Dkt. 81-1 ('338 patent) at 24:14–38 (emphases added).)

      **B.    Each Accused Samsung Product uses a ████████████████.**

2.    Solas accuses 13 Samsung smartphones of infringing the '338 patent: the Galaxy Note 3, the Galaxy Note 4, the Galaxy Note 4 Edge, the Galaxy Note 5, the Galaxy Note 8, the Galaxy Note 9, the Galaxy S4, the Galaxy S5, the Galaxy S6 Edge Plus, the Galaxy S8, the Galaxy S8 Plus, the Galaxy S9, and the Galaxy S9 Plus (the "Accused Samsung Products"). Ex. 1(Credelle Op. Rep.) at ¶ 115.

3.    Each of the Accused Samsung Products uses the pixel circuit shown structure below, ████████████████████████████████:



Ex. 4-1 (Fontecchio Reb. Rep.) at ¶ 26; Ex. 1 (Credelle Op. Rep.) at ¶ 117.

4.    Solas has identified ████████ as the alleged "driving transistor," ██ as the alleged "switch transistor," and ██ as the alleged "holding transistor." *See, e.g.*, Ex. 2 (Ex. A-5 Note 8 of Credelle Op. Rep.) at ¶ 12.

5.    It is undisputed that the ████████████████████████████████████████

██, *see, e.g.*, Ex. 5 (Credelle Tr.) at 128:12–14, ████████████████████████████

████████████, *id.* at 128:9–11; Ex. 4-1 (Fontecchio Reb. Rep.) at ¶ 202.

      6.     It is further undisputed that ███████████████████████████████████

████████ Ex. 6 (Credelle Tr.) at 290:12–16; Ex. 4-1 (Fontecchio Reb. Rep.) at ¶¶ 215–217.

## III.    LEGAL STANDARD

"Literal infringement requires that each and every limitation set forth in a claim appear in an accused product." *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005). "Summary judgment of noninfringement is appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, since such failure will render all other facts immaterial." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001).

## IV.    ARGUMENT

    **A.    Undisputed facts establish that the Accused Samsung Products do not contain "a driving transistor, one of the source and the drain of which is connected to the pixel electrode," as required by all Asserted Claims.**

Claim 1 of the '338 patent requires "a driving transistor, one of the source and the drain of which is connected to the pixel electrode." In the Accused Samsung Products, however, ████ ████████████████████████████████████████████████████████ as required by claim 1. The Accused Samsung Products contain s█████████ circuits in which the alleged "driving" transistor is a ██████████████ Ex. 2 (Ex. A-5 Note 8 of Credelle Op. Rep.) at ¶ 12. ██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

Ex. 5 (Credelle Tr.) at 128:9–14.[2] Thus, neither the source nor the drain of the driving transistor is

---

[2] Plaintiff does not allege that ██ is the "driving transistor" of the claim, nor could it, as it does not satisfy the various elements of the claim.

connected to the pixel electrode as the claim limitation requires.

Therefore, under the plain meaning of the claim limitation "a driving transistor, one of the source and the drain of which is connected to the pixel electrode," the Accused Samsung Products do not infringe claim 1 or dependent claims 5, 6, 9, or 10.

To assert infringement, Solas rests on an interpretation of the claim language that flouts its plain meaning, and also has no support in the '338 patent. Solas argues that it is enough that, during a phase of operation, an electrical path exists ████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████████ But this contravenes the plain meaning of the claim language, which states that "**one of the source and drain**" of the driving transistor is connected to the pixel electrode. Because **both** the source and the drain are electrically connected to the pixel electrode, the claim language cannot be referring to a mere electrical connection. Indeed, **both** the source and drain of a driving transistor are equally "electrically" connected to a pixel electrode when the transistor is on because current must flow through both. Nor does the specification support Solas's theory; it accords with the plain meaning of the claim language, showing the source or drain of the driving transistor connecting—with no intervening transistor or other element—to the pixel electrode. (*See* Dkt. 81-1 ('338 patent) at Figs. 2, 6.)

Because the source and drain of the driving transistor are necessarily electrically connected, Solas's interpretation would also read the limitation "**one of** the source and drain of which" out of the claim, which is inappropriate. *See Bicon, Inc. v. The Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) ("Allowing a patentee to argue that physical structures and characteristics specifically described in a claim are merely superfluous would render the scope of the patent ambiguous, leaving examiners and the public to guess about which claim language the drafter deems necessary

to his claimed invention and which language is merely superfluous, nonlimiting elaboration."). Further, Solas's interpretation would be inconsistent with the other claims of the '338 patent. Dependent claim 2, which depends from claim 1, recites "[a] panel according to claim 1" including "a feed interconnection *connected to the other of the source and the drain* of at least one of the driving transistors." (Dkt. 81-1 ('338 patent) at 24:39–41 (emphasis added).) Claim 2 thus confirms the plain meaning of claim 1 that one of—not both—of the source and drain of the driving transistor is connected to the pixel electrode (with the other connected to a feed interconnection). This means that the connection must be direct, and cannot merely be an indirect "electrical" connection.

It bears note that the difference in design of the Accused Samsung Products as compared to the claimed invention is a significant one. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████ Undisputed facts establish that ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████.

**B.** **Undisputed facts establish that the Accused Samsung Products do not contain "a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period," as required by all of the Asserted Claims.**

Claim 1 further requires "a holding transistor which holds a voltage between the gate and *source* of the driving transistor in a light emission period." (Dkt. 81-1 ('338 patent) at 24:35–37 (emphasis added).) The Accused Samsung Products do not, however, include such a structure.

It is undisputed that the alleged "holding transistor" in the Accused Samsung Products is a

████████████████████. *See, e.g.,* Ex. 2 (Ex. A-5 Note 8 of Credelle Op. Rep.) at ¶ 12 (████████

████████████). It is further undisputed that the alleged "driving transistor" is a ████████



. *See id.*; *see also* Ex. 5 (Credelle Tr.) at 128:19–23

.

Solas's expert acknowledges that

. Ex. 6 (Credelle Tr.) at 291:13–18 . As

Solas's expert further concedes,

*Id.* at 290:12–16 (emphases added). Defendants' expert, Dr. Fontecchio, agrees. *See also* Ex. 4-1 (Fontecchio Reb. Rep.) at ¶¶ 215–217.

Because the Accused Samsung Products do not contain a holding transistor which holds a voltage between the gate and *source* of the driving transistor, as claim 1 requires, none of the Accused Samsung Products infringe claim 1 or the asserted dependent claims, which each depend from claim 1.

### C. Undisputed facts establish that the Accused Samsung Products do not contain "a switch transistor which makes a write current flow between the drain and the source of the driving transistor," as required by all of the Asserted Claims.

Claim 1 further requires "a switch transistor which makes a write current flow between the drain and the source of the driving transistor," and the Court construed "write current" to mean "pull-out current." (Dkt. 99 (CC Mem. & Order) at 23.) None of the Accused Samsung Products have a structure meeting this claim limitation. Solas's infringement theory rests on an argument that flouts the Court's construction and, in addition, would require finding that current flows through a capacitor when both sides' experts agree that is impossible.

**1.** **Solas's infringement theory as to "write current" is inconsistent with the Court's claim construction of "pull-out current."**

During *Markman* proceedings, Solas argued strenuously that the "write current" recited in claim 1 should not be interpreted to require a "pull-out current," and that the term "write current" has a broader meaning. *See, e.g.,* Ex. 7 (*Markman* Tr.) at 41:22–42:4. Based on the clear intrinsic evidence, the Court construed the "write current" recited in the claim to be a "pull-out current." As the Court's claim construction Order makes clear, the dispute centered on whether "write current" refers to the type of current described in connection with Figure 2 of the '338 patent, or whether, as Solas urged, "write current" could describe current more broadly. (Dkt. 99 (CC Mem. & Order) at 18–19.) The Court agreed with Defendants that the patentee defined the term "write current" "by implication," noting (among other things) that during prosecution the applicants amended the claims to be consistent with the description in the patent at 15:37–41, which states:

> In the pixel circuit Pi,j, the ***write current (pull-out current) to the signal line Y1*** flows from the feed interconnection 90 and supply line z, through the drain-to-source path of the driving transistor 23 and the drain-to-source path of the switch transistor 21.

(*Id*. at 21 (emphasis changed).) Figure 2 of the '338 patent shows the "pull-out" current following this path, as shown by arrow A, annotated in red below:



████████████████████████

Ex. 4-1 (Fontecchio Reb. Rep.) at ¶ 210; s*ee also* Ex. 8 (Flasck Tr.) at 21:15–22:4 (Plaintiff's expert explaining that "during the write cycle, current comes from Zi through transistor 23, makes a left-hand turn through transistor 21 . . . to the signal line Yi."). As Solas's claim construction expert explained, the '338 patent uses a current sink to drain current from the signal line, as opposed to using a current source to supply current from the signal line. *See* Ex. 8 at 21:6–14 ("Well, the Y line has a—not a current source, but a current sink attached to it . . . ***so it wouldn't supply current to anything***. It—it's sinking current. ***It's absorbing current, not supplying current***.") (emphases added).

It is undisputed that the Accused Samsung Products do not operate in the same manner. Rather, as shown in the circuit below, ████████████████████████

████████████████████████████████████████

██████████████████████████████████



Ex. 4-1 (Fontecchio Reb. Rep.) at ¶ 29; *see* Ex. 5 (Credelle Tr.) at 141:22–142:14. This is fundamentally different than the write current of the '338 patent.

It was recognized by the parties during the *Markman* hearing that the differences between these two types of systems, including their current flow, were at the crux of the dispute. *See, e.g.,* Ex. 7 (*Markman* Tr.) at 40:17–24 (Solas's counsel noting "according to Figure 2, one of skill in the art, as our expert has opined, would still understand the parenthetical that says pull-out current to be a description with reference to examples in the patent about ***what direction from the circuit the write circuit as an example can go in***.") (emphasis added); *id* at 45:8–14 (Solas's counsel noting "[a]nd so what this all makes clear is that the—the pull-out is just with reference to certain embodiments and certain configurations of—***of where that current can flow from***.") (emphasis added). As Defendants explained during the *Markman* hearing, these differences stem from the fact that the Accused Samsung Products ███████████████████████████████████████ ████████████████████████. *Id*. at 47:10–20.

Rather than stipulate to noninfringement under the Court's construction, Solas attempts to re-construe it in an attempt to read on the Accused Samsung Products. During the *Markman* hearing, the Court not only predicted such a possibility, but it was specifically taken up by Defendants' counsel. The Court asked "[d]oes it explain what a write current is to call it a pull-out current, or does that just leave us in an equally unilluminated state with just a different set of words?" Defendant's counsel addressed the Court's concern, noting "I don't believe so for this reason. The—the pull-out current that is in the claim tied to the switch transistor—***you can identify in a circuit a switch transistor which will pull current out of a current source through a drive transistor and dump it into a current sink***." Ex. 7 (*Markman* Tr. at 52:16–25) (emphasis added). Solas's counsel never expressed any disagreement. It is indisputable that in the Accused Samsung Products there is no switch transistor which pulls current out of a current source, through a drive transistor, and into a current sink. Instead, Solas tries to accuse products of infringing where it is

███████████████████████████████████

undisputed ███████████████████████████████████████████████

███████████████████████████████████████.

### 2. Even under Solas's interpretation, there is not current that is "pull[e]d out" of the circuit and that "flow[s] between the drain and the source of the driving transistor."

Yet even Solas's flawed interpretation would not support a finding of infringement. The Accused Samsung Products still could not infringe for the additional, independent reason that *the current that "flow[s] between the drain and the source of the driving transistor"* is not "pull[ed] out" of the circuit, as required by claim 1. As Solas's expert's own annotation to the circuit diagram shows, ████████████████████████████████████████████████████████████

██████████████████:



Ex. 1 (Credelle Op. Rep.) at ¶ 123. █████████████████████████████████████

███████████████████████████████████████████████. But this is a *different* current.

It is undisputed that current cannot flow through a capacitor. Ex. 4-1 (Fontecchio Reb. Rep.) at ¶¶ 48–51, 213; Ex. 5 (Credelle Tr.) at 60:7–12 ("So *what a capacitor does is stops DC current from flowing* through the—through the capacitor.") (emphasis added). This is because, as Solas's expert admits, a capacitor consists of two electrodes separated by a dielectric insulating

██████████████████████████████████

material that stops the flow of current. *See* Ex. 5 (Credelle Tr.) at 59:13–60:6; Ex. 4-1 (Fontecchio Reb. Rep.) at ¶ 50. Consistent with this undisputed fact, the red arrow depicting current flow is ***not*** drawn to flow ***through*** the capacitor, but rather stops on the bottom of the capacitor.[3]

Solas's expert argues that ████████████████████████████████████████████, but this cannot provide an infringement argument because he admits that this is a ***separate*** current, *i.e.*, it is not the current that flows through selection and drive transistors, as indicated by the second red arrow drawn on the image. Nonetheless, Solas's expert argues that this separate current, shown by the top arrow, is the alleged pull-out current: ██████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████ Ex. 1 (Credelle Op. Rep.) at ¶ 123. This argument violates the clear claim language. The claim language explicitly states that the pull-out current must "flow between the drain and the source of the driving transistor," (Dkt. 81-1 ('338 patent) at 24:32–34), yet, as shown in Solas's annotated circuit, ████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████. For this reason as well, there is no pull-out current in the Accused Samsung Products that satisfies the claim limitation, and thus no infringement of claim 1 or the asserted dependent claims.

### D. Solas has not alleged or provided expert opinion that the Accused Samsung Products meet the above limitations under the doctrine of equivalents.

Solas did not allege in its infringement contentions, nor has Solas's expert opined, that any of the limitations discussed in Sections IV.A-C above—(1) "a driving transistor, one of the source and the drain of which is connected to the pixel electrode," (2) "a holding transistor which holds a

---

[3] Consistent with common practice, Solas's expert indicates where current begins with the use of a red circle, and the direction of current flow with a red arrow.

voltage between the gate and source of the driving transistor in a light emission period," and (3) "a switch transistor which makes a write current flow between the drain and the source of the driving transistor"—is satisfied under the doctrine of equivalents.[4] Moreover, these limitations were added to claim 1 in response to a prior art rejection, and prosecution history estoppel would apply in any event. *See* Ex. 9 ('338 patent FH, October 23, 2007 Office Action); (Dkt. 81-2 ('338 patent FH, Feb. 25, 2008 Amendment) at 2–3).

### E. Summary judgment of noninfringement should be granted as to the accused products for which Solas has proffered no evidence of infringement.

#### 1. Defendants are entitled to summary judgment that the Accused Apple Products do not infringe the '338 Patent.

Solas's amended complaint alleges that display panels manufactured by Samsung Display Co., Ltd. infringe the '338 patent, (Dkt. 15 (Am. Compl.) at ¶¶ 7, 32), and Defendants counterclaimed for a declaratory judgment of noninfringement of the '338 patent, (Dkt. 62 (Am. Answer & Countercls.) at ¶¶ 17–19). Solas's Second Amended P.R. 3-1 infringement contentions served on May 17, 2020 accuse "the Organic Light-Emitting Diode (OLED) displays made and sold by Samsung" that are used in the Apple iPhone X, Apple iPhone XS, Apple iPhone XS Max, Apple iPhone 11 Pro, and Apple iPhone 11 Pro Max (the "Accused Apple Products") of infringing the asserted claims of the '338 patent. (Dkt. 117-6 (Pl.'s Second Am. Disclosure of Asserted Claims & Infringement Contentions) at 4.)

Defendants provided full discovery as to the Accused Apple Products, including the deposition on May 27 of a Samsung Display corporate representative, ███████████████, specifically about the design and operation of the displays used in the Accused Apple Products.

---

[4] Plaintiff's expert only offered a cursory assertion, with no analysis, that the claim requirement "arrayed in parallel each other" of claim 1 "is present in the accused products under the doctrine of equivalents." Ex. 1 (Credelle Op. Rep.) at ¶ 157. While Defendants contest the sufficiency of this, it does not bear on the limitations of claim 1 discussed above.

Solas's expert identified that deposition transcript as one of his materials he considered in forming his opinions, and confirmed in deposition that he had access to technical information on all of the products accused in Solas's Second Amended P.R. 3-1 contentions. *See* Ex. 3 (Ex. C of Credelle Op. Rep.) at No. 8 ███████████████████████████████.

Defendants' expert, Dr. Fontecchio, analyzed the Accused Apple Products and offered the unrebutted opinion that they do not infringe any asserted claim of the '338 patent. Ex. 4-1 (Fontecchio Reb. Rep.) at ¶¶ 237–38. Solas's expert did not offer an opinion that any of the Accused Apple Products infringe the '338 patent. *See* Ex. 1 (Credelle Op. Rep.) at ¶ 117.

Because Solas has no expert opinion of infringement by the Accused Apple Products, an issue on which Solas bears the burden of proof, summary judgment should be entered in Defendants favor. *See, e.g., Regents of Univ. of Cal. v. Affymetrix, Inc.*, No. 17-CV-01394-H-NLS, 2019 WL 1317855, at *4 (S.D. Cal. Mar. 21, 2019) (granting summary judgment of noninfringement "where Plaintiffs specifically alleged infringement of the claim at issue and included the claim in both its infringement contentions and its election of asserted claims, Defendants brought a counterclaim for a declaratory judgment of non-infringement, and Plaintiffs then declined to present any infringement evidence as to the claim"). Indeed, Defendants have unrebutted expert testimony of Dr. Fontecchio that the Accused Apple Products do not infringe any claim of the '338 patent. Nor could Solas claim the Accused Apple Products are not in the case; Solas put them at issue by accusing them of infringement and obtained full discovery about them, Defendants counterclaimed for a declaratory judgment of noninfringement, and Solas has made no representation that it will not accuse these products of infringement. *See, e.g., Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) ("If an accused infringer has filed a counterclaim, then the patentee has notice that, even if it drops its infringement claims,

the issue of infringement remains to be litigated."); *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. 2:16-CV-04502-MLH (MRWx), 2018 WL 6038277, at *12 (C.D. Cal. Apr. 24, 2018) ("[W]here Defendants have brought a counterclaim for a declaratory judgment of non-infringement, and Plaintiff has declined to represent that it will not bring these claims of patent infringement again in the future, it is appropriate to grant summary adjudication of Plaintiff's assertions of infringement"); *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 846 (2014) ("[W]hen [an accused infringer] seeks a declaratory judgment against a patentee to establish that there is no infringement, the burden of proving infringement remains with the patentee.").

Because Solas's expert presented no opinion that the Accused Apple Products infringe the '338 patent, Solas has a fatal failure of proof. In addition, Defendants' expert offered the opinion that the Accused Apple Products do not meet multiple elements of claim 1, including "a plurality of interconnections which are formed to project from a surface of the transistor array substrate" and "the pixel electrodes being arrayed along the interconnections between the interconnections on the surface of the transistor array substrate." Ex. 4-1 (Fontecchio Reb. Rep.) at ¶¶ 237–38. Summary judgment of noninfringement by the Accused Apple Products should thus be entered.

### 2. Defendants are entitled to summary judgment that the First Amended Accused Samsung Products do not infringe the '338 Patent.

Solas's First Amended P.R. 3-1 infringement contentions served on March 12, 2020 accused the Galaxy S10, Galaxy S10 Plus, Galaxy S10e, Galaxy S10 5G, Galaxy Note 10, Galaxy Note 10 Plus, Galaxy S20, Galaxy S20+, Galasy S20 Ultra, and Galaxy Z Flip (the "First Amended Accused Samsung Products") of infringing the '338 patent. (Dkt. 117-3 (First Am. Pl. P.R. 3-1 Infringement Contentions) at 3.) Defendants provided full discovery as to these products. Solas's expert did not offer any opinion that these products infringe any claim of the '338 patent. Ex. 1

(Credelle Op. Rep.) at ¶ 117. In fact, in deposition, he conceded that these models do not infringe the Asserted Claims of the '338 patent. As Solas's expert acknowledged, and as Defendant's expert explained, ██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██ ████████████████████████████ *See* Ex. 5 (Credelle Tr.) at 180:9–16; Ex. 4-1 (Fontecchio Reb. Rep.) at ¶¶ 266–67. Accordingly, Solas's expert identified these models as non-infringing. Ex. 6 (Credelle Tr.) at 456:22–457:4 ("Q. And we discussed yesterday that you're not accusing the more recent Samsung Galaxy models of infringing the '338 patent. Correct? A. As so—as so stated in my table in my report, those are the ones that . . . we have accused, and the later models through a design change didn't—were not infringing the '338, as I recall.").

Solas put these products at issue by accusing them of infringement and has made no representation that it will not accuse these products of infringement in the future, and Defendants counterclaimed for a declaratory judgment of noninfringement. *See, e.g.*, *Alcon Research Ltd.*, 745 F.3d at 1193. These products also show noninfringing designs that pertain to alleged damages. Ex. 4-1 (Fontecchio Reb. Rep.) at ¶¶ 266–67.

Because Solas bears the burden of proof yet has no expert opinion of infringement, and because its expert further admitted that these products do not infringe, summary judgment should be entered in Defendants favor. *See, e.g., Regents of Univ. of Cal.*, 2019 WL 1317855, at *4.

## V.  CONCLUSION

Defendants respectfully request that the Court enter partial summary judgment that (1) the Accused Samsung Products do not infringe the Asserted Claims of the '338 patent, (2) the Accused Apple Products do not infringe the Asserted Claims of the '338 patent, and (3) the First Amended Accused Samsung Products do not infringe the Asserted Claims of the '338 patent.

Dated: July 20, 2020

Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

COUNSEL FOR DEFENDANTS SAMSUNG
DISPLAY CO., LTD., SAMSUNG ELECTRONICS
CO., LTD., AND SAMSUNG ELECTRONICS
AMERICA, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this July 20, 2020.

/s/ Melissa R. Smith
Melissa R. Smith