IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD.<br><br>    Plaintiff,<br><br>        v.<br><br>SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:19-cv-00152-JRG |

**DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S**
*DAUBERT* **MOTION TO EXCLUDE AND MOTION TO STRIKE**
<u>**CERTAIN OPINIONS OFFERED BY THOMAS L. CREDELLE**</u>

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. LEGAL STANDARDS .................................................................................................. 1
III. ARGUMENT................................................................................................................... 2
    A. Mr. Credelle's contentions relating to the alleged priority date of the '311 patent were not timely disclosed by Solas during discovery and should be struck. ........................................................................................................... 2
        1. Prior to Mr. Credelle's June 22, 2020 rebuttal report, Solas and Mr. Credelle consistently contended that the priority date of the '311 patent was October 28, 2011 and failed to disclose the earlier conception and actual reduction to practice dates now asserted by Mr. Credelle. ................................................................................................ 3
        2. Solas's failure to disclose its contentions as to alleged conception and reduction to practice unfairly prejudices Defendants' invalidity case.................................................................................................................. 8
    B. Mr. Credelle's assertions concerning "likely" infringement by the i7110, which is not an accused product, lack support and should be excluded. .............. 11
    C. Mr. Credelle's opinions concerning whether certain prior art references disclose a plurality of interconnections that "project from a surface of the transistor array substrate" misapply the Court's claim construction. ................... 13
    D. Mr. Credelle's opinions regarding infringement of the accused products under the doctrine of equivalents should be excluded as unreliable..................... 15
IV. CONCLUSION.............................................................................................................. 15

**TABLE OF AUTHORITIES**
Page(s)

**Cases**

*Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*,
    811 F.3d 1334 (Fed. Cir. 2016) ................................................................................................15

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ...............................................................................................................1, 13

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*,
    No. 6:07-cv-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009) ................................................10

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
    No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017) .....................9

*Genband US LLC v. Metaswitch Networks Corp., et al.*,
    No. 2:14-cv-33-JRG-RSP, 2016 WL 3475688 (E.D. Tex. Jan. 7, 2016) .........................12, 15

*Johnson v. Arkema, Inc.*,
    685 F.3d 452 (5th Cir. 2012) ............................................................................................1, 2, 13

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
    797 F.3d 1025 (Fed. Cir. 2015) .................................................................................................8

*Personal Audio, LLC v. TOGI Entm't, Inc.*,
    No. 2:13-cv-13, slip op. (E.D. Tex. Aug. 5, 2014) .................................................................10

*Personalized Media Communications, LLC v. Apple, Inc.*,
    No. 2:15-cv-01366-JRG-RSP, Docket Nos. 240 (E.D. Tex. Oct. 19, 2016) ............................8

*Seven Networks, LLC v. Google LLC*,
    No. 2:17-CV-00442-JRG, 2018 WL 3327927 (E.D. Tex. July 6, 2018) ..................................8

**Other Authorities**

Local Rule CV-5(a)(3) ....................................................................................................................17

Local Rule CV-7(h) ........................................................................................................................18

P.R. 3-1 .............................................................................................................................................8

Fed. R. Civ. P. 30(b)(6) ....................................................................................................................5

Fed. R. Civ. P. 33(d) .....................................................................................................................2, 7

F.R.E. 702 ............................................................................................................................1, 12, 15

**I.      INTRODUCTION**

Defendants[1] respectfully move to exclude certain opinions offered by Plaintiff Solas OLED Ltd.'s ("Solas") expert, Mr. Thomas Credelle. *First*, Mr. Credelle's contentions relating to the alleged priority date of the '311 patent were not timely disclosed in fact discovery and are inconsistent with Solas's prior positions. *Second*, Mr. Credelle's opinions regarding infringement of the i7110 phone are unsupported and inappropriate, as he did not analyze an i7110 product and it is not an accused product. *Third*, Mr. Credelle offers opinions regarding prior art to U.S. Patent No. 7,446,338 (the '338 patent) that are inconsistent with the Court's construction of the term "project from a surface of the transistor array substrate" in that patent. *Finally*, Mr. Credelle provides only conclusory assertions regarding infringement under the doctrine of equivalents with no supporting analysis.

**II.     LEGAL STANDARDS**

"Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). Rule 702 bars the testimony of an expert witness unless "[1] the testimony is based on sufficient facts or data; [2] the testimony is the product of reliable principles and methods; and [3] the expert has reliably applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

The Rules "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. "The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v.*

---

[1] While this brief refers to Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. jointly as "Defendants" for convenience, each Defendant is a separate entity that performs different roles as to the manufacture and distribution of the accused products at issue in this case.

*Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (citation omitted). "The reliability prong mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Id.* (citation omitted).

## III. ARGUMENT

### A. MR. CREDELLE'S CONTENTIONS RELATING TO THE ALLEGED PRIORITY DATE OF THE '311 PATENT WERE NOT TIMELY DISCLOSED BY SOLAS DURING DISCOVERY AND SHOULD BE STRUCK.

Mr. Credelle's last minute change of opinion as to the priority date of the '311 patent is highly prejudicial to Defendants and should be stricken. Consistent with Solas's stated position in its P.R. 3-1 contentions, Mr. Credelle opined in his June 1 opening report, under penalty of perjury, that the priority date for the '311 patent was October 28, 2011. In his June 22 rebuttal report regarding invalidity of the asserted patents, however, Mr. Credelle suddenly changed his opinion, contending that the priority date is months earlier than he had opined three weeks before. Based on this change, Solas attempts to antedate five prior art references disclosed by Defendants in their initial December 2, 2019 invalidity contentions, on which Defendants' expert had offered his opinions in his June 1 invalidity report.

Solas similarly attempted on the evening of the last day of fact discovery—the day expert reports were due—to disclose new positions on the priority date for the '311 patent. Yet even in this supplemental response, which was not timely, Solas (1) did not allege the actual reduction to practice date that Mr. Credelle asserted in his rebuttal report, (2) did not allege any but one of the alleged dates of conception that Mr. Credelle asserts in his rebuttal report, and (3) did not specifically identify the key documents on which Mr. Credelle would later rely to support his change of opinion—instead indiscriminately citing in violation of Rule 33(d) ████████ ████████████████████████████████████████████████████████ without explanation. These contentions and related opinions should be stricken from Mr. Credelle's report, and he

2

should be precluded from offering any testimony at trial regarding a purported priority date earlier than the October 28, 2011 date he swore to on June 1, 2020.

> **1. Prior to Mr. Credelle's June 22, 2020 rebuttal report, Solas and Mr. Credelle consistently contended that the priority date of the '311 patent was October 28, 2011 and failed to disclose the earlier conception and actual reduction to practice dates now asserted by Mr. Credelle.**

From the time Solas served its initial P.R. 3-1 contentions through the close of fact discovery, Solas consistently contended that the priority date of the '311 patent was its October 28, 2011 filing date. In its October 7, 2019 P.R. 3-1 Infringement Contentions—over five months after it filed this case—Solas stated that the priority date of the '311 patent was "October 28, 2011." Ex. 1 (Solas's October 7, 2019 P.R. 3-1 Infringement Contentions) at 7. Solas further stated, despite ▮▮▮▮▮, that Solas was "presently unaware of any documents that evidence the conception, reduction to practice, design, or development of the claimed invention . . . created on or before the application dates of the patents in suit or priority date identified pursuant to P.R. 3-1(e)." *Id.* at 8. In reliance on Solas's statements in its contentions, Defendants prepared and served invalidity contentions pursuant to P.R. 3-3 on December 2, 2019, including detailed claim chart exhibits for five prior art references that Mr. Credelle now contends do not qualify as prior art.

Throughout the next seven months following Solas's receipt of Defendants' invalidity contentions, Solas did not contend that the '311 patent was entitled to a priority date earlier than its October 2011 filing date. In its January 21, 2020 response to Defendants' Interrogatory No. 1 (requiring Solas to "[d]escribe in detail the conception and reduction to practice of each Asserted Claim, including . . . all documents concerning the conception or reduction to practice"), Solas referred only vaguely to conception purportedly occurring "in late 2010 or early 2011," noted that "the '311 patent invention was constructively reduced to practice on October 28, 2011" (its filing

date) and did not identify any alleged actual reduction to practice or evidence of diligence, and cited no documents that would purportedly corroborate any alleged earlier conception or actual reduction to practice. Ex. 2 (Solas's Responses to Defendants' 1st Set of Interrogatories) at 4–6.

Following this initial interrogatory response, Solas did not disclose through the remainder of fact discovery that it planned to rely on an earlier alleged date of actual reduction to practice. Defendants repeatedly pressed Solas on the priority date issue. In letters to Solas on January 7 and January 30, 2020, Defendants repeatedly requested that Solas collect and produce all "█████ ████████████████████████████████████████████████" Exs. 3, 4 (G. Johnson 1/7 letter to Solas, D. Cho 1/30 letter to Solas). Solas responded on February 14, 2020, stating without qualification that "Solas has produced all non-privileged documents relating to conception and reduction to practice for the asserted patents," but did not amend its response to Interrogatory No. 1 identifying any such documents. Ex. 5 (J. Tseui 2/14 e-mail to Defendants). Yet Solas had *not* produced many of the documents on which Mr. Credelle now relies, *see* Ex. 6 (Credelle Reb. Rep. at 128–29)—the YILMAZ documents were not produced until March 6, 2020 and the SHAIKH documents were not produced until May 2020.

Although Solas did eventually serve an amended set of infringement contentions on March 12, 2020, which—without seeking leave of the Court—revised Solas's P.R. 3-2(b) statement to include a list of Bates numbers, Ex. 7 (Solas's March 12, 2020 Amended Infringement Contentions) at 8–11, Solas did not supplement its response to Defendants' Interrogatory No. 1.[2] Further, even the list of Bates numbers in its amended contentions did not disclose numerous documents Mr. Credelle would ultimately rely on in his June 22 argument; Solas did not disclose

---

[2] Indeed, Solas never cited any documents in its response to Interrogatory No. 1 until the night of June 1, when fact discovery closed, and even then did not explain which particular document(s) purportedly supported each of the asserted dates in Solas's interrogatory responses.

4

in that three-page P.R. 3-2(b) list <u>the key document relied on by Mr. Credelle to corroborate Solas's alleged actual reduction to practice</u>: the ███████████████████████████████████, which Mr. Credelle relies on to support his opinion that ███████████████████████ ███████████████████ Ex. 6 (Credelle Reb. Rep.) at 129, 151–62 (claim charts relying on the ███████████ to show actual reduction to practice). Nor did Solas ever amend the P.R. 3-2(b) statement to identify any SHAIKH documents that Mr. Credelle relies on in his June 22 report to show alleged conception and diligence in reduction to practice. *See id.* at 128–129, 142–151.

Two weeks before the June 1, 2020 close of fact discovery, Solas served second amended infringement contentions, dated May 17, 2020, in which it again failed to identify the ███████ pursuant to P.R. 3-2(b). And the following day, Solas again indicated, this time in the Rule 30(b)(6) deposition of Solas, that it was not asserting an earlier priority date than October 28, 2011. Ex. 8 (O'Riordan Tr.) at 130:4–8. Solas's Chief Technology Officer, testifying as Solas's Rule 30(b)(6) designee on the topic of the priority date Solas was asserting for each of the patents in suit, stated only that he "████████████████████████████████████████ ██████████████████████ but was unable to identify any priority date other than October 28, 2011 being asserted by Solas as of that date. *See id.* at 130:23–133:4. He also testified, on behalf of Solas (██████████████████████████████), that ██████████████████ █████████████████████████████████████████████████████████████████ █████" *id.* at 137:3–15, that Solas was ███████████████████████ of the alleged ██████████ referenced in Solas's response to Defendants' Interrogatory No. 1, *id.* at 137:16–139:6, and that █████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████ *id.* at 139:7–16.

5

█████████████████████████████

Shortly thereafter, the late stage ████████████████████████████████ that Dr. O'Riordan hinted at finally came to light in end-of-discovery depositions. Two of the inventors of the '311 patent were deposed in the last week of May 2020, just days before the June 1, 2020 fact discovery deadline. Solas's counsel, ████████████████████████████████, conducted lengthy and self-serving examinations on multiple issues over Defendants' objections, including the conception and reduction to practice of the '311 patent. As was apparent from the nature of the questioning, the information provided by the inventors in these depositions was already known to Solas's counsel, even though it had not been previously disclosed in discovery to Defendants. And the fact that Solas could have disclosed this information far earlier in discovery was confirmed by other evidence. ████████████████████████████████ ████████████████████████████████ ████████████████████████ Ex. 11 (Yilmaz Tr.) at 9:1–24 (testifying that ████████████████████████████████).

In other words, before Defendants served their December 2019 invalidity contentions identifying the prior art references at issue, Solas's counsel, ████████████████████ ████████ should have determined, and should have disclosed in their contentions, any pre-filing priority date that Solas wished to assert and rely upon. The depositions revealed that █████ ████████████████████████████████ ████████████████████████████████ in response to the Defendants' subpoenas to the inventors, which had been served on February 18, 2020. Ex. 12 (Shaikh Tr.) at 38:9–40:4, 115:21–120:8, 140:10–143:20. And, as discussed above, no such corroborating documents had been cited in response to Defendants' Interrogatory No. 1.

On the very last night of fact discovery—June 1, the deadline for service of Defendants'

6

expert report on invalidity of the '311 patent—Solas amended its response to Interrogatory No. 1. But even this amended response did not identify: (1) the date of alleged actual reduction to practice that Mr. Credelle would rely on three weeks later in his June 22 report; (2) multiple potential alleged conception dates Mr. Credelle would later posit (*see, e.g.*, Ex. 6 (Credelle Reb. Rep.) at 134–42 (arguing that ▆▆▆▆▆▆▆ is evidence that the named inventors had conceived the claims "as of February 25, 2011"), *id.* at 144–51 (arguing that SHAIKH_00000016 is evidence the named inventors had conceived the claims "as of March 30, 2011")); nor (3) how any documents supported an earlier conception or reduction to practice.

Instead, the amended response, Solas cited the deposition testimony of two inventors and now contended that conception of the claimed invention had occurred "no later than January 2011," but again failed to cite any specific documents corroborating this supposed conception (other than a bare Rule 33(d) citation at the end of the response to hundreds of pages of documents produced by the inventors). Ex. 13 (Solas's June 1 Supplement to Interrogatory No. 1) at 6–7. Solas further stated that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ until July 2017—years after the filing date of the '311 patent—and contended for the first time that this July 2017 ▆▆▆ was evidence of actual reduction to practice (similarly citing no documents corroborating this claim). *Id.* Solas also contended for the first time that "the named inventors exercised reasonable continuous diligence through the entire ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆," but again cited no corroborating documents and included no explanation as to how this alleged diligence related to any supposed conception or reduction to practice. *Id.*

Later that evening, Solas also served Mr. Credelle's June 1 report on infringement. Despite Solas's supplement to Interrogatory No. 1, Mr. Credelle confirmed that "the earliest priority date

7

for the '311 patent is October 28, 2011." Ex. 14 (Credelle Op. Rep.) at 9.

### 2. Solas's failure to disclose its contentions as to alleged conception and reduction to practice unfairly prejudices Defendants' invalidity case.

Whether or not Solas's failure to disclose its priority date contentions was intentional, the prejudice to Defendants is clear. "Litigants and the Court both rely on the Local Rules and Patent Rules to ensure an orderly litigation and the proper development of the same. This struggles to happen when one side's theory of the case is constantly shifting." *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 3327927, at *2 (E.D. Tex. July 6, 2018) (citing *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015)). In developing their invalidity positions on the '311 patent, Defendants and their expert reasonably relied on the priority date identified by Solas. Solas should not now be allowed to change its position at the end of both fact and expert discovery to try now to antedate those references.

The rule in this Court is clear: Patent Rule 3-1 contentions "shall be deemed to be that party's final contentions" unless that party diligently seeks leave of the Court to amend its contentions with a showing of "good cause." P.R. 3-6. This Court has accordingly denied requests to change a priority date assertion made long after initial contentions were served. *See, e.g.*, *Personalized Media Communications, LLC v. Apple, Inc.*, Case No. 2:15-cv-01366-JRG-RSP, Docket Nos. 240 (E.D. Tex. Oct. 19, 2016) (denying motion for leave to amend P.R. 3-1(e) disclosure, seven months after initial contentions, to assert an earlier priority date), 225 (recommendation re same). Here, Solas never even sought leave of the Court. Further, as the Court has recognized, litigants are entitled to rely on representations made in contentions, and those representations cannot be lightly disregarded. "Even when discovery reveals an unforeseen earlier priority date, there is rarely a justifiable excuse for shifting a priority date contention near the end

of fact discovery." *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *10 (E.D. Tex. June 20, 2017). No such excuse exists here.

In *Elbit*, the plaintiff had originally asserted the patent's priority date to be the same as its filing date, but after the defendant disclosed a new prior art system, the plaintiff asserted an earlier priority date based on conception and reduction to practice. The Court granted the defendant's motion to exclude this new priority date assertion, which had been disclosed nine days before the close of fact discovery and four months after the plaintiff had knowledge of the relevant facts, finding the disclosure to be untimely. In granting the motion, the Court noted the prejudice the defendant would otherwise face would have been significant, given that the defendant had "justifiably developed invalidity positions under the assumption that the [asserted] patent is entitled to a priority date no earlier than its filing date." *Id.*

The situation is far more prejudicial in this case. Solas did not disclose its new position that there was a purported actual reduction to practice as of July 8, 2011 nor the factual basis for that assertion or its claimed earlier dates of conception until *after* the close of fact discovery, and *after* Defendants' expert served his invalidity report; Solas's expert's own initial report confirmed the October priority date; and Defendants justifiably relied on Solas's repeated and consistent assertions throughout the entire period of fact discovery that the priority date for the '311 patent is its filing date, as well as Solas's failure to identify any documentation that would allegedly corroborate any earlier dates of conception or reduction to practice. Defendants would be significantly prejudiced by Solas's attempt to change its position after the close of fact discovery and service of Defendants' invalidity expert report.

In his expert report Mr. Credelle argues—as Solas will presumably also argue in opposition—that Solas should not be held to the priority date it identified in its contentions because P.R. 3-

1(e) only requires identification of priority dates tied to an earlier application. *See* Ex. 6 (Credelle Reb. Rep.) at ¶ 295. But this after-the-fact attempt to justify Solas's failure to disclose its priority date theory by pointing to P.R. 3-1(e) is a red herring.[3] P.R. 3-2 requires a plaintiff to "identify by production number" all documents that the plaintiff contends evidence conception and/or reduction to practice of a claimed invention. Solas stated in its original P.R. 3-1/3-2 contentions that it was unaware of any documents to support an earlier conception or reduction to practice, *see* Ex. 1 at 8, despite ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, even when Solas amended its contentions and cited documents concerning alleged conception or reduction to practice—without ever seeking leave of the Court, and without showing diligence, which it could not show—Solas never identified in any of its P.R. 3-1/3-2 contentions the key ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ document relied on by Mr. Credelle as alleged evidence of actual reduction to practice, nor any of the documents produced by Mr. Shaikh that Mr. Credelle now relies on (e.g., SHAIKH_00000016), *see* Ex. 6 (Credelle Reb. Rep.) at 142–51.

Further, Defendants served an interrogatory nearly six months before the end of fact discovery that required Solas to identify any alleged conception and reduction to practice dates as well as any documents that purportedly corroborated such dates. Yet Solas never identified the actual reduction to practice date that Mr. Credelle now asserts, nor several of his alleged conception dates. Solas also failed to identify the specific documents Mr. Credelle relies on to

---

[3] Further, the narrow reading of P.R. 3-1(e) urged by Mr. Credelle is not in keeping with the spirit of the rule, nor the requirements of fair play routinely enforced in this Court. To the contrary, this argument would frustrate the very purpose that initial contentions are intended to serve. *See Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-cv-559, 2009 WL 81874, at *2 (E.D. Tex. Jan. 12, 2009) ("[W]hen parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond."); *see also Personal Audio, LLC v. TOGI Entm't, Inc.*, No. 2:13-cv-13, slip op. at 2 (E.D. Tex. Aug. 5, 2014) (denying leave to amend contentions at a late stage of the case due to the substantial prejudice it would cause).

purportedly establish conception and reduction to practice, listing only an undifferentiated large page range at the end of its June 1 response. And Mr. Credelle's arguments about the requirements of P.R. 3-1(e) also cannot explain why he suddenly changed his opinion on priority date between his opening report on June 1 and his report on June 22, as discussed above. Had Solas intended to rely on an earlier priority date, it should have clearly announced that position in a timely fashion, rather than keeping it under wraps until its rebuttal expert report was served.

████████████ Given that both inventors were subpoenaed for testimony and documents in February 2020, and that Defendants had identified the challenged five prior art references in December 2019, Solas at a bare minimum should have investigated these conception and reduction to practice issues immediately after service of those contentions, especially given the Defendants' repeated inquiries on this issue in January, as discussed above.

Mr. Credelle's new priority date opinions are unfairly prejudicial and should be struck.

**B. MR. CREDELLE'S ASSERTIONS CONCERNING "LIKELY" INFRINGEMENT BY THE I7110, WHICH IS NOT AN ACCUSED PRODUCT, LACK SUPPORT AND SHOULD BE EXCLUDED.**

In his June 1 report, Mr. Credelle makes assertions about a "likely date of first infringement" by Defendants for the '338 and '450 patents based on an unaccused product called "i7110" which allegedly "launched in the late-2008/early-2009 timeframe." Ex. 14 (Credelle Op. Rep.) at ¶ 177. Solas never identified the i7110 product as an accused product in its P.R. 3-1 contentions. Moreover, Mr. Credelle offers no technical analysis of the product as to any claim of either patent. The stated basis for Mr. Credelle's opinion is that he has "seen no information or discovery regarding the i7110 indicating it does not infringe either patent" and "the limited

11

specification [he] ha[s] access to suggests that it is likely the i7110 [] infringed the '450 patent." *Id*. ("I have less information to ascertain whether the i7110 infringed the '338 patent."). *Id*.

At his deposition, Mr. Credelle admitted he has no factual basis to opine on whether the i7110 product infringes the asserted '338 and '450 patents:

> Q. And you've not analyzed a sample of the i7110 product. Correct?
> A. ***I have not analyzed the i7110***.
>
> Q. And when you say you haven't analyzed it, you also haven't analyzed the GDS or other technical design files or the display used in the i7110 product. Correct?
> A. Those were not provided to me as part of this analysis, ***so I assumed it was not part of this case***.
>
> . . .
>
> Q. You don't know the circuit structure for each pixel in the i7110. Correct?
> A. ***I have not seen the detailed specification document*** like we had for the other Galaxy products.

Ex. 15 (7/2 Credelle Tr.) at 227:12–229:9 (emphasis added). In fact, Mr. Credelle does not even know who manufactures the display in the i7110 product and simply made the "assumption [that] it's probably a Samsung phone, or Samsung Display[.]" ("[M]y suspicion is it would be Samsung, but it doesn't identify Samsung"). *Id*. at 228:25–232:4.

Mr. Credelle's unsupported assertions about the i7110 product should be stricken. "Conclusory opinions unsupported by 'facts or data' and based on no discernable 'principles and methods' are not admissible under Fed. R. Evid. 702." *Genband US LLC v. Metaswitch Networks Corp., et al.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 3475688, at *2 (E.D. Tex. Jan. 7, 2016). It would be highly prejudicial for Mr. Credelle to argue that the product "likely" infringes because he has not seen evidence to show it *does not* infringe. Mr. Credelle admits that he did not even analyze the i7110 product or receive the necessary technical documentation to do so. Mr. Credelle's

opinions are the "unsupported speculation" that *Daubert* is meant to preclude from confusing the jury. *Johnson*, 685 F.3d at 459.

> **C. MR. CREDELLE'S OPINIONS CONCERNING WHETHER CERTAIN PRIOR ART REFERENCES DISCLOSE A PLURALITY OF INTERCONNECTIONS THAT "PROJECT FROM A SURFACE OF THE TRANSISTOR ARRAY SUBSTRATE" MISAPPLY THE COURT'S CLAIM CONSTRUCTION.**

In his response to invalidity arguments concerning the '338 patent, Mr. Credelle asserts that a prior art reference, U.S. Patent Application Pub. No. 2002/0158835 ("Kobayashi"), does not disclose a plurality of interconnections which are formed to "project from a surface of the transistor array substrate," based on a misapplication of the Court's construction of that term. Ex. 6 (Credelle Reb. Rep.) at ¶¶ 219–225. Mr. Credelle argues that "the plain meaning of 'project from a surface' and the Court's construction 'extend from an outer surface' require that there be some connection or relationship between the thin[g] 'projecting' and the surface it is projecting from," i.e., that "the interconnections begin in or on the transistor array substrate and then project or extend from it." *Id.* at 221. Mr. Credelle's opinion contradicts the Court's construction.

Mr. Credelle argues that the alleged interconnections of Kobayashi do not "project from a surface of the transistor array substrate," because, as shown below, the interconnect 118 (green) is separated from the transistor array substrate (yellow) by layer 120:



Ex. 6 (Credelle Reb. Rep.) at ¶ 219. But the Court's opinion makes clear that the analogous structure in the '338 patent is an example of an interconnection that "extend[s] beyond an outer surface of the transistor array substrate." The Court's construction does not state, or require, that the interconnection "begin in or on the transistor array substrate" as Mr. Credelle now asserts.

In fact, Mr. Credelle testified that under his interpretation the "common interconnection 91" of the '338 patent does not "project from a surface of the transistor array substrate." *See* Ex. 16 (7/3 Credelle Tr.) at 274:19–275:19 (Q. . . . [I]s it your opinion that interconnection 91 in Figure 6 of the '338 patent does not extend beyond the outer surface of the transistor array substrate? A. So by the court's definition, strictly speaking, it would not."); *see also id*. at 276:4–280:18. However, in construing the term to mean "extend beyond an outer surface of the transistor array substrate," the Court explicitly relied on the disclosure of the specification that "common interconnection 91" of the '338 patent is formed to "project from a surface of the transistor array substrate." (Dkt. 99 (Markman Order) at 17 (citing 10:54–58, stating that "The common interconnection 91 is formed [to] . . . project upward from the surface of the planarization film 33.")). As shown in Figure 6 of the '338 patent below, the common interconnection 91 of the '338 patent, like the interconnection 118 of Kobayashi, is separated from the top of transistor array substrate 50 by another layer (61).



FIG.6

14

Dkt. 81-1 ('338 patent) at Fig. 6; *Id*. at 10:15–60. Thus, it is clear that the Court's construction does not require that the interconnect "begin in or on the transistor array substrate." Mr. Credelle's opinion, which is inconsistent with the Court's construction, should be excluded.

### D. MR. CREDELLE'S OPINIONS REGARDING INFRINGEMENT OF THE ACCUSED PRODUCTS UNDER THE DOCTRINE OF EQUIVALENTS SHOULD BE EXCLUDED AS UNRELIABLE.

As to the doctrine of equivalents, Mr. Credelle offers only "[c]onclusory opinions unsupported by 'facts or data' and based on no discernable 'principles and methods,'" which "are not admissible under Fed. R. Evid. 702." *Genband US*, 2016 WL 3475688, at *2 (striking expert testimony that "[s]uch use constitutes direct infringement, literally or under the doctrine of equivalents, of one or more claims of the [Patent Number] Patent."). *Id*.

In Mr. Credelle's opening report, he purports to offer "opinions" regarding infringement of the '338 and '450 patents under the doctrine of equivalents as to one limitation from claim 1 of the '338 patent, *i.e.*, "the claim requirement 'arrayed in parallel to each other,'" and a single limitation from claim 4 of the '450, *i.e.*, "the claim requirement 'said active elements.'" Ex. 14 (Credelle Op. Rep.) at ¶¶ 156–158. As in *Genband*, with respect to both limitations, Mr. Credelle offers no "opinion" beyond asserting that these limitations "if not literally met in the accused products, [are] present in the accused products under the doctrine of equivalents." *Id*. Mr. Credelle provides no analysis, let alone an analysis regarding the "insubstantially of the differences between the claimed invention and the accused devices." *See Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1342 (Fed. Cir. 2016). As Mr. Credelle's "opinions" are both unsupported and based on no discernible principles and methods, they should be excluded.

### IV. CONCLUSION

For the foregoing reason, the opinions of Mr. Credelle set forth above should be excluded.

15

Dated: July 20, 2020

Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this July 20, 2020.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On July 17, 2020, counsel for Solas and Defendants engaged in a meet and confer conference pursuant to Local Rule CV-7(h). Solas's counsel indicated that Solas is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

