**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| Solas OLED Ltd., an Irish corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>Samsung Display Co., Ltd., a Korean corporation, Samsung Electronics Co., Ltd., a Korean corporation, and Samsung Electronics America, Inc., a New York corporation,<br><br>*Defendants*. | CASE NO. 2:19-cv-152-JRG<br><br>**JURY DEMANDED** |

**PLAINTIFF SOLAS OLED LTD.'S OPPOSITION TO DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S *DAUBERT* MOTION TO EXCLUDE AND MOTION TO STRIKE CERTAIN OPINIONS OFFERED BY THOMAS L. CREDELLE**

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1
II.  ARGUMENT .............................................................................................................. 1
   A.   Solas Timely Disclosed Its Evidence Regarding Conception and Reduction to Practice of the '311 Patent. ............................................................................................................... 1
      i.    Solas Gave Samsung Notice of its Conception and Reduction to Practice Position on January 21, 2020 ................................................................................................................ 2
      ii.   Samsung Misreads Patent Rule 3-1(e) ............................................................... 6
      iii.  The Alleged Incompleteness of Solas's Identification of Documents Does Not Support Samsung's Request for Exclusion of Mr. Credelle's Expert Opinions ..................... 8
      iv.   The Testimony of Solas's Corporate Designees Does Not Support Samsung's Request for Exclusion .................................................................................................................. 9
      v.    Samsung's Arguments for Alleged Prejudice Are Unsupported ................................. 10
   B.   Samsung's Arguments Concerning Mr. Credelle's Opinion Regarding the Hypothetical Negotiation Date for the '450 and '338 Patents is Moot. .......................................................... 12
   C.   The Switch Transistor in the Accused Products Makes a Pull-Out Current Flow Between the Drain and Source of the Driving Transistor ....................................................................... 12
   D.   Samsung's Arguments Regarding Doctrine of Equivalents Are Moot ............................. 14
III. CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

Cases
*ATI Techs. ULC v. Iancu*,
   920 F.3d 1362 (Fed. Cir. 2019) ................................................................................. 2, 6, 8
*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
   800 F.3d 1375 (Fed. Cir. 2015) ..................................................................................... 1, 2
*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
   No. 215CV00037RWSRSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017) .......................... 10
*Mitsubishi Tanabe Pharma Corporation v. Sandoz Inc.*,
   2020 WL 3169372 (D.N.J. 2020) ................................................................................... 6, 8
Perfect Surgical Techniques, Inc. v. Olympus Am., Inc.,
   841 F.3d 1004 (Fed. Cir. 2016) .......................................................................................... 2
*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) .......................................................................................... 1

**I.      INTRODUCTION**

Samsung's Motion seeks to exclude well-supported opinions set forth in the expert reports of Solas's technical expert, Thomas Credelle. Samsung's arguments have merit. First, Samsung complains it lacked notice of Solas's position that the '311 patent was conceived of and reduced to practice earlier than the filing date of the patent; that assertion is belied by the extensive record in the case that at minimum put Samsung on notice of the relevant conception and reduction to practice issues by no later than January 21, 2020. Second, Samsung's arguments regarding the hypothetical negotiation date for the '338 and '450 patents are moot. Third, Samsung's allegation that Mr. Credelle did not apply the Court's construction of 'project from a surface of the transistor array substrate" (from the '338 patent) is incorrect; as explained herein, Mr. Credelle's application of the construction was fully consistent with the Court's claim construction order. Fourth, Samsung's arguments concerning doctrine of equivalence are moot. Samsung's Motion should be denied.

**II.     ARGUMENT**

**A.      <u>Solas Timely Disclosed Its Evidence Regarding Conception and Reduction to Practice of the '311 Patent.</u>**

In arguing that Solas did not timely disclose its position regarding the conception and reduction to practice of the '311 patent, Samsung essentially concedes that it buried its head in the sand by studiously ignoring each of the following: (1) Solas's interrogatory responses, (2) Solas's identification, in multiple contexts, of documents evidencing the conception and reduction to practice of the '311 patent; (2) documents produced by the inventors of the '311 patent in response to Samsung's document subpoenas, as well as (4) the deposition testimony of the inventors of the '311 patent Samsung obtained in response to its deposition subpoenas. Samsung's excuse for its ignorance appears to be based on its untenable misreading of Patent Rule 3-1(e). All of Samsung's arguments fail, as explained below. And if Samsung believes it is prejudiced by Solas's (now unrebutted) swear-behind argument against some of the prior art Samsung's invalidity expert asserted against the '311 patent, that prejudice is entirely of its own making. Despite having been

1

provided notice of facts and evidence regarding the conception and reduction to practice of the '311 patent multiple times between January 21, 2020 and June 1, 2020 (including, for instance, when Solas identified numerous produced documents on March 12, 2020 as evidence of conception and reduction to practice), Samsung made no effort whatsoever after February 2020 to clarify or otherwise request supplemental information from Solas.

### i. Solas Gave Samsung Notice of its Conception and Reduction to Practice Position on January 21, 2020

The legal standard for assessing whether a patentee is entitled to swear behind an asserted prior art reference is set forth in Solas's Partial Summary Judgment Motion Regarding Status of Alleged Prior Art to U.S. Patent No. 9,256,311. *See* D.I. 137, at 7-10. Solas will not repeat that legal standard except as follows, which pertains to the parties' respective burdens: Samsung has the "initial 'burden of going forward with evidence that there is [] prior art." *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1379 (Fed. Cir. 2015). Plaintiff then "had 'the burden of going forward with evidence either that the prior art does not actually anticipate, or [] that it is not prior art because the asserted claim is entitled to the benefit of a filing date prior to the alleged prior art." *Id.* Once the plaintiff satisfied that burden of production, "the burden of going forward again shifts to the proponent of the invalidity defense[,] to convince the court that [Plaintiff] is not entitled to the benefit of the earlier filing date." *Id.*[1]

Further, "to antedate a reference, the applicant must not only have conceived the invention before the reference date, but must have reasonably continued activity to reduce the invention to practice." *ATI Techs. ULC v. Iancu*, 920 F.3d 1362, 1369 (Fed. Cir. 2019); *see also Perfect Surgical Techniques, Inc. v. Olympus Am., Inc.*, 841 F.3d 1004, 1009 (Fed. Cir. 2016).

---

[1] *Dynamic Drinkware*, which involved a claim of priority to a provisional application, differs from our case in that there is no "earlier filing date" at issue for the '311 patent. Solas is not relying on any earlier application to which the '311 patent can claim priority or to establish an earlier priority date. This difference is not material to the burden-shifting framework, which applies here.

2

Solas met its burden of production to identify evidence to Samsung that Samsung's alleged prior art "is not prior art" —which it did so through discovery responses and document production served on ***January 21, 2020***—and in doing so, provided notice to Samsung of its intent to argue that the '311 patent was conceived of and reduced to practice earlier than the patent filing date. The relevant timeline is detailed below.

<u>January 21, 2020: Notice Provided of Earlier Conception and Reduction to Practice</u>

On January 21, 2020, Solas served its Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories (Nos. 1-16), which responded to Defendants' Interrogatory No. 1 directed to the conception and reduction to practice of the '311 patent:

> ***The '311 patent was conceived by the named inventors Esat Yilmaz, Steven Alan Laub, and Jailil Shaikh in late 2010 or early 2011***. The named inventors discussed aspects of the claimed invention among themselves at that time. Mr. Yilmaz worked to reduce the invention to practice, including by creating a CAD drawing no later than April 28, 2011. Atmel contacted ▮▮▮▮▮ in the hope that ▮▮▮ could manufacture a prototype of the invention. ***The April 28, 2011 CAD drawing was sent to employees of ▮▮▮ on or about June 20, 2011. Atmel received a prototype device from ▮▮▮ in or around September 2011.***
> In addition, the '311 patent invention was constructively reduced to practice on October 28, 2011, with the filing of U.S. Patent Application 13/284,674.
> Atmel engineer Brent Guard was familiar with the project associated with the invention of the '311 patent and witnessed aspects of the conception and actual reduction to practice of the '311 patent inventions.
> During meetings with customers after Atmel had received the prototype device from Uniplas, Mr. Yilmaz and/or other employees of Atmel demonstrated the prototype device to such customers, subject to NDA.

Declaration of James S. Tsuei ("Tsuei Decl."), Ex. 1, at 5-6 (emphasis added).[2]

Also on January 21, 2020, Solas produced a set of documents showing conception and reduction to practice. Tsuei Decl. ¶ 1. That document production included the April 28, 2011-dated CAD drawing referenced in Solas's interrogatory response (SOLAS_SAMSUNG_0003753) as well as the Jolle GDS file (SOLAS_SAMSUNG_0002235) that Solas's expert relied upon to opine

---

[2] Unless otherwise noted, citations to exhibits herein refer to exhibits filed concurrently herewith and attached to the Tsuei Declaration.

on conception and reduction to practice. *See id.*[3] On February 4, 2020, Solas produced another set of documents relating to conception and reduction to practice. *Id.* Solas did not believe it had any additional documents relating to conception and reduction to practice, and that is why Solas confirmed on February 14, 2020 it had produced all relevant documents in its possession. *See* Mot. at 4 (discussing Tsuei 2/14 email to Solas).[4]

February/March 2020: Samsung Receives Subpoenaed Documents from Named Inventor

Then, on February 18, 2020, Samsung notified Solas that it intended to serve document and deposition subpoenas on each of the three named inventors of the '311 patent. Exs. 2-7. Samsung's subpoenas specifically sought information relating to the conception and reduction to practice of the '311 patent. *See, e.g.*, Ex. 5, at 10 (Request No. 3). Counsel for Solas responded to those subpoenas on behalf of two of the named inventors, Jalil Shaikh and Esat. Yilmaz. On March 5 and 6, after searching for and collecting responsive documents, Mr. Yilmaz produced a set of documents he had collected evidencing conception and reduction to practice, many of which had already been produced by Solas in its own document productions (including, for example, the CAD and GDS files referenced above).

March 12, 2020: Solas Identifies Evidence of Conception and Reduction to Practice

Then, on March 12, 2020, Solas served its First Amended Disclosure of Asserted Claims and Infringement Contentions[5], which identified numerous documents as relevant to P.R. 3-2(b)

---

[3] The Jolle GDS file was produced a second time in this case by Mr. Yilmaz, on March 6, 2020, in response to Samsung's subpoenas, as YILMAZ_00000189. Tsuei Decl. ¶ 1. Based on the arguments in the Motion, Samsung does not appear to be aware that the Jolle GDS File was also produced much earlier, on January 21, 2020. *See id.*

[4] Samsung's implication that counsel for Solas was deceptive in its February 14, 2020 email, when he stated that it had produced its documents relevant to conception and reduction to practice, is baseless and unfair. As detailed herein, Samsung subsequently served subpoenas on the inventors and received additional documents which Solas's expert later relied upon to opine regarding conception and reduction to practice.

[5] Samsung complains throughout its Motion that Solas did not obtain leave of Court to amend its contention cover pleading to identify produced documents relevant to P.R. 3-2(b). *See, e.g.*, Mot. at 8. Samsung, however, omits the fact that it repeatedly requested Solas to provided updated infringement contentions, as detailed in the briefing for Samsung's pending Motion to Strike (e.g.,

4

as evidencing "conception, reduction to practice, design, or development of the claimed inventions of the '311 patent and which were created on or before the application dates of the '311 patent." Ex. 8, at 8-11. Nearly all of the documents relied upon by Solas's expert to opine on the conception and reduction to practice of the '311 patent were cited there. *Id.*

<u>May 2020: Samsung Explores Conception and Reduction to Practice Issues with Named Inventors in Deposition</u>

On May 13, 2020 and unbeknownst to Solas, Samsung took the deposition of the third named inventor of the '311 patent, Steven A. Laub. Tsuei Decl. ¶ 4. The lack of notice to Solas notwithstanding, Samsung specifically questioned Mr. Laub on the conception and reduction to practice of the '311 patent. *See, e.g.*, Ex. 9, at 35:6-36:7, 62:24-63:25.

Then, shortly before Samsung took the deposition of Jalil Shaikh on May 28, 2020, Mr. Shaikh produced seven documents he had found while preparing for his deposition, including a March 2011-dated presentation (SHAIKH_00000012). Tsuei Decl. ¶ 6. Finally, Samsung took the depositions of Mr. Shaikh and Mr. Yilmaz on May 28 and May 30, 2020, respectively, both of whom testified regarding the conception and reduction to practice of the '311 patent through the Jolle project. *See, e.g.*, Ex. 10, at 125:25-126:13; Ex. 11, at 148:8-156:19, 183:17-200:11, 190:17-196:21.

<u>June 1, 2020: Solas Provides Supplemental Information Regarding Conception and Reduction to Practice</u>

Finally, on June 1, 2020, Solas served a supplemental response to Samsung's Interrogatory No. 1 with additional information regarding conception and reduction to practice. Solas identified, under Fed. R. Civ. P. 33(d), 94 documents produced by Mr. Yilmaz and Mr. Shaikh in response to Samsung's subpoenas, all of which related directly to conception and reduction to practice of the '311 patent. Ex.12, at 6-7.[6]

---

D.I. 117, 131, 151). More to the point, the rule does not require such disclosure, and Solas provided its identification out of an abundance of caution and in the interests of full disclosure of the facts.
[6] Solas's June 1, 2020 response to Samsung's Interrogatory No. 1 states that the Jolle prototype was not delivered until "July 2017." Ex. 12, at 6. This is a clear typographical error and was

5

The record here shows that Samsung was on notice that the conception and reduction to practice of the '311 patent occurred before the filing date of the patent by January 21, 2020, when Solas served discovery responses and produced documents directly relating to that conception and reduction to practice. *See, e.g.*, Ex. 1, at 5-6. Indeed, Samsung's own discovery conduct (e.g., seeking conception and reduction to practice evidence from the inventors) evinces a clear-eyed understanding that the conception and reduction to practice of the '311 patent were contested issues in the case. *See Oil-Dri Corp. of Am. v. Nestle Purina PetCare Co.,* No. 15 C 1067, 2018 WL 3130943, at *3-*6 (N.D. Ill. June 26, 2018) (denying defendant's motion to strike plaintiff's arguments concerning the actual dates for conception and reduction to practice). Samsung's self-serving claim in its Motion that that it believed Solas did not plan to prove earlier conception and reduction to practice of the '311 patent until a "last minute change" (Mot. at 2) is objectively unreasonable in view of the record and should be rejected.

    **ii.**    **Samsung Misreads Patent Rule 3-1(e)**

Samsung's argument depends in part on a misreading of P.R. 3-1(e) as requiring disclosure of a particular priority date as part of Solas's effort to antedate Samsung's prior art references. For instance, Samsung argues that "Solas stated the priority date of the '311 patent was 'October 28, 2011'" under P.R. 3-1(e). Mot. at 3. Samsung's invalidity expert made the same error in his report. Ex. 16, ¶ 75 (citing Solas's "P.R. 3-1(e)" disclosure to claim that Solas "takes the position that the priority date for the '311 patent is October 28, 2011").

Samsung's interpretation of P.R. 3-1(e) is inconsistent with the plain language of the rule, which requires identification of earlier priority dates if an asserted patent claims priority to an earlier application: "For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." P.R. 3-1(e). The '311 patent does not claim priority to an earlier application, and Solas has not argued otherwise. The face of the '311 patent

---

intended to read "July 2011." By June 1, 2020, Samsung had already taken the depositions of Mr. Yilmaz, who testified that functional prototypes of the Jolle device were delivered in July 2011.

6

indicates the *priority* date referenced in P.R. 3-1(e), which Solas has always disclosed as filing date of the patent: October 28, 2011. This does not, however, preclude Solas from antedating Samsung's prior art references by showing the inventors "conceived the invention before the reference date" and "reasonably continued activity to reduce the invention to practice." *ATI Techs. ULC v. Iancu*, 920 F.3d at 1369.

*Mitsubishi Tanabe Pharma Corporation v. Sandoz Inc.*, 2020 WL 3169372, *1-*6 (D.N.J. 2020), is directly on point. There, the court rejected substantially the same argument now advanced by Samsung. The *Mitsubishi* court, applying New Jersey L.P.R. 3.1(f) and 3.2(b), which are substantially identical to this Court's P.R. 3-1(e) and 3-2(b), concluded that the patentee should "not be barred from asserting an invention date derived from its 3.2(b) disclosures" even though it had only identified the "priority date" apparent from the face of the patent under New Jersey L.P.R. 3-1(f). As the court correctly noted, the **"priority date"** and **"invention date"** have **distinct meaning**s in the patent law—the "priority date" refers to the date of the earliest application to which a patent claims priority, whereas "invention date" pertains to the actual conception and reduction to practice of an invention. *See id.* at *5 & n. 1 ("The dates when the inventor conceived the invention and reduced it to practice inform the 'invention date.' In contrast, the 'priority date' is the filing date is the filing date of the earliest patent application to which the patents-in-suit are entitled.") (citations omitted).

Importantly, *Mitsubishi* also found that the plaintiff's production and specific identification of documents showing earlier conception and reduction to practice put the accused infringer "on inquiry notice that the Plaintiffs planned to assert an earlier invention date." *Id.* at *6. So, too, here. Solas provided its position on conception and reduction to practice in discovery responses and also identified documents *specifically* for establishing the conception and reduction to practice of the '311 patent. For example, when Solas's identified documents in its March 12, 2020 disclosures as related to P.R. 3-2(b), it specifically informed Samsung that such documents:

> evidence the conception, reduction to practice, design, or development of the claimed inventions of the '311 patent and which were created on or before the application dates of the '311 patent.

7

Ex. 8, at 8-11. Samsung does cannot dispute that fact, and as such indisputably had inquiry notice of the conception and reduction to practice issues by no later than March 12, 2020, if not earlier.

> iii. **The Alleged Incompleteness of Solas's Identification of Documents Does Not Support Samsung's Request for Exclusion of Mr. Credelle's Expert Opinions**

Next, Samsung complains that the "key document" upon which Solas's expert relies, the Jolle GDS File, was not specifically identified by Solas under P.R. 3-2(b). Mot. at 4-5 ("Nor did Solas ever amend the P.R. 3-2(b) statement to identify [additional documents]…" including the Jolle GDS File and documents produced by Mr. Shaikh). To the extent Samsung is arguing that Solas violated Patent Rule 3-2(b), such an argument relies on a misreading of the rule. P.R. 3-2(b) requires Solas to ***produce***: "All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier." P.R. 3-2(b).[7]

Samsung further contends that Mr. Credelle's expert report on infringement allegedly opined that priority date of the '311 patent was October 28, 2011. *See* Mot. at 7-8. In reality, Mr. Credelle's infringement expert report provides simply that he had been informed that the "earliest priority date for the '311 patent is October 28, 2011." Ex. 13, ¶ 29. This was fully consistent with Solas's disclosure to Samsung under P.R. 3-1(e): given that the '311 patent does not claim the benefit of an earlier application, the priority date of the '311 patent is October 28, 2011. Again, consistent with the result in *Mitsubishi*, Solas's identification of the '311 patent's priority date does not preclude Solas from antedating Samsung's prior art references by showing an earlier ***date of invention***: i.e., that the inventors "conceived the invention before the reference date" and

---

[7] To the extent Samsung believes Solas needed leave to identify under P.R. 3-2(b) documents pertaining to conception and reduction to practice, good cause supports granting that leave, as those documents were discovered by Solas and by Mr. Yilmaz in January, February, and March 2020 and timely produced directly in response to Samsung's discovery requests and subpoenas.

"reasonably continued activity to reduce the invention to practice." *ATI Techs. ULC v. Iancu*, 920 F.3d at 1369.

As a broader point, Samsung's argument that Solas should have specifically identified, by bates number, **all** documents that were going to be discussed in Solas's rebuttal expert report regarding the conception and reduction to practice issues, prior to service of said report, is untenable. Samsung has provided no authority for such an argument, which in any event is practically unfeasible and reflects an overly restrictive view on what the Federal Rules of Civil Procedure require. In any event, the Jolle GDS File and the documents produced by Mr. Shaikh were ***actually used*** by both counsel for Samsung and for Solas during the depositions of Mr. Yilmaz and Mr. Shaikh, and as such cannot support Samsung's claim of litigation by ambush.

### iv. The Testimony of Solas's Corporate Designees Does Not Support Samsung's Request for Exclusion

Samsung also complains that Colm O'Riordan, who was Solas's corporate designee, failed to identify "an earlier priority date than October 28, 2011" or specific documentary evidence about conception and reduction to practice during his May 18, 2020 deposition. *See* Mot. at 5. As an initial matter, Samsung's quotations from Dr. O'Riordan's deposition are virtually all taken out of context. *See* Ex. 14, at 130:23-140:8. Dr. O'Riordan's testimony makes clear that Solas's litigation counsel were still investigating the conception and reduction to practice issues at the time of his deposition. To illustrate, Dr. O'Riordan stated at least five times that Solas's litigation counsel were currently analyzing the conception and reduction to practice issues for the '311 patent. *Id.* at 131:24-132:1, 132:5-7, 137:6-8; 138:24-25; 139:12-16.

More to the point, Solas identified Mr. Yilmaz and Mr. Shaikh, named inventors of the '311 patent, as Solas's Rule 30(b)(6) designees to testify about conception and reduction to practice. *See* Ex. 15, at 1. And, as Samsung's Motion acknowledges, Mr. Yilmaz and Mr. Shaikh both testified regarding conception and reduction to practice. In essence, Samsung's complaint is that Solas should have "disclosed" the information in Mr. Yilmaz and Mr. Shaikh's testimony "far earlier in discovery." Mot. at 6. But Solas ***did*** disclose, "far earlier," the substance of what Mr.

9

Yilmaz and Mr. Shaikh would later discuss during Samsung's depositions: in both Solas's interrogatory responses and in its P.R. 3-2(b) document production and identification of relevant documents.[8]

### v. Samsung's Arguments for Alleged Prejudice Are Unsupported

Samsung's arguments that it is prejudiced cannot support the relief it seeks. If Samsung was unaware that Solas's expert would offer an opinion to antedate Samsung's prior art, that failure was entirely of its own making. Its ignorance flows from a series of mistakes: (1) faulty assumptions about this Court's Patent Rules; (2) a failure to understanding the legal difference between a patent's "priority date" versus the patent's date of invention established by conception and reduction to practice; (3) overlooking Solas's discovery responses and the documents produced in the case that are obviously probative of the conception and reduction to practice of the '311 patent; and (4) ignoring Solas's ***specific identification*** of documents that Solas believed evidenced the conception and reduction to practice of the '311 patent.

Samsung's authorities are all easily distinguishable or inapplicable to this case. First, Samsung's reliance on this Court's order in *Personalized Media Comm's, LLC v. Apple, Inc.*, 2:15-cv-01366-JRG-RSP (E. D. Tex) does not support the sanction it requests. Though the relevant briefing and objections in *Personalized Media* are sealed, and Judge Payne's recommendation and Judge Gilstrap's order reflect no reasoning, the patentee requested leave to modify its disclosure of the priority date under P.R. 3-1(e). *See, e.g.*, D.I. 240. 2:15-cv-01366-JRG-RSP (E.D. Tex.). In contrast, Solas does not believe its disclosure under P.R. 3-1(e) needs any amendment--though, to the extent the Court believes an amendment is required, good cause would exist for such

---

[8] Samsung's argument that Solas should have disclosed the entirety of what is now its case on conception and reduction to practice by December 2019 merely because Mr. Yilmaz was a consultant for Solas (Mot. at 6-7, 9-10) is unfounded. Solas first became aware of the conception and reduction to practice issues during the normal course of its fact investigation in preparing its response to Samsung's interrogatory on that issue, which Solas served on January 21, 2020.

amendment in view of Solas's diligence as well as its timely disclosure to Samsung of the relevant information and documents in the normal course of discovery.

Likewise, *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 215CV00037RWSRSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017), does not help Samsung. There, plaintiff waited until "shortly before the close of fact discovery" to argue that the asserted patent was entitled "to an earlier priority date … based on an earlier conception and reduction to practice." *Id.* at *9. As the Court correctly noted, "there is rarely a justifiable excuse for shifting a priority date contention near the end of fact discovery" and nor did the plaintiff "adequately explain the delay." *Id.*

Here, however, the record contains no evidence of any such delay. Samsung cannot dispute that, in Solas's first set of responses to Samsung's first set of interrogatories, which Solas served on January 21, 2020 (*see* Ex. 1), Solas provided the factual basis for its belief that the conception and reduction to practice of the '311 patent occurred before the patent filing date, **and** produced documents evidencing the same. Thus, Samsung's argument that "Solas at a bare minimum should have investigated these conception and reduction to practice issues immediately after service" of Samsung's invalidity contentions in December 2019 (Mot. at 11) simply ignores reality: Solas ***did*** investigate these "conception and reduction to practice" issues shortly after Samsung served its invalidity contentions, and Solas disclosed what it learned almost immediately, on January 21, 2020, in response to Samsung's discovery requests.

And, as explained above, Solas provided notice of its conception and reduction to practice position multiple times between January and June 2020, to which Samsung has no adequate response. Samsung not once sought clarification or supplementation from Solas regarding the conception and reduction to reduction to practice of the '311 patent after February 2020, which lays bare its strategy to procedurally preclude a resolution on the merits of a contested issue of which it had every reason to be aware after January 21, 2020. If Samsung did not develop its invalidity case to account for Solas's swear-behind argument, it has only itself to blame.

### B. Samsung's Arguments Concerning Mr. Credelle's Opinion Regarding the Hypothetical Negotiation Date for the '450 and '338 Patents is Moot.

As explained in more detail in Solas's Opposition to Samsung's *Daubert* Motion to Exclude Damages Opinions of Stephen Dell, while not conceding that Samsung's legal or factual bases for attacking Mr. Credelle's on the date of first infringement is correct,[9] in order to simplify the case Solas is willing to stipulate that the hypothetical negotiation date is April/May 2013. This will resolve a factual dispute, while not affecting Mr. Dell's larger opinion, because Mr. Dell has opined in the alternative that his opinion would remain the same if the hypothetical negotiation date is April/May 2013.

### C. The Switch Transistor in the Accused Products Makes a Pull-Out Current Flow Between the Drain and Source of the Driving Transistor

As Samsung's brief acknowledges, one of its invalidity theories requires that the thin green "auxiliary wiring element 118" of Kobayashi be considered to be interconnections that "project from a surface" of the yellow layers in the figure below:



FIG. 7

(Dkt. 143 at 13.) This green element is not close to the yellow substrate layers, relative to its own thickness or width, or relative to the dimensions of other structures. Samsung's theory seems to be that any structure that is anywhere *above* the substrate "projects from a surface" of the substrate,

---

[9] Mr. Credelle's technical opinion that Samsung's i7110 product likely infringed the '450 patent in the same manner as Samsung's first accused product in this case, the Galaxy S4, is unrebutted by any Samsung expert, and consistent with Federal Circuit's holding that the date of the hypothetical negotiation is the date of first infringement.

regardless of how far it is away from the substrate and even if any "projecting" that it does in the direction away from the substrate is tiny relative to its distance from the substrate.

But this "above" theory was advanced by Samsung during claim construction and rejected by the Court. (Dkt. 99 at 15, 18.) Rather than accept Samsung's proposed construction using the word "above," the Court adopted a construction based in part on a dictionary definition of "project": "extend outward beyond something else; protrude." (Dkt. 99 at 17.) Both this dictionary definition and Court's construction based on it require something more of the interconnections than simply being above or outside the substrate. By their plain meaning, they require that the interconnections begin somewhere at least in the vicinity of the substrate and extend outward from there.

This interpretation of the Court's construction is consistent with the Court's reliance on disclosures in the specification that the interconnections "also serve as partition walls to prevent leakage of an organic compound containing solution." (Dkt. 99 at 17; '338 patent at 6:24–30.) To serve as a wall by "projecting from a surface," the structure has to be at least close to that surface, not floating in space above the surface or formed on top of other structures and far from the surface.

Samsung points to the fact that the Court's *Markman* order quoted from a discussion of "common interconnection 91" from the '338 patent specification. (Dkt. 99 at 17; '338 patent at 10:54–58.) But the Court quoted that discussion for the proposition that the interconnections had to project from an outer layer of the substrate, rather than some interior layer. (Dkt. 99 at 17.) There is no discussion in the *Markman* order of whether the common interconnection 91 satisfies the Court's construction and if so how.

Indeed, the *Markman* order devotes most of its words that address this term to the dispute over whether the surface the interconnections project from must be an outer surface or not. The Court's resolution of that question supports Mr. Credelle's interpretation, not Defendants'. The Court rejected an interpretation that allowed the interconnections to project from interior surface because "such an interpretation would seemingly always be satisfied," as any structure that was part of the substrate "would project ***from some part of some layer*** of the transistor array substrate."

(Dkt. 99 at 17.) Defendants' interpretation of the claims in their Kobayashi invalidity theory suffers from the same problem. If the term really covers anything outside the substrate, then both the claim language "project from a surface . . ." and the Court's construction "extend beyond an outer surface . . ." contain a large number of surplus words, when the simpler "outside" would have conveyed the same idea. Accordingly, Mr. Credelle was correct to opine that the term, as construed by the Court, requires "some connection or relationship between the thin[g] 'projecting' and the surface it is projecting from." Ex. 13, ¶ 221.

Mr. Credelle's opinions in paragraphs 219–225 correctly interpret the Court's construction, because they give its words meaning, rather than making them surplus. They are grounded in the language of the construction and in the evidence the Court relied on in reaching its construction. (*Id.*, ¶¶ 221, 224.) However, the Court may find that Mr. Credelle's opinion that the construction requires that the interconnections "begin in or on" the substrate interprets the construction too narrowly. (*Id.*, ¶ 221.) Even if the Court reaches that conclusion, it is not necessary or appropriate to exclude all of Mr. Credelle's opinions in paragraphs 219–225, because those other opinions do not depend on that interpretation. Rather, Mr. Credelle expressly considers the possibility that the construction permits interconnections that are close to the substrate but not touching, and he reaches the conclusion that Kobayashi fails to satisfy the Court's construction under that interpretation as well. (*Id.*, ¶¶ 222–225.) To be clear, none of Mr. Credelle's opinions require exclusion, under the construction and the reasoning set forth in the Court's *Markman* order. But, to the extent that any exclusion is appropriate, it should be limited to excluding specific claim construction interpretations that the Court believes are incorrect, and not exclude all of paragraphs 219–225 as Defendants suggest.

> D. **Samsung's Arguments Regarding Doctrine of Equivalents Are Moot**

Solas, while not conceding that Samsung's legal or factual bases for attacking Mr. Credelle's regarding the doctrine of equivalence and in order to simplify the case, Solas is willing

14

to stipulate that it will not pursue infringement theories for the '450 or '338 patents under the doctrine of equivalence at trial.

## III. CONCLUSION

For the forgoing reasons, Samsung's Motion should be denied.

Dated: August 3, 2020

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster (CA SB No. 181067)
Reza Mirzaie (CA SB No. 246953)
Neil A. Rubin (CA SB No. 250761)
Kent N. Shum (CA SB No. 259189)
Theresa Troupson (CA SBN 301215)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@raklaw.com
E-mail: rmirzaie@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: kshum@raklaw.com
E-mail: ttroupson@raklaw.com

Sean A. Luner
CA State Bar No. 165443
Gregory S. Dovel
CA State Bar No. 135387
Jonas B. Jacobson
CA State Bar No. 269912
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  310-656-7066
Email: sean@dovel.com
Email: greg@dovel.com
Email: jonas@dovel.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Charles Everingham, IV
Texas State Bar No. 00787447
E-mail: ce@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF
SOLAS OLED, LTD.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 3, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).


                                                                                           */s/ Reza Mirzaie*
                                                                                           Reza Mirzaie


**CERTIFICATION OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this matter.

Dated: August 3, 2020                                                                         */s/ Reza Mirzaie*