UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG DISPLAY CO., LTD., et al., <br><br> *Defendants.* | Case No. 2:19-cv-00152-JRG |

**PLAINTIFF SOLAS OLED LTD.'S SUR-REPLY TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS**

# TABLE OF CONTENTS

                                                              **Page(s)**

I.    **Samsung's Untimely Complaints about Solas's Representative Charts are Procedurally Defective and Factually Unsupportable** ........................................................ 1

II.    **Good Cause Supports Granting Leave for Solas to Include Six Products Against the '338 Patent**.................................................................................................................... 4

On Reply, Samsung still fails to establish why its request for exclusionary sanctions should be granted. While discovery was open, ***at Samsung's request***, Solas provided updated infringement contentions in good faith which attempted to address specific issues broached by Samsung. As the correspondence record attached to the Motion shows, Samsung failed to complain about Solas's representative infringement charts until ***a week before the close of fact discovery***, an argument that was, and is, procedurally defective and substantively not credible. Discovery now having closed, Samsung now seeks to strike the vast majority of Solas's infringement case because of Solas's supposed non-compliance with this Court's disclosure rules. Samsung should not be allowed to "lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions." *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006).

Further, Samsung also fails to articulate any particular prejudice from Solas's inclusion of six additional products in its '338 patent infringement case—which, as Solas explained in its Opposition, were products squarely in the case for the closely-related '450 patent. As explained in the Opposition and below, good cause exists for including those six products in the case as to the '338 patent, and Solas respectfully requests leave of the Court to do so.

## I. Samsung's Untimely Complaints about Solas's Representative Charts are Procedurally Defective and Factually Unsupportable

Samsung does not dispute that it was on notice of Solas's reliance on its infringement charts as representative of Solas's case against all the accused products when Solas served its preliminary infringement contentions on October 7, 2019. Neither does Samsung dispute that it never raised any alleged problems with the representative aspect of Solas's charts until the week before the close of discovery. *See* Opp. at 1-6. Now, Samsung complains that it was "forced to guess as to Solas's infringement theories" throughout the case and so moves to strike nearly the whole of Solas's case. Reply, at 5. However, Samsung's alleged failure to comprehend the infringement theories in Solas's contentions, which it impliedly concedes were properly

disclosed (as Samsung did not move to strike from the specific products charted in Solas's contentions), cannot be a reason to apply the exclusionary sanctions Samsung seeks.

First, Samsung's alleged non-comprehension of Solas's infringement theories is procedurally defective and unsupported by the facts. The "purpose of PICS is to give the opposing party notice of the patentee's infringement theory." *Honeywell Int'l Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009). If at any point Samsung "did not understand [Plaintiff's] infringement theory, it could have filed a motion with the Court seeking clarification of [Plaintiff's] PICs." *Id.* Samsung did not do so here, perhaps because, as the meet-and-confer record illustrates, it did not come up its argument about Solas's representative charts until the week before the close of discovery. *See* Opp. at 5.

Moreover, Samsung does not deny that Solas's representative charts ***did*** adequately disclose its infringement theories ***as to those products***. And the meet-and-confer record shows that ***Samsung knew*** that Solas's infringement charts were intended to be representative against all of the accused products; Samsung even asked Solas to ***confirm*** that representativeness of its theories against multiple uncharted products, which evinces two things: (1) Samsung understood Solas's infringement theories, and (2) Samsung understood how the infringement theories were applied to uncharted products.. *See* Dkt. 117-2, at 9 (requesting that Solas "confirm that Solas's factual infringement theories for the Galaxy S6 and Galaxy S7 Edge are identical to those identified for the Galaxy S8"). Samsung's claim that it was "forced to guess as to" Solas's infringement theories is not credible and belied by its own conduct and statements.

Samsung's late-in-litigation gambit is, at minimum, untimely. "A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions." *Orion*, 407 F. Supp. 2d at 818. This District's Patent Rules are designed "to strike a balance of providing fair notice to defendants without requiring unrealistic, overly factual contentions from plaintiffs, but the burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, not a sword. *Id.* As Judge Love confirmed in his order in *Honeywell*, "a plaintiff may use its PICS to provide a specific theory of infringement

2

and offer representative examples." *Honeywell*, 655 F. Supp. 2d at 655. If a defendant finds a patentee's contentions unclear, it could "easily have sought clarification either informally or by motion." *Orion*, 407 F. Supp. 2d at 818.

Here, Samsung never filed a motion to seek clarification regarding the representative aspect of Solas's infringement theories, having only raised the issue right before the close of fact discovery to satisfy its meet-and-confer obligation before it filed this Motion seeking exclusionary sanctions that have the maximum possible prejudicial effect on Solas. This is not the first time Samsung (specifically, Samsung Electronics America, Inc.) has made such arguments. In *Saxon Innovations, LLC v. Nokia Corp.*, No. 6:07-CV-490, 2009 WL 10676646 (E.D. Tex. Nov. 9, 2009), after expert reports, Samsung moved the court for "affirmation of its narrow construction of [plaintiff's] infringement contentions" to resolve an "ongoing disagreement as to the scope of [plaintiff's] infringement contentions." *Id.* at *4. There, as here, the plaintiff "provided Samsung with notice of the scope of [its] infringement theories," though "Samsung disagreed with [plaintiff]s interpretation of this scope as evidenced by the repeated discovery disagreements, but **failed to seek the Court's assistance to clarify the issue**." *Id.* (emphasis added). "To the extent Samsung disagreed with the scope of the contentions, it should have sought clarification by motion" instead of raising the issue for the first time in a motion to strike. *Id.* The Court should reject Samsung's laying-behind-the-log here, as well.

Second, Samsung's new arguments regarding alleged differences in certain accused products do not justify exclusionary sanctions. *See* Reply, at 3-5. For the '311 patent, Samsung says that for the Galaxy Z Flip ("Z Flip") device Solas was "█████████████████ █████████████████████████████████████████████████████████████████" for infringement. Reply, at 4. Samsung argues that the Z Flip cannot infringe because ███████ █████████████████████████████████████████. *Id.* This argument is meritless. Solas's **theory** of infringement for the Z Flip is identical to the **theory** it applied to every other accused device, as established by Mr. Credelle: █████████████████████████████████████████ █████████████████████████████████████████████ Ex. 8, at 5. The Z Flip's ██████████

3

███████████████████████████████████████████████
███████████████████████████████████████ *Id.* For every other accused product, Solas analyzed infringement in the same way: by identifying at least two surfaces of a display, flat and curved surfaces, identifying a touch sensor that traversed the boundary between those two surfaces. *See, e.g.*, Ex. 7, at 14-16. Samsung cannot credibly complain lack of notice.[1]

Samsung's new arguments in Reply for the '338 and '450 patents are equally meritless. For the '338 patent, Samsung complains that many products (which it never identifies) ████ ████████████████████████████████████████ Reply, at 4. As Solas explained in its Opposition: ██████████████████████████████████████████████ ██████████████████████████████████████████████ Opp., at 8–9. Likewise, for the '450 patent, Samsung alleges ███████████████████ ██████████████████████████████████ Reply, at 5. But even assuming there are differences in the location of, for example, ████████████████████████████████ ████████████████████████ Samsung failed (even on Reply) to explain *how* such alleged differences affected the infringement analysis. That failure is to be expected, as neither Mr. Credelle nor Samsung's expert, Dr. Fontecchio, "distinguish among the accused products" in their infringement analysis in any significant way for the '450 patent.

**II.     Good Cause Supports Granting Leave for Solas to Include Six Products Against the '338 Patent**

Good cause exists to grant Solas leave to include in the case the six products at issue challenged by Samsung. The Reply obfuscates the timeline, which shows Solas was diligent in seeking the discovery that gave it a basis to believe that certain products already accused in the case for the '450 patent also infringed the '338 patent. Specifically, Samsung's GDS ("Graphic Design System") files (which contain the circuit designs relevant to both the '450 and '338 patents) were produced for inspection in Washington, D.C., on January 28, 2020. Ex. 9, at 3. On

---

[1] Samsung's argument for the Z Flip is problematic also because it relies on an illusory distinction not relevant to the claims: that is, whether the sensor wraps around the display or vice versa. The Z Flip infringes as set forth in Solas's infringement expert report—that is, the sensor traverses or wraps around two intersecting surfaces of the display.

4

February 10, Solas requested an opportunity to review the files on February 13 and 14. *Id.* at 2. Counsel for Solas performed that inspection on February 13 and 14, and requested printouts of those files. *Id.* at 1. Samsung shipped those printouts on February 18. Ex. 10, at 1-2.

Solas's GDS files (and printouts thereof), however, were organized only by "two-letter product codes" and were not identified in any way by "product marketing names." *See* Opp., at 14-15. It was practically impossible for Solas to determine from the GDS files whether the six products at issue infringed the '338 patent, because it had no way to determine which GDS file corresponded to which product. Solas thus served a single interrogatory on March 6 seeking information corresponding the two-letter product codes in Samsung's GDS files to its products. *See* Ex. 11, at 12. Samsung says Solas "delayed until March to serve" that interrogatory, but the timeline evidences no delay—Solas received hundreds of pages of GDS prints during the week of February 18, and propounded a targeted interrogatory about the GDS files on March 6, 2020.

Further belying the alleged "delay" is the fact that Samsung itself needed more time to figure out which two-letter product codes corresponded to which products. On April 6, the day Samsung's interrogatory responses were due, Samsung requested an extension to April 15; Solas agreed. *See* Ex. 12, at 1. Samsung served responses on April 15, and revised responses on April 23. *See* Exs. 13-16. This information allowed Solas to perform its infringement analysis[2] as to the six products at issue for the '338 patent, which it disclosed as infringing on May 17, 2020. *See* Opp., at 14–15.

Finally, Samsung has not articulated any prejudice from allowing the six products at issue to remain in the case against the '338 patent (which involves no new theories of infringement and no additional discovery), and no continuance of any deadlines is required.

Samsung's Motion should be denied.

---

[2] Samsung's discovery responses appeared to be intentionally incomplete: i.e., SDC's response corresponded two-letter product codes to "SDC module" numbers but did not correspond them to any of the accused products, while SEC's response corresponded "SDC module" numbers to models of the accused products but not to the two-letter product codes. *Compare* Ex. 13, at 8, *with* Ex. 14, at 8. This forced Solas to spend time deconstructing and collating the information in Samsung's multiple responses in order to match product codes to accused products.

| | |
|---|---|
| Dated: August 3, 2020 | /s/ Reza Mirzaie |

Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Kent N. Shum
CA State Bar No. 259189
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: mfenster@raklaw.com
Email: rmirzaie@raklaw.com
Email: nrubin@raklaw.com
Email: kshum@raklaw.com

Sean A. Luner
CA State Bar No. 165443
Gregory S. Dovel
CA State Bar No. 135387
Jonas B. Jacobson
CA State Bar No. 269912
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Email: sean@dovel.com
Email: greg@dovel.com
Email: jonas@dovel.com

T. John Ward, Jr.
TX State Bar No. 00794818
Claire Abernathy Henry
TX State Bar No. 24053063
Andrea L. Fair
TX State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas  75606
Telephone: 903-757-6400
Email: jw@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF, SOLAS OLED LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on August 3, 2020 with a copy of this document via the Court's ECF system.

DATED: August 3, 2020                                     Respectfully submitted,

                                                               By: /s/ *Reza Mirzaie*
                                                                   Reza Mirzaie

