**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD. <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:19-cv-00152-JRG <br><br> ██████████████████ |

**DEFENDANTS SAMSUNG DISPLAY CO., LTD.,  SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S REPLY IN SUPPORT OF DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE AND MOTION TO STRIKE CERTAIN OPINIONS OFFERED BY THOMAS L. CREDELLE**

Solas's Opposition confirms that Mr. Credelle's opinions on the priority date of the '311 patent and the "interconnections" in the Kobayashi prior art to the '338 patent should be excluded.

## I.    Mr. Credelle's conception and reduction to practice contentions violate the Local Patent Rules and Federal Rules and should be struck

Solas does not contest that it never timely identified during discovery the conception and reduction to practice dates asserted in Mr. Credelle's June 22 report, nor key evidence relied on by Mr. Credelle to support his opinions. Solas offers no valid justification, because there is none. Essentially, Solas argues that it had no obligation to comply with the Local Patent Rules or Defendants' discovery requests to identify the asserted dates of conception and reduction to practice and the allegedly supporting documents. Solas boldly asserts that the burden was on Defendants to "clarify or otherwise request supplemental information from Solas," Opp. Br. at 2, 11—that is, to "clarify" dates and documents that Solas had never identified—when Defendants had no notice Solas would later attempt to take different positions than it had disclosed.

Solas has no excuse for its failure to meet its discovery obligations, and Mr. Credelle's previously undisclosed opinions on the alleged priority date of the '311 patent should be struck.

### 1.    Solas never identified in its Local Patent Rule contentions the "Jolle GDS" file or other key documents on which Mr. Credelle now relies

Solas does not dispute that it never identified in its P.R. 3-2(b) contentions the "Jolle GDS File" that Mr. Credelle relies on in his expert report for his new opinions on conception and alleged actual reduction to practice, nor other key documents relied on by Mr. Credelle in his report. Instead, Solas argues that it had no obligation to do so. Solas is incorrect.

Specifically, Solas argues that Local Patent Rule 3-2(b) only "requires Solas to ***produce***" "documents evidencing the conception [and] reduction to practice," and not to "identify[ them] by bates number," which Solas asserts would be "untenable" and "practically unfeasible." (Opp. Br. at 8–9) (emphasis in original). Solas's characterization of the Local Patent Rules is plainly

1

incorrect: Rule 3-2 specifically states that "[t]he producing party **shall separately identify by production number** which documents correspond to each category" (emphasis added).

Solas's assertion that "[n]early all" of the documents relied on by Mr. Credelle were identified pursuant to P.R. 3-2(b), (Opp. Br. at 5), is also demonstrably inaccurate. ████████ ████ documents Mr. Credelle highlights in his rebuttal report as "significant" to this issue (Dkt. 143-7 at 128–29) were *never* identified in any of Solas's P.R. 3-2 contentions. Nor are all documents of equal importance. Critically, Solas never identified ██████████████ ████████████████████████ that Mr. Credelle charts in detail to show the alleged conception and reduction to practice dates that he asserts in his June 22 report (Dkt. 143-7 at 144-51, 155–162). Solas has no excuse for failing to identify these key documents in violation of the Local Patent Rules. Defendants were severely prejudiced, having relied on Solas's P.R. disclosures. Mr. Credelle's priority date opinions should be stricken for this reason alone.

2.     **Solas never identified during discovery the priority dates that Mr. Credelle now asserts and the documents that he now relies on**

In addition, Solas's Opposition concedes that Solas *never* disclosed during fact discovery the priority dates that Mr. Credelle now asserts. Solas's Opposition provides no explanation (let alone justification) why Solas stated on October 7, 2019—five months after Solas filed this suit, and ████████ after retaining the inventor Mr. Yilmaz as a consultant—that Solas was "unaware of any documents that evidence the conception, reduction to practice, design, or development of the claimed invention," only to produce and identify such documents *after* Defendants served their P.R. 3-3 invalidity contentions in December 2019. (Dkt. 143-3). Notably, many documents on which Solas now relies came from Mr. Yilmaz, as reflected by their "YILMAZ" prefix.

Solas's Opposition also provides no explanation for why Solas's January 21, 2020 interrogatory responses did not allege any actual reduction to practice date before the application

2

was filed, alleged different conception dates of "late 2010 or early 2011," and failed to cite *any* of the documents Mr. Credelle now relies upon (Dkt. 143 at 3–4), only for Solas to change theories wholesale in Mr. Credelle's June 22 report to assert new conception dates and a never-before-asserted actual reduction to practice date of July 8, 2011. (Dkt. 143-7 at 128–29). Solas's failure to disclose its contentions in its discovery responses is particularly unjustified given Solas's statement that it had produced several documents "that Solas's expert relied upon to opine on conception and reduction to practice" before its January 21 responses. (Dkt. 167 at 3–4).

Further, Solas has no explanation for why its CTO, Dr. Colm O'Riordan—whom Solas specifically designated as its 30(b)(6) witness on "the priority date, conception, and reduction to practice (including any related diligence) of the asserted claims of the Patents-in-Suit," *see* Ex. 1 (Defendants' 30(b)(6) Notice) at 8 (Topic No. 7); Ex. 2 (5/13 e-mail from Solas)[1]—could not identify pre-filing dates of conception and/or reduction to practice, or any documentary evidence that would support such contentions, just two weeks before the close of fact discovery, (Dkt. 143 at 5). And while Mr. Credelle would later assert in his June 22 report that Atmel had actually reduced the claimed invention to practice, Dr. O'Riordan stated ▇▇▇▇▇▇▇ in his May 18, 2020 Rule 30(b)(6) deposition, testifying on Solas's behalf that ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 3 (O'Riordan Dep. Tr.) at 144:12-17.

Finally, Solas also cannot explain why it waited to supplement its interrogatory responses on this topic until mere hours before opening expert reports were due on June 1. (Dkt. 143 at 6–7). Nor does Solas have any excuse for listing a range of 94 documents without identifying the

---

[1] Solas now claims it designated the "named inventors of the '311 patent, as Solas's Rule 30(b)(6) designees to testify about conception and reduction to practice." (Opp. Br. at 9). But Solas omits that it purported to do so weeks *after* Dr. O'Riordan's 30(b)(6) testimony had already completed the deposition on these topics, and only six days before fact discovery closed, and Solas further omits Defendants' objection to Solas's improper attempt to change Solas's priority date arguments yet again. Ex. 4 (5/27 D. Cho e-mail).

specific documents that Mr. Credelle would rely upon, nor the priority dates he would assert. (*Id.*)

### 3. There is no excuse for Mr. Credelle's last-minute switch of his asserted priority date

Solas also has no justification for serving a June 1 opening expert report of Mr. Credelle reiterating that the '311 patent's priority date was October 28, 2011, only to change that opinion three weeks later. (Dkt. 142 at 2, 7–8, 11). Solas offers three pages of argument (Opp. Br. at 6–8) attempting to rationalize that Mr. Credelle only stated on June 1 that "he had been informed that the 'earliest priority date for the '311 patent is October 28, 2011'" (*id.* at 8) (citation omitted)— not that it was his actual opinion—and that in any case, when Mr. Credelle referred to "priority date," he (a non-lawyer) was allegedly using a specific term of art "in the patent law" (based on a single opinion from the District of New Jersey)[2] (*id.* at 7–8). Yet the Federal Circuit regularly refers to pre-filing conception and diligent reduction to practice as an earlier "priority date" for a patent—*see, e.g., Apator Miitors ApS v. Kamstrup A/S*, 887 F.3d 1293, 1297 (Fed. Cir. 2018) (discussing "establishing conception and reduction to practice *for the purposes of establishing a priority date*") (quoting *In re Magnum Tools Int'l, Ltd.*., 829 F.3d 1364, 1376 (Fed. Cir. 2016)) (emphasis added)—and, more to the point, ***Mr. Credelle himself*** did so in his rebuttal report. In Mr. Credelle's June 22 report, he refers to "priority dates" of "October 28, 2011, or, alternatively, January 2011." Ex. 5 (Credelle Reb. Rep.) at 14 (¶ 37). The terms Solas now uses ("invention date" and "date of invention") do not appear in Mr. Credelle's June 22 report. And it is hard to believe that Mr. Credelle was making this distinction based on the district court opinion Solas relies on (*id.* at 7–8), which issued on June 15, 2020, two weeks after Mr. Credelle's rebuttal report.

### B. Mr. Credelle's opinions regarding the Kobayashi prior art's "plurality of

---

[2] Further, in the recent *Mitsubishi Tanabe v. Sandoz* district court opinion that Solas now relies on, the court expressly distinguished its holding from cases where a plaintiff (like Solas) "'did not produce any documents evidencing a conception date' with their [Local Patent Rule] disclosures and productions," 2020 WL 3169372, at *5–*6 (D.N.J. June 15, 2020) (citations omitted).

**interconnections" contradict the Court's claim construction and should be excluded**

Solas cannot contest that in arguing that Kobayashi does not satisfy the "projects from" limitation of the '338 patent's claims, Mr. Credelle interprets the Court's construction to exclude the '338 patent's preferred embodiment. His incorrect construction should be excluded.

Solas acknowledges that Mr. Credelle's interpretation of the Court's construction imposes a further requirement not stated by the Court that an interconnection must have "some connection or relationship between the thin[g] 'projecting' and the surface it is projecting from," *i.e.,* "'begin in or on' the substrate." (Opp. Br. at 14.) Under this flawed interpretation, the specification's common interconnection 91 would not "project from a surface of the transistor array substrate," despite the fact that the Court's claim construction opinion cited and relied on the specification's specific teaching that "[t]he common interconnection 91 is formed [to] . . . project upward from the surface of the planarization film 33," which is the surface of the substrate. (Dkt. 99 (Markman Order) at 17 (citing 10:54–58) (emphasis omitted).) Mr. Credelle is not only importing limitations, but they are inconsistent with the Court's construction and the '338 patent's specification.

Solas's argument that Kobayashi's interconnection "is not close to the . . . substrate layers, relative to its own thickness or width, or relative to the dimensions of other structures, (Opp. Br. at 12), also has no merit. The structure in Kobayashi is not different in any relevant respect from common interconnection 91 in the '338 patent. Further, "it is well established that patent drawings do not define the precise proportions of the elements and may not be relied on to show particular sizes if the specification is completely silent on the issue." *Hockerson-Halberstadt, Inc. v. Avia Group Intern, Inc.*, 222 F.3d 951, 956 (Fed. Cir. 2000). And Solas has not attempted to show that either the '338 patent or Kobayashi intended to impart meaning to the proportions of their figures.

## II.   CONCLUSION

For the foregoing reasons, Defendants' motion to strike and/or exclude should be granted.

Dated: August 10, 2020

Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
 Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG
DISPLAY CO., LTD., SAMSUNG ELECTRONICS
CO., LTD., AND SAMSUNG ELECTRONICS
AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this August 10, 2020.

/s/ Melissa R. Smith
Melissa R. Smith