UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Solas OLED Ltd., an Irish corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>Samsung Display Co., Ltd., a Korean corporation, Samsung Electronics Co., Ltd., a Korean corporation, and Samsung Electronics America, Inc., a New York corporation,<br><br>*Defendants*. | CASE NO. 2:19-cv-152-JRG<br><br>**JURY DEMANDED** |

**PLAINTIFF SOLAS OLED LTD.'S SUR-REPLY TO DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S *DAUBERT* MOTION TO EXCLUDE AND MOTION TO STRIKE CERTAIN OPINIONS OFFERED BY THOMAS L. CREDELLE**

On Reply, Samsung sidesteps the critical problems pervading its Motion as if they did not exist. With respect to Mr. Credelle's opinions regarding the conception and reduction to practice of the '311 patent, Samsung fails to acknowledge its error in assuming Solas's swear-behind argument was based on an earlier *priority date* as opposed to earlier *invention*. Indeed, Samsung does not substantially grapple at all with its error in conflating a "priority date" with a date of invention, which are distinct concepts under the Patent Law. At the same time, the Reply rehashes its complaint that Solas and its expert "switched" their positions (when no such "switch" ever occurred) and that documents were not identified earlier in litigation. Samsung also fails to rebut Solas's point that, for the '338 patent, Samsung's argument is an attempt to reargue its "above" theory advanced in claim construction, which, if accepted now, renders much of the Court's construction and the claim language itself surplusage. Samsung's arguments should be rejected.

I. **Samsung Presents No Reason to Exclude Mr. Credelle's Opinions on Conception and Reduction to Practice**

Samsung essentially concedes that Solas, through its interrogatory responses and document productions, put Samsung on notice by January 21, 2020 that the conception and reduction to practice of the invention of the '311 patent occurred before the patent's filing date. Notably, Samsung's Reply contains no rebuttal to the sequence of discovery described in Solas's Opposition (Dkt. 167, at pp. 3-6) and specifically no significant response to the effect of either of (1) Solas's January 21, 2020 discovery responses to Samsung describing the conception and reduction to practice of the invention, or (2) Solas's March 12, 2020 identification of documents related to conception and reduction to practice. Even in briefing as during discovery, Samsung buries its head in the sand in an effort to claim ignorance. Now, on Reply, Samsung retreats to its previously presented arguments that Solas violated the "Local Patent Rules and Federal Rules" in order to exclude Mr. Credelle's opinions. Reply, at 1-4. None of these arguments have merit.

First, Samsung contends that Solas violated P.R. 3-2(b) by not identifying the Jolle GDS File and "other key documents" discussed in Mr. Credelle's expert report in the context of his conception and reduction to practice opinions. Reply, at 1-2. Samsung's argument appears to be

1

that Solas should have amended its P.R. 3-2(b) disclosures at some (unidentified) point during discovery to identify two documents and/or the productions in which they were provided: (1) the Jolle GDS File (SOLAS_SAMSUNG_0002235 / YILMAZ_ 00000189), and (2) the March 2011 Presentation (SHAIH_00000012)[1].

Samsung's claims of prejudice are unpersuasive. Both the Jolle GDS File and March 2011 Presentation were (1) identified by Solas in interrogatory responses before the close of discovery (Dkt. 167-13, at p. 7); and (2) introduced as exhibits and discussed during the depositions of the named inventors of the '311 patent (Dkt. 167-11, at 120:23-124:22 (Samsung counsel questioning inventor about the March 2011 Presentation); Dkt. 168-4, at 211:1-216:25 (discussion with named inventor about the Jolle GDS File)). Both documents were produced before the close of discovery, with the Jolle GDS File having been produced twice, on January 21, 2020, and again on March 6, 2020, and the March 2011 Presentation having been produced on May 21, 2020 immediately after it was found by a named inventor. *See* Opp., at 3-4 & n. 3; Dkt. 167-1, ¶ 6.

More to the point, Samsung cannot dispute it was at minimum on "inquiry notice that Plaintiff[] planned to assert an invention date." *Mitsubishi Tanabe Pharma Corp. v. Sandoz Inc.*, No. CV175319FLWDEA, 2020 WL 3169372, at *6 (D.N.J. June 15, 2020). Samsung had the benefit of interrogatory responses, the identification of numerous documents showing conception and reduction to practice, and its own depositions of the named inventors. Samsung, "despite being on inquiry notice, [] did not question the invention date, nor request additional discovery on this issue." *Id.* Much like the defendant in *Mitsubishi*, Samsung "waited until the eve of trial to file its motion to preclude Plaintiffs from asserting an earlier invention date." *Id.* "[A]ny prejudice is the result of its own neglect." *Id.* And if Solas should have amended its P.R. 3-2(b) disclosures to identify those documents as Samsung suggests, good cause would exist to do so given Samsung's negligence, Solas's own diligence, and the absence of any unfair prejudice to Samsung.

---

[1] The Reply erroneously refers to the March 2011 Presentation as "SHAIKH_00000016." Reply, at 2. The March 2011 Presentation was produced with the bates range SHAIKH_00000012 - SHAIKH_00000031, and includes SHAIKH_00000016.

Samsung's argument that Solas needed to disclose the specific "priority dates" upon which Mr. Credelle bases his conception and reduction to practice opinions (Reply, at 2-4) have no support in the law or the rules. Reply, at 2-4. As an initial matter, Samsung's Reply appears to completely ignore Solas's point that P.R. 3-1(e) requires disclosure of priority dates, not invention dates or dates of conception or reduction to practice, and as such appears to have conceded the argument. *Compare id.*, with Dkt. 167, at 6-8. Instead, the Reply pivots to insinuating that Solas withheld relevant conception and reduction to practice evidence until Samsung served its Invalidity Contentions. Reply, at 2-3. This is both unfair and false. As Solas has explained already, "Solas first became aware of the conception and reduction to practice issues during the normal course of its fact investigation in preparing its response to Samsung's interrogatory on that issue, which Solas served on January 21, 2020." Dkt. 167, at p. 10 n. 8.

Next, Samsung alleges that Solas "provides no explanation" for not having identified specific conception or reduction to practice dates sooner, including in Dr. O'Riordan's May 18, 2020 deposition. Reply, at 3.[2] Not so. First, neither the Patent Rules nor the relevant law require specific identification of conception dates or reduction to practice dates in order for prior art to be antedated (though, of course, Solas did identify the those dates based on its analysis of the evidence). Second, this argument ignores what was actually stated in the Opposition: that Solas was in the process of developing its swear-behind argument in the weeks leading up to the close of discovery and service of expert reports (as Dr. O'Riordan stated at least five times), which, as Samsung knows, involves the confidential technical information of third parties about which the named inventors, as Solas's Rule 30(b)(6) designees, were knowledgeable. Dkt. 167, at 9-10.

---

[2] Samsung alleges that Solas says it "produced several documents . . . before its January 21 responses." Reply, at 3 (lines 5-7 (citing Opp at 3-4)). This is false. In reality, Solas produced relevant documents **simultaneously** with its January 21, 2020 interrogatory responses. *See* Opp., at p. 3 (last paragraph) ("Also on January 21, 2020, Solas produced a set of documents showing conception and reduction to practice.").

Samsung's real problem is laid bare by its argument that Solas should have identified "specific documents that Mr. Credelle would rely upon, [or] the priority dates he would assert." Reply, at 3-4. Samsung has identified no legal authority or rule that would have required Solas to identify "specific documents" that its expert would rely upon, at some indeterminate point and an unspecified context, prior to service of the expert report. That said, Solas *did* identify all documents that Mr. Credelle would rely upon, both shortly before discovery closed (Dkt. 167-13, at p. 7) and months prior (on March 12, 2020).

The parties' respective positions, in relevant part, are substantially identical that of the parties in *Mitsubishi*, down to Solas's diligence in discovery, Samsung's lack of diligence, Samsung's misreading of P.R. 3-1(e) and 3-2(b), and Samsung's erroneous conflation of a patent's "priority date" with the invention date, particularly in the context of the Patent Rules. *See Mitsubishi*, 2020 WL 3169372, at *5-*6. In a footnote, Samsung half-heartedly attempts to distinguish *Mitsubishi* by suggesting that Solas "did not produce any documents evidencing a conception date" (Reply, at 4 n. 2), which is plainly false. *See* Opp., at 3-5. Like in *Mitsubishi*, the facts of this case simply do not justify the lay-behind-the-log preclusion Samsung demands. *Id.*

Finally, Samsung attempts to excuse its mistake of law in assuming that "priority date" was the same thing as "invention date." Reply, at 4. Samsung cites *Apator Miitors ApS v. Kamstrup A/S*, 887 F.3d 1293, 1297 (Fed. Cir. 2018) (quoting *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d 1364, 1375-76 (Fed. Cir. 2016)), and says that the "Federal Circuit regularly refers to pre-filing conception and diligent reduction to practice as an earlier 'priority date.'" *Id.* Even a cursory reading of *Apator* and *In re Magnum* shows they do not support Samsung's argument that an "invention date" is a synonym for "priority date." Moreover, the language quoted by Samsung is a description of *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1379 (Fed. Cir. 2015), which, unlike here, involved a claim of priority to a provisional application. The *Mitsubishi* court addressed this same question and rejected the argument Samsung now advances. At bottom, Samsung fails to offer any compelling reason why preclusion is appropriate, just as the defendant failed to do in *Mitsubishi*.

4

## II. Mr. Credelle's Opinions Regarding the '338 Patent Are Reliable

In Reply, Samsung again contends that Mr. Credelle applied an incorrect construction of "project from a surface of the transistor array substrate" in the context of his opinion that Kobayashi did not disclose the relevant elements of the '338 patent. Reply, at 5. Samsung wrongly accuses Mr. Credelle of "importing limitations" to opine that element 118 of Kobayashi did not constitute an "interconnection" that projected from a surface of a transistor array substrate. This is a thinly-veiled attempt to reargue Samsung's proposed "above" theory for construing the "project from a surface of the transistor array substrate" phrase, which the Court rejected in reaching its construction: "extend beyond an outer surface of the transistor array substrate." Dkt. 99, at 18.

Under the Court's construction, a reasonable jury could find that element 118 of Kobayashi Figure 7 does not "extend beyond an outer surface of the transistor array substrate" (insofar as the alleged "surface" is located no where near element 118 and could not be said to "extend beyond" that surface). For that reason alone, Samsung's arguments should be rejected. Moreover, Samsung fails to respond to Solas's point that Samsung's argument reinterprets the claim language to merely require that the "interconnections" be located "outside" the transistor array substrate, which would render much of the claim and the Court's construction surplusage.

Samsung's reliance on element 91 of the '338 patent also does not help its argument. Interconnection 91 from the '338 patent's specification *supports* Mr. Credelle's application of the Court's construction. The '338 patent shows the claimed interconnections begin in the vicinity of the substrate and extend outward; in contrast, Kobayashi element 118 is not located proximate to the alleged "surface" but rather is located atop a thick "partition wall" 120. Finally, Mr. Credelle's opinions do not rely on conclusions about "proportions" of the figures in Kobayashi or the '338 patent, but do rely the Court's construction which specifically rejected Samsung's "above" theory which it now attempts to reargue.

For the forgoing reasons, Samsung's Motion should be denied.

5

Dated: August 17, 2020                    Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster (CA SB No. 181067)
Reza Mirzaie (CA SB No. 246953)
Neil A. Rubin (CA SB No. 250761)
Kent N. Shum (CA SB No. 259189)
Theresa Troupson (CA SBN 301215)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@raklaw.com
E-mail: rmirzaie@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: kshum@raklaw.com
E-mail: ttroupson@raklaw.com

Sean A. Luner
CA State Bar No. 165443
Gregory S. Dovel
CA State Bar No. 135387
Jonas B. Jacobson
CA State Bar No. 269912
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Email: sean@dovel.com
Email: greg@dovel.com
Email: jonas@dovel.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Charles Everingham, IV
Texas State Bar No. 00787447
E-mail: ce@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF SOLAS OLED, LTD.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 17, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A) and via Electronic Mail.

*/s/ Reza Mirzaie*
Reza Mirzaie

## CERTIFICATION OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this matter.

Dated: August 17, 2020                                             */s/ Reza Mirzaie*