**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD. | |
| Plaintiff, | |
| v. | Civil Action No. 2:19-cv-00152-JRG |
| SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., | |
| Defendants. | |

**DEFENDANTS' MOTIONS *IN LIMINE***

# **TABLE OF CONTENTS**

I.   No expert testimony by Solas's technical expert, Mr. Credelle, or related evidence or argument concerning non-infringing alternatives. .......................................................... 1

II.   No expert testimony by Mr. Credelle or related evidence or argument that the accused products include a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period. .............................................................. 1

III.  No evidence or argument regarding secondary considerations of non-obviousness. ............. 2

IV.  No evidence, argument, or suggestion relating to discovery disputes with Defendants. ........ 5

V.   No improper argument regarding the burden of proof. .......................................................... 6

VI.  No argument, evidence, testimony, insinuation, reference, or assertion of infringement or willful infringement based on documents not tied to the accused products. .................................. 6

VII. No evidence or argument about ████████████████████████████ or any copying of Atmel devices. .................................................... 8

VIII.     No evidence or argument about the alleged invention of the '311 patent inconsistent with the Court's claim construction. ........................................................................... 10

IX.  No evidence or arguments regarding the ████████████████████ ████████. .......................................................................... 11

X.   No evidence or argument concerning Defendants' overall size, wealth, and total revenues or profits from sales of end-user products, including products not accused in this case. ................. 13

XI.  No argument, testimony, insinuation, reference, or assertion that Defendants failed to obtain opinions of counsel against Solas's claim of willful infringement. ................................ 14

XII. No argument, evidence, testimony, insinuation, reference, or assertion relating to any litigations, rulings, or accusations against Defendants in unrelated legal proceedings or unrelated disputed matters between a Defendant and any third party. ...................................... 14

XIII.     No evidence or argument for the presumption of validity. ........................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
239 F.3d 1343 (Fed. Cir. 2001)..............................................................................................9

*In re Applied Materials, Inc.*,
692 F.3d 1289 (Fed. Cir. 2012)..............................................................................................3

*Biscotti Inc. v. Microsoft Corp.*,
No. 2:13-cv-01015, slip op. (E.D. Tex. May 30, 2017)........................................................14

*Chiron Corp. v. Genentech, Inc.*,
363 F.3d 1247 (Fed. Cir. 2004)..............................................................................................6

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
2:14-cv-911, 2016 WL 4374961 (E.D. Tex. Aug. 16, 2016)................................................10

*In re DBC*,
545 F.3d 1373 (Fed. Cir. 2008)..........................................................................................3, 4

*Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*,
851 F.2d 1387 (Fed. Cir. 1988)..........................................................................................3, 4

*Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*,
2:15-cv-1202-WCB, 2017 WL 959592 (E.D. Tex. Mar. 13, 2017) .....................................15

*Fractus, S.A. v. AT&T Mobility LLC*,
No. 2:18-cv-00135-JRG, slip op. (E.D. Tex. Sept. 30, 2019)...............................................14

*Genband US LLC v. Metaswitch Networks Corp.*,
2:14-cv-33-JRG-RSP, 2015 WL 12911530 (E.D. Tex. Sept. 30, 2015)..................................5

*Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:20-cv-00050-JRG-RSP, slip op. (E.D. Tex. Jun. 23, 2020).........................................12

*Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:16-cv-01314-JRG-RSP, slip op. (E.D. Tex. May 2, 2018)...........................................14

*Mobile Telecomm. Tech., LLC v. LG Electronics Mobilecomm U.S.A.*, 2016 WL
3611559 (E.D. Tex. Feb. 4, 2016) .....................................................................................1, 2

*Mars, Inc. v. Trurx LLC*,
No. 6:13-cv-526-RWS-KNM, slip op. (E.D. Tex. Apr. 18, 2016) .........................................13

*Novartis AG v. Torrent Pharms. Ltd.*,
853 F.3d 1316 (Fed. Cir. 2017)..............................................................................................4

*Ormco Corp. v. Alight Tech., Inc.*,
    463 F.3d 1299 (Fed. Cir. 2006)..........................................................................................3, 5

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
    2016 WL 7743510 (E.D. Tex. Sept. 21, 2016) ...........................................................................6

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
    No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015).....................13, 14

*Retractable Technologies Inc. v. Becton, Dickinson & Co.*, No. 2:07-cv-250, 2009
    WL 8725107 (E.D. Tex. Oct. 8, 2009) ....................................................................................14

*Semcon IP Inc. v. Huawei Device USA Inc.*,
    No. 2:16-cv-437, slip op. (E.D. Tex. Dec. 15, 2017).............................................................14

*Stragent, LLC v. Intel Corp.*,
    No. 6:11-cv-421, D.E. No. 274 (E.D. Tex. Feb. 27, 2014)......................................................6

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011).............................................................................................13

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B) ..................................................................................................................1

Fed. R. Civ. P. 26(e)(1)(A) .............................................................................................................2, 3

Fed. R. Civ. P. 37(c)(1) ...................................................................................................................2, 3

Fed. R. Evid. 103 ...............................................................................................................................1

Fed. R. Evid. 104(c) ..........................................................................................................................1

Fed. R. Evid. 401 .............................................................................................................................13

Fed. R. Evid. 402 ......................................................................................................................*passim*

Fed. R. Evid. 403 ......................................................................................................................*passim*

Fed. R. Evid. 408 .............................................................................................................................14

Pursuant to Federal Rules of Evidence 103 and 104(c), Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Defendants") respectfully request that the Court order that Plaintiff Solas OLED Ltd. ("Solas"), including its attorneys and witnesses, refrain from making any reference, statement, or allusion to any of the following matters in the presence of the jury, until the Court has had the opportunity to rule on the admissibility of such matters.

## I.      No expert testimony by Solas's technical expert, Mr. Credelle, or related evidence or argument concerning non-infringing alternatives.

Solas's technical expert, Mr. Credelle, has not disclosed any opinions regarding non-infringing alternatives. He did not address non-infringing alternatives in his expert reports, nor offer opinions about non-infringing alternatives in his deposition. Solas should therefore be precluded from introducing or relying upon opinions of Mr. Credelle about non-infringing alternatives. Any evidence, expert testimony, arguments regarding, or inquiries attempting to elicit any witness testimony relating to any expert opinions or the basis for any expert opinions not previously disclosed in an expert report should be excluded. Fed. R. Civ. P. 26(a)(2)(B). It is well settled that experts are precluded from offering any opinions not expressly addressed in their expert report. *See, e.g., Mobile Telecomm. Tech., LLC v. LG Electronics Mobilecomm U.S.A.*, Inc., 2016 WL 3611559, at *1 (E.D. Tex. Feb. 4, 2016) (granting motion in limine precluding "expert testimony that was not properly disclosed in an expert report . . . .") (quotations and citation omitted).

## II.     No expert testimony by Mr. Credelle or related evidence or argument that the accused products include a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period.

Solas's technical expert, Mr. Credelle, has not disclosed any opinion, let alone the basis for any opinion, that the accused products include a holding transistor which holds a voltage between

1

the gate and source of the driving transistor in a light emission period, as required by the asserted claims of the '338 patent. Mr. Credelle offered no specific analysis of this limitation in his opening expert report on alleged infringement or in the claim charts accompanying the report; rather, Mr. Credelle grouped a number of claim limitations and addressed them together, with no explanation, analysis, or reasoning as to how the accused products could be said to contain a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period. *See, e.g.,* Ex. 11 (Credelle Op. Rep., Ex. A-5) at 13-15. Mr. Credelle opines only that the accused holding transistor ███████████████████████████████████████████████

████████ *Id.* at 15. In deposition, Mr. Credelle testified that the alleged holding transistor in the accused products █████████████████████████████████████████████████. Ex. 2 (Credelle 7/3 Tr.) at 290:12–16, 291:7–18. Mr. Credelle did not testify that the alleged holding transistor holds a voltage between the gate and *source* of the alleged driving transistor. *See id.* Any evidence, testimony, arguments regarding, or inquiries attempting to elicit any testimony relating to any opinions or the basis for any opinions not previously disclosed in Mr. Credelle's report on this limitation should be excluded. *See, e.g., Mobile Telecomm. Tech.*, 2016 WL 3611559, at *1.

## III.     No evidence or argument regarding secondary considerations of non-obviousness.

Solas should be precluded from offering any evidence or argument of secondary considerations of non-obviousness for any of the asserted patents. *First*, Solas should be precluded from presenting evidence or argument as to any secondary consideration of non-obviousness not disclosed during fact discovery. Defendants served an interrogatory calling for Solas to identify all secondary considerations of nonobviousness that Solas contends apply to any asserted claim, and Solas did not disclose alleged copying or praise as secondary considerations of nonobviousness in its responses. Ex. 12 (Solas's January 21, 2020 Resp. to Defs.' 1st Set of Interrog.) at 13–15. Solas should therefore be precluded from asserting alleged copying of the

claimed inventions or praise for them at trial. Fed. R. Civ. P. 26(e)(1)(A) & 37(c)(1).

*Second,* in expert discovery, Solas did not offer any expert opinion on lack of contemporaneous invention or alleging copying. In fact, Solas has not contended, let alone offered expert opinion showing, that any products by the original assignees of the asserted patents, Casio (for the '450 and '338 patents) and Atmel (for the '311 patent), embodied any asserted claims. Solas should therefore be precluded from presenting evidence, testimony, or argument concerning those matters at trial.

*Third,* as to commercial success, long-felt but unfulfilled need, and failure by others (as well as copying), Solas has disclosed no expert opinion to show the necessary nexus between the claimed inventions and the alleged secondary considerations. "Evidence of commercial success, or other secondary considerations, is only significant if there is a nexus between the claimed invention and the commercial success." *Ormco Corp. v. Alight Tech., Inc.*, 463 F.3d 1299, 1311-1312 (Fed. Cir. 2006). "The burden of proof as to this connection or nexus resides with the patentee" who "in the first instance bears the burden of coming forward with evidence sufficient to constitute a prima facie case of the requisite nexus." *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988).

Solas relies on Defendants' sales as purported evidence of commercial success, but provides no evidence connecting the sales of Defendants' accused products to the merits of the claimed invention. Yet "[c]ommercial success is relevant to obviousness only if there is a nexus . . . between the sales and the merits of the claimed invention." *In re Applied Materials, Inc.*, 692 F.3d 1289, 1299 (Fed. Cir. 2012) (citations omitted). It is not enough to show sales of allegedly infringing products; "the proponent must offer proof that the sales were a direct result of the unique characteristics of the claimed invention—as opposed to other economic and commercial factors

unrelated to the quality of the patented subject matter." *In re DBC*, 545 F.3d 1373, 1384 (Fed. Cir. 2008) (citations omitted). Where, as here, "the thing that is" alleged to be "commercially successful is not coextensive with the patented invention—for example, if the patented invention is only a component of a commercially successful machine or process—the patentee must show prima facie a legally sufficient relationship between that which is patented and that which is sold." *Demaco*, 851 F.2d at 1392. Solas has not done so.

Neither of Solas's experts offered any opinion that the alleged commercial success of the accused products is attributable to the claimed inventions, much less to elements of the claimed inventions not known in the prior art. For the '450 and '338 patents, Solas's technical expert, Mr. Credelle, merely states that Solas's damages expert "provided a report on the extent of the commercial sales for that infringement . . . [a]nd without the stated benefits of the patent, these sales would have diminished." Ex. 1 (Credelle Reb. Rep.) at ¶¶ 456, 462. Yet "[i]n evaluating whether the requisite nexus exists, the identified objective indicia must be directed to what was not known in the prior art—including patents and publications . . . ." *Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1331 (Fed. Cir. 2017). Solas's damages expert undertook no such analysis, nor did Solas's technical expert. For the '311 patent, Solas's technical expert adds that certain documents "make[] clear that there is customer interest in claimed aspects, namely, ██ ████████████ Ex. 1 (Credelle Reb. Rep.) at ¶ 477. But ████████████████ were part of the prior art, as he admitted in deposition. Ex. 2 (Credelle 7/3 Tr.) at 369:22–370:1. Nowhere does he offer any opinion that the alleged commercial success is tied to what allegedly was not known in the prior art.

Solas's economic expert, Mr. Dell, touched on "commercial success" only in the context of alleged damages under *Georgia-Pacific* factor 8, not in the context of obviousness in view of

the prior art. *See* Ex. 3 (Dell Rep.) at ¶¶ 159–175. Mr. Dell acknowledges that "the inventions disclosed in the patents at issue … do not cover all features and functionalities of the Accused Products." *Id*. at ¶ 169. Thus, it is undisputed that the accused products are not coextensive with the claimed inventions. Yet Mr. Dell has not linked any sales of the accused products (smartphones) to features of the claimed inventions rather than other components of the smartphones, let alone aspects of the claims that allegedly distinguish them from the prior art. Nor would Mr. Dell be in a position to do so, as he is not a technical expert. Rather, Solas's experts wholly failed to analyze whether claim elements that allegedly differ from the prior art are the basis for commercial success.[1]

Solas's expert's opinions regarding long-felt but unfulfilled need and failure by others similarly lack the requisite nexus. Mr. Credelle provides no "probative evidence that claimed and novel features met a long-felt but unresolved need." *Ormco*, 463 F.3d at 1313. In fact, Mr. Credelle's analysis does not even identify the purportedly novel features of the claimed invention. This is readily apparent for the '450 patent, for instance, as Defendants have offered unrebutted expert testimony that claim 1 of the '450 patent was anticipated. (Dkt. 140 at 17–18.) Mr. Credelle has not identified any features that are purportedly novel features and were not disclosed in the prior art.

**IV.     No evidence, argument, or suggestion relating to discovery disputes with Defendants.**

The Court should preclude any reference to discovery disputes between Solas and Defendants. *See, e.g.*, *Genband US LLC v. Metaswitch Networks Corp.*, 2:14-cv-33-JRG-RSP, 2015 WL 12911530, at *4 (E.D. Tex. Sept. 30, 2015). For example, Solas should not be permitted

---

[1] Further, while Mr. Dell focuses primarily on a comparison of OLED to non-OLED displays, *see id*. at ¶¶ 171-173, the relevant prior art was OLED displays. Solas did not invent OLED displays, nor does it allege that OLED displays did not exist prior to the asserted patents.

to suggest that Defendants failed to comply with their discovery obligations, failed to take adequate steps to preserve relevant information, engaged in spoliation of evidence, made evidence unavailable or inconvenient, or otherwise took steps to prevent Solas from discovering relevant evidence. Solas raised no such argument with the Court during discovery, and any such argument at trial would be unfairly prejudicial and pose a serious risk of distracting the jury from the merits of the case, Fed. R. Evid. 403, and be irrelevant to any issue properly triable to the jury in this case, Fed. R. Evid. 402. If Solas had any concern regarding any alleged discovery deficiencies, such concerns should have been timely raised in a motion addressed to the Court, and not argued to the jury.

## V.     No improper argument regarding the burden of proof.

The Court should preclude analogizing the burdens of proof in this case to standards used in other areas of the law, or make use of improper analogies. In particular, no party should mention that the clear and convincing standard is the standard applied in personal injury, fraud, or other contexts where the risk of personal loss is prejudicially high. *See Parthenon Unified Memory Architecture LLC v. Apple Inc.*, 2016 WL 7743510, at *3 (E.D. Tex. Sept. 21, 2016); *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, D.E. No. 274, at 2 (E.D. Tex. Feb. 27, 2014) (precluding "[r]eferences to the 'clear and convincing standard in the Texas Family Code").[2] Accordingly, any such argument, testimony, or evidence should be precluded under Federal Rules of Evidence 402 and 403.

## VI.    No argument, evidence, testimony, insinuation, reference, or assertion of infringement or willful infringement based on documents not tied to the accused products.

Solas should be precluded from introducing any evidence or testimony, or making attorney

---

[2] Solas has agreed not to analogize the burdens of proof in this case to situations arising in the context of family law or criminal law, but declined to agree not to analogize the burdens to other contexts, including criminal law and fraud.

argument, comments, insinuation, or references to non-accused products or analyses of non-party products in order to argue infringement or willful infringement by Defendants. In briefing on dispositive motions, Solas has indicated that it intends to rely on documents unrelated to the accused products, and unrelated to Samsung Galaxy products at all, to argue for infringement or willful infringement. These documents would confuse the jury and unduly prejudice Defendants.

*First*, Solas has indicated that to argue willful infringement by Defendants, Solas intends to rely on claim charts created by a non-party that alleged infringement by products of a wholly different company, ▇. *See* Dkt. 166 at 5, 8 (citing Dkt. 166-12, SDC0254987, and Dkt. 166-13, SDC0254961). These claim charts do not concern any accused product. Nor were they even based on the Court's claim constructions. They cannot support any inference of willful infringement by Defendants with entirely different products, and would only serve to confuse the issues and prejudice Defendants.

*Second*, Solas indicated in its opposition to the motion for summary judgment of noninfringement of the '450 patent that Solas intends to have its technical expert, Mr. Credelle, rely on the design or structure of third-party, non-accused products as purported evidence that wholly different Samsung Galaxy products infringe. Such evidence would be irrelevant and highly prejudicial. Solas cites two documents, which illustrate the inappropriateness of such argument and evidence. One document is a diagram of a device of non-party ▇, which Mr. Credelle admitted in deposition is unrelated to any accused product. Ex. 4 (Credelle 7/2 Tr.) at 199:11–200:4. The second document is a teardown of an ▇, which was never accused of infringing the '450 patent and was launched nearly a year after the '450 patent had expired. Ex. 5 (Credelle Op. Rep.) at ¶ 137; Ex. 4 (Credelle 7/2 Tr. at 196:11–25). These documents have no relevance to whether the Samsung Galaxy products accused of infringing the '450 patent meet the

elements of the asserted claims. Mr. Credelle does not even offer any opinion or analysis that the third-party products infringe any asserted claim. Introduction of technical analyses of third-party products in an already complex case involving 24 accused products and three unrelated patents would serve only to confuse the jury and unduly prejudice Defendants.

*Third*, Solas's has indicated that it intends to rely on two Samsung Display patent documents, U.S. Patent Publication 2018/0033980 (SDC0332850) and U.S. Patent No. 10,541,279 (SDC0332769), to argue that one or more accused products include a flexible substrate and touch sensor "configured to wrap around one or more edges of a display." Ex. 5 (Credelle Op. Rep.) at ¶¶ 149–153. These patent documents, however, have not been linked to any accused products. They are not relevant to the issues in dispute and will serve only to confuse the jury. Accordingly, any such argument, testimony, or evidence should be precluded under Federal Rules of Evidence 402 and 403.

**VII.    No evidence or argument about ████████████████████████████
████████████████ or any copying of Atmel devices.**

Solas should not be permitted to introduce any evidence or testimony, or make attorney argument, comments, insinuation, or references to business dealings ████████████████████
██████, including to insinuate any "copying" by Defendants. Atmel, the original assignee of the '311 patent, was a supplier of a range of electronics, including components unrelated to the claimed invention of the '311 patent, ██████████████████████████████████████████ ████
███████████████████████████████████████████ el. Any ████████████████
██████████████████████████ after ██████████████████████████ necessarily did not involve or relate to the technology disclosed and claimed in the '311 patent. Thus, any evidence or argument about ████████████████████████████ would be irrelevant and unduly prejudicial. Further, any ████████████████████████████████████████████

████████ should be excluded as irrelevant and unduly prejudicial. The '311 patent was not published until May 2, 2013 and did not issue until February 9, 2016, and the "wrap around one or more edges of a display" limitation that led to allowance of the claims was not added until June 2015. Ex. 9 ('311 patent, June 19, 2015 Response to Office Action); Ex. 10 ('311 patent, September 24, 2015 Notice of allowance).

Solas does not contend (and could not contend) that Samsung Display copied any ████ ████████████ that embodied the claimed invention. To the contrary, Solas has not even contended that Atmel or Unipixel had a product practicing all elements of any claim of the '311 patent. Solas has no expert opinion that any Atmel or Unipixel product embodied any claim, which alone would be fatal to an allegation of copying. While Solas and Mr. Credelle have alleged that ████████████████████████████ that were allegedly "related to" the '311 patent, "evidence of copying [a patentee's product] is legally irrelevant unless the [product] is shown to be an embodiment of the claims." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1366 (Fed. Cir. 2001). Yet Solas has no expert opinion that an Atmel product, ████████████████████████, embodied any claims of the '311 patent.

Solas's expert also provides no analysis of how any Samsung Display product allegedly copied Atmel (or Unipixel) technology. To the contrary, Mr. Credelle testified that the ████████ ████████████████████████████████████████████, Ex. 2 (Credelle 7/3 Dep. Tr.) at 311:21-312:21, and that ████████████████ ████████████████████████████████████ *id.* at 471:10-472:23. And Solas could not argue that Samsung Display copied the basic concept of a metal-mesh touch sensor on a flexible substrate from Atmel, because that is not a novel feature of the '311 patent. Rather, metal mesh touch sensors were known in the prior art. Solas's own expert, Mr.

9

Credelle, concedes that "[b]efore the '311 patent, there was disclosure in the art of metal mesh sensors on PET substrates," *id.* at 369:22-370:7.

Accordingly, any ███████████████████████████████████████████████ ███████ would be irrelevant and would be unduly prejudicial under Federal Rules of Evidence 402 and 403 if Solas insinuated they suggest copying or willful infringement. This case is already complex due to Solas's assertion of three unrelated patents against 24 different Galaxy products. Introducing irrelevant ██████████████████████████ would only serve to confuse the issues, and a legally flawed insinuation of copying would be highly prejudicial. Accordingly, any such argument, testimony, or evidence should be precluded under Federal Rules of Evidence 402 and 403.

## VIII.   No evidence or argument about the alleged invention of the '311 patent inconsistent with the Court's claim construction.

Solas should be precluded from presenting arguments, testimony, or evidence that conflict with this Court's claim construction or claim construction order. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 2:14-cv-911, 2016 WL 4374961, at *4 (E.D. Tex. Aug. 16, 2016). For example, the Court construed the term "configured to wrap around one or more edges of a display" in claims 1 and 7 of the '311 patent to mean "configured to wrap around one or more intersections between two or more surfaces of a display." (Dkt. 99 (CC Mem. & Order) at 28.) To assert infringement, Solas has advanced a new interpretation of an "edge" inconsistent with the Court's construction, the disclosures of the '311 patent, and Solas's own prior positions. (*See* Dkt. 142 at 5-16; Dkt. 189 at 1-5.) Deposition testimony of named inventors of the '311 patent suggests that they may offer an interpretation of the claimed invention of the '311 patent that is broader than the Court's construction. *See, e.g.*, Ex. 6 (Yilmaz Dep. Tr.) at 44:22-45:18, 208:14-20, 210:12-17, 217:11-218:15 ("curved edge type designs. So some kind of curvature"). Any such testimony,



argument, or evidence presented by Solas or the named inventors is inconsistent with the Court's construction should be precluded by the Court.

**IX.     No evidence or arguments regarding the** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮

Solas should be precluded from offering any testimony, evidence, or argument concerning the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First, the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ should be excluded as lacking any relevance now that Solas has stipulated that the hypothetical negotiation for the '338 and '450 patents would have taken place in May 2013. (Dkt. 160 at 1–2.) Solas's damages expert, Mr. Dell, analyzed the ▮▮▮▮▮▮▮▮▮▮▮▮ only under an incorrect 2008/2009 hypothetical negotiation date presented in his expert report, which Solas is no longer advancing. (Dkt. 190 at 1.) By May 2013, however, the ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮. *Id.*; Ex. 3 (Dell Rep.) at ¶¶ 112–117. Mr. Dell offered no reason why ▮▮▮▮▮▮ would have been comparable to a May 2013 negotiation, ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Accordingly, any argument, testimony, or evidence concerning the ▮▮▮▮▮▮▮▮▮▮ should be precluded under Federal Rules of Evidence 402 and 403.[3]

Second, Solas should be precluded from introducing any testimony, evidence, or argument

---

[3] As explained in Defendants' *Daubert* motion to exclude the opinions of Solas's damages expert (*see, e.g.,* Dkt. 138 at 10–11), Solas's technical expert admitted that he formed no technical comparability opinions with respect to a significant portion of the ▮▮▮▮▮▮▮▮, leaving no foundation for Solas to establish any economic comparability between the ▮▮▮ and the asserted '338 and '450 patents. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should therefore be excluded for lack of foundation as well.

███████████████████████████████████████

concerning the ██████████████████████████████████████████████████

███████████████████ because Solas has no foundational expert opinion that either agreement

is comparable to a license for the '450 or '338 patent. Both the ████████████████████████

██████████████████████████████████████████████,[4] but Solas's

technical expert did not offer any technical comparability analysis concerning ███████████████

████████████████████████████████████. Absent such analysis, Solas's damages

expert has no foundation to establish any economic comparability between the █████████████

█████████████ and the asserted '338 and '450 patents. *See Image Processing Techs., LLC v.*

*Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00050-JRG-RSP, slip op. at 5 (E.D. Tex. Jun. 23, 2020)

(striking expert's reliance on license agreements because he "provide[d] no technical comparison"

between the licensed patents and "the only patent at issue in the present case").

Third, ████████████████████████ should be excluded for the additional reason that

Solas's damages expert expressly stated that he ████████████████████████████████████

███████████████████████████████████████████████████

████████ Ex. 3 (Dell Rep.) at ¶ 268. ████████████████████████████████ are therefore

irrelevant to his royalty calculations, would be confusing to the jury, and would be prejudicial to

Defendants.

Lastly, ████████████████████████████████████████████████████

████████████████████ should be excluded as irrelevant and unduly prejudicial. None of the



[4] ████████████████████████████████████████████████████████████

companies that are parties to these agreements would have been part of the hypothetical negotiation for the '338 and '450 patents. *See Mars, Inc. v. Trurx LLC*, No. 6:13-cv-526-RWS-KNM, slip op. at 8 (E.D. Tex. Apr. 18, 2016) (striking "Springer" license as "not relevant to the hypothetical negotiation" because the "relevant licensee . . . was not a party to the Springer license"). In addition, Solas's technical expert did not offer any opinions concerning the ███████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ should be excluded as irrelevant, confusing to the jury ,and prejudicial to Defendants.

## X.    No evidence or argument concerning Defendants' overall size, wealth, and total revenues or profits from sales of end-user products, including products not accused in this case.

Solas should be precluded from discussing Defendants' overall size, wealth, number of employees, and the total revenues or profits from Defendants' sales of end-user mobile phone products. Such information is irrelevant and unfairly prejudicial because it suggests that Defendants can afford to pay a larger damages award than might otherwise be supported by relevant evidence. *See* Fed. R. Evid. 401, 402, 403. Solas's damages expert does not base reasonable royalty opinions on this type of information. Solas's expert bases his damages calculation on just one component—the OLED display module—of the mobile phones accused of infringement in this case. Overall revenue figures at the level of the mobile phones are legally irrelevant and only risk to "skew the damages horizon for the jury" and prejudice the jury towards an inflated damages award. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011); *see also Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) (granting motion to "exclude evidence of Samsung's size, wealth, total revenues or profits"). Likewise, Solas should be precluded from

introducing evidence, argument, or suggestion of revenues or profits from non-accused products, because such information is irrelevant, confuses the issues, and is unfairly prejudicial. *See Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-cv-00135-JRG, slip op. at *12 (E.D. Tex. Sept. 30, 2019).

## XI.    No argument, testimony, insinuation, reference, or assertion that Defendants failed to obtain opinions of counsel against Solas's claim of willful infringement.

Defendants have elected not to assert an advice of counsel defense against Plaintiff's claims of willful infringement. Any suggestion that Defendants failed to obtain an opinion of counsel or suggestion that Defendants' non-reliance on an opinion of counsel defense should be excluded under Federal Rule of Evidence 403. *See Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-cv-01314-JRG-RSP, slip op. at 6 (E.D. Tex. May 2, 2018). Indeed, this District regularly grants this type of motion in limine as agreed. *See Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015, slip op. at 2 (E.D. Tex. May 30, 2017); *Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-437, slip op. at 5 (E.D. Tex. Dec. 15, 2017).

## XII.    No argument, evidence, testimony, insinuation, reference, or assertion relating to any litigations, rulings, or accusations against Defendants in unrelated legal proceedings or unrelated disputed matters between a Defendant and any third party.

The Court should preclude any evidence, testimony, or reference to other litigation involving any of the Defendants other than the present litigation under Federal Rules of Evidence 402 and 403. This District routinely excludes reference to other litigations. For example, in *Retractable Technologies Inc. v. Becton, Dickinson & Co.*, the court excluded such evidence because "[o]n balance, evidence of other litigation offered to prove Defendant's liability or the extent of damages should be excluded pursuant to at least Federal Rules of Evidence 403, 404, and 408." No. 2:07-cv-250, 2009 WL 8725107, at *2 (E.D. Tex. Oct. 8, 2009); *Rembrandt*, 2015 WL 627430, at *1. The Court should do the same here. Any reference to other litigations should be excluded because they are not relevant to any claim or defense in this lawsuit and any probative

value (if any) is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury.

## XIII.   No evidence or argument for the presumption of validity.

The Court should preclude Solas from referencing the presumption of validity to the jury. Attorney argument regarding the presumption of validity at trial confuses the jury and is prejudicial to Defendants. The Federal Circuit has explained that the presumption of validity "does not constitute 'evidence' to be weighed against a challenger's evidence." *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258–59 (Fed. Cir. 2004) (quoting *Avia Grp. Int'l, Inc. v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1998)). The Court's instructions, not attorney argument or witness testimony, is the appropriate means to advise the factfinder of any legal presumptions that may apply. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 2:15-cv-1202-WCB, 2017 WL 959592, at *6 (E.D. Tex. Mar. 13, 2017) ("[U]s[ing] . . . 'presumption of validity' would add little to the jury's understanding of the burden of proof on the validity issues. Moreover, the phrase might be confusing to the jury, to the extent that the jury is required to consider both that phrase and the Court's instructions on the burden of proof."). Accordingly, any such argument, testimony, or evidence should be precluded under Federal Rules of Evidence 402 and 403.

Dated: August 24, 2020

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS
SAMSUNG DISPLAY CO., LTD.,
SAMSUNG ELECTRONICS CO., LTD.,
AND SAMSUNG ELECTRONICS
AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this August 24, 2020.

*/s/ Melissa R. Smith*
Melissa R. Smith

## **CERTIFICATE OF CONFERENCE**

On August 21, 2020 and August 24, 2020, counsel for Solas and Defendants engaged in meet and confer conferences pursuant to Local Rule CV-7(h). Solas's counsel indicated that Solas is opposed to the relief sought by Defendants' motions *in limine*.

*/s/ Melissa R. Smith*
Melissa R. Smith

