**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD.<br><br>     Plaintiff,<br><br>          v.<br><br>SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>     Defendants. | Civil Action No. 2:19-cv-00152-JRG<br><br>████████████████ |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
DISPUTED MOTIONS *IN LIMINE* NOS. 1–11**

## **TABLE OF CONTENTS**

I.   Disputed motion *in limine* no. 1: to exclude evidence of no-longer-asserted claims, no-longer accused products, and/or non-asserted infringement theories. ....................................................... 1

II.  Disputed motion *in limine* no. 2: to exclude evidence of "background" prior art not properly disclosed in invalidity contentions to support arguments on invalidity. ........................................ 4

III. Disputed motion *in limine* no. 3: to exclude evidence and argument based on Defendants' patents and patent applications. ..................................................................................................... 6

IV.  Disputed motion *in limine* no. 4: to exclude evidence and argument regarding ■■■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ ....................................................................... 7

V.   Disputed motion *in limine* no. 5: to exclude evidence and argument regarding ■■■■■■ ■■■■■■■■■■■■■■■■■■■■■■■■ or related investment vehicle. ............................ 8

VI.  Disputed motion *in limine* no. 6: to exclude Dr. Sierros's "clarification" errata, which rewrites his testimony. ................................................................................................................. 9

VII. Disputed motion *in limine* no. 7: to preclude evidence or argument referring to Solas as litigious or business model as being focused on filing lawsuits. .................................................... 10

VIII. Disputed motion *in limine* no. 8: to exclude evidence of non-comparable licenses. ........... 11

IX.  Disputed motion *in limine* no. 9: to exclude late-produced, manufactured component cost document. .................................................................................................................................... 12

X.   Disputed motion *in limine* no. 10: to exclude evidence related to unavailable non-infringing alternatives. ................................................................................................................................. 13

XI.  Disputed motion *in limine* no. 11: to preclude evidence and argument regarding Defendants' equitable defenses. ...................................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
    No. 5:09-CV-135, 2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ...................................................... 1

*Cordis Corp. v. Boston Scientific Corp.*,
    561 F.3d 1319 (Fed. Cir. 2009) ....................................................................................................... 6

*Core Wireless Licensing S.A.R.L. v. LG Elec.*,
    No. 14-cv-00911-JRG, Dkt. 383 (E.D. Tex. Feb. 11, 2016) .................................................... 5

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
    No. 2:14-cv-00912-JRG, Dkt. 108 (E.D. Tex. Feb. 21, 2019) ............................................. 14

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
    No. 6:11-cv-00201-JRG, 2017 WL 2773944 (E.D. Tex. May 26, 2017)........................... 10

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*,
    No. 2:15-cv-00037-RWS-RSP, Dkt. 450 (E.D. Tex. July 25, 2017)...................................... 4

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014) ..................................................................................................... 11

*Fenner Inv., Ltd. v. Microsoft Corp.*,
    632 F. Supp. 2d 627 (E.D. Tex. 2009) ....................................................................................... 5

*Huawei Techs. Co., Ltd. v. Huang*,
    No. 4:17-cv-00893, 2019 WL 2077821 (E.D. Tex. May 9, 2019) ..................................... 10

*Hypertherm, Inc. v. Am. Torch Tip Co.*,
    No. 05-cv-373-JD, 2009 WL 435324 (D.N.H. Feb. 19, 2009)............................................ 6

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
    No. 2:12-cv-525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015) ......................................... 6

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    No. 06-cv-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ............................................. 13

*Meyer Intellectual Props. Ltd. v. Bodum, Inc.*,
    690 F.3d 1354 (Fed. Cir. 2012) ..................................................................................................... 14

*Micro Chem., Inc. v. Lextron, Inc.*,
    317 F.3d 1387 (Fed. Cir. 2003) ..................................................................................................... 13

*Mobile Telecomms. Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*,
    No. 2:13-cv-947-JRG-RSP, 2016 WL 3611559 (E.D. Tex. Feb. 4, 2016)........................... 10

*Perdiemco, LLC v. Industrack LLC,*
No. 2:15-cv-00727-JRG, Dkt. 250 (E.D. Tex. Oct. 13, 2016) ............................................... 4

*Prism Techs. LLC v. Sprint Spectrum L.P.,*
849 F.3d 1360 (Fed. Cir. 2017) ............................................................................................ 11

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.,*
No. 2:13-cv-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 30, 2015) ........................... 10

*Retractable Techs. Inc. v. Becton, Dickinson & Co.,*
No. 2:07-cv-250, 2009 WL 8725107 (E.D. Tex. Oct. 8, 2009)............................................. 6

*Tech Pharmacy Servs., LLC v. Alixa Rx LLC,*
No. 4:15-cv-766, 2017 WL 3318247 (E.D. Tex. Aug. 3, 2017)............................................ 4

*Tinnus Enters., LLC v. Telebrands Corp.,*
No. 6:17-cv-00170-RWS, 2018 WL 10539604 (E.D. Tex. Oct. 31, 2018)........................... 14

*VirnetX, Inc. v. Cisco Sys., Inc.,*
767 F.3d 1308 (Fed. Cir. 2014) ............................................................................................ 11

*Ziilabs Inc., Ltd. v. Samsung Elecs. Co. Ltd.,*
No. 2:14-cv-203-JRG-RSP, 2015 WL 7303352 (E.D. Tex. Aug. 24, 2015)......................... 5

*Ziilabs Inc., v. Samsung Elecs. Co. Ltd.,*
No. 2:14-cv-203-JRG-RSP, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015)....................... 1

**Other Authorities**

Fed. R. Civ. P. 30(e) ..................................................................................................................... 9

Defendants respectfully oppose Solas's motions *in limine* (Dkt. 226) ("MILs") as follows:

**I.    Disputed motion *in limine* no. 1: to exclude evidence of no-longer-asserted claims, no-longer accused products, and/or non-asserted infringement theories.**

Defendants do not intend to offer arguments about patent claims being dropped that do not relate to presently asserted claims. Defendants do, however, intend to present evidence and argument concerning claims that were dropped after expert reports to the extent that they relate to Solas's presently asserted claims or damages theories. For example, if Solas ceases to assert infringement of an independent claim, but maintains assertions as to one or more dependent claims from that independent claim—which Solas has suggested it may do—discussion of the independent claim would remain relevant and necessary both in term of issues of noninfringement and invalidity and also to Solas's damages theories.[1] Likewise, the two independent claims in the '311 patent contain numerous shared limitations, as do their respective dependent claims. To the extent that Solas drops its assertions as to one of the two independent claims in the '311 patent, Defendants' expert's analysis and discussion of shared claim limitations in the context of one of the independent claims (and its dependent claims) would continue to apply to the same limitations in the other independent claim (and its dependent claims).

Similarly, Defendants intend to rely on evidence concerning Samsung Galaxy and Apple products that Defendants' experts addressed in their expert reports, as these products are relevant to issues of alleged damages (including non-infringing alternative designs), the absence of willful infringement, and certain non-infringement issues concerning currently accused products. *See, e.g.*, *Ziilabs Inc., v. Samsung Elecs. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, 2015 WL 13617214, at *1 (E.D. Tex. Oct. 28, 2015) (permitting reference to no-longer-asserted claims "for a purpose

---

[1] Defendants have also agreed to withdraw exhibits concerning products that are not addressed in expert reports (e.g., the Sony PlayStation VR).

other than to show that [the plaintiff] has dismissed, abandoned, or dropped previously asserted claims"); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, No. 5:09-CV-135, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) (cautioning that grant of a motion to preclude argument that particular previously asserted claims had been withdrawn "should not be read to preclude globally all discussion of" such claims, and specifying that the parties could discuss withdrawn claims for "other permissible purpose[s]"). It also bears note that numerous products that Solas appears to identify as "dropped" remain accused of infringing a patent-in-suit, and Solas itself will therefore be introducing technical evidence about the products at trial.

These Samsung Galaxy and Apple products addressed by Defendants' expert in his rebuttal report illustrate, for example, non-infringing alternatives, which are highly relevant to disputed damages issues as Defendants would have had the ability to switch to alternative designs in lieu of paying royalties as part of any hypothetical negotiation. Dr. Fontecchio explains in his rebuttal report that certain products previously accused of infringing the '338 patent, such the Galaxy S10 and Galaxy S20, do not infringe—as Solas's expert has agreed—and illustrate a non-infringing design that would have been available to Samsung Display. Ex. 1 (Fontecchio Reb. Rep.) at ¶¶ 266–67; Ex. 8 (Credelle Dep. Tr. (July 2)) at 122:20–123:2; 180:9–12. Evidence about these non-infringing products also rebuts Solas's arguments about the alleged value of the claimed inventions of the '338 patent. Ex. 2 (Martinez Rep.) at ¶ 172.

Dr. Sierros also explains in his rebuttal report on the '311 patent that the previously accused Galaxy S10e illustrates a non-infringing design with a flat display, and that the previously accused Galaxy S6 Edge, S6 Edge+, S7 Edge, S8+, and Note 8, ██████████████████████████ ████████████████████████████████████████████ are also non-infringing designs that illustrate another non-infringing alternative. Ex. 3 (Sierros Reb. Rep.) at ¶¶ 56–82. Evidence

about these non-infringing products rebuts arguments that Solas makes about the alleged value of the claimed inventions of the '311 patent. Ex. 2 (Martinez Rep.) at ¶ 177.

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ Ex. 3 (Sierros Reb. Rep.) at ¶¶ 99-102. This fact is relevant to the issue of non-infringement of the products that Solas continues to accuse of infringing the '311 patent. *Id.* The fact that the ███████████████████ is found in the displays of both the accused products and the non-infringing design is also evidence that the demand for the accused products is not necessarily related to allegedly infringing features.

Further, as discussed in Defendants' opposition to Solas's motion to strike expert opinions concerning non-infringing alternatives, (Dkt. 162 at 12-14), the fact that Solas dropped its infringement allegations as to numerous products bears on Solas's claim of willful infringement, including alleged post-filing willfulness. The fact that Solas made accusations against numerous products but withdrew those accusations upon its analysis of the products, and the fact that Solas's own expert acknowledges that the products were dropped because they do not infringe, (*see* Ex. 8 (Credelle Dep. Tr. (July 2)) at 180:8–16; Ex. 9 (Credelle Dep. Tr. (July 3)) at 307:18–309:22, 313:9–314:7, 456:22–457:4, 492:20–25), is at least circumstantial evidence that Defendants had a good faith basis to believe their products were non-infringing despite the accusations leveled against them.

Finally, there is a set of Apple products that Solas accused of infringing the '338 patent and that remain in Solas's infringement contentions. Defendants have a counterclaim for declaratory judgment of non-infringement and Defendants' expert has offered unrebutted opinions

demonstrating that the Apple products do not infringe the asserted claims. Solas has refused to provide a covenant not to sue covering these products that would resolve the controversy over them. To the contrary, Solas simultaneously asserts infringement of these same '338 patent claims by these same Apple products in later-filed suit that it brought in the Western District of Texas. (Dkt. 188 at 6.) Thus, a controversy remains between Solas and Samsung Display concerning the supply of the OLED displays in those products. It would it would be unfair to Defendants and highly inefficient to refrain from conclusively resolving the matter now—where Solas does not dispute the lack of any evidence of infringement, after receiving full discovery, where Defendants counterclaimed for a judgment of noninfringement, and where Defendants have a reasonable apprehension of being sued and having their customers sued again on these same products.

Accordingly, Defendants should be allowed to introduce evidence and argument concerning previously accused products that are the subject of expert opinion disclosed in expert reports.

## II. Disputed motion *in limine* no. 2: to exclude evidence of "background" prior art not properly disclosed in invalidity contentions to support arguments on invalidity.

Defendants are not relying on the references challenged in this motion as part of an obviousness combination to prove invalidity, and thus the motion should be denied. Dr. Sierros and Dr. Fontecchio rely on these references in their expert reports to establish the state of the art and what one of skill in the art would have known at the time of the invention—*e.g.*, when widespread adoption of capacitive touch sensors and active matrix displays began, or the well-understood properties of materials otherwise described in Defendants' prior art references. *See, e.g.*, Ex. 4 (Sierros Op. Rep.) at ¶¶ 35, 43; Ex. 5 (Fontecchio Op. Rep.) at ¶¶ 46, 80. Much of the discussion of these background references appears to be undisputed. For instance, Dr. Fontecchio explains that passages in U.S. Patent No. 5,540,999, the Tsutsui reference, and the Adachi

reference illustrate that it was well known to persons of skill in the art at the time of the alleged invention of the '450 patent that a property of magnesium-silver (MgAg) is that it reflects light. Ex. 5 (Fontecchio Op. Rep.) at ¶ 80. Solas's expert, Mr. Credelle, has not argued otherwise.

Consistent with the experts' reports, Defendants and their experts should be permitted to rely on these references as background material to show the state of the art and the knowledge of a person of skill in the art. *See, e.g., Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*, No. 2:15-cv-00037-RWS-RSP, Dkt. 450 at 2 (E.D. Tex. July 25, 2017) ("Defendant is otherwise not precluded from relying on uncharted prior art in the context of background material relevant to the technology at issue, state of the art, or establishing what one of skill in the art would have known at the time of the invention."); *Tech Pharmacy Servs., LLC v. Alixa Rx LLC*, No. 4:15-cv-766, 2017 WL 3318247, at *2 (E.D. Tex. Aug. 3, 2017) (permitting use of reference that was excluded from a party's invalidity contentions "to establish knowledge of a POSITA"); *Perdiemco, LLC v. Industrack LLC*, No. 2:15-cv-00727-JRG, Dkt. 250 at 2 (E.D. Tex. Oct. 13, 2016) ("Geotab is otherwise not precluded from relying on uncharted prior art in the context of: (1) background material relevant to the technology at issue; (2) state of the art; and (3) establishing what one of skill in the art would have known at the time of the invention."); *Core Wireless Licensing S.A.R.L. v. LG Elec.*, No. 14-cv-00911-JRG, Dkt. 383 at 3 (E.D. Tex. Feb. 11, 2016) (holding that expert "may discuss non-elected prior art when explaining the state of the art"); *Ziilabs Inc., Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, 2015 WL 7303352, at *2 (E.D. Tex. Aug. 24, 2015) (allowing uncharted prior art to be used for "(1) background material relevant to the technology at issue; (2) state of the art; (3) establishing what one of skill in the art would have known at the time of the invention").

III.     **Disputed motion *in limine* no. 3: to exclude evidence and argument based on Defendants' patents and patent applications.**

Solas acknowledges that it believes a number of Defendants' patents and patent applications are relevant to issues in this case, and Solas seeks to itself present evidence of certain of Defendants' patents or applications. Moreover, Solas fails to delineate which of Defendants' patents or patent applications it contends are relevant or not relevant. Solas's vague motion, which fails to indicate what specifically it is asking the Court to exclude—let alone the reasons that would purportedly justify exclusion—should be denied.

Solas asserts that it "does not seek to preclude reference to specific patents or applications that are discussed for *legitimate reasons* in expert reports," (Dkt. 226 at 4 (emphasis added)), yet Solas fails to identify what patents or applications (if any) discussed in expert reports it contends should be excluded or what it contends are "legitimate reasons."[2] Dr. Fontecchio, for instance, discusses DTX-431, DTX-1180–81, and DTX-1184–88 in his rebuttal report. These patents, as well as certain others, describe the nature, function, and benefits of structures used in the accused products, and what are indisputably Defendants' independent contributions. Solas itself questioned Dr. Fontecchio in his deposition about features of the accused products by reference to the description in a Samsung Display patent discussed in Dr. Fontecchio's rebuttal report.

Defendants' patents directed to structures in accused products are relevant to the development process, Defendants' damages defense (including the value of additional features of

---

[2] Defendants note that Solas states that it plans to rely on certain of Defendants' patents to attack "Samsung's current position on disputed claim language." Dkt. 226 at 4 n.1. Any such attempt by Solas to reargue the Court's claim constructions to the jury would be improper, and Solas should not be permitted to challenge the Court's construction in such a backdoor manner. *See Fenner Inv., Ltd. v. Microsoft Corp.*, 632 F. Supp. 2d 627, 638 (E.D. Tex. 2009) ("No party should be allowed to argue to the jury claim constructions that are contrary to the court's claim constructions or to reassert to the jury claim constructions that the court has already expressly or implicitly rejected."); *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1336 (Fed. Cir. 2009) ("We have held that it is improper to argue claim construction to the jury . . . .").

the accused products), and to rebut Solas's allegations of willful infringement. *See, e.g.*, *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-cv-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009) (denying-in-part motion *in limine* "such that Defendant can present evidence of its own development efforts and patents for the limited purposes of rebutting allegations of willfulness and analyzing a reasonable royalty"); *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2015 WL 1518099, at *11 (E.D. Va. Mar. 31, 2015) ("A defendant's patents are relevant to rebut a claim of willful infringement . . . .") (citing *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 867 (Fed. Cir. 1985)). Moreover, to the extent that Solas is permitted to argue that citation of a Solas patent in one of Defendants' patents or patent applications supports a finding of willfulness, Defendants should be able to present evidence that there is no such citation in Defendants' patents or applications that are more closely related to the accused products.

Solas has identified no valid basis to exclude *in limine* evidence or argument based on Defendants' patents and applications. *Cf. Hypertherm, Inc. v. Am. Torch Tip Co.*, No. 05-cv-373-JD, 2009 WL 435324, at *3 (D.N.H. Feb. 19, 2009) ("Whether evidence of [defendant's] own patents and patent applications would be relevant and admissible . . . cannot be decided outside of the trial context.").

## IV.    Disputed motion *in limine* no. 4: to exclude evidence and argument regarding ███████

Defendants do not intend to offer evidence or argument regarding Solas's trial counsel's fee arrangement with its client, nor to portray Solas's counsel as ████████████████████ ██████ (Dkt. 226 at 5.) However, the referenced exhibits, *i.e.*, DTX-253 and DTX-254, are evidence concerning the valuation and sale of the '311 patent, which is relevant to the hypothetical negotiation. ██████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ All of that information is relevant to the sale and valuation of the '311 patent, and how ████████, the licensor in the hypothetical negotiation, would have negotiated. There is nothing misleading or inaccurate in the statements Solas cites. In particular, none of those statements suggest that Solas's counsel has an ownership interest in the '311 patent, as Solas suggests; rather, the statements demonstrate that ████████████ ████████████████████████████████████████ Defendants should not be precluded from offering evidence concerning the valuation and sale of the '311 patent, which is relevant to the hypothetical negotiation. Accordingly, this evidence should not be excluded.

V.  **Disputed motion *in limine* no. 5: to exclude evidence and argument regarding ███████████████████████████████ or related investment vehicle.**

Defendants do not intend to make arguments related to the fact that ████████████ █████████████████████

Solas's motion, however, appears to seek more broadly to exclude documents that are relevant to how the patent-owner at the time of the hypothetical negotiation, ████████ would have acted during the hypothetical negotiation. As discussed with respect to motion *in limine* no. 4,

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ DX-253 is an example. The mere fact that a document also names ██████████████████████████████████████ does not justify

excluding these highly probative documents, and, again, Defendants do not intend to highlight any references to hedge funds in such documents.

**VI. Disputed motion *in limine* no. 6: to exclude Dr. Sierros's "clarification" errata, which rewrites his testimony.**

Contrary to Solas's motion, Dr. Sierros's errata merely clarifies his response to one question concerning the thin-film encapsulation ("TFE") layer that forms the top layer of the OLED display. Solas's argument that Dr. Sierros "substantively changed and added" to his testimony to "conform[]" it to Defendants' litigation position, (Dkt. 226 at 8), is wrong and belied by Dr. Sierros's additional deposition testimony on the same topic—which Solas fails to cite—as well as his expert reports (which Solas also fails to cite). Shortly before the testimony that Solas selectively cites, Dr. Sierros had already made clear that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮:



Ex. 6 (Sierros Dep. Tr.) at 68:1–8 (emphasis added). Moreover, Dr. Sierros also reiterated later in deposition that ▮▮▮▮▮▮▮▮▮▮▮:



*Id.* at 200:3–9 (emphasis added). Solas ignores this testimony that contradicts the assertions in its motion. Not only did Dr. Sierros make his opinion clear in his deposition, Dr. Sierros consistently expressed the same opinion in his expert reports. *See, e.g.,* Ex. 3 (Sierros Reb. Rep.) at ¶ 95 ("Instead, these ▮▮▮▮▮▮▮▮▮▮▮▮▮); *id.* at ¶ 100 (" . . .

the ██████████████████████████████████████████████████); *id.*
at ¶ 154 ("As I have explained above, the ████████████████████.").

Dr. Sierros's errata—that ████████████████████████████████████
████████████████████████—is consistent with, and nearly verbatim to, his
earlier testimony in the deposition. It is also consistent with his later deposition testimony on the
same topic and his expert reports. The errata properly notifies Solas, well in advance of trial, that
Dr. Sierros misspoke in response to one question, and clarifies that Dr. Sierros's opinions are as
he had explained in his testimony both before and after that particular question as well as in his
expert reports. Solas cannot credibly claim prejudice based on Dr. Sierros's clarification. To the
extent Solas had any question as to any perceived difference between the single answer it
reproduces in its motion and Dr. Sierros's other testimony in the deposition, Solas had ample
opportunity to explore Dr. Sierros's opinions further in his deposition. This errata, to correct one
instance where an expert realized that he misspoke in response to a question but had provided his
clear opinion in response to both an earlier and a later question, is exactly the type of clarification
envisioned by Federal Rule of Civil Procedure 30(e). Any difference between Dr. Sierros's original
testimony and his errata is, at most, an issue for the jury to weigh. *Cf. Huawei Techs. Co., Ltd. v.
Huang*, No. 4:17-cv-00893, 2019 WL 2077821, at *7 (E.D. Tex. May 9, 2019) ("Defendants can
probe details surrounding the Errata on cross-examination of [the expert].").

## VII. Disputed motion *in limine* no. 7: to preclude evidence or argument referring to Solas as litigious or business model as being focused on filing lawsuits.

As Solas notes, Defendants have agreed not to refer to Solas as a "troll" or a "pirate." Nor
do Defendants intend to refer to other litigations. It is not clear what other "pejorative references"
(Dkt. 226 at 8) Solas seeks to exclude.

Consistent with this Court's practice, Defendants do intend to, and should be permitted to, describe Solas's licensing business and its status as a non-practicing entity. *See Mobile Telecomms. Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 2:13-cv-947-JRG-RSP, 2016 WL 3611559, at *2 (E.D. Tex. Feb. 4, 2016) ("DENIED-IN-PART this motion in limine as to references, evidence, testimony, or argument describing Plaintiff as a 'non-practicing entity' or 'NPE.'"); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.,* No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 30, 2015) ("This *limine* shall ***not*** prevent Defendants from arguing that Plaintiff is a patent assertion entity that does not manufacture or sell products in this field. This *limine* does ***not*** prohibit Defendants from characterizing Plaintiff as an entity that licenses and litigates, so long as those terms are used in conjunction with one another."); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-cv-00201-JRG, 2017 WL 2773944, at *1 (E.D. Tex. May 26, 2017) ("[T]he term 'patent assertion entity' or 'non-practicing entity' may be used . . . .").

## VIII.  Disputed motion *in limine* no. 8: to exclude evidence of non-comparable licenses.

Mr. Martinez explained in his expert report the comparability of a number of licenses to the hypothetical negotiation, and should be permitted to testify consistent with his expert report. *See* Ex. 2 (Martinez Rep.) at ¶¶ 127–36, 141 (citing Ex. 4 (Sierros Op. Rep.) at ¶¶ 126–29). As Defendants explained in detail in their opposition to Solas's motion to strike (Dkt. 164 at 1–8) and surreply (Dkt. 205 at 1–2), Mr. Martinez reliably established the comparability of the prior license agreements ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ under the applicable legal standards. *See, e.g.*, *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1368–71 (Fed. Cir. 2017) (permitting settlement agreements where there was "creditable expert evidence" about the "comparability of . . . [the licensed] technology"); *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014) ("[W]e have never required identity of circumstances; on the contrary, we have long

acknowledged that any reasonable royalty analysis necessarily involves an element of approximation and uncertainty." (internal quotation marks and citation omitted)); *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) (recognizing that "[p]rior licenses . . . are almost never perfectly analogous to the infringement action," and emphasizing how "the fact that a license is not perfectly analogous generally goes to the weight of the evidence, not its admissibility."). Accordingly, neither Mr. Martinez's opinions, nor the documents Mr. Martinez relied upon, should be excluded.

## IX. Disputed motion *in limine* no. 9: to exclude late-produced, manufactured component cost document.

This motion, which is directed to an exhibit produced by Samsung Display in fact discovery and that is discussed in the expert report of Mr. Martinez, is not an appropriate motion *in limine*. If anything, it is an exhibit objection, and one lacking merit at that. As Defendants explained in their opposition to Solas's motion to strike (Dkt. 164 at 8–13) and surreply (Dkt. 205 at 2–5), Solas's arguments about this document are unfounded and have no merit. The document Solas challenges is ███████████████████████████████████████████████████████ ████████████████████████████████████ (Dkt. 205 at 3.) This document was timely produced during the fact discovery period on May 27, 2020, following Solas's April 29, 2020 interrogatory response taking the position, for the first time, that "the smallest saleable unit is each of the accused products," which are entire smartphones containing innumerable components and functionalities. Ex. 7 (Solas's Responses to Defendants' Third Set of Interrogatories) at 11. The document was not "late-produced," and Solas's pejorative labels— calling it a "Frankenstein document" (Dkt. 226 at 10)—are unfounded and inappropriate.

Mr. Martinez discussed the document in his expert report and testified, based on his conversations with Mr. YongSeog Kim, that it consists of screenshots of ███████████████

███████████████████████████████

███████████████████████████████████████████████████████. (Dkt. 205 at 3.) Because the information resides in ██████████████████, Samsung Display obtained screenshots to show the information *as is* in its unaltered format. After the document was produced, Solas took the deposition of Mr. YongSeog Kim, whom Samsung Display had designated to testify as its corporate representative on the topics of, among other things, collection and production of documents. Solas questioned Mr. Kim about Samsung Display's purchase of other materials, and could have asked Mr. Kim about the collection and production of this document showing screenshots of purchase order entries for external touch sensors. Having declined to do so or to raise any of these questions with Defendants after the deposition, Solas now engages in rank speculation and seeks to exclude the document based on such unfounded speculation.

Moreover, Solas continues to ignore the manner in which Mr. Martinez relies on the price of the ██████████ In the portion of Defendants' opposition that Solas cites (Dkt. 164 at 12–13), Defendants explain that Mr. Martinez does not refer to the prices of ██████████ to calculate his proposed royalty for the '311 patent, and does not draw any equivalency between the ██████████ and the SSPPU for the '311 patent. Instead, Mr. Martinez uses the price of the ██████████ to exemplify Mr. Dell's error of overstating the royalty base for the '311 patent, *i.e.*, to demonstrate the problem with using the entire display as the royalty base as opposed to just the touch sensor. Ex. 2 (Martinez Rep.) at ¶¶ 286–87. For the same reasons that Mr. Martinez's opinions should not be excluded, neither should the component cost document.

## X.     Disputed motion *in limine* no. 10: to exclude evidence related to unavailable non-infringing alternatives.

Dr. Fontecchio explained in his rebuttal expert report that there was an available non-infringing alternative design with respect to the '338 patent. Ex. 1 (Fontecchio Reb. Rep.) at ¶¶ 266–67. Dr. Fontecchio explained, in detail, how a number of different products, including the

accused Apple products and the Galaxy S10 and S20, fail to include the limitations required by claim 1 of "a plurality of interconnections which are formed to project from a surface of the transistor array substrate, and which are arrayed in parallel to each other." *Id.* at ¶¶ 237–38, 266–67. As Dr. Fontecchio demonstrated, these products do not have ██████████████████████ ████████████████████████████████████████████████ *Id.* at ¶¶ 238, 266.

Further, as Defendants explained in detail in their opposition to Solas's motion to strike (Dkt. 162 at 3–9) and surreply in support thereof (Dkt. 204 at 1–5), the non-infringing alternatives were clearly "available" because Defendants "had the necessary equipment, know-how, and experience to implement th[e] non-infringing alternatives," *i.e.*, to ██████████████████ ████████████████████████████████████████████ *LaserDynamics, Inc. v. Quanta Computer, Inc.*, No. 06-cv-348, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011); *cf. Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003) ("[A] non-infringing substitute not on the market during the time of infringement may nevertheless have been 'available' for purposes of defeating a lost profits claim if other facts show the infringer could have manufactured the non-infringing alternative and would have known it would be acceptable to consumers at the time of infringement") (quoting *Am. Maize-Products Co.*, 185 F.3d 1341, 1349, 1353 (Fed. Cir. 1999)). As Dr. Fontecchio explained in his opening report, it was well known to persons of ordinary skill in the art as of September 2004—well before the May 2013 date of hypothetical negotiation—how to make such a modification. Ex. 5 (Fontecchio Op. Rep.) at ¶¶ 438–52. And Dr. Fontecchio's opinions were confirmed through discussions with Samsung Displays engineers. Ex. 1 (Fontecchio Reb. Rep.) at ¶ 267.

Accordingly, there is no basis to exclude evidence regarding the non-infringing alternative design to the '338 patent. *See Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-cv-00170-RWS,

2018 WL 10539604, at *2 (E.D. Tex. Oct. 31, 2018) ("The fact that [a] product is not on the market does not make it *per se* an unacceptable alternative. Rather, the practicality of such a product as an alternative is a point to be challenged on cross-examination.") (citations omitted).

**XI.** **Disputed motion *in limine* no. 11: to preclude evidence and argument regarding Defendants' equitable defenses.**

Contrary to Solas's assertion, Defendants did not represent that they intend to try their equitable defenses to the jury, as opposed to the Judge, and agree that such defenses are properly tried to the Court.

With respect to the remainder of Solas's motion, Solas improperly requests summary judgment under the guise of a motion *in limine*. But "motions *in limine* are *not* designed to . . . replace the dispositive motions prescribed by the Federal Rules of Civil Procedure and the deadlines afforded by this Court." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-00912-JRG, Dkt. 108 at 4 (E.D. Tex. Feb. 21, 2019). Accordingly, "in keeping with the Court's usual practice," this motion *in limine* should be denied. *Id.*; *see also Meyer Intellectual Props. Ltd. v. Bodum, Inc.*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) (vacating grant of a motion *in limine* that effectively acted as a summary judgment precluding an affirmative defense, emphasizing that "a motion in limine is not the appropriate vehicle for weighing the sufficiency of the evidence.").

Dated: August 31, 2020

Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS
SAMSUNG DISPLAY CO., LTD.,
SAMSUNG ELECTRONICS CO., LTD.,
AND SAMSUNG ELECTRONICS
AMERICA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this August 31, 2020.

*/s/ Melissa R. Smith*
Melissa R. Smith