UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Solas OLED Ltd., an Irish corporation, *Plaintiff*, vs. Samsung Display Co., Ltd., a Korean corporation, Samsung Electronics Co., Ltd., a Korean corporation, and Samsung Electronics America, Inc., a New York corporation, *Defendants*. | CASE NO. 2:19-cv-152-JRG <br><br> **JURY DEMANDED** <br><br> **FILED UNDER SEAL** |

**PLAINTIFF SOLAS OLED LTD.'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

I. OPPOSITION TO SAMSUNG MIL NO. 1 REGARDING NONINFRINGING ALTERNATIVES .................................................................................................. 1

II. OPPOSITION TO SAMSUNG MIL NO. 2 REGARDING THE HOLDING TRANSISTOR. ........................................................................................................... 2

III. OPPOSITION TO SAMSUNG MIL NO. 3 REGARDING SECONDARY CONSIDERATIONS OF NON-OBVIOUSNESS ...................................................... 3

IV. OPPOSITION TO SAMSUNG MIL NO. 4 REGARDING UNIDENTIFIED DISCOVERY DISPUTES ....................................................................................... 5

V. OPPOSITION TO SAMSUNG MIL NO. 5 REGARDING BURDENS OF PROOF ........... 6

VI. OPPOSITION TO SAMSUNG MIL NO. 6 REGARDING INFRINGEMENT "BASED ON DOCUMENTS NOT TIED TO THE ACCUSED PRODUCTS" ................................. 6

VII. OPPOSITION TO SAMSUNG MIL NO. 7 REGARDING ███████████ ███████████████████████████ OR "COPYING" OF ATMEL DEVICES ... 8

VIII. OPPOSITION TO SAMSUNG MIL NO. 8 REGARDING "EVIDENCE OR ARGUMENT" FOR THE '311 PATENT "INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION" ...................................................................................... 10

IX. OPPOSITION TO SAMSUNG MIL NO. 9 REGARDING ███████████ ███████ ................................................................................................................. 10

X. OPPOSITION TO SAMSUNG MIL NO. 10 REGARDING DEFENDANTS' OVERALL SIZE, ETC. .............................................................................................. 12

XI. OPPOSITION TO SAMSUNG MIL NO. 11 REGARDING SAMSUNG'S FAILURE TO OBTAIN OPINIONS OF COUNSEL ................................................................... 13

XII. OPPOSITION TO SAMSUNG MIL NO. 12 REGARDING OTHER LITIGATION ........ 14

XIII. OPPOSITION TO SAMSUNG MIL NO. 13 REGARDING THE PRESUMPTION OF VALIDITY. ............................................................................................................. 14

# TABLE OF AUTHORITIES

## Cases

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
　324 F. Supp. 3d 470  (D. Del. 2018) ................................................................................ 2
*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
　239 F.3d 1343 (Fed. Cir. 2001) ......................................................................................... 8
*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
　876 F.3d 1350 (Fed. Cir. 2017) ....................................................................................... 14
*Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys., LLC*,
　927 F.3d 1292 (Fed. Cir. 2019) ....................................................................................... 13
Eli Lilly & Co., No. 2:15-CV-1202-WCB,
　2017 WL 959592 (E.D. Tex. Mar. 13, 2017) ................................................................. 15
*Fleming v. Escort, Inc.*,
　No. 1:CV 09-105-BLW, 2012 WL 1995069 (D. Idaho Jun. 4, 2012) ............................ 15
*Georgia-Pacific Corp. v. United States Plywood Corp.*,
　318 F. Supp. 1116 (S.D.N.Y. 1970) ................................................................................ 12
*In re Seagate Tech., LLC*,
　497 F.3d 1360 (Fed. Cir. 2007) ....................................................................................... 13
*Intellectual Ventures I, LLC v. T-Mobile USA Inc., at al.*,
　2:17-cv-00577-JRG (E.D. Texas, Order issued on January 8, 2019) ..................... 2, 3, 4, 9
*Liqwd, Inc. v. L'Oreal USA, Inc.*,
　941 F.3d 1133 (Fed. Cir, 2019) ......................................................................................... 9
*Mars, Inc. v. Trurx LLC*,
　No. 6:13-cv-526-RWS-KNM (E.D. Tex. Apr. 18, 2016) ............................................... 12
*Monsanto Co. v. David*,
　516 F.3d 1009 (Fed. Cir. 2008) ......................................................................................... 2
*Perdiemco, LLC v. Industrak LLC*,
　No. 2:15-cv-727-JRG-RSP (Nov. 6, 2016 E.D. Tex.). ...................................................... 4
*Power Lift, Inc. v. Lang Tools, Inc.*,
　774 F.2d 478 (Fed. Cir. 1985) ........................................................................................... 9
*Tinnis Enterp., LLC v. Telebrands Corp.*,
　No. 6:16-cv-00033-RWS, D.I. 384 (E.D. Tex. Aug. 11, 2017) ............................... 5, 7, 8
*TQP Development, LLC v. Merrill Lynch & Co.*,
　No. 2:08-cv-471-WCB (E.D. Tex. Aug. 10, 2012) ........................................................... 4
*Tyco Healthcare Grp., LP v. Applied Med. Res. Corp.*,
　No. CIV.A. 9:06-CV-151, 2009 WL 5842063 (E.D. Tex. Mar. 30, 2009) .................... 14
*Ultratec, Inc. v. Sorenson Comm., Inc.*,
　No. 13-cv-346-bbc, 2014 WL 4955302 (W.D. Wis. Oct. 1, 2014) ................................ 15
*USAA v. Wells Fargo Bank, N.A.*,
　No. 2:18-cv-00366-JRG (E.D. Tex. Jan. 10, 2020) ........................................................ 14
*Wi-Lan Inc. v. HTC Corp.*,
　No. 2:11-cv-00068-JRG (E.D. Tex. Oct. 11, 2013) ....................................................... 14

## Rules

Fed. R. Evid. 703 ..................................................................................................................... 2

I.  **OPPOSITION TO SAMSUNG MIL NO. 1 REGARDING NONINFRINGING ALTERNATIVES.**

Samsung's MIL No. 1 is yet another attempt to wield its failure to timely disclose its proposed noninfringing alternatives to prejudice Solas. The motion is factually and legally baseless and is an untimely motion to strike expert opinions.

As explained in detail in Solas's Motion to Strike Samsung's Noninfringing Alternatives and its Opposition to Samsung's Motion to Exclude Opinions of Stephen Dell, Samsung withheld the identity of its proposed noninfringing alternatives until after Mr. Credelle (or Mr. Dell) would have been able to specifically address them in their respective opening expert reports. *See* D.I. 135 at 2-5; D.I. 160 at 12-15. But notwithstanding this, Samsung's assertion that Solas's technical expert Mr. Credelle "did not address noninfringing alternatives in his expert reports" is incorrect. D.I. 224 at 1. Mr. Credelle does include salient opinions that address Samsung's late-disclosed alternatives in his expert reports. In regard to Samsung's proposed alternative to the '338 patent, which is a 2019 "alternative design," Mr. Credelle devotes an entire section of his opening report to describing that Samsung has not demonstrated that it had available and acceptable noninfringing alternatives. Ex. A[1] at ¶¶ 182-184. This opinion stands because Samsung has failed, even to this day, to disclose any evidence of availability during the relevant 2013 time-frame. *See* D.I. 135. Regarding Samsung's proposed alternative to the '311 patent, Mr. Credelle, in both his opening and rebuttal expert reports, describes that Samsung's proposed prior art ▆▆▆▆▆▆ alternative lacks the benefits afforded by the '311 technology. *See, e.g.*, Ex. A at ¶¶ 98-101 (describing benefits of '311 patent over prior art ▆▆▆▆▆▆▆▆▆); Ex. B at ¶¶ 463-477 (describing benefits and praise of '311 patent over ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆).

To the extent Samsung now wishes to strike these paragraphs of Mr. Credelle's report, Samsung's motion is improper and untimely. The deadline to strike portions of expert reports was July 20, 2020. D.I. 129 ("No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court"). This Court has consistently denied as untimely,

---
[1] Unless otherwise indicated, all references to exhibits refer to exhibits to the Declaration of Reza Mirzaie, filed concurrently herewith.

in accordance with the plain terms of the DCO, such motions to strike posed as MILs. *See, e.g.*, *Intellectual Ventures I, LLC v. T-Mobile USA Inc., at al.*, 2:17-cv-00577-JRG (E.D. Texas, Order issued on January 8, 2019) (Ex. C) (Order on MILs do not apply to expert testimony, which should have been addressed in a Motion to Strike/*Daubert* Motion.).

Samsung's attempt to strike mere "reliance" on Mr. Credelle is also an untimely motion to strike such unidentified opinions. To the extent Samsung is referring to Solas's damages expert Mr. Dell's reliance on Mr. Credelle, Solas addressed this in its briefing in response to Samsung's Motion to Exclude Opinions of Mr. Dell. *See* D.I. 203 at 4, citing Fed. R. Evid. 703; *Georgia Pacific* Factor 14; *see also Monsanto Co. v. David*, 516 F.3d 1009, 1016 (Fed. Cir. 2008) ("Rule 703 expressly authorizes the admission of expert opinion that is based on 'facts or data' that themselves are inadmissible..."); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470 , 487-88 (D. Del. 2018) (denying *Daubert* motion to exclude economic expert's technical understandings regarding noninfringing alternatives because "[damages experts] may testify about non-infringing alternatives, to the extent that [their] testimony represents evidence [] relied upon in forming [their] opinion about damages.").

## II. OPPOSITION TO SAMSUNG MIL NO. 2 REGARDING THE HOLDING TRANSISTOR.

Mr. Credelle has offered the opinion that the . Ex. A, ¶ 115; Ex. D at 13–16. He has also explained how it does so, by ████ Ex. A, ¶ 124; Ex. D at 15–16. ████ Ex. A, ¶¶ 117, 124, 125; *see* Solas Opp'n to '388 Summary Judgment, Dkt. 165 at 5. Accordingly, the ████ Mr. Credelle should be permitted to present the opinions set forth in his report.

2

To the extent that Samsung seeks to prevent Mr. Credelle from testifying on those opinions in his report, Samsung's MIL is an untimely motion to strike and must be denied on that basis. D.I. 129; *Intellectual Ventures I*, 2:17-cv-00577-JRG (Order issued Jan. 8, 2019) (Ex. C). Mr. Credelle's response to a deposition question about ▇▇▇▇ also does not justify excluding Mr. Credelle's opinions. He did not testify that the ▇▇ ▇▇▇▇▇▇▇▇▇▇. There is no logical reason that a ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Samsung has not presented any evidence that suggests a ▇▇▇▇▇▇ could not do both. Thus, there is no contradiction between Mr. Credelle's infringement opinion and the quoted testimony. But even if there were a contradiction, that is not a basis for exclusion. Mr. Credelle is permitted to offer the opinions set forth in his report, and Samsung is free to cross-examine him on any purported contradiction.

### III. OPPOSITION TO SAMSUNG MIL NO. 3 REGARDING SECONDARY CONSIDERATIONS OF NON-OBVIOUSNESS

Samsung's second MIL is an improper *Daubert* motion that seeks to prevent Solas's technical and damages expert from testifying to the factual and legal issues underlying secondary considerations of non-obviousness. Samsung's arguments, however, either merely question the sufficiency of evidence to rebut a conclusion of obviousness or the sufficiency of the opinions of Solas's experts, neither of which render the opinions or underlying evidence inadmissible.

First, Samsung alleges Solas did not specifically disclose "alleged copying or praise" as secondary considerations in its discovery responses and so Solas should be precluded from arguing those secondary considerations at trial. Mr. Credelle, however, in his rebuttal report regarding validity, analyzed evidence that that demonstrated both praise and copying for the inventions of the asserted patents. *See, e.g.*, Ex. B at ¶¶ 474-76. Not only that, Samsung's attorney specifically questioned Mr. Credelle about what exactly Samsung copied from the patentees in an effort to challenge his opinion on non-obviousness. *See* Ex. E, at 470:15-472:23. Samsung's MIL is not

only an improper "gotcha" argument to strike arguments for which it was on notice but also an untimely *Daubert* motion which must be denied.

Second, Samsung says Solas offered no "expert opinion" on "lack of contemporaneous invention or alleged copying." This is incorrect. *See, e.g.*, Ex. B at ¶¶ 455, 459, 475 (discussing lack of contemporaneous invention by Samsung and others), 475-76 (observing that "Samsung studied [the patentee's] designs and relied on them to build out their mesh sensors."). To the extent Samsung's MIL seeks to preclude Mr. Credelle from testifying to those facts, that effort is an untimely *Daubert* motion under the DCO. Moreover, any alleged failure by either Mr. Credelle or Mr. Dell "to address [a] secondary consideration" does not "render[] his testimony inadmissible. Any failure to address or give weight to particular factors that may be regarded as bearing on obviousness go to the weight of the expert's testimony, not its admissibility." D.I. 599, at 6, *TQP Development, LLC v. Merrill Lynch & Co.*, No. 2:08-cv-471-WCB (E.D. Tex. Aug. 10, 2012).

Finally, Samsung argues that Solas "has disclosed no expert opinion to show the necessary nexus between the claimed inventions and the alleged secondary considerations" including long-felt need and commercial success. This argument wholly ignores what Mr. Credelle and Mr. Dell actually discussed in their expert reports. Solas's experts discussed in detail the evidence showing a nexus between secondary considerations and the benefits of Solas's patents. *See* Ex. B at ¶¶ 452-56, 457-62, 463-477; Ex. F at ¶ 174 ("Samsung has experienced significant commercial success and popularity of the Accused Products as a result of the technology described in the patents at issue.").[2]

Moreover, these arguments plainly amount to an untimely motion to strike these expert opinions. *See, e.g., Intellectual Ventures I,* 2:17-cv-00577-JRG (Ex. C) (order on MILs does not

---

[2] Mr. Credelle opines on evidence showing the "nexus between that commercial success [of Samsung's products] and the patent claims." *Id.* ¶ 477. Moreover, Mr. Credelle's opinion that Samsung infringes the patents itself "demonstrates a nexus between his secondary consideration opinions regarding commercial success and long felt need and the claimed technology." D.I. 293, *Perdiemco, LLC v. Industrak LLC*, No. 2:15-cv-727-JRG-RSP (Nov. 6, 2016 E.D. Tex.).

4

apply to expert testimony, which should have been addressed in a Motion to Strike/*Daubert* Motion).

Samsung's other arguments as to Mr. Credelle and Mr. Dell's testimony are disputes about the correctness of their analysis of the evidence, which provide no reason for their exclusion. "These type[s] of arguments do not give the Court a basis to strike [expert] opinions based upon a lack of reliability as they go to the weight of his opinions and not the admissibility." *Tinnis Enterp., LLC v. Telebrands Corp.*, No. 6:16-cv-00033-RWS, D.I. 384, at 8-9 (E.D. Tex. Aug. 11, 2017) (denying motion to strike expert opinions on secondary considerations).

## IV. OPPOSITION TO SAMSUNG MIL NO. 4 REGARDING UNIDENTIFIED DISCOVERY DISPUTES

Samsung's MIL No. 4 seeks to exclude reference to unidentified "discovery disputes," which Samsung defines as including any failure of Samsung to produce relevant evidence. D.I. 224 at 5-6. Samsung has not identified any specific dispute at issue, and in fact says that no such disputes were even raised in discovery. The Court should deny this motion as vague and overbroad. Granting a generalized motion *in limine* such as this creates a significant burden on both the parties and the Court. For example, because the requested order is not focused on any real dispute or issue, during trial Solas would have to guess at its metes and bounds and approach the Court prior to questioning that has any possibility of touching on "discovery disputes" or an absence of evidence. For example, experts often, and properly, refer to the absence of party documents as relevant to their analysis. Thus, in this case, Solas's expert has found relevant the fact that, while Samsung intends to rely on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮, Samsung has not produced similar data for the accused products. Ex. F, Dell Report at footnotes 360, 439.

This example might or might not fit within Samsung's broad definition of "discovery disputes"; that's the problem. This vague preclusion will therefore create the need to approach the Court, a disruptive and inefficient procedure compared to requiring Samsung to follow the normal procedure of objecting to a question it believes to be irrelevant and/or prejudicial. Such an

objection would be made to a specific question, in a specific context, thus allowing the Court to rule on a real dispute rather than a vague hypothetical issue.

## V.     OPPOSITION TO SAMSUNG MIL NO. 5 REGARDING BURDENS OF PROOF

This is another vague MIL in search of a dispute. Samsung seeks to exclude analogies to "other areas of the law" and even more generally "improper analogies." Yet the parties have already agreed not to analogize to the types of cases addressed in the cases Samsung cites in its MIL: family law and criminal law. D.I. 225 (stipulated MIL No. 5). Samsung has identified no reason for the more vague, generalized relief it seeks beyond this stipulation, and this MIL should be rejected for the same reasons as Samsung's MIL 4.

## VI.    OPPOSITION TO SAMSUNG MIL NO. 6 REGARDING INFRINGEMENT "BASED ON DOCUMENTS NOT TIED TO THE ACCUSED PRODUCTS"

Samsung's sixth MIL seeks to exclude two infringement claim charts in Samsung's possession which demonstrate its pre-suit knowledge of the asserted patents and how the claims of the patents were interpreted to cover the smartphones of Samsung's competitors. *See* D.I. 166, at 5 (discussing two claim charts provided to Defendants in mid-2015). According to Samsung, these documents "cannot support any inference of willful infringement" because they are "entirely different products" from the Samsung smartphones accused of infringement in this case. Not so. That the claim charts map the '338 and '450 patents onto the smartphones of Samsung's main competitor does not mitigate their probative effect in establishing Samsung's ***pre-suit knowledge of those patents*** as of the date it possessed those charts and, equally importantly, how the claims could be interpreted to map onto Samsung's substantially similar smartphones, both of which are facts that are obviously highly relevant to Solas's claim for willful infringement against Samsung. Knowledge of the patents is also relevant to Solas's inducement claim against Samsung. As Samsung's allegation of jury confusion and unfair prejudice goes unexplained, it cannot serve as a basis for exclusion. Indeed, even if they were to provide some reason for any such "prejudice," that does not and could not outweigh the probative value of this evidence anyway.

Next, Samsung alleges that Mr. Credelle relies on "the design or structure" of ▮▮ products to oppose Samsung's summary judgment motion for noninfringement of the '450 patent. This is inaccurate. Solas's opposition relies on Samsung's documents showing how Samsung's OLED manufacturing processes and products infringe the claims and does not, as Samsung implies, rely upon the two documents relating to ▮▮ products cited in Samsung's MIL. *See* D.I. 169, at 1-9. The two documents in question are discussed by Mr. Credelle in his infringement report as examples of how the manufacturers, including Samsung, produce OLED display panels where the organic electroluminescent layer (OEL) layer is at least as large as the underlying pixel electrodes. Mr. Credelle's discussion of a photograph showing the Samsung-manufactured OLED panel used in the ▮▮ shows how Samsung's manufacturing processes result in ▮▮, exactly as shown in Samsung's own products. Ex. A at ¶ 137. Samsung's analysis of a ▮-manufactured OLED panel, showing the same relationship between the ▮ ▮, is further evidence supporting Mr. Credelle's opinions. At any rate, "[t]hese type[s] of arguments do not give the Court a basis to strike [expert] opinions based upon a lack of reliability as they go to the weight of his opinions and not the admissibility." *Tinnis Enterp., LLC*, No. 6:16-cv-00033-RWS, D.I. 384, at 8-9.

Finally, Samsung seeks to exclude a Samsung patent application and patent which demonstrate, specifically with respect to the '311 patent, that its principal non-infringement argument based on the patent's "edge" claim language, which the Court construed as "intersection[] between two or more surfaces," is a litigation-generated position directly contradicted by how Samsung's own patents use the terms "edge" and "surface." *See* Ex. A at ¶¶ 147-55. Samsung's argument that the documents are "not relevant to the issues in dispute" is directly refuted by the the parties' briefing on Samsung's summary judgment motion disputing whether the accused products have an "edge" or not. *See, e.g.*, D.I. 168, at 3-6.

7

## VII. OPPOSITION TO SAMSUNG MIL NO. 7 REGARDING ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ OR "COPYING" OF ATMEL DEVICES

In MIL seven, Samsung seeks a sweeping exclusion of expert opinions and related argument based on any evidence of ▓▓▓▓▓▓▓▓▓▓▓ copying" taking place during the ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As Samsung's motion confirms, this evidence spanned a number of years, covering the dates ranging from the filing of the patent to many years later. What Samsung does not mention is that the evidence here includes many confidential documents, including highly confidential technical documents provided "under NDA," evidence that Samsung knew about ▓▓▓▓'s patents and ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓, and more.

This broad request to preclude this evidence fails on numerous grounds and should be rejected. As an initial matter, Samsung's motion appears to rest on an incorrect and irrelevant premise: that is, there is no way any of this evidence could be relevant to any issue in this trial because Solas has no evidence that any "▓▓▓▓▓▓▓▓▓▓ product" embodied any claims of the '311 patent. But that is demonstrably false. Solas has laid out examples of precisely this evidence and even moved for partial summary judgment based on it. *See* Dkt. No. 142. At any rate, there also is no law that supports the notion that there can be no relevant evidence of "copying" for the purposes of willfulness or secondary indicia of nonobviousness unless the accused infringer directly copied a physical embodiment of the asserted patent claims—and Samsung's citation to *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343 (Fed. Cir. 2001), certainly does not fill this gap because that case did not suggest that other copying relevant to patent applications or issued patent claims cannot provide such evidence. Rather, these "type[s] of arguments do not give the Court a basis to strike [expert] opinions based upon a lack of reliability as they go to the weight of his opinions and not the admissibility." *Tinnis Enterp., LLC*, No. 6:16-cv-00033-RWS, D.I. 384, at 8-9.

Moving past this first false premise, Samsung argues that Solas is out of luck here because its patent filing was *too early* and the patent issuance was *too late* to render any of the evidence

relevant. While perhaps deserving high marks on creativity, this argument fails on its merits because it finds no support in the law. For example, Samsung's notion that the patent filing was too late because it was merely ███████████████████████████████ ████████████████████ is directly contradicted by controlling law. Indeed, the Federal Circuit recently confirmed this point in *Liqwd, Inc. v. L'Oreal USA, Inc.*, 941 F.3d 1133, 1136-39 (Fed. Cir, 2019). In that case, the Patent Trial and Appeal Board excluded evidence regarding the development of products "due to access to non-public information about [Liqwd's] patent application" because, according to the Board, it could not show "copying of the type that is relevant to the question of obviousness of the challenged claims of the '419 patent." But the Federal Circuit found this to be error and reversed, because evidence of copying relating to the patent application can demonstrate copying. *Id.*; *see also, e.g.*, *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 482 (Fed. Cir. 1985) (affirming jury verdict and finding no error in jury instruction that "[c]opying of an invention covered by a patent application, if such copying continues after the existence of a patent is made known, *is evidence of willfulness*.") (emphasis added).

Samsung also uses pure attorney argument to lodge attacks on the substance of Solas's expert opinions on these issues. Here, Samsung lodges criticisms on which claim words were in the prior art and which were not. But these irrelevant and nitpicky attacks provide no basis for exclusion of the expert opinions.

But these attacks on Solas's expert opinions only confirm why Samsung's motion fails for another, independent reason. It attempts to strike expert opinions and related evidence through its two-page motion *in limine* on the eve of trial. That is improper. Here, as in many of their other motions, Samsung never moved to strike any expert opinions or other contention evidence proffered by Solas—and we are now well past the deadline to do so. And it would be prejudicial and otherwise incorrect to consider Samsung's motion on this late in the day and in this limited record, on which it still fails on the merits in any event. *See, e.g.*, *Intellectual Ventures I,* 2:17-cv-00577-JRG (Ex. C) (Order on MILs do not apply to expert testimony, which should have been

addressed in a Motion to Strike/*Daubert* Motion.). Samsung's motion can and should be denied for this independent reason alone.

## VIII. OPPOSITION TO SAMSUNG MIL NO. 8 REGARDING "EVIDENCE OR ARGUMENT" FOR THE '311 PATENT "INCONSISTENT WITH THE COURT'S CLAIM CONSTRUCTION"

Samsung's MIL eight asserts Solas "advanced a new interpretation of an 'edge'" that is purportedly "inconsistent" with the Court's claim construction. This an improper and untimely *Daubert* motion directed to how Mr. Credelle applied the Court's claim construction to opine on Samsung's infringement of the '311 patent. Further, the parties have already briefed Samsung's claim construction-based noninfringement position in connection with Samsung's summary judgment motion. *See* D.I. 168, at 3-16; D.I. 209, at 1-4. This MIL should be denied for the reasons set forth in Solas's opposition and sur-reply to Samsung's summary judgment motion. Samsung cannot credibly argue Solas applied a "new interpretation" of the claim language and, as already shown in D.I. 168 and 209, it is **Samsung** that seeks judgment based on a misapplication of the Court's claim constructions.

Solas will not make any argument or presentation that is inconsistent with this Court's claim construction.

## IX. OPPOSITION TO SAMSUNG MIL NO. 9 REGARDING ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Samsung's ninth MIL is an improper, belated, and baseless *Daubert* motion against Solas's damages expert, Stephen Dell.

Samsung moved to exclude Mr. Dell's reliance on the ▇▇▇▇▇▇▇▇▇▇▇▇▇ in its Motion to Exclude Damages Opinions of Stephen Dell, but it failed to make any of the arguments it now makes in its Motion *in Limine*. *See* D.I. 138 at 7-12. Samsung's *Daubert* motion also failed entirely to address the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which it now belatedly seeks to exclude, and which Mr. Dell relies on in his report. *Id*. As explained above in the response to

10

Samsung's MIL No. 1, Samsung should not be permitted to belatedly raise *Daubert* issues and/or seek to strike expert opinions well after the case deadline to make such motions.

In any event, Samsung's arguments are baseless. Samsung argues that "Mr. Dell analyzed the ▓▓▓▓▓▓ only under an incorrect 2008/2009 hypothetical negotiation date" and "Mr. Dell offered no reason why ▓▓▓▓▓▓ would have been comparable to a May 2013 negotiation, two years after it had been superseded by the execution of the 2011 agreement." Samsung misses that Mr. Dell's report explicitly considers, under the 2013 hypothetical negotiation scenario, that "the same licensing evidence would be known to the parties." *See* D.I. 138, Ex. 1 at n.146, D.I. 160, Ex. A at n. 443. Mr. Dell also, under both 2008/2009 and 2013 scenarios, addressed that the ▓▓▓▓▓▓, as well as the ▓▓▓▓▓▓, set forth ▓▓▓▓▓▓ that also "would be relevant to the parties at the hypothetical negotiation given their technical comparability related to AMOLED module displays, as well as Samsung's willingness to enter into a patent license agreement…" that ▓▓▓▓▓▓ *See* D.I. 203, Ex. H. at n. 242; Ex. F at ¶¶ 112-134.

Samsung also argues, for the first time in this case, that Mr. Dell's opinions concerning the ▓▓▓▓▓▓ should be excluded because Mr. Dell allegedly does not assess the comparability of the agreements. This is also untrue. Mr. Dell and Mr. Credelle undertake a comprehensive comparability analysis of the ▓▓▓▓▓▓, which includes assessing economic and technical matters. *See* Ex. F at ¶¶ 112-134. That maybe ▓▓▓▓▓▓ at most provides a factual attack on Mr. Dell and Mr. Credelle's analysis, which, as explained in Solas's Opposition to Samsung's Motion to Exclude Damages Opinions of Stephen Dell, is not based on patent counting or rate division. *See* D.I. 160 at 6-9.

Last, Samsung belatedly seeks to exclude Mr. Dell's opinions regarding ▓▓▓▓▓▓. Mr. Dell considers these agreements as part of his *Georgia Pacific* Factor 12 analysis. Ex. F at ¶¶ 236-255. Mr. Dell

11

in no way excluded these agreements from his analysis, as Samsung claims. To the contrary he includes ***unchallenged*** comparability opinions regarding each agreement, and concludes "it is my opinion that Casio and Samsung would consider these relevant comparable royalty rates indicators and benchmarks for the '450 and '338 Patents as part of the hypothetical negotiation between the parties." *Id.* at ¶ 255. Samsung's belated attempt to exclude almost the entirety of Mr. Dell's *Georgia Pacific* Factor 12 analysis[3] should be rejected as untimely and baseless.

## X. OPPOSITION TO SAMSUNG MIL NO. 10 REGARDING DEFENDANTS' OVERALL SIZE, ETC.

Samsung's MIL No. 10 seeks to exclude three categories of financial evidence. The first, regarding Defendants' company-wide financials, has already been stipulated to by the parties (a fact Samsung oddly omits from its Motion. D.I. 225 (Stipulated MIL No. 6). The second category is financial evidence regarding "non-accused products." Samsung provides no indication of what it means by this, and it is not clear what Samsung could mean, given that Samsung is itself seeking to rely on information regarding non-accused products. D.I. 226 at 2. The Court should deny relief on this category as overly vague.

The third category is financial information regarding the accused products, and on this point Samsung's motion is yet another belated *Daubert* motion. Mr. Dell's report includes extensive discussion ███████████████████████████████████████████████████████████ ████████████████████ Ex. F, Dell Rpt. ¶¶ 260-263. Mr. Dell also analyzes the commercial success of the accused products under Factor 8, including SEA's revenues and profitability. *Id.* at

---

[3] Samsung's cited order, *Mars, Inc. v. Trurx LLC*, No. 6:13-cv-526-RWS-KNM, slip op. at 8 (E.D. Tex. Apr. 18, 2016) is inapposite. That order decided motions to exclude expert testimony, which, explained above, are not proper subject of MILs in this Court. Further, the order excluded discussion of the "Springer" license (which was to a design patent) because the expert improperly considered the nonparty license under *Georgia Pacfic* Factor 2 ("[t]he rates paid by the licensee for the use of other patents comparable to the patents-in-suit."). Here, Mr. Dell properly considers the nonparty comparable ████████ under *Georgia Pacific* Factor 12, which addresses "[t]he portion of profit or selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions." *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

12

¶¶ 159-161. Samsung did not move to exclude any of these specific opinions by the deadline for *Daubert* motions.

Moreover, discussion of the sales price of the accused devices, as compared to the display modules therein, is particularly necessary to counter Samsung's false claim that Mr. Dell has not apportioned the accused product. D.I. 160 at 3-5. It is important for Mr. Dell to be able to explain to the jury that he apportions the base from mobile phones selling for ▅▅▅▅▅ (Ex. F at Att. 6C), down to a display module that SDC sells for ▅▅▅▅▅ (*id.* at Att. 5C), and which SEA sells, as a replacement part, for ▅▅▅▅▅ (*id.* at Att. 7). Moreover, it is important to note that this is not the "pennies on the dollar" argument warned against in *Uniloc*, as here the SSPPU represents a much more significant portion of the accused product than that at issue in *Uniloc*, and Mr. Dell is both applying and fully explicating his apportionment rather than claiming the entire value of the accused product. *See Elbit Sys. Land and C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1302 (Fed. Cir. 2019) (*Uniloc* not applicable where focus is on per-unit price or revenue and royalty rate not being applied to unapportioned base).

## XI. OPPOSITION TO SAMSUNG MIL NO. 11 REGARDING SAMSUNG'S FAILURE TO OBTAIN OPINIONS OF COUNSEL

Samsung's eleventh MIL seeks to preclude Solas from asking Samsung's witnesses whether they obtained opinions of counsel in connection with Solas's patents or even making any arguments therefrom based on Samsung's failure to do so. Samsung's citations to *Kaist IP*, *Biscotti*, and *Semcon* do not help its argument. In each of those cases, the parties agreed to exclude reference to accused infringers' non-reliance on opinions of counsel. Solas does not so agree.

As an initial matter, Solas does not intend to argue that Samsung had an affirmative duty to obtain opinion of counsel. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). The trier of fact, however, is permitted to "hear testimony that a defendant did not seek advice of counsel in determining whether, under the totality of the circumstances, any infringement by the defendant was willful" as long as "no adverse inference is drawn as to what the advice may have been." *Tyco Healthcare Grp., LP v. Applied Med. Res. Corp.*, No. CIV.A. 9:06-CV-151, 2009 WL

5842063, at *3 (E.D. Tex. Mar. 30, 2009); *cf. Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (finding substantial evidence supported willfulness verdict in part because infringer "waited years before seeking advice of qualified and competent counsel"). Thus, for the same reasons the Court denied HTC's motion in *Wi-Lan Inc. v. HTC Corp.* to preclude "alleged failure to obtain opinion of counsel," Samsung's MIL here should also be denied. *See* D.I. 608, No. 2:11-cv-00068-JRG (E.D. Tex. Oct. 11, 2013); *id.* at D.I. 601, No. 2:11-cv-00068-JRG (October 3, 2013 hearing transcript) ("THE COURT: You don't think there's a difference between having an affirmative duty to get one and merely including, among all the other evidentiary matters, that opinion wasn't obtained?").

## XII. OPPOSITION TO SAMSUNG MIL NO. 12 REGARDING OTHER LITIGATION

As with Samsung's MIL Nos. 4 and 5, this is another very broad, very vague MIL, in which Samsung identifies no actual dispute or specific evidence or argument at issue, while seeking broad relief. The requested MIL might, for example, cover settlements of litigation relied upon by both parties in their damages arguments. As with MIL's 4 and 5, this request for broad and vague relief should be denied.

## XIII. OPPOSITION TO SAMSUNG MIL NO. 13 REGARDING THE PRESUMPTION OF VALIDITY.

Congress has directed that "[e]ach claim of a patent . . . shall be presumed valid." 35 U.S.C. § 282(a). In accord with this statutory command, this Court has instructed juries that "[a]n issued patent, ladies and gentlemen, is accorded a presumption of validity." Ex. G, Trial Transcript of *USAA v. Wells Fargo* at 1313; *see* Ex. H, 2019 AIPLA Model Patent Jury Instructions at 4 ("[a] patent is presumed to be valid."). Samsung cites to no authority that it is incorrect to instruct a jury on the presumption of validity or that it is improper for a party to present evidence or argument that accords with the applicable legal standards, as embodied in the Court's jury instructions.

The *Enfindergemeinschaft* case does not teach otherwise. There, the circuit judge sitting by designation indicated that he would not be referring to "presumption of validity" in his jury instructions and that it would be confusing to the jury for them to hear that phrase in addition to

the court's instructions on the burden of proof. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 959592, at *6 (E.D. Tex. Mar. 13, 2017). Assuming that the Court is instructing the jury on the statutory presumption, the concerns in *Enfindergemeinschaft* do not apply here. *See also Fleming v. Escort, Inc.*, No. 1:CV 09-105-BLW, 2012 WL 1995069, at *4 (D. Idaho Jun. 4, 2012) (explaining statutory presumption "promoted understanding, not confusion"); *Ultratec, Inc. v. Sorenson Comm., Inc.*, No. 13-cv-346-bbc, 2014 WL 4955302, at *1 (W.D. Wis. Oct. 1, 2014) (denying similar motion and "instructing jur[y] about the presumption and permitting the lawyers to refer to it in their arguments").

Dated: August 31, 2020

Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster (CA SB No. 181067)
Reza Mirzaie (CA SB No. 246953)
Neil A. Rubin (CA SB No. 250761)
Kent N. Shum (CA SB No. 259189)
Theresa Troupson (CA SBN 301215)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: mfenster@raklaw.com
E-mail: rmirzaie@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: kshum@raklaw.com
E-mail: ttroupson@raklaw.com

Sean A. Luner
CA State Bar No. 165443
Gregory S. Dovel
CA State Bar No. 135387
Jonas B. Jacobson
CA State Bar No. 269912
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Email: sean@dovel.com
Email: greg@dovel.com
Email: jonas@dovel.com

T. John Ward, Jr.
Texas State Bar No. 00794818
E-mail: jw@wsfirm.com
Charles Everingham, IV
Texas State Bar No. 00787447
E-mail: ce@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
E-mail: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF SOLAS OLED, LTD.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 31, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

>                             */s/ Reza Mirzaie*
>                             Reza Mirzaie

**CERTIFICATION OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this matter.

Dated: August 31, 2020                         */s/ Reza Mirzaie*