# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

SOLAS OLED LTD.,

                              *Plaintiff,*

   v.

SAMSUNG DISPLAY CO., LTD., et al.,

                              *Defendants.*

Case No. 2:19-cv-00152-JRG

## PROPOSED JOINT PRETRIAL ORDER

## [PUBLIC VERSION]

Pursuant to the Fourth Amended Docket Control Order (Dkt. 158) and Rule 16 of the Federal Rules of Civil Procedure, Plaintiff Solas OLED, Ltd. ("Solas") and Defendants Samsung Display Co,  Ltd. ("SDC"), Samsung Electronics Co., Ltd. ("SEC"), and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants") submit  this Proposed Joint Pretrial Order. Subject to the other rulings made at the September 8, 2020 Pretrial Conference in Marshall, Texas, the Court enters this Order.

## I.     COUNSEL FOR THE PARTIES

Attorneys for Plaintiff Solas:
Marc A. Fenster (CO-LEAD ATTORNEY)
Reza Mirzaie  (CO-LEAD ATTORNEY)
Adam S. Hoffman
Neil Rubin
Philip X. Wang
Kent N. Shum
Jacob Buczko
James S. Tsuei
Theresa Troupson
RUSS AUGUST & KABAT
12424 Wilshire Boulevard
Suite 1200
Los Angeles, CA 90025
310/826-7474
Fax: 310/826-6991
Email: mfenster@raklaw.com
Email: rmirzaie@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com
Email: pwang@raklaw.com
Email: kshum@raklaw.com
Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com
Email: ttroupson@raklaw.com

Andrea Leigh Fair
Thomas John Ward, Jr.
Claire Abernathy Henry
Charles Everingham, IV
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
903-757-6400
Fax: 903-757-2323
Email: andrea@wsfirm.com
Email: jw@wsfirm.com
Email: claire@wsfirm.com
Email: ce@wsfirm.com

Gregory Scott Dovel
Sean Aaron Luner
Jonas B. Jacobson
Dovel & Luner
201 Santa Monica Blvd Suite 600
Santa Monica, CA 90401
Email: greg@dovellaw.com
Email: sean@dovellaw.com
Email: jonas@dovellaw.com

Attorneys for Defendants:

Melissa R. Smith
GILLAM &SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Phone: (903) 934-8450
Fax: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Robert T. Haslam
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800
Email: rhaslam@cov.com

Jeffrey H. Lerner
David A. Garr
Jared R. Frisch
Daniel W. Cho
Tarek J. Austin
Eric O'Brien
Jordan V. Hill
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291
Email: jlerner@cov.com
Email: dgarr@cov.com
Email: jfrisch@cov.com
Email: dwcho@cov.com

Scott A. Schrader
Chang Sik ("Charles") Kim
COVINGTON & BURLING LLP
22nd Fl., Meritz Tower, 382, Gangnam-daero

Gangnam-gu, Seoul, Republic of Korea
Phone: +82-2-6281-0111
Fax: +82-2-6281-0207
Email: sschrader@cov.com
Email: cskim@cov.com

## II.     STATEMENT OF JURISDICTION

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.* Subject-matter jurisdiction, personal jurisdiction, and venue are not disputed in this case.

## III.     NATURE OF THE ACTION

### A.     Solas's Statement Regarding Description of the Case

In this patent-infringement action, Solas alleges that Defendants have infringed and continue to infringe certain claims of U.S. Patent Nos. 6,072,450 ("'450 Patent"); 7,446,338 ("'338 Patent); and 9,256,311 ("'311 patent") (together, the "Patents-in-Suit").

Solas has asserted the following claims of the '450 Patent, '338 Patent, and '311 Patent (collectively, the "Asserted Claims"):

'450 Patent: Claims 4 and 5

'338 Patent: Claims 1, 5, and 9;

'311 Patent: Claims 7, 8, and 12.

The accused products in this case are Defendants' mobile phones that utilize organic light emitting-diode ("OLED") technology and/or flexible metal mesh touch sensors (the "Accused Products"). The Accused Products for each asserted patent are indicated in the below chart:

| Marketing Name | '450 Patent | '338 Patent | '311 Patent |
|---|---|---|---|
| Galaxy Note 3 | x | x | |
| Galaxy Note 4 | x | x | |
| Galaxy Note 4 Edge | x | x | |
| Galaxy Note 5 | x | x | |
| Galaxy Note 8 | x | x | |
| Galaxy Note 9 | | x | x |
| Galaxy Note 10 | | | x |

| | | | |
|---|---|---|---|
| Galaxy Note 10 Plus | | | x |
| Galaxy S4 | x | x | |
| Galaxy S5 | x | x | |
| Galaxy S6 Edge Plus | | x | |
| Galaxy S7 | x | | |
| Galaxy S7 Edge | x | | |
| Galaxy S8 | x | x | x |
| Galaxy S8 Plus | x | x | |
| Galaxy S9 | | x | x |
| Galaxy S9 Plus | | x | x |
| Galaxy S10 | | | x |
| Galaxy S10 Plus | | | x |
| Galaxy S10 5G | | | x |
| Galaxy S20 | | | x |
| Galaxy S20 Plus | | | x |
| Galaxy S20 Ultra | | | x |
| Galaxy Z Flip | | | x |

Solas seeks a reasonable royalty for Defendants' alleged infringement and enhanced damages under 35 U.S.C. § 284. Solas seeks its costs, expenses, and attorneys' fees under 35 U.S.C. § 285, prejudgment and post-judgment interest, accounting, and any other relief the Court deems appropriate.

### B.    Defendants' Statement Regarding Description of the Case

This is an action for patent infringement brought by Solas against SDC, SEC, and SEA asserting three patents: (1) U.S. Patent Nos. 6,072,450 ("'450 Patent"), which expired in November 2017, (2) U.S. Patent No. 7,446,338 ("'338 Patent), and (3) U.S. Patent No. 9,256,311 ("'311 patent"). Solas alleges that certain smartphones containing organic light-emitting diode ("OLED") displays manufactured by SDC infringed claims 1, 4–6, and 8 of the '450 patent and that certain smartphones containing OLED displays manufactured by SDC infringe claims 1, 5, 6, 9, and 10 of the '338 patent. Solas also alleges that certain smartphones containing touch sensors of infringing claims 1, 2, 4–8, 10–13, 15, 16, and 18 of the '311 patent.[1]

---

[1] Solas has indicated that it is dropping certain of the asserted claims of the Patents-in-Suit.

Defendants have counterclaimed for a declaratory judgment of non-infringement and invalidity of the asserted claims of each Patent-in-Suit and a declaratory judgment of unenforceability of the '311 patent based on inequitable conduct. Defendants deny the allegations of infringement, and allege that the asserted claims are invalid as anticipated or obvious in view of the prior art, lack adequate written description, and/or are not enabled. Defendants oppose Solas's claims for damages, and Defendants seeks their costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.

## IV.  CONTENTIONS OF THE PARTIES

### A.  Solas's Statement of Its Contentions

This is a patent infringement case. Solas is the owner of the '450 Patent, '338 Patent, and '311 Patent. As the owner, Solas has the right to exclude others from using the inventions, and to enforce, sue and recover damages for past and future infringement of the Patents-in-Suit. The Accused Products infringe the Patents-in-Suit, and Solas is entitled to monetary compensation for this infringement.

The invention of the '450 patent relates to an architecture for an OLED matrix that improves the useful light-emitting area of OLED circuits while shielding thin-film transistors from harmful light from the OLED layer. The invention of the '338 Patent relates to a multi-transistor OLED circuit design used in display panels with light-emitting elements, such as organic electroluminescent panels. The invention of the '311 patent relates to flexible touch sensors for use in display panels, such as those on a mobile phone, tablet, computer, or other device. Defendants directly and/or indirectly infringe each of the Asserted Claims by making, using, offering for sale, and/or selling within the United States, importing into the United States, and/or inducing third parties to use, the Accused Products that meet the limitations of the Asserted Claims. Solas contends that Defendants cannot show that any of the Asserted Claims are invalid under §§ 102, 103, 112, or any other applicable law. Nor can Defendants show that any of their affirmative defenses have any merit.

Solas seeks both pre-verdict and post-verdict damages and an accounting, if necessary, to compensate Solas for Defendants' infringement, but in no event less than a reasonable royalty. Solas also seeks prejudgment and post-judgment interests and costs, including enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

**B.    Defendants' Statement of Their Contentions**

SDC designs and manufactures OLED displays, which it sells to manufacturers of smartphones. Samsung Electronics Co., Ltd. ("SEC") manufactures smartphones, including the Galaxy and Galaxy Note series of smartphones. Samsung Electronics America, Inc. ("SEA") is a subsidiary of SEC, which markets and sells Galaxy and Galaxy Note smartphones

Defendants deny that their accused mobile phone products infringe any of the Asserted Claims of the '450 Patent. Defendants contend that the Asserted Claims of the '450 Patent are invalid for being anticipated or obvious in view of the prior art under 35 U.S.C. §§ 102 and/or 103. Defendants further contend that the Asserted Claims of the '450 Patent lack adequate written description under 35 U.S.C. § 112 and are not enabled.

Defendants deny that their accused mobile phone products infringe any of the Asserted Claims of the '338 Patent. Defendants contend that the Asserted Claims of the '338 Patent are invalid for being anticipated or obvious in view of the prior art under 35 U.S.C. §§ 102 and/or 103. Defendants further contend that the Asserted Claims of the '338 Patent lack adequate written description under 35 U.S.C. § 112 and are not enabled.

Defendants deny that their accused mobile phone products infringe any of the Asserted Claims of the '311 Patent. Defendants contend that the Asserted Claims of the '311 Patent are invalid for being anticipated or obvious in view of the prior art under 35 U.S.C. §§ 102 and/or 103. Defendants further contend that the Asserted Claims of the '311 Patent are unenforceable based on the inequitable conduct of the named inventors of the '311 Patent, the attorneys responsible for prosecuting the application that led to the '311 Patent, and the Atmel employees responsible for supervising the prosecution of the application that led to the '311 Patent.

Defendants deny that their conduct has been willful. Defendants dispute and oppose Solas's claims for damages. Defendants contend that this case is exceptional and that Defendants are entitled to reasonable attorneys' fees and costs (and consultant fees and costs) pursuant to 35 U.S.C. § 285.

## V.   STIPULATIONS AND UNCONTESTED FACTS

### A.   Solas's and Defendants' Statement of Uncontested Facts

1.     Solas OLED Ltd. is an Irish company.

2.     Samsung Electronics Co., Ltd. is a Korean company that manufactures consumer electronics, including the smartphones accused in this case.

3.     Samsung Electronics America, Inc. is a New York corporation that maintains places of business within Texas and sells the accused smartphones in the U.S.

4.     Samsung Display Co., Ltd. is a Korean company that designs and manufactures displays, including OLED displays, which it sells to manufacturers of smartphones, including Samsung Electronics Co., Ltd.

5.     The '450 Patent is entitled "Display Apparatus."

6.     The named inventors of the '450 Patent are Hiroyasu Yamada, Tomoyuki Shirasaki, and Yoshihiro Kawamura.

7.     The named inventors of the '450 Patent assigned their rights to Casio Computer Co., Ltd., a Japanese company.

8.     The non-provisional U.S. patent application that led to the '450 Patent was filed on November 21, 1997, and the patent issued on June 6, 2000.

9.     The '450 patent expired on November 21, 2017.

10.    The '338 Patent is entitled "Display Panel."

11.    The named inventors of the '338 Patent are Tomoyuki Shirasaki, Tsuyoshi Ozaki, and Jun Ogura.

12.    The named inventors of the '338 Patent assigned their rights to Casio Computer Co., Ltd., a Japanese company.

13. The non-provisional U.S. patent application that led to the '338 Patent was filed on September 26, 2005, and the patent issued on November 4, 2008.

14. The '338 Patent will expire on December 21, 2025.

15. The '311 Patent is entitled "Flexible Touch Sensor."

16. The named inventors of the '311 Patent are Esat Yilmaz, Steven Alan Laub, and Jalil Shaikh.

17. The named inventors of the '311 Patent assigned their rights to Atmel Corporation, which was acquired by Microchip Technology Inc.

18. The non-provisional U.S. patent application that led to the '311 Patent was filed on October 28, 2011, and the patent issued on February 9, 2016.

19. The '311 Patent will expire on July 23, 2032.

20. Solas will not present theories of infringement for the '450 patent and '338 patents at trial under the doctrine of equivalents.

## VI.   CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated. To the extent any issues of law discussed below is deemed to be an issue of fact, or any issue of fact deemed to be an issue of law, it is incorporated into the appropriate section. The parties reserve the right to identify additional factual or legal issues that may arise, including those issues raised in any motions *in limine*.

### A.   Solas's Statement of Contested Issues of Fact and Law

<u>Infringement</u>:

1. Whether Solas has shown by a preponderance of the evidence that any Defendant has directly or indirectly infringed and is directly or indirectly infringing any of the Asserted Claims and whether such infringement is or has been willful.

<u>Invalidity</u>:

2. Whether Defendants have shown by clear and convincing evidence that the asserted prior art reference or references invalidate any of the Asserted Claims.

8

Patent Damages/Remedies:

3.     Whether Solas is entitled to a "reasonable royalty" under 35 U.S.C. section 284 for Defendants' infringement, if proven, and the total amount of such royalty.

4.     Whether and how much damages, costs, expenses, prejudgment and post-judgment interest, accounting, supplemental damages, attorneys' fees under 35 U.S.C. § 285, and any other relief to award to Solas.

**B.     Defendants' Statement of Contested Issues of Fact and Law**

1.     Whether Solas has proved by a preponderance of the evidence that any of the accused products infringes any of the Asserted Claims of the '450 Patent under 35 U.S.C. § 271(a).

2.     Whether Solas has proved by a preponderance of the evidence that any of the accused products infringes any of the Asserted Claims of the '338 Patent under 35 U.S.C. § 271(a).

3.     Whether Solas has proved by a preponderance of the evidence that any of the accused products infringes any of the Asserted Claims of the '311 Patent under 35 U.S.C. § 271(a).

4.     Whether Defendants have shown by clear and convincing evidence that one or more claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of the prior art.

5.     The priority date of the '311 Patent is October 28, 2011.

6.     Whether Solas has standing to sue for the '338 Patent and the '450 Patent.

7.     If infringement of a valid claim of the '311 Patent is found, whether Solas's claims for damages should be limited due to failure to comply with 35 U.S.C. § 287(a).

8.     If infringement of a valid claim of the '338 Patent is found, whether Solas is entitled to damages, and, if so, what amount.

9.     If infringement of a valid claim of the '450 Patent is found, whether Solas is entitled to damages, and, if so, what amount.

10.     If infringement of a valid claim of the '311 Patent is found, whether Solas is entitled to damages, and, if so, what amount.

11.     Whether Solas has proved by a preponderance of the evidence that any infringement by Defendants of any of the Asserted Claims of the '450 Patent has been willful.

12.     Whether Solas has proved by a preponderance of the evidence that any infringement by Defendants of any of the Asserted Claims of the '338 Patent has been willful.

13.     Whether Solas has proved by a preponderance of the evidence that any infringement by Defendants of any of the Asserted Claims of the '311 Patent has been willful.

14.     Whether Defendants have proved that this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Defendants are entitled to an award of reasonable attorney fees.

15.     Whether Solas shall be required to pay Defendants costs of this action, including all disbursements.

## VII.    PROBABLE LENGTH OF TRIAL

### A.      Solas's Position Regarding Length of Trial

Solas expects trial to take five days to complete. Solas proposes each side have 11 hours to try its case to the jury.

### B.      Defendants' Position Regarding Length of Trial

Defendants propose that each side have 16 hours to try its case to the jury, including 40 minutes per side for opening statements. Defendants further request 30 minutes per side for voir dire and 45 minutes per side for closing arguments (with up to 15 minutes reserved for rebuttal).

## VIII.   TRIAL MANAGEMENT PROCEDURES

### A.      Stipulation for Trial Management Procedures

1.      **Opening Statements:** With respect to opening statements, by no later than [5:00 p.m.] Central Time on the day before the opening statements, the parties shall exchange by email (a) lists of any non-pre-admitted exhibits for which there are pending objections remaining, and (b) electronic copies of any demonstrative exhibits that they intend to use in their respective opening statements. By no later than [8:00 p.m.] Central Time that same day, the party shall notify each other of any remaining objections to the exhibits and demonstrative exhibits. By no later than [9:00 p.m.] Central Time that same day, the parties shall meet and confer to resolve any objections.

2.      **Exchange of Demonstratives:** The parties will exchange copies of all documentary, non-documentary, graphic, slide, animation, live product, and any other form of demonstratives they plan to use at trial for use during direct examination by [8:00 p.m.] Central Time via electronic mail the night before their intended use. In other words, if a demonstrative will be used on a Wednesday, it must be exchanged or made available by [8:00 p.m.] on the previous Tuesday. The parties shall exchange objections to these demonstratives by [10:00 p.m.] on the day the exhibits are received. Any unresolved objections will be addressed by the Court the next morning before each trial day commences, or at the Court's direction or convenience. Demonstratives used for cross-examination need not be disclosed. Demonstratives used for opening statements will be managed in accordance with Paragraph 2 of this section. "Demonstratives" are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the demonstrative only includes factual descriptions of the underlying exhibit or testimony, or (3) demonstratives previously displayed in the course of the trial. Reasonable nonsubstantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use. The parties agree that demonstratives do not need to be included on the trial exhibit lists, but must be exchanged or made available to the opposing party under the procedure outlined in this Pretrial Order. Best efforts will be used to exchange color copies. Large demonstratives may be reproduced and exchanged on 8 ½ by 11-inch paper.

3.      **Exchange of Witnesses (Live and By Deposition) and Trial Exhibits:** Each party shall provide notice via electronic mail no later than [8:00 p.m.] Central Time each day of all witnesses intended to be presented live or by deposition two calendar days later at trial and the list of exhibits to be used with each witness. In other words, if a witness will testify live on a Monday, the witness and exhibits must be identified by [8:00 p.m.] on the previous Saturday. Such notice shall indicate the intended order of call and whether the witness will be presented live or by deposition.

4.     **Exchange of Deposition Designations:** For witnesses called by deposition designation, the parties will provide a final list of any deposition designations to be played by video during trial by [8:00 p.m.], two days before the designation is to be played. Counters and objections to be included when the other party introduces its identified deposition testimony are due by [9:30 p.m.] the same evening, any objections to the counter designations are due by [10:30 p.m.] the same evening, and any unresolved objections will be raised with the Court the next morning before each trial day commences, or at the Court's direction or convenience. The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial. For allocating time between the parties for witnesses presented by deposition, witnesses presented by video will be divided by the actual time for designations and counter-designations by each party. For witnesses presented by read-deposition testimony, the allocation of trial time will be determined by the ratio of deposition testimony lines designated by each party to the total number of lines read by that witness. If a party presents a witness by deposition at trial during its direct examination, the party offering the testimony will play or read both the designated portion of the testimony and the opposing party's counter-designations, omitting (as agreed upon in advance by the parties) objections or colloquy where appropriate.

5.     **Meet and Confer Regarding Objections:** The parties will meet and confer regarding demonstratives, exhibits, and deposition objections no later than [11:00 p.m.] Central Time the night before the demonstratives and exhibits are to be used in Court, and two nights before the deposition designations are to be used in Court. The parties shall make good-faith efforts to resolve all objections.

6.     The parties will exchange demonstrative exhibits for use in closing arguments that were not previously exchanged among the parties at least one hour prior to any party's closing arguments.

7.     The listing of a deposition designation or discovery response does not constitute an admission as to the admissibility of the testimony or discovery response, nor is it a waiver of any applicable objection.

8.      Legible copies of United States and foreign patents, patent applications, and publications thereof, and the contents of associated file histories, are presumed authentic if they satisfy the self-authentication requirements of Federal Rule of Evidence 902 and may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to their admissibility.

9.      Solas and Defendants each reserve the right to offer into evidence and introduce any exhibit designated by the other party, even if not offered into evidence or introduced by the designating party. All objections to such exhibits are preserved. That an exhibit appears on a party's exhibit list is not an admission that the exhibit is admissible if introduced by any other party. Any exhibit, once admitted into evidence, may be used equally by any party subject to any limitations as to its admission into evidence and subject to the Court's rulings on the pending and future motions in the case that may limit the purpose for which an exhibit may be used.

10.     The parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

11.     The parties acknowledge that the deadlines identified for action in this section enclosed with brackets are non-final. The parties agree to continue to meet and confer to reach agreement on those deadlines and understand that the Court may provide guidance as to those deadlines leading up to trial.

**B.      Other Stipulations**

1.      For purposes of this case only, a document is a true and authentic copy of what it purports to be if (a) the document was produced by a party to this case, and (b) the document was (i) authored or created by that party, or (ii) appears to have been received by that party in the course of conducting its business. Moreover, such documents shall be presumed to be business records under Federal Rule of Evidence 803.

2.      Except to the extent addressed by the parties' pending *Daubert* motions and motions *in limine*, the parties agree that their respective damages experts can introduce the financial documents (i.e., sales and profitability documents) and licenses entered into by parties to this case that were produced in this case and relied upon in that expert's report in lieu of calling a percipient witness with personal knowledge of those documents. Neither party will contest that such documents are authentic and constitutes business records under Federal Rule of Evidence 803.

3.      The parties agree that any exhibit produced during discovery as a native Excel file that cannot be easily reduced to a legible, standard-sized hard copy may be maintained in electronic format and not subject to the hard-copy exhibit requirements. Counsel who entered the electronic exhibits into evidence will work with the Court to provide a means for jurors to access and review these exhibits during deliberations.

## IX.    LISTS OF WITNESSES

### A.      Solas's Witness List

Solas's witness list is attached as Exhibit A. Defendants' objections to Solas's Witness List is attached as Exhibit B.

### B.      Defendants' Witness List

Defendants' witness list is attached as Exhibit C. Solas's objections to Defendants' Witness List is Attached as Exhibit D.

## X.    DEPOSITION DESIGNATIONS

The parties have exchanged deposition designations, and have and will continue to meet and confer regarding their respective objections in order to resolve as many objections and issues prior to presenting them to the Court. Solas's deposition designations are attached as Exhibit E, and Defendants' deposition designations attached as Exhibit F.

## XI.    LIST OF EXHIBITS

The parties have exchanged exhibit lists, and have and will continue to meet and confer regarding their respective objections in order to resolve as many objections and issues prior to

presenting them to the Court. Solas's exhibit list is attached as Exhibit G, and Defendants' exhibit list is attached as Exhibit H.

## XII.   PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The parties are still finalizing the joint submission of jury instructions and will file it under separate cover as soon as possible.

Attached as Exhibit J is a copy of the Solas's proposed verdict form. Attached as Exhibit K is a copy of Defendants' proposed verdict form.

## XIII.   LIST OF PENDING MOTIONS

The following motions are currently pending before the Court.

| Docket Number | Solas OLED, Ltd.'s Motions |
|---|---|
| 135 | **Motion to Strike Expert Opinions Concerning Non-Infringing Alternatives** |
| 136 | **Motion to Strike Portions of the Expert Report of Christopher Martinez** |
| 137 | **Motion for Partial Summary Judgment Regarding Prior Art** |
| 226 | **Motions *in Limine*** |

| Docket Number | Defendants' Motions |
|---|---|
| 117 | **Motion to Strike Portions of Plaintiff's Amended Infringement Contentions** |
| 138 | ***Daubert* Motion to Exclude Damages Opinions of Stephen E. Dell** |
| 139 | **Motion for Summary Judgment of Noninfringement of the '338 Patent** |
| 140 | **Motion for Summary Judgment of Noninfringement and Invalidity of the '450 Patent** |
| 141 | **Motion for Summary Judgment of No Willfulness** |
| 142 | **Motion for Summary Judgment of: (1) Noninfringement of the '311 Patent and (2) No Actual Reduction to Practice of the '311 Patent** |
| 143 | ***Daubert* Motion and Motion to Strike Certain Opinions Offered by Thomas L. Credelle** |
| 224 | **Motions *in Limine*** |

## XIV.   CERTIFICATIONS

The undersigned counsel for each of the parties to this action does hereby certify and acknowledge the following:

Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with.

Except as otherwise agreed or ordered, counsel for each party will provide the following certification when their respective exhibit list is filed. Each exhibit in the List of Exhibits: (a) is in existence, (b) will be numbered, and (c) has been disclosed and shown to opposing counsel.

Dated: August 31, 2020

 */s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Kent N. Shum
CA State Bar No. 259189
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: mfenster@raklaw.com
Email: rmirzaie@raklaw.com
Email: nrubin@raklaw.com
Email: kshum@raklaw.com

Sean A. Luner
CA State Bar No. 165443
Gregory S. Dovel
CA State Bar No. 135387
Jonas B. Jacobson
CA State Bar No. 269912
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA  90401
Telephone: 310-656-7066
Email: sean@dovel.com
Email: greg@dovel.com
Email: jonas@dovel.com

T. John Ward, Jr.
TX State Bar No. 00794818
Claire Abernathy Henry
TX State Bar No. 24053063
Andrea L. Fair
TX State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas  75606
Telephone: 903-757-6400
Email: jw@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

**ATTORNEYS
FOR PLAINTIFF,
SOLAS OLED LTD.**


*/s/ Daniel W. Cho*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG
DISPLAY CO., LTD., SAMSUNG
ELECTRONICS CO., LTD., AND SAMSUNG
ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 31, 2020, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

*/s/ Reza Mirzaie*
Reza Mirzaie

**CERTIFICATION OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this matter.

Dated: August 31, 2020                                    */s/ Reza Mirzaie*