**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SOLAS OLED LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:19-CV-00152-JRG |
| | § | |
| SAMSUNG DISPLAY CO., LTD., | § | |
| SAMSUNG ELECTRONICS CO., LTD., | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*</u>

The Court held two Pretrial Conferences in the above-captioned matter on Tuesday, September 8, 2020 (the "First Pretrial Conference"), and Wednesday, September 9, 2020 (the "Second Pretrial Conference"), regarding motions *in limine* ("MILs") and other pending pretrial motions filed by Plaintiff Solas OLED Ltd. ("Solas") and Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (together, "Samsung") (collectively, "the Parties").  (Dkt. Nos. 142, 143, 137, 140, 139, 141, 117, 138, 135, 250, 251, 136, 225, 224, 226).  This Order memorializes the Court's rulings on the aforementioned MILs and motions as announced into the record, including additional instructions that were given to the Parties.  While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench and as reflected in the record.  Accordingly, it is hereby **ORDERED** as follows:

<u>**MOTIONS *IN LIMINE***</u>

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

1.  **Agreed Motions *in Limine* (Dkt. No. 225)**

The following MILs are **GRANTED-BY-AGREEMENT OF THE PARTIES.**

- <u>Agreed MIL No. 1</u>: Solas shall not introduce any testimony or argument concerning the unaccused i7110 product. Solas shall also withdraw any trial exhibits from its exhibit list that pertain specifically to the i7110 product.

- <u>Agreed MIL No. 2:</u> The parties shall not introduce any argument or evidence emphasizing the nationality or place of residence of any party or witness.

- <u>Agreed MIL No. 3:</u> The parties shall not introduce any argument or evidence regarding a witness's choice to testify in his or her native language.

- <u>Agreed MIL No. 4:</u> The parties shall not make any reference to, attempt to read, or show to the jury any nonrelevant exchanges between counsel during depositions, including attorney objections.

- <u>Agreed MIL No. 5:</u> Solas shall not analogize the burdens of proof in this case to situations arising in the context of family law or criminal law.

- <u>Agreed MIL No. 6:</u> Solas shall not introduce any evidence or argument concerning the overall capitalization, overall revenues, or overall profits of any of the Defendants.

2.  **Plaintiff Solas's Opposed Motions *in Limine* (Dkt. No. 226)**

- <u>Solas MIL No. 1:</u> Evidence of no-longer-asserted claims, products, and/or non-asserted infringement theories.

This MIL was **GRANTED**. (Dkt. No. 265 at 49:14-18). Defendants may present those non-infringing alternatives that are no longer asserted products, however, Defendants may not characterize non-infringing alternatives as previously asserted and now dropped products. (*Id.* at 49:19-50:3). With regard to willfulness, the Court will exercise its gatekeeping authority and require prior leave of Court before the assertion of previously asserted but now dropped claims is raised before the jury. (*Id.* at 50:4-8).

- Solas MIL No. 2: Evidence of "background" prior art not properly disclosed in invalidity contentions.

This MIL was **DENIED.** (Dkt. No. 265 at 57:11-16). However, Plaintiff may object to improper obviousness references. (*Id.* at 57:17-58:14).

- Solas MIL No. 3: Evidence and argument based on Defendants' patents and patent applications.

This MIL was **GRANTED**. (Dkt. No. 265 at 67:4-6). However, Samsung must seek leave to introduce such evidence as it relates to willfulness. (*Id.* at 67:7-9).

- Solas MIL No. 4: Evidence and argument regarding trial counsel's involvement in Solas's acquisition of the patents-in-suit as well as any purported contingent fee arrangement.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 265 at 68:6-7). The Parties agreed that Defendants will not present evidence or argument regarding Russ August & Kabat's involvement in Solas's acquisition of the patents-in-suit, including any contingent fee agreement, possible role as buyer, or ownership interest. (*Id.* at 67:20-24). Defendants may present evidence and argument that Solas was represented by experienced patent counsel in the patent acquisition process. (*Id.* at 67:25-68:2).

- <u>Solas MIL No. 5:</u> Evidence and argument regarding purported backing or financing of Solas by a "hedge fund" or related investment vehicle.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 68:22-24). The Parties agreed that Defendants will not introduce evidence or argument calling Magnetar Capital or any entity involved with Solas a hedge fund or similar investment vehicle, e.g., private equity or investor fund. (*Id.* at 68:11-14). References of this type will be redacted from pre-admitted documents and deposition designations. (*Id.* at 68:15-16). Defendants are not precluded from introducing evidence that Solas has investors and/or partners generally. (*Id.* at 68:16-18).

- <u>Solas MIL No. 6:</u> Dr. Sierros's "clarification" errata, which rewrites his testimony.

This MIL was **WITHDRAWN.** (Dkt. No. 265 at 68:25-69:3).

- <u>Solas MIL No. 7:</u> Evidence or argument referring to Solas as litigious or its business model being focused on filing lawsuits.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 69:18-20). The Parties agreed that Defendants will not use the terms "troll," "pirate," "NPE," "non-practicing entity," or "patent assertion entity" to refer to Solas. (*Id.* at 69:7-10). Defendants may raise argument, evidence, or testimony that Solas does not manufacture or sell products and also may disclose Solas's business model. (*Id.* at 69:10-14).

- <u>Solas MIL No. 8:</u> Evidence of non-comparable licenses.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 70:18-20). The lump-sum amounts contained in the licenses will be redacted and Solas will not insinuate that those lump-sum amounts were large, but the licenses will come in to show that they were lump-sum licenses. (*Id.* at 70:2-5, 15-17).

- <u>Solas MIL No. 9:</u> Late-produced, manufactured component cost document.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 265 at 70:21-71:5). The Parties agreed that the MIL should be granted based on the Court's earlier rulings on dispositive motions. (*Id.*).

- Solas MIL No. 10: Evidence related to unavailable non-infringing alternatives.

This MIL was **WITHDRAWN.** Solas withdrew this MIL from consideration. (Dkt. No. 265 at 71:6-9).

- Solas MIL No. 11: Evidence and argument regarding Defendants' equitable defenses.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 72:1-2). Defendants will not present evidence or testimony before the jury related solely to any of their equitable defenses. (*Id.* at 71:19-22).

### 3.  Defendants' Opposed Motions *in Limine* (Dkt. No. 224)

- Samsung MIL No. 1: Expert testimony by Mr. Credelle or related evidence or argument concerning non-infringing alternatives.

This MIL was **DENIED.** (Dkt. No. 265 at 77:22-23). Expert witnesses on both sides are constrained by the contents of their expert reports in testifying before the jury. (*Id.* at 77:23-78-1).

- Samsung MIL No. 2: Expert testimony by Mr. Credelle or related evidence or argument that the accused products include a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period.

This MIL was **WITHDRAWN**. Samsung withdrew this MIL from consideration. (Dkt. No. 265 at 78:4-6).

- Samsung MIL No. 3: Evidence or argument regarding secondary considerations of non-obviousness.

This MIL was **DENIED**. (Dkt. No. 265 at 81:18-19). This MIL was in effect a late and improper *Daubert* motion. (*Id.* at 81:16-18).

- Samsung MIL No. 4: Evidence, argument, or suggestion relating to discovery disputes with Defendants.

This MIL was **GRANTED.** (Dkt. No. 265 at 84:3-4). There will be no evidence, argument, or suggestion relating to the parties' discovery obligations, discovery disputes, or discovery deficiencies. (*Id.* at 83:25-84:2).

- Samsung MIL No. 5: Improper argument regarding burden of proof.

This MIL was **GRANTED-AS-AGREED**. (Dkt. No. 265 at 85:18-20). The Parties agreed that the Parties shall not make reference to the clear and convincing burden of proof in a different area of the law, e.g., the burden of proof required to commit an individual to an institution, revoke parental rights, or terminate life support during opening, closing, or the presentation of evidence. (*Id.* at 84:14-19). With respect to voir dire, a party may only inquire whether a potential juror's life experience in another area of law would interfere with the ability to apply the clear and convincing evidence standard, as the Court has instructed them, if and only if a party establishes that either: (1) a potential juror served as a juror previously and that case involved a clear and convincing standard; or (2) a potential juror has been involved in litigation, i.e., either as a party or as a witness, close family member, or friend of a party or witness to a litigation that involved the clear and convincing standard. (*Id.* at 84:20-85:6). A party may inquire generally whether members of the panel have experience in cases involving family law, divorce, or civil commitment. (*Id.* at 85:6-9). If any member of the panel answers affirmatively, the party may then inquire as to whether there was anything about that prior experience that would interfere with the venire

member's ability to follow and apply the Court's instructions as to the burden of proof. (*Id.* at 85:9-13).

- Samsung MIL No. 6: Argument, evidence, testimony, insinuation, reference, or assertion of infringement or willful infringement based on documents not tied to the accused products.

This MIL was **GRANTED.** (Dkt. No. 265 at 91:1-2). With respect to Samsung charts mapped to other products, non-asserted patents and other Samsung patent documents, and non-accused Apple and Sony products, leave from the Court in advance is required before counsel inquires as to those subjects. (*Id.* at 90:3-91:8).

- Samsung MIL No. 7: Evidence or argument about a relationship or business dealings between Atmel and Samsung Display or any copying of Atmel devices.

This MIL was **DENIED.** (Dkt. No. 265 at 97:10-11). The Court found that such should have been properly raised in a *Daubert* motion. (*Id.* at 97:11-13).

- Samsung MIL No. 8: Evidence or argument about the alleged invention of the '311 Patent inconsistent with the Court's claim construction.

This MIL was **WITHDRAWN**. Samsung withdrew the MIL from consideration. (Dkt. No. 265 at 97:21-23).

- Samsung MIL No. 9: Evidence or arguments regarding the Universal Display Patent Portfolio License Agreements.

This MIL was **DENIED.** (Dkt. No. 265 at 100:14). The Court found that such should have been properly raised in a *Daubert* motion. (*Id.* at 100:6-13).

- <u>Samsung MIL No. 10:</u> Evidence or argument concerning Defendants' overall size, wealth, and total revenues or profits from sales of end-user products, including products not accused in this case.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 101:7-9). Solas will not discuss Defendants' overall size, wealth, number of employees, and the total revenues or profits from Defendants' sale of end user mobile phone products that are not accused in this case, including non-accused Galaxy mobile phone products. (*Id.* at 100:23-101:3).

- <u>Samsung MIL No. 11:</u> Argument, testimony, insinuation, reference, or assertion that Defendants failed to obtain opinions of counsel against Solas's claim of willful infringement.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 101:22-24). Solas cannot create any negative inferences or imply that Defendants were willful because they did not obtain an opinion of counsel letter. (*Id.* at 101:11-14). Solas cannot present any argument, evidence, testimony, insinuation, reference, or assertion that Defendants had a duty to obtain opinion of counsel but it is not precluded from mentioning that Defendants did not seek opinion of counsel. (*Id.* at 101:14-18).

- <u>Samsung MIL No. 12:</u> Argument, evidence, testimony, insinuation, reference, or assertion relating to any litigations, rulings, or accusations against Defendants in unrelated legal proceedings or unrelated disputed matters between a Defendant and any third party.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 102:9-11). No party shall refer to another as litigious or refer to the number of lawsuits brought by or against any party or any prior jury verdict for or against a party without first approaching the bench.. (*Id.* at 102:2-5).

- <u>Samsung MIL No. 13:</u> Evidence or argument for the presumption of validity.

This MIL was **GRANTED-AS-AGREED.** (Dkt. No. 265 at 102:19-21). Solas will not be precluded from mentioning the presumption of validity of issued patents but may not make repetitive references to such presumption. (*Id.* at 102:13-15).

## PRETRIAL MOTIONS

1. **Samsung's Motion for Summary Judgment of Noninfringement of the '311 Patent and No Actual Reduction to Practice of the '311 Patent (Dkt. No. 142)**

   This Motion was **DENIED** as to noninfringement and no actual reduction to practice of the '311 Patent. (Dkt. No. 263 at 87:22-88:2). There were genuine issues of material fact as to both grounds that precluded its granting under Federal Rule of Civil Procedure 56. (*Id.* at 88:2-7).

2. **Samsung's Motion to Exclude and Motion to Strike Certain Opinions Offered by Thomas L. Credelle (Dkt. No. 143)**

   This Motion was **DENIED-IN-PART** and **GRANTED-IN-PART**. The Court **DENIED** the Motion as it related to Mr. Credelle's opinions on reduction to practice. (Dkt. No. 263 at 88:8-11). However, the Court **GRANTED** the Motion as it related to Mr. Credelle's opinions on claim construction and the Court struck ¶ 221 of Mr. Credelle's report. (*Id.* at 88:11-17).

3. **Solas's Partial Motion for Summary Judgment Regarding Status of Alleged Prior Art to U.S. Patent No. 9,256,311 (Dkt. No. 137)**

   This Motion was **DENIED.** The Court found that there were genuine issues of material fact that precluded the Motion being granted under Federal Rule of Civil Procedure 56. (Dkt. No. 263 at 88:18-25).

4. **Samsung's Motion for Summary Judgment of Noninfringement and Invalidity of the '450 Patent (Dkt. No. 140)**

This Motion was **CARRIED-IN-PART** and **DENIED-IN-PART**. The Court carried the Motion as to noninfringement at the First Pretrial Conference to address a claim construction dispute as to the terms "said active elements" and "cover." (Dkt. No. 263 at 150:11-151:12, 152:6-8). This dispute was resolved at the Second Pretrial Conference by means of a Supplemental Claim Construction Order of the Court. (Dkt. No. 265 at 23:5-24:15; Dkt. No. 262).

The Court **DENIED AS MOOT** the Motion as it related to invalidity of the '450 Patent. The argument of invalidity based on anticipation of Claim 1 of the '450 Patent was rendered moot because the Plaintiff no longer asserts Claim 1. (Dkt. No. 263 at 151:13-152:5).

5. **Samsung's Motion for Summary Judgment of Noninfringement of the '338 Patent (Dkt. No. 139)**

This Motion was **DENIED**. The Court determined there were genuine issues of material fact as to whether the Accused Products meet the "driving transistor, one of the source and drain of which is connected the pixel electrode," "holding transistor which holds the voltage between the gate and source of the driving transistor in a light emission period," and "switch transistor which makes a write current flow between the drain and source of the driving transistor" limitations of the '338 Patent. (Dkt. No. 263 at 169:23-170:10). The Court further determined that there was no case or controversy as to the doctrine of equivalents, non-accused Apple products, and dropped Samsung products. (*Id.* at 170:11-17).

6. **Samsung's Motion for Summary Judgment of No Willfulness (Dkt. No. 141)**

This Motion was **DENIED**. The Parties rested on the papers at the First Pretrial Conference. (Dkt. No. 263 at 149:17-150:4). The Court subsequently found at the Second Pretrial Conference that there were genuine issues of material fact that precluded granting the Motion. (Dkt. No. 265 at 40:18-41:9).

7. **Samsung's Motion to Strike Portions of Solas's Amended Infringement Contentions (Dkt. No. 117)**

This Motion was **DENIED-IN-PART** and **GRANTED-IN-PART**. The Court **DENIED** the Motion to Strike and did not find that there was surprise or unacceptable prejudice to Defendants. (Dkt. No. 263 at 195:24-196:10). Further, the Court **GRANTED** Solas leave to amend its infringement contentions. (*Id.* at 196:10-13).

8. **Samsung's Motion to Exclude Damages Opinions of Stephen E. Dell (Dkt. No. 138)**

This Motion was **DENIED**. The Court found that any matters raised by Defendants could properly be addressed through cross-examination and did not rise to the level of exclusion. (Dkt. No. 263 at 200:24-201:7).

9. **Solas's Motion to Strike Portions of the Expert Report of Christopher Martinez (Dkt. No. 136)**

This Motion was **DENIED-IN-PART** and **GRANTED-IN-PART**. The Court **GRANTED** the Motion to the extent Mr. Martinez's opinions relied upon an Excel spreadsheet containing purported component cost data, finding that the underlying data was suspiciously absent and Mr. Martinez's opinions were therefore unreliable under *Daubert*. (Dkt. No. 265 at 39:25-40-6). The Court therefore struck ¶ 198 and Schedule 11 from Mr. Martinez's expert report. (*Id.* at 40:7-9). The Court **DENIED** the Motion on all other asserted grounds. (*Id.* at 40:10-14).

10. **Solas's Motion to Strike Expert Opinions Concerning Non-infringing Alternatives (Dkt. No. 135)**

This Motion was **DENIED**. The Parties rested on the papers at the First Pretrial Conference. (Dkt. No. 263 at 149:17-150:4). The Court subsequently found at the Second Pretrial

Conference that there were no challenges to the opinions that rose to the level of being struck, and could adequately be addressed through vigorous cross-examination. (Dkt. No. 265 at 41:10-20).

**11. Claim Construction as related to "said active elements" and "cover" (Dkt. Nos. 250, 251)**

In light of a claim construction dispute brought to the Court's attention for the first time at the First Pretrial Conference, and both parties' assertions on the record that additional claim construction was necessary before the case could fairly proceed to trial, the Court underwent a targeted claim construction for the term "cover," construing that term to mean "lie over the surface of," not "cover entirety of active element." (Dkt. No. 265 at 24:7-15).  The Court further found that the term "said active elements" was not in need of construction, reaffirming the Court's prior construction of "active elements" and allowing Plaintiff to map the claim to a subset of active elements. (*Id.* at 23:21-24:6). The Court issued an order addressing this subject in more detail. (*See* Dkt. No. 262).

So ORDERED and SIGNED this 30th day of September, 2020.

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE