IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:19-cv-152-JRG |

**SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD.,
AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO STRIKE
<u>PORTIONS OF PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS</u>**

**Table of Contents**

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................................. 2

III. LEGAL STANDARD ............................................................................................................. 5

IV. ARGUMENT .......................................................................................................................... 7

    A. Solas failed to move for leave to amend its contentions, as required, and Solas cannot show good cause for adding these products so late in the case. ................................................................................................................................ 7

    B. Solas failed to disclose infringement theories for the majority of accused products—either by charting them under P.R. 3-1(c) or by articulating a theory of representativeness. ................................................................................... 9

V. CONCLUSION ..................................................................................................................... 13

I.  **INTRODUCTION**

On May 17, 2020, just two weeks before the close of fact discovery, Plaintiff Solas OLED Ltd. ("Solas") served second amended infringement contentions that violate the Local Patent Rules in two respects and should be stricken. First, without leave of Court, Solas introduced a contention for the first time that six additional Samsung Galaxy products infringe U.S. Patent No. 7,446,338 ("the '338 patent"). These products are not new products. Each was released years before this litigation began. In fact, Solas had previously accused them of infringing a different, unrelated patent, in Solas's original infringement contentions. Yet Solas had never—until two weeks before the close of fact discovery and the deadline for opening expert reports—contended that they infringe the '338 patent.

Second, Solas's second amended infringement contentions fail to provide any articulated infringement theories with respect to most of the accused products. Solas asserts infringement of three different patents, and as to each Solas has accused at least eighteen distinct products. Despite differences among the products, however, Solas has provided only one claim chart for each patent—as to only one single product. For the remaining seventeen (or more) accused products for each asserted patent, Solas provided no disclosure of its infringement theory or theories. Despite Defendants' repeated requests for disclosure of the factual basis for Solas's contentions as to these other products, Solas provided neither claim charts nor any alternative disclosure of its infringement theory (such as an explanation regarding representativeness).

Solas's second amended contentions made untimely accusations against certain products without leave of Court, and provide no notice regarding numerous accused products and theories. The Court should strike these deficient portions of Solas's contentions.

1

## II. FACTUAL BACKGROUND

Solas served its Disclosure of Asserted Claims and Infringement Contentions pursuant to Local Patent Rule 3-1 (Exhibit 1) on October 7, 2019. Solas's contentions accused sixteen different Samsung Galaxy models and five third-party devices of infringing the '450 patent, thirteen Samsung Galaxy models and ten third-party devices (from Apple, Google, Dell, and Sony) of infringing the '338 patent, and fifteen Samsung Galaxy models of infringing the '311 patent. Ex. 1 at 2-5.

Solas's contentions included a single claim chart exhibit for each asserted patent, which addressed a single accused product. For each claim element, the claim charts included boilerplate language stating that the "Accused Instrumentalities comprise" the respective claim element. In the claim chart for the '450 patent, Solas analyzed the Samsung Galaxy S8 against the majority of the claim elements, and no analysis of any accused product for claims 12 and 13. In the claim chart for the '338 patent, Solas analyzed the Samsung Galaxy S8 against the majority of the claim elements, but provided no analysis of any accused product for claim 9. In the claim charts for the '311 patent, Solas analyzed the Samsung Galaxy S9 against the claim elements. No other accused product was addressed in the charts, nor did Solas make any allegation in its contentions that the Galaxy S8 was representative of the other products accused of infringing the '450 or '338 patents, or that the Galaxy S9 was representative of the other products accused of infringing the '311 patent.

Early in fact discovery Defendants raised the issue of the infringement contentions' failure to disclose Solas's infringement theories for all accused products and asked Solas to remedy this defect, pointing out that Solas neither provided claim charts for the other products nor showed how the charted products could be representative of the uncharted products. On a meet and confer on February 7, 2020, counsel for Defendants requested that Solas promptly supplement its infringement contentions to include, among other things, claim charts disclosing its theories for

2

each of the different accused products, observing that Solas had by then received production of detailed technical documents concerning the products. *See* Exhibit 2 (January 7, 2020 email thread) at 19-21.

On February 14, 2020, Solas agreed to amend its contentions within two weeks. *Id.* at 17-18. But Solas failed to carry through on its commitment. Having not received amended contentions, Defendants contacted counsel for Solas on March 4, 2020 to again request that Solas amend its deficient contentions. *Id.* at 15-17. When Defendants received no response, they reached out again on March 9, 2020. *Id.* at 14.

On March 12, 2020, Solas served (without requesting leave to do so) a First Amended Disclosure of Asserted Claims and Infringement Contentions (Exhibit 3). The first amended contentions dropped accusations against certain third-party products and added accusations for four new Samsung Electronics products (the Samsung Galaxy S20, S20+, S20 Ultra, and Z Flip). *See* Ex. 3 at 2-5. Solas amended its claim chart on the '450 patent to add an analysis of dependent claims 12 and 13, in which it discussed the Galaxy S6 and S7 only. Ex. 3 at 27-29. Solas also amended its claim chart on the '338 patent to add analysis of claim 9, discussing only the Galaxy S8. Ex. 3 at 60. Defendants notified Solas the following day that the amended contentions did not cure the deficiencies Defendants had previously identified. Ex. 2 at 12-13. Despite having received production of Defendants' technical documents over two months earlier, Solas stated it would only agree to supplement its infringement contentions within two weeks of Defendants' response to Solas's interrogatory regarding certain files (called GDS files). *See id.* A week later, Solas served an amended claim chart for the '450 patent (Exhibit 4), making changes only to the discussion of dependent claim 12 (which Solas subsequently dropped) and no other changes. Ex. 4 at 14-18.

3

The Court issued its Claim Construction Memorandum and Order on April 17, 2020. Dkt. 99. Following that decision, Defendants again raised the persistent deficiencies in Solas's infringement contentions on an April 29 meet-and-confer call, and Solas agreed to provide supplemental infringement contentions by May 1 (two days later). *See* Ex. 2 at 2. Solas failed to do so, however. Defendants sent an email on May 6, 2020, requesting that Solas immediately provide the promised supplemental contentions. *Id.* at 1. Solas did not respond.

On May 15, 2020, just over two weeks before the close of fact discovery, Solas served (again without requesting leave) an amended claim chart for the '311 patent (Exhibit 5). Though served within 30 days of the Court's claim construction Order, the amended chart included no new analysis based on the claim construction ruling. Rather, it only added string citations to Defendants document production pointing to design documents for some, but not all, of the accused products, with no further explanation. *See, e.g.*, Ex. 5 at 2.

Two days later, on May 17, Solas served a Second Amended Disclosure of Asserted Claims and Infringement Contentions (Exhibit 6) and a second amended claim chart for the '338 patent (Exhibit 7). The chart for the '338 patent addressed one aspect of the Court's claim construction Order (the construction of "write current") and, like the May 15, 2020 amended claim chart for the '311 patent, included bare string citations to Defendants' document production with no analysis. In addition, the Second Amended Disclosure of Asserted Claims and Infringement Contentions made for the first time accusations of infringement of the '338 patent by six Samsung Galaxy models that had never been previously accused of infringing that patent: the Samsung Galaxy S5, the Samsung Galaxy S6 Edge+, the Samsung Galaxy Note 3, Samsung Galaxy Note 4, Samsung Galaxy Note Edge, and the Samsung Galaxy Note 5. Ex. 6 at 3. Solas did not seek leave of the Court to accuse additional products of infringement, did not provide any claim charts for the

products, and did not disclose how they allegedly infringe or why they had not been previously accused given that they were all released years before this case began. The Second Amended Disclosure of Asserted Claims and Infringement Contentions also included several patent claims and accused products that Solas had previously represented it would no longer be pursuing.

Defendants sent an email to Solas on May 22, 2020, outlining the deficiencies in Solas's Second Amended Disclosure of Asserted Claims and Infringement Contentions, requesting that Solas withdraw the amended contentions and that Solas meet and confer with Defendants regarding the contentions. Exhibit 8 (May 22, 2020 email thread) at 3-5. Solas informed Defendants that the previously withdrawn products and claims were unintentionally included and no longer at issue, but did not respond regarding the other substantive deficiencies repeatedly pointed out by Defendants. *Id.* at 3. Defendants again raised these issues on a meet-and-confer call on June 1, the final day of discovery. On June 2, after Solas had served its expert report on infringement and fact discovery had closed, Solas sent an email expressing that it believed its contentions were sufficient, despite the deficiencies repeatedly identified by Defendants. *Id.* at 1.

Finally, in an attempt to narrow the disputes to be brought before the Court, the parties had an additional meet-and-confer call on June 17, 2020 regarding certain language in the infringement contentions purporting to reserve the right to raise arguments under the doctrine of equivalents for any element of any asserted claim that Defendants contend is not literally present in the accused products. The parties were able to reach agreement on this dispute.

### III. LEGAL STANDARD

This District's Patent Rules are designed to further the goal of "full and open discovery" to secure the "just, speedy, and inexpensive determination of every action." *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 898 (E.D. Tex. 2006). They also serve to "provide all parties with adequate notice and information with which to litigate their cases." *Thomas Swan &*

5

*Co. v. Finisar Corp.*, No. 2:13-cv-178, 2014 WL 12599221, at *1 (E.D. Tex. Apr. 16, 2014). "It is not permissible for a plaintiff to essentially revamp its case in order to maintain plausible infringement reads. In fact, the Patent Rules are intended to prevent such an approach. This is accomplished by requiring specificity and crystallization of the disputes early in the case and strictly limiting the ability of parties to change their theories of the case mid-stream." *Implicit, LLC v. Huawei Techs. USA, Inc.*, No. 6:17-cv-182, slip op. at 9 (E.D. Tex. July 2, 2018); *see also Pozen Inc. v. Par Pharm., Inc.*, No. CV 6:08-cv-437-LED-JDL, 2010 WL 11431483, at *2 (E.D. Tex. June 8, 2010).

"Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories." *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010). Infringement contentions must be "reasonably precise and detailed," *Thomas Swan*, 2014 WL 12599221, at *1 (internal quotation marks omitted), because "the theory of infringement must [be] spelled out," *Optis Wireless Tech., LLC v. Huawei Techs. Co.*, No. 2:17-cv-123, 2018 WL 3375192, at *2 (E.D. Tex. July 11, 2018); *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808, 2015 WL 1517920, at *7 (N.D. Cal. Apr. 2, 2015) ("Neither the Court nor the Defendants should be required to guess which aspects of the accused products allegedly infringe each claim element.").

Under the Local Patent Rules, leave to amend or supplement infringement contentions may be made "only upon a showing of good cause." P.R. 3-6(b). The Federal Circuit has stated that "'good cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Four factors are often considered in determining whether leave to amend is appropriate: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed;

(3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Packet Intelligence LLC v. NetScout Sys., Inc.*, No. 2:16-cv-230, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017). Further, when deciding whether to strike infringement contentions, courts in the Eastern District of Texas often consider whether there is unreasonable delay in disclosing the infringement theory and a danger of unfair prejudice. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693-JRG-RSP, 2017 WL 3007464, at *2 (E.D. Tex. July 14, 2017); *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007).

## IV. ARGUMENT

Solas's second amended infringement contentions are deficient in two respects. First, the amended contentions belatedly added new infringement accusations without leave of the Court near the end of fact discovery. Second, the amended contentions fail to disclose, by charting or otherwise (such as an explanation regarding representativeness), Solas's infringement theories for the vast majority of the accused products. These improper portions of the contentions should be stricken.

### A. Solas failed to move for leave to amend its contentions, as required, and Solas cannot show good cause for adding these products so late in the case.

Two weeks before the close of fact discovery, Solas served amended infringement contentions including accusations of infringement of the '338 patent for six additional products, and did so without moving for leave to amend. Local Patent Rule 3-6 provides that a party's infringement contentions "shall be deemed to be that party's final contentions," with two exceptions, neither of which applies here. First, the Rule allows a party to amend its infringement contentions as of right within 30 days of the Court's claim construction ruling if the party "believes in good faith that the Court's Claim Construction ruling so requires." P.R. 3-6(a)(1). Second, the

7

Rule provides that at any other time an amendment can be made "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b).

Solas's amendment to add six accused products for the '338 patent was not conceivably required by—or even remotely related to—the Court's claim construction Order. Counsel for Solas admitted as much in a June 2, 2020 email, stating that Solas's "infringement theories on those additional models were also no different from" the theories in their previous charts, which had been served before the Court's claim construction order. Ex. 8 at 1.

If Solas wanted to add different accused products, Solas was required to request leave to amend under P.R. 3-6(b), which demands "a showing of good cause." Yet Solas never sought leave to amend under P.R. 3-6(b). The newly added accused products should therefore be stricken.

Moreover, courts in this District have made clear that good cause requires a showing of diligence, among other things. *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 1911388, at *1 (E.D. Tex. Apr. 20, 2020). Solas never made such a showing, nor could it. Each of the products for which Solas added an accusation of infringement of the '338 patent was released and commercially available years before Solas filed this action.[1] Indeed, Solas even included accusations of infringement of a different asserted patent (the '450 patent) in its initial contentions for each of these same products. Solas "had an obligation to search for all accused products using publicly available information" prior to filing suit and "an obligation to identify the products as specifically as possible, identifying accused products by name or model

---

[1] The Samsung Galaxy S5 was released in April 2014; the Samsung Galaxy S6 Edge+ was released in August 2015; the Samsung Galaxy Note 3 was released in September 2013; the Samsung Galaxy Note 4 was released in October 2014; the Samsung Galaxy Note Edge was released in November 2014; and the Samsung Galaxy Note 5 was released in August 2015. *See, e.g.,* https://www.samsungsfour.com/mobiles/samsung-galaxy-smartphones-complete-model-list-released-year.html

8

number, if known." *Id.* at *5. Further, Solas received technical documents relating to these products months before it amended its contentions to include these products, yet waited until the end of fact discovery to accuse these products of infringing the '338 patent. Solas therefore cannot show good cause for its failure to previously accuse these long-ago released products.

Solas's untimely identification of the six products is also prejudicial to Defendants. As courts in this District have recognized, "[t]o allow the addition of new theories of liability relatively late in the case . . . typically results in at least some prejudice to the opposing side, particularly in this case such as this one in which the new issue is raised near the close of discovery." *Sycamore IP Holdings LLC v. AT&T Corp.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *5 (E.D. Tex. Oct. 10, 2017). Indeed, the amended contentions were served after Defendants could serve any further written discovery to Solas. Solas should be prohibited from practicing such "litigation by ambush," *see id.*, and its newly asserted accusations of infringement of the '338 patent should be stricken.[2]

### B. Solas failed to disclose infringement theories for the majority of accused products—either by charting them under P.R. 3-1(c) or by articulating a theory of representativeness.

The Local Patent Rules require that infringement contentions include "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality[.]" P.R. 3-1(c). Solas's claim charts, however, identify where the asserted claim elements are found in only *one* accused product for each asserted patent, despite accusing eighteen

---

[2] Had Solas sought leave to amend its contentions to include these products, the remaining two factors often considered by this Court in determining whether "good cause" exists—the importance of the thing that would be excluded and the availability of a continuance to cure prejudice—would not have saved Solas's late-added accusations. These accusations are not vital to the case, as Solas currently accuses an additional seven Samsung products of infringing the '338 patent, and accuses eleven products of infringing the '450 patent and thirteen products of infringing the '311 patent. And with trial less than four months away, any continuance would require the trial date to be reset.

9

or more different products for each of the patents, with no explanation of how the remaining products meet the elements of the claims.

Courts in this District have made clear that while a plaintiff "need not necessarily chart every accused instrumentality," it must "otherwise provide sufficient notice to [defendant] of its infringement theories." *Alacritech*, 2017 WL 3007464, at *4. "To designate and chart only an exemplar accused infringing product, Plaintiff must provide an explanation of the technical and functional identity of the products represented." *UltimatePointer, LLC v. Nintendo Co., Ltd.*, No. 6:11-cv-496, 2013 WL 12140173, at *3 (E.D. Tex. May 28, 2013). Thus, the court in *Jaipuria v. LinkedIn Corp*. found infringement contentions were insufficient under the Local Patent Rules where, as here, "Plaintiffs have not explained why these products are similar," and added that "broad conclusory allegations that the products are similar do not allow Plaintiffs to circumvent the Local Rules." No. 6:11-CV-066, 2013 WL 12146741, at *3 (E.D. Tex. Mar. 27, 2013) (citing *Global Sessions LP v. Travelocity.com LP*, No. 6:10-cv-671, 2012 WL 1903903, at *4 (E.D. Tex. May 25, 2012)).

Solas's second amended contentions chart only a single accused product, out of eighteen or more accused products for each asserted patent, and provide no explanation of how the charted product is purportedly similar to the uncharted products in view of Solas's infringement contentions. In fact, Solas's contentions—which do not even allege that the charted product for a patent is similar in material respects to the numerous uncharted products—are even more deficient than contentions that have been stricken by courts in this District as inadequate under the Local Patent Rules. In *Alacritech*, for instance, the court struck contentions as to uncharted products where footnotes alleged that the uncharted products met the same limitations as the charted products. *Alacritech*, 2017 WL 3007464 at *4. The court stated that it was "not convinced

10

Alacritech's contentions sufficiently explain the basis for the equivalency and why [the charted products] are representative of other accused instrumentalities," and further noted that "broad conclusory allegations that the products are similar does not satisfy the rules," *id*. (citations omitted).

Similarly, in *Uniloc 2017 LLC, v. Google LLC*, the court noted that "[t]here is some leeway for use of representative products, but there is a requirement that the Plaintiff not simply identify the other uncharted products. The Plaintiff must also use some reasonable diligence to use the publicly available information to explain how the infringement theory that is charted would apply to uncharted products." No. 2:18-cv-00491-JRG-RSP, slip op. at 2 (E.D. Tex. March 27, 2020) (Exhibit 9). Because there had not "been any effort to accomplish that to demonstrate that the charted products are reasonably similar through the use of publicly available information to show a basis for the same theory to be applied," the court struck the uncharted products from the infringement contentions and removed them from the case. *Id*.

The Court should strike Solas's second amended infringement contentions as to the non-charted products for the same reasons. Not only did Solas make no attempt to explain how the uncharted products were similar to the charted products, it failed even to assert that the charted products were similar to or representative of the uncharted products anywhere in its contentions. In fact, Solas's claim charts contain no indication of how any product other than the Galaxy S8 allegedly infringed the asserted claims of the '450 and '338 patents, and how any product other than the Galaxy S9 alleged infringed the '311 patent.[3]

---

[3] In its first amended contentions, Solas addressed two other products, the Galaxy S6 and the Galaxy S7, only against two dependent claims of the '450 patent, but later represented that it was no longer asserting those claims in the case.

11

Plaintiff's untimely addition of string-citations to Defendants documents cannot cure the defects in Solas's infringement contentions. Solas's claim chart for the '450 patent contains no citations to—nor any reference to—any accused product other than the Galaxy S8. The untimely string citations Solas added to its chart for the '338 and '311 patents do not change the conclusion that the contentions do not adequately disclose Solas's infringement theory for the uncharted products. In particular, the string citations do not disclose Solas's theory for how the claim elements are met in all of the uncharted but accused products. Indeed, each citation is contained in a string of citations preceded by "See, for example" or "See also, for example." *See* Ex. 4 at 2-25; Ex. 6 at 6-22. Nor does Solas explain how the unchartered products are allegedly similar to the charted product.

In addition, Solas's amendment of its contentions without leave of Court was improper under P.R. 3-6(a)(1) and 3-6(b). Solas's addition of string citations cannot plausibly be said to be related to the Court's claim construction Order, as reflected by the fact that citations were added to limitations of the '338 and '311 patents that were not the subject of a claim construction dispute. *See, e.g.* Ex. 4. at 2; Ex. 6 at 10. Solas was required to move for leave to amend its contentions and to show good cause for doing so. *See* P.R. 3-6(b); *see also Sycamore*, 2017 WL 4517953, at *3 ("More importantly, the Rules provide that a belated effort to amend infringement contentions, as here, requires leave of court, which in turn requires a showing of good cause. [Plaintiff] has sought to bypass not only the formal step of amending its infringement contentions, but also the leave-of-court requirement and the requisite good-cause showing. The Court declines [Plaintiff]'s request that it condone that sort of casual, self-help approach to compliance with the clear rules of the court governing pretrial disclosure.").

12

Solas's failure to provide any claim charts for most of the accused products, or to explain how the uncharted products are allegedly similar to the charted products, has prejudiced Defendants. The accused products contain material differences, and Defendants have been left to guess throughout discovery as to what Solas's theories might be with respect to the uncharted products. And Solas's actions show that it has a history of grouping non-representative products together in its infringement contentions, as it subsequently dropped allegations against numerous products that had previously been listed as accused under a particular patent but had not been charted.[4] This hampered Defendants' ability to take discovery on Solas's infringement claims and forced Defendants to try to defend this case without knowing Solas's infringement theories as to the uncharted products, which amount to the vast majority of the total accused products. The uncharted products should be stricken from Solas's infringement contentions.

## V. CONCLUSION

For the foregoing reasons, Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. respectfully request that the Court strike (1) Solas's belated infringement contentions against late-added products (i.e., for the '338 patent against the Samsung Galaxy S5, the Samsung Galaxy S6 Edge+, the Samsung Galaxy Note 3, Samsung Galaxy Note 4, Samsung Galaxy Note Edge, and the Samsung Galaxy Note 5); and (2)

---

[4] For example, Defendants expended time and resources during discovery attempting to understand Solas's allegations regarding infringement of the '311 patent by the Galaxy Note 8, Galaxy S6 Edge, Galaxy S6 Edge+, Galaxy S7 Edge, and Galaxy S8+, as these products did not contain the mesh grid touch sensor identified in Solas's claim charts as meeting claim element 1(c). Solas did not include these allegations in its expert's infringement report, effectively dropping them without having ever explained how these products could infringe the '311 patent. Solas similarly dropped allegations against six products (the Galaxy Note 10, Galaxy Note 10+, Galaxy S20, Galaxy S20+, Galaxy S20 Ultra, and Galaxy Z Flip) regarding the '338 patent in its Second Amended Disclosure of Asserted Claims and Infringement Contentions and dropped allegations against five products (the Galaxy S6, Galaxy S6 Edge, Galaxy S6 Edge+, Galaxy Note 3 Neo, and Galaxy Note 7) regarding the '450 patent on the last day of discovery.

Solas's infringement contentions against products for which Solas failed to provide a claim chart or other articulated infringement theory (i.e., for the '450 and '338 patents, all products other than the Samsun Galaxy S8, and for the '311 patent, all products other than the Samsung Galaxy S9).

Dated: June 19, 2020

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Grant D. Johnson
gjohnson@cov.com
Daniel W. Cho
dwcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 19, 2019.

/s/ Melissa R. Smith
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On June 1, 2020 and June 17, 2020, counsel for Solas and Samsung engaged in meet and confer conferences pursuant to Local Rule CV-7(h). Solas' counsel indicated that Solas is opposed to the relief sought by this Motion.

/s/Melissa R. Smith
Melissa R. Smith