IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:19-CV-00152-JRG |
| § | |
| SAMSUNG DISPLAY CO., LTD., et al., § | |
| § | |
| Defendants. § | |

**RESPONSE TO DEFENDANTS' MOTION TO CONTINUE TRIAL**

**I.   INTRODUCTION**

After successfully securing a continuance only two days before the originally-scheduled October 1 trial, Samsung now seeks another continuance of this case just sixteen days before the re-scheduled December 4 trial.  Samsung's motion should be denied because yet another last-minute delay of this case will severely prejudice Solas and because Samsung's motion is based on the incorrect assumption that a trial in March 2021 will be free from the difficulties resulting from COVID-19.  This is simply not the case.  Although the nation and the world are heartened by recent news of the efficacy of various COVID-19 vaccines, the Center for Disease Control and the Food and Drug Administration have stated that the type of wide-spread dissemination of the vaccine necessary to curb the pandemic will not take place until the middle of 2021.[1]  In fact,

---

[1] Ex. 1, Amy McKeever, *Here's the latest on COVID-19 vaccines*, p. 2, National Geographic (Nov. 18, 2020), https://www.nationalgeographic.com/science/health-and-human-body/human-diseases/coronavirus-vaccine-tracker-how-they-work-latest-developments-cvd/#:~:text=Status%3A%20On%20November%2016%2C%20Moderna,without%20any%20significant%20safety%20concerns ("CDC director Robert Redfield, vaccine developers, and the FDA have also said it's unlikely a vaccine will be widely available until the middle of 2021.").

Texas health officials predict that even if a COVID-19 vaccine is ready this month, it will not be widely available in Texas until at least July 2021.[2]

Solas is mindful of the difficulties and risks of holding a jury trial during the pandemic, but those difficulties and risks are unlikely to be lessened by delaying this trial until March 2021. And the prejudice to Solas of another three-month delay—resulting in a five-month delay from the original trial date—is real. Solas has already expended significate resources to ready this case for trial twice, and those resources will be forfeited by another last-minute continuance. Additionally, delaying trial of this case until March 2021 or even later will practically ensure that the district court schedule will fall behind the IPR schedule, potentially depriving Solas of the ability to have its day in court and obtain a final judgment before final written decisions are expected in the IPRs. Finally, this Court has successfully tried numerous cases during the pandemic while mitigating the risk to jurors, witnesses, attorneys, and court staff. There is no reason why this trial should be any different.

## II. ARGUMENT

Samsung bases its request for a second continuance of this case on four arguments: (1) because current COVID-19 rates allegedly match those in the Spring when the Court temporarily suspended trials, another suspension of trials is warranted;[3] (2) no amount of safety precautions and procedures can mitigate the risk to trial participants during the pandemic;[4] (3) the availability of COVID-19 vaccines "will allow the parties to try the case under safer conditions" in March

---

[2] Ex. 2, Aria Jones, *Health officials predict most Texans won't have access to COVID-19 vaccine until July at the earliest*, p. 1, The Texas Tribune (Oct. 19, 2020), https://www.texastribune.org/2020/10/19texas-coronavirus-vacine/ ("If a COVID-19 vaccine is ready next month [November 2020], Texas health officials predict it won't be widely available to Texans until at least July.").
[3] ECF No. 297 at 1 and 2-4.
[4] *Id*. at 4-6.

2021;[5] and (4) another continuance will not prejudice the parties.[6,7] First, each of these arguments is factually wrong. Second, even if the arguments were correct, each is equally applicable to every case on this Court's docket. Thus, Samsung essentially argues not simply for a continuance of this case, but for suspension of all jury trials in this Court for the foreseeable future. Such a drastic step is not only unwarranted, but deeply prejudicial to Solas and all litigants in this district who seek the efficient resolution of their disputes.

### A. Much more is known now than in the spring about mitigating COVID-19 risks, so another suspension of jury trials is unwarranted.

Samsung first argues that "[r]ates of infection in this District currently match or exceed those from the spring, when the Court temporarily suspended trials."[8] However, Samsung fails to recognize that now, much more is known about COVID-19 and how to mitigate its spread than was known in the spring. General Order 20-03 suspending trials was entered on March 16, 2020, emphasizing the novelty of COVID-19.[9] At that time, the pandemic was just beginning in the United States, and little was known about how to mitigate the risks of its spread. For example, guidance on the effectiveness of wearing a mask to reduce the spread of COVID-19 was not known until months later, in July 2020,[10] and Governor Abbot did not issue a state-wide mask mandate

---

[5] ECF No. 297 at 6-7.
[6] ECF No. 297 at 7-9.
[7] Samsung filed a Supplemental Notice in Support of Their Motion to Continue Trial without seeking leave to file a supplemental brief at 8:32 pm on November 19, the night before Solas's noon deadline for its response. *See* ECF No. 299. The supplement included a number of additional COVID-19 statistics and referenced the decision of certain courts to halt jury trials. But statistics of infection rates in other areas of the country and the decision of other districts and divisions based on the facts specific to those districts is of little relevance to whether trial should commence in *this* case in *this* division.
[8] ECF No. 297 at 1.
[9] *See* General Order 20-03 (referring to the "the recent outbreak of a novel coronavirus in the United States and the State of Texas").
[10] Ex. 3, *CDC calls on Americans to wear masks to prevent COVID-19 spread*, CDC press release, July 14, 2020, https://www.cdc.gov/media/releases/2020/p0714-americans-to-wear-masks.html.

until July 2, 2020.[11] Public health experts, such as Dr. Anthony Fauci, have repeatedly emphasized that the spread of COVID-19 can be contained without another shutdown if proper mitigation practices are implemented.[12] Dr. Fauci stated: "So instead of having an opposition: Open up the economy [to] get jobs back, or shut down.  No.  Put 'shut down,' away and say, 'We're going to use public health measures to help us safely get to where we want to go."[13]  Scientists, public health officials, and the Court know much more now than they did last spring about how to use public health measures such as masks, hand washing, and social distancing to mitigate the risk of spreading COVID-19.  In fact, the Court has already used CDC guidance to put in place numerous policies and procedures mitigating the risk of COVID-19 spread during jury trials.  As the Court stated when denying a motion to continue a trial back in August:

> While the COVID-19 pandemic presents serious public health concerns, the Court has diligently undertaken to put in place reasonable precautions in order to facilitate a full and fair trial, while maintaining the health and safety of those involved.  The Court abides by the recommendations of the CDC, both in spirit and in substance. . . . In addition, the Court has undertaken extensive measures to ensure a full and fair trial in which the litigants may preserve social distancing and minimize contact with tight spaces or common surfaces.

*Optis Wireless Technology, LLC, et al v. Apple, Inc.*, Case No. 2:19cv66, ECF No. 378 at 3-4 (E.D. Tex. July 21, 2020) (Gilstrap, J.).

There is no reason why similar measures cannot be used effectively to mitigate risks to trial participates while also ensuring that the Court meets its "ongoing duty to resolve disputes and to

---

[11] Ex. 4, *Governor Abbot Establishes Statewide Face Covering Requirement, Issues Proclamation to Limit Gatherings*, Office of the Texas Governor Press Release, July 2, 2020, https://gov.texas.gov/news/post/governor-abbott-establishes-statewide-face-covering-requirement-issues-proclamation-to-limit-gatherings.
[12] Ex. 5, Dan Diamond, *Fouci says nation can survive Covid-19 without another shutdown*, Politico, Aug. 6, 2020, https://www.politico.com/news/2020/08/06/fauci-coronavirus-shutdowncovid-19-392190; Ex. 6, Melissa Klein, *Fauci not ready for national lockdown unless COVID-19 gest really, really bad*, New York Post, October 17, 2020, https://nypost.com/2020/10/17/dr-fauci-say-hes-not-ready-for-a-national-covid-19-lockdown/.
[13] Ex. 6 at 1-2, Melissa Klein, *Fauci not ready for national lockdown unless COVID-19 gest really, really bad*, New York Post, October 17, 2020, https://nypost.com/2020/10/17/dr-fauci-say-hes-not-ready-for-a-national-covid-19-lockdown/.

do so expeditiously." *Infernal Technology, LLC, et al v. Sony Interactive Entertainment*, Case No. 2:19cv248, ECF No. 124 at 2 (E.D. Tex. June 4, 2020) (Gilstrap, J.).

> B. **Empirical data shows that comparisons cannot be made between the Sherman and Marshall Divisions, and the Court has numerous policies and procedures in place to mitigate the risk to participants.**

Samsung next argues that the unfortunate infection of participates during a recent jury trial in the Sherman Division suggests that no amount of precautions can mitigate the risk of spreading COVID-19 during a jury trial in Marshall.[14] But the vastly different rates of COVID-19 infections within the Sherman Division as compared to the Marshall Division demonstrate that parallels cannot be drawn between the two divisions. The Texas Health and Human Services website includes a COVID-19 Dashboard that provides various information about the total number of cases in each Texas county over time and an estimate of the current number of active cases in each county.[15] This is the same website that Samsung used in its Motion to show the total number of infections in Harrison County.[16] According to the Texas Health and Human Services website, there are 3,904 total active cases in the counties that make up the Sherman Division as compared to only 238 total active cases in the counties that make up the Marshall Division.[17] There are more than 16 times as many COVID-19 cases in the Sherman Division as in the Marshall Division.

---

[14] ECF No. 297 at 4-6.
[15] Texas Health and Human Services, Texas COVID-10 Data, https://dshs.texas.gov/coronavirus/AdditionalData.aspx.
[16] *See* ECF No. 297 at 2, FN 2.
[17] *See* Texas Health and Human Services, Texas Covid-19 Data, Estimated Active Cases by County, last visited Nov. 19, 2020, https://txdshs.maps.arcgis.com/apps/opsdashboard/index.html#/ed483ecd702b4298ab01e8b9cafc8b83. Showing the following active COVID-19 cases for each county within the Sherman Division: Collin County (2,096); Cooke County (44); Delta County (5); Denton County (1,103); Fannin County (30); Grayson County (329); Hopkins County (49); and Lamar County (248). In comparison, the same website shows the number of active cases in each county that makes up the Marshall Division: Camp County (21); Cass County (69); Harrison County (96); Marion County (9); Morris County (10); and Upshur County (33). PDFs of this data are not provided as exhibits because the formatting of the website and county-by-county data results in illegible PDFs.

Accordingly, the unfortunate events occurring in the Sherman Division are not indicative of likely outcomes from a jury trial in the Marshall Division.

This Court has held multiple jury trials in the Marshall Division since the pandemic began, and those trials are more indicative of the risk associated with a Marshall jury trial than a Sherman trial. *See Optis Wireless Technology, LLC et al v. Apple, Inc.*, Case No. 2:19cv66 (jury trial held August 3 – 11, 2020); *GREE, Inc. v. Supercell Oy*, Case No. 2:19cv70 (jury trial held Sept. 10 – 18, 2020); *Vocalife LLC v. Amazon.com, Inc. et al*, Case No. 2:19cv123 (jury trial held October 1 – 8, 2020); *Personalized Communications, LLC v. Google LLC*, Case No. 2:19cv90 (jury trial held Nov. 2 - 6, 2020). As discussed previously, the Court has put numerous policies and procedures in place in each of those trials to ensure the health and safety of trial participants during the pandemic. *See, e.g., Optis v. Apple*, Case No. 2:19cv66, ECF No. 387 at 3-5 (outlining various COVID-19 procedures and precautions to be used during trial). Those same procedures will be used in the upcoming trial of this case, and, should the Court see fit, additional precautions can be taken to mitigate the risks to participants during trial. Solas is also willing to take any additional steps necessary to maximize the safety of trial participants. Solas intends to have its trial team tested prior to trial and suggests that Samsung's team do the same. Solas is also willing to cover the cost of testing for any jurors that would like to be tested prior to or during trial.

Samsung also raises concerns regarding a specific member of its trial team it believes has a heightened risk with respect to COVID-19.[18] Solas is mindful that age and preexisting conditions can make certain individuals more susceptible to COVID-19 and in no way seeks to minimize or discount that risk. Each trial team and individual participate will need to carefully consider the risks and the policies put in place by the Court and determine whether participation in a trial during

---

[18] ECF No. 297 at 5.

the pandemic is the right choice for each member of the team. And Solas believes that any individual should be allowed to decline participation in the trial if he or she believes that their specific risk factors necessitate that.[19] However, the personal decision of a single participant should not dictate a second, highly prejudicial delay in the trial. Each party in this case is represented by a large law firm that should have no problem staffing the case in a way that ensures the best interests of its clients and the health and safety of individual, high-risk team members. Every trial team in every case before this Court is likely to have a team member in a high-risk category. Where it can be avoided, the concerns of individual lawyers cannot dictate the Court's calendar, lest all jury trials screech to a halt.[20]

### C. The pandemic landscape is unlikely to be significantly different in three months because widespread availability of a COVID-19 vaccine is not expected until at least July 2021.

Samsung's third argument for delaying this trial yet again rests on the assumption that a continuance until March 2021 will result in a vastly improved COVID-19 landscape. Samsung argues that recent positive news about the efficacy of Pfizer and Moderna vaccines means that

---

[19] With respect to witnesses with heightened risk factors, the Court has addressed those risks in prior trials by allowing certain witnesses to testify remotely or via the use of a trial deposition taken remotely and played at trial. *See, e.g.*, *Optis v. Apple*, Case No. 2:19cv66, ECF No. 387 at 6-7 (allowing for real time live video testimony of European witnesses who cannot appear live at trial); *GREE v. Supercell*, Case No. 2:19cv70, ECF No. 453 at 1-2 (providing for trial depositions for those witnesses who cannot attend trial live). Such mitigating measures can be taken here, if necessary, in this case.

[20] Samsung also suggests that members of both trial teams living in California will be required to forego Christmas with their families should trial commence on December 4, 2020 because of a recent California travel advisory. *See* ECF 297 at 3-4. However, the travel advisory is a recommendation, not a mandate, and only suggests that California residents restrict *non-essential* travel. *See* Ex. 7, *California, Oregon & Washington Issue Travel Advisories*, CA.gov press release dated November 14, 2020, https://www.gov.ca.gov/2020/11/13/california-oregon-washington-issue-travel-advisories/. Samsung's Supplemental Notice of In Support of Their Motion to Continue Trial, ECF No. 299, also references an additional California order limiting non-essential business and personal gatherings between 10:00 pm and 5:00 am. Ex. 8, *State Issues Limited Stay at Home Order to Slow Spread of COVID-19*, CA.gov press release dated November 19, 2020, https://www.gov.ca.gov/2020/11/19/state-issues-limited-stay-at-home-order-to-slow-spread-of-covid-19/. Because California attorneys are on the state's "Essential Critical Infrastructure Workers" list, these recommendations do not appear to apply to a California attorney's need to attend trial in Texas, which would be deemed essential work. Additionally, attending trial in Texas will not violate the California curfew for non-essential gatherings both because the travel should be deemed essential and because the "gathering" of trial attorneys will take place in Texas, not California.

those vaccines will be available to trial participates in March 2021, and result in a safer trial experience.[21] Samsung goes on to say that Pfizer has a "goal of making enough supplies for most Americans by year-end."[22] But even if drug companies can meet this aspirational goal of manufacturing enough doses for most Americans by year end, evidence from the CDC, the FDA, and Texas Health and Human Services shows that vaccines will not be *distributed* and *widely available* in March 2021. On November 18, 2020, the same date that Samsung filed its Motion, National Geographic reported: "CDC director Robert Redfield, vaccine developers, and the FDA have also said it's unlikely a vaccine will be widely available until the middle of 2021."[23] This estimate of when wide-spread dissemination is expected corresponds with Texas' COVID-19 Vaccine Distribution Plan. According to that plan, Texas health officials predict that even if a COVID-19 vaccine is ready this month, it will not be widely available in Texas until *at least* July 2021.[24] Complicating this problem even more, a recent poll of Texans indicates that less than half of Texas registered voters will get a vaccine when it is available: "If a vaccine against the coronavirus became available at a low cost, 42% of Texas registered voters said they would try to get it, and 36% said they wouldn't, according to the latest University of Texas/Texas Tribune Poll."[25] Accordingly, a three month delay until March 2021 will not have a material effect on the

---

[21] ECF No. 297 at 6-7.
[22] ECF No. 297 at 7.
[23] Ex. 1, Amy McKeever, *Here's the latest on COVID-19 vaccines*, p. 2, National Geographic (Nov. 18, 2020), https://www.nationalgeographic.com/science/health-and-human-body/human-diseases/coronavirus-vaccine-tracker-how-they-work-latest-developments-cvd/#:~:text=Status%3A%20On%20November%2016%2C%20Moderna,without%20any%20significant%20safety%20concerns.
[24] Ex. 2, Aria Jones, *Health officials predict most Texans won't have access to COVID-19 vaccine until July at the earliest*, p. 1, The Texas Tribune (Oct. 19, 2020), https://www.texastribune.org/2020/10/19texas-coronavirus-vacine/, ("If a COVID-19 vaccine is ready next month [November 2020], Texas health officials predict it won't be widely available to Texans until at least July."); *see also* Ex. 9, Texas Health and Human Services Vaccine Distribution Plan PowerPoint at slide 8, https://dshs.texas.gov/uploadedFiles/Content/Consumer_and_External_Affairs/TaskForceID/docs/6_COVID-19_Vaccination_Plan%2010-19-2020.pdf.
[25] Ex. 10, Ross Ramsey, *Coronavirus vaccines could be a hard sell in Texas, UT/TT Poll finds*, Texas Tribune, Oct. 13, 2020, https://www.texastribune.org/2020/10/13/coronavirus-vaccine-texas/.

COVID-19 concerns raised by Samsung and will likely only lead to another request by Samsung in March to delay the trial once again. The Court should deny Samsung's request to delay this trial for the same reason that the Court rejected a motion to continue the *Optis v. Apple* trial in July:

> The unpredictability of the state of the pandemic in the future means that a continuance now will result in a delay of many months or even years. Nothing in Apple's request assures the Court of anything more than a lengthy, protracted delay, which will simply guarantee material prejudice to all parties.

*Optis Wireless Technology, LLC, et al. v. Apple Inc.*, Case No. 2:19cv66, ECF No. 387 at 5 (E.D. Tex. July 21, 2020) (Gilstrap, J.).

Additionally, as the Court has noted when rejecting numerous motions to move trial dates as a result of the pandemic, the constricting of the Court's calendar as a result of canceling trials in the spring means that any delay in the trial is likely to be longer than the three month delay requested by Samsung.

> The moving of a trial date for a civil jury trial is an arduous task, with serious ramifications in any environment, but especially in the current environment. Firm and reliable trial dates are a vital tool of case management as they provide both counsel and the parties a necessary level of certainty and predictability. . . The ***movement of a jury trial date during this time is not as simple as moving the trial into the next month or two, but rather such would likely result in a delay of many months given the unavailability of open trial dates in the future***. Courts have an ongoing duty to resolve disputes and to do so expeditiously.

*Infernal Technology, LLC, et al, v. Sony Interactive Entertainment, LLC*, Case No. 2:19cv248, ECF No. 124 at 1-2 (E.D. Tex. June 4, 2020) (Gilstrap, J.) (emphasis added); *see also Image Processing Technologies, LLC v. Samsung Electronics Co., Ltd., et al*, Case No. 2:20cv50, ECF No. 200 at 2-3 (E.D. Tex. June 29, 2020) (Gilstrap, J.); *Optis v. Apple*, Case No. 2:19cv66, ECF No. 387 at 5.

### D. A second, last-minute continuance would be deeply prejudicial to Solas in terms of expense and the IPR schedule.

Finally, Samsung contends that a second delay of this trial will not prejudice Solas.[26] This assertion is belied by the facts. First, Samsung repeatedly refers to the requested continuance as only a "brief" delay.[27] But Samsung ignores that the trial of this case has already been delayed by two months and that an additional three-month delay will result in trial being postponed by a total of five months. Additionally, as discussed earlier, Samsung does not address the fact that this Court has repeatedly stated that any delay in a trial schedule under current conditions is likely to be significantly longer than a few months. Solas has already born the expense of a last-minute delay of this trial once, and now Samsung seeks to impose on Solas the additional expense of another last-minute continuance. Solas has expended tens of thousands of dollars on trial preparation and vendors to ready this case for trial twice, and those resources will be forfeited once again by another last-minute continuance. Specifically, Solas has already expended time and resources securing travel arrangements, hotel rooms, work space, caterers, equipment rentals and configuration, and other expenses related to trial logistics. These expenses are increased by the additional measures that have been put in place to ensure proper safety protocols and social distancing of Solas's team members during travel and trial.

Additionally, delaying trial of this case could provide Samsung with a tactical advantage with respect to the related IPR proceedings, should Samsung's IPRs prove successful. COVID-19 has not slowed down Samsung's attempts to invalidate the patents-in-suit through IPRs. And although Samsung has stated that it would not seek a stay of this case based on the pending IPRs

---

[26] ECF 297 at 7.
[27] ECF 297 at 1 ("... make this request to the Court for a brief continuance of trial"); at 6 ("... a brief continuance will allow ..." and "Defendants seek only a brief continuance ..."); at 7 ("A brief continuance will not prejudice the parties.").

if the case is continued, Samsung has not offered to stay the IPR proceedings for the same length of time as Samsung's requested continuance of this case. Final written decisions in the related IPR proceedings are expected by April 1, 3021 (for the '311 patent), May 10, 2021 (for the '450 patent), and May 10, 2021 (for the '338 patent). Thus, if Samsung gets its way, a trial that was originally scheduled to take place in October 2020, *six months* before the first expected final written decision, would not conclude until only a *couple of weeks* before a final written decision on the '311 patent is expected. Such a dramatic change in the relative schedules will provide Samsung with a significant tactical advantage, should Samsung prevail in the IPRs.

Samsung acknowledges that the timing of the IPRs is an issue, but then dismisses it by stating: "Even with the requested three-month continuance, trial would take place in advance of any of these decisions."[28] But, as Samsung is well aware, the significant delay in trial of this case requested by Samsung makes it unlikely that Solas will obtain a final, appealable judgment on any jury verdict before final written decisions issue. Should Samsung prevail in the IPRs before Solas obtains final judgment in this proceeding, the effect of this tactical advantage to Samsung if the trial is continued cannot be overstated.

### III.  CONCLUSION

A second continuance of this trial is both unwarranted and deeply prejudicial to Solas. This Court has successfully tried other cases during the pandemic while mitigating the risk to jurors, witnesses, attorneys, and court staff. There is no reason why this trial should be any different. Samsung's motion should be denied, and trial should proceed on December 4, 2020.

---

[28] ECF No. 297 at 9.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 20, 2020 | */s/ Claire Abernathy Henry*<br>Marc Fenster (CA SB No. 181067)<br>Reza Mirzaie (CA SB No. 246953)<br>Neil A. Rubin (CA SB No. 181067)<br>Kent N. Shum (CA SB No. 259189)<br>Theresa Troupson (CA SBN 301215)<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard 12th Floor<br>Los Angeles, California 90025<br>Telephone: 310-826-7474<br>Facsimile: 310-826-6991<br>E-mail: mfenster@raklaw.com<br>E-mail: rmirzaie@raklaw.com<br>E-mail: nrubin@raklaw.com<br>E-mail: kshum@raklaw.com<br>E-mail: ttroupson@raklaw.com<br><br>Sean A. Luner<br>CA State Bar No. 165443<br>Gregory S. Dovel<br>CA State Bar No. 135387<br>Jonas B. Jacobson<br>CA State Bar No. 269912<br>DOVEL & LUNER, LLP<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>Telephone: 310-656-7066<br>Email: sean@dovel.com<br>Email: greg@dovel.com<br>Email: jonas@dovel.com<br><br>*Of Counsel:*<br><br>T. John Ward, Jr.<br>Texas State Bar No. 00794818<br>E-mail: jw@wsfirm.com<br>Claire Abernathy Henry<br>Texas State Bar No. 24053063<br>E-mail: claire@wsfirm.com<br>Andrea L. Fair<br>Texas State Bar No. 24078488<br>E-mail: andrea@wsfirm.com<br>WARD, SMITH & HILL, PLLC<br>1507 Bill Owens Parkway |

                                                                    Longview, Texas 75604
                                                                    (903) 757-6400 (telephone)
                                                                    (903) 757-2323 (facsimile)

                                                                    **ATTORNEYS FOR PLAINTIFF**
                                                                    **SOLAS OLED, LTD.**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 20th day of November, 2020.

                                                                  /s/ *Claire Abernathy Henry*
                                                                   Claire Abernathy Henry