# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SAMSUNG DISPLAY CO., LTD.,<br>SAMSUNG ELECTRONICS CO., LTD.,<br>AND SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>　　　　Defendants. | Civil Action No. 2:19-cv-00152-JRG<br><br>█████████ |

**DEFENDANTS' PARTIALLY OPPOSED MOTION TO
<u>AMEND THE PROTECTIVE ORDER</u>**

**Table of Contents**

I.   FACTUAL BACKGROUND ........................................................................................ 1

II.   ARGUMENT ................................................................................................................. 4

    A.   Good Cause Exists to Modify the Protective Order. .......................................... 5

    B.   The Proposed Amendments Are Narrowly Tailored to Prevent the Types of Violations that Occurred In this Case. ................................................. 7

    C.   The Court Should Award Defendants Reasonable Attorneys' Fees. ............... 8

III.   CONCLUSION ............................................................................................................. 9

Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. ("Defendants") respectfully bring this motion to seek the Court's assistance regarding certain Protective Order disputes between the parties. Defendants ask the Court (1) to amend the Protective Order as set forth in Ex. 1 and (2) to order Plaintiff Solas OLED Ltd. ("Solas") to provide information concerning Solas's use of Google Translate—an online translation tool which grants rights to Google, LLC ("Google")—to translate documents containing Defendants' RESTRICTED – ATTORNEYS' EYES ONLY information. Good cause exists to grant Defendants this relief, because Solas has violated the Protective Order repeatedly, and each of the proposed revisions to the Protective Order is narrowly targeted to prevent the types of unauthorized disclosures that occurred here.

## I.     FACTUAL BACKGROUND

On November 26, 2019, the Court entered the Protective Order (Dkt. 49), which prohibits the disclosure of "DESIGNATED MATERIAL" to unauthorized persons. (*Id.* at ¶ 14.) "DESIGNATED MATERIAL" includes "documents, information or material" that either of the parties mark "RESTRICTED - ATTORNEYS' EYES ONLY" ("AEO"). (*Id.* at ¶ 4.) The role of the Protective Order in this case is particularly important to Defendants, given that a large number of AEO documents rise to a level of confidentiality that is subject to the South Korea Act on Prevention of Leakage and Protection of Industrial Technology. Under South Korean law, Defendants are required to gain approval from the South Korean government before producing National Core Technologies ("NCT") material—which includes Samsung Display's technical documents relating to the design, process, and manufacturing technology for Active Matrix Organic Light Emitting Diode (AMOLED) panels—and report any unauthorized disclosure of NCT material, due to the sensitive nature of these materials for South Korea's national security

and national economy. (*See* Ex. 12, English translation of Act on Prevention of Leakage and Protection of Industrial Technology, Act No. 10962, art. 1, Jul. 25, 2011 (S. Kor.) provided by the Korea Legislative Research Center.)

In early October, Defendants learned that Solas had produced seven AEO documents from this proceeding in three parallel proceedings in the Western District of Texas: *Solas OLED Ltd. v. Dell Inc.*, Civil Action No. 6:19-cv-00514-ADA (W.D. Tex.), *Solas OLED Ltd. v. Google LLC*, Civil Action No. 6:19-cv-00515-ADA (W.D. Tex.), and *Solas OLED Ltd. v. Apple Inc.*, Civil Action No. 6:19-cv-00537-ADA (W.D. Tex.) (collectively, "the Western District cases"). Six of these documents were English translations of Defendants' AEO documents, and the remaining document was the June 22, 2020 Rebuttal Expert Report of Thomas Credelle Regarding the Validity of U.S. Patent Nos. 6,072,450, 7,446,338, and 9,256,311 ("Credelle Report"), which references and discusses Defendants' AEO documents and information. (Ex. 2, Credelle Report Excerpt.) Defendants immediately asked Solas to investigate the extent of the unauthorized disclosure. (Ex. 3, Oct. 14 Letter from D. Cho to R. Mirzaie.) That evening, Defendants contacted the parties in the Western District cases to request that they sequester and destroy the AEO documents. (Ex. 4, Oct. 14 Emails from D. Cho to Counsel for Google and Counsel for Apple Inc. in the Western District cases.)[1]

Solas's unauthorized production of Defendants' AEO documents and the Credelle Report in the Western District cases led Defendants to investigate Solas's broader document translation practices, which revealed that Mr. Credelle (Solas's expert) testified in his deposition that he used Google Translate—an online machine translation tool—to translate one of Defendants' AEO

---

[1] Counsel for Defendants in this case are also counsel for Dell Inc. in *Solas OLED Ltd. v. Dell Inc.*, Civil Action No. 6:19-cv-00514-ADA (W.D. Tex.).

2

documents. (Ex. 5, Excerpt of Credelle Dep. Tr. 201:15–21.) Because Google's Terms of Service provide Google with the right to save and publish whatever content is entered into the translation tool, (Ex. 6, Google's Terms of Service Excerpt), Defendants wrote to Solas on October 22 to ask it to identify the "specific part or parts of SDC0231087 Mr. Credelle input into Google Translate" and "whether any employee, consultant, or contractor of Solas or Russ August Kabat … has used Google Translate on any … AEO or confidential documents," (Ex. 7, Oct. 22 Letter from D. Valencia to P. Wang at 3–4). Defendants' letter also asked Solas to agree to certain Protective Order amendments designed to "protect against future breaches by Solas." (*Id.* at 4.)

Solas explained that it had produced translations of Defendants' AEO documents with a "SOLAS" Bates stamp in this case, then inadvertently reproduced these translations in the Western District cases. (Ex. 8, Oct. 16 Email from P. Wang to D. Cho at 1.) In regards to Mr. Credelle's use of Google Translate, Solas explained that his "use of machine translation software … was limited to extremely narrow portions of certain Samsung Display documents" on "individual Korean words and labels … only a small number of times and on fewer than ten documents." (Ex. 9, Oct. 27 Letter from P. Wang to D. Valencia at 4.) According to Solas, "[n]one of those words or labels constituted highly confidential information." (*Id.*) Despite these representations, Solas declined to identify the "specific part or parts of SDC0231087 Mr. Credelle input into Google Translate" (as well as the part(s) of the other "fewer than ten documents"), and "whether any employee, consultant, or contractor of Solas or Russ August Kabat … has used Google Translate on any … AEO or confidential documents" as requested by Defendants. (Ex. 7 at 3–4.) Solas rejected the amendments to the Protective Order proposed by Defendants as "unnecessary and burdensome." (Ex. 9 at 5.)

3

The parties met and conferred on October 28 to discuss, among other things, the proposed Protective Order amendments that Defendants had offered, as well as the information that Defendants requested concerning the extent of Mr. Credelle's use of Google Translate. Solas declined to agree to the proposed Protective Order amendments, did not offer any counterproposal, and refused to provide the information requested concerning use of Google Translate. (*See e.g.*, Ex. 10, Nov. 1 Email from P. Wang to D. Valencia at 1.) On November 9, Defendants again wrote to Solas to inform it that it needed to seek the Court's assistance and requesting a meet and confer with lead counsel and Texas counsel. That meet and confer involving lead counsel and Texas counsel was held on November 16 to discuss the remaining disputes between the parties. The parties appear to have reached agreement on paragraphs 29, 31, and 33 of the proposed amendment to the Protective Order (Ex. 1) but the parties are at an impasse on the important issues of whether use of Google Translate is a violation of the existing Protective Order and, if it is not, whether good cause exists to amend the Protective Order to prohibit use of Google Translate with confidential information.

## II.     ARGUMENT

The Court should (1) grant Defendants' motion to amend the Protective Order to prevent future breaches of the type that occurred in this case and (2) order Solas to provide the requested information concerning its use of Google Translate so that Defendants can assess what steps they must take relative to the South Korean government and/or Google. Defendants are proposing five additional Protective Order provisions targeting the use of Google Translate, the unauthorized use or production of documents produced in this case, and necessary remedial efforts in the event of a breach. *See Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (In deciding whether to modify a stipulated protective order, courts generally

4

consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification.") (citing cases). Solas appears to agree to certain amendments proposed by Defendants, including a paragraph that precludes a party from using its own Bates labeling on another parties' confidential documents, a paragraph that precludes a party from producing another party's confidential documents in another litigation, and a paragraph that requires a "potential[ly] breach[ing]" party to use its "best efforts" to remediate a potential breach "as soon as possible." (Ex. 1 at ¶¶ 29–33.) Defendants respectfully request that the Court enter these amendments as well as those that are the subject of continuing disputes.

### A. Good Cause Exists to Modify the Protective Order.

The Protective Order provides that "[t]here shall be no disclosure of any [AEO material] by any person authorized to have access thereto to any person who is not authorized for such access under this Order." (Dkt. 49 at ¶ 14.) Solas appears to acknowledge that it violated the Protective Order by producing—in three separate matters—multiple AEO documents to lawyers for Google and Apple who are not under the Protective Order. Solas's unauthorized production of six of the documents appears to have been the result of confusion that *Solas* created for itself by reproducing translated versions of Defendants' AEO documents with Solas "Bates" labels in this case.[2]

Solas has taken the position, however, that its use of Google Translate to translate Defendants' AEO information was not a violation of the Protective Order even though Google's

---

[2] That explanation does not explain how or why Solas produced the seventh document—the Credelle Report—which was marked AEO and cited and discussed Defendants' AEO documents. Rather than investigate this violation as requested by Defendants, Solas responded by noting that, "it doesn't appear that the [Credelle Report] contains Samsung's confidential information" notwithstanding its AEO designation. (Ex. 9.) To be sure, the Credelle Report undoubtedly discussed and referenced Defendants' AEO documents including, for example, SDC220182 and SDC1097539. (Ex. 2 at ¶¶ 475–476.)

Terms of Service provide that Google may save and publish information inputted into the Google Translate website.

According to the Terms of Service, Google is granted a "worldwide" license to "host, reproduce, distribute, communicate, and use your content," "publish, publicly perform, or publicly display your content, if you've made it visible to others," "modify and create derivative works based on your content, such as reformatting or translating it," and "sublicense these rights to: other users … [and] our contractors" for the purpose of, *inter alia*, "developing new technologies and services for Google." (Ex. 6.)

These Terms of Service make clear that Solas's disclosure of designated material to Google—an entity "who is not authorized" to have access to designated material—is a violation of Paragraph 14 of the Protective Order. It is particularly problematic that Google—a competitor of Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.—claims (per the Terms of Service for Google Translate) that it can disseminate this material notwithstanding Defendants' obligations to the South Korean government referenced above.

Solas's conduct in responding to these violations of the Protective Order provides additional grounds for the Court to amend the Protective Order and order Solas to provide the requested information concerning its use of Google Translate. Solas has stonewalled Defendants' investigation into the extent of these violations. For example, despite representing in its October 27 letter that Mr. Credelle's "use of machine translation … was limited to extremely narrow portions of certain Samsung Display documents" on "individual Korean words and labels … on fewer than ten documents" and that "[n]one of those words or labels constituted highly confidential information," Solas has refused to identify the "fewer than ten documents" that were translated by Mr. Credelle or the "words or labels" it claims are not "highly confidential." (Ex. 9 at 4.) Even

6

after Solas learned about its unauthorized disclosure, it was *Defendants* who had to take it upon themselves to contact defendants in the Western District cases in order to have the material sequestered and destroyed.[3] And, rather than acknowledge that violations had occurred and investigating those violations, Solas's explanation sought to excuse itself by blaming another party's demand for Solas's production in the Western District cases. (Ex. 9 at 2.) Although Solas now appears to agree that certain provisions should be added to the Protective Order, it only reached this agreement after dozens of correspondence and only after Defendants made clear they would be seeking the Court's assistance. Accordingly, Defendants respectfully request that the Court (1) amend the Protective Order to add paragraphs 29–33, including a prohibition on using Google Translate on confidential documents, and (2) order Solas to provide the previously requested information concerning its use of Google Translate.

> B. **The Proposed Amendments Are Narrowly Tailored to Prevent the Types of Violations that Occurred In this Case.**

The proposed modifications will strengthen the Protective Order by (1) prescribing a process by which to handle future requested disclosure of materials, (2) clarifying supposed ambiguities, and (3) reinforcing the parties' reliance on the Protective Order. Although Defendants believe that the current Protective Order unambiguously prohibits Solas's conduct in this litigation, the proposed modifications will eliminate any doubt on these points. *See Raytheon*, 2008 WL 4371679, at *2.

---

[3] In contrast, just last week, when Defendants realized that certain confidential exhibits were inadvertently filed on the public docket, Defendants immediately raised the issue with Solas and contacted the Court in order to remediate this issue. (Dkt. 293). Defendants recognize that, despite best efforts, mistakes can happen, but it is essential that parties take immediate corrective actions to address any mistakes as soon as they become aware of them. In Defendants' view, that includes investigating the nature and extent of the unauthorized disclosure and considering in good faith any potential amendments to the Protective Order.

With respect to the unauthorized production of Defendants' AEO documents in the Western District cases, Defendants are requesting that the Court amend the Protective Order to prohibit Solas from reproducing Defendants' documents under its own Bates label, (Ex. 1 at ¶ 29), to prohibit the production of any confidential material in any other proceeding without first notifying Defendants, (*id.* at ¶ 30), and to require Solas to immediately inform Defendants and use its best efforts to remediate any potential breach or violation, (*id.* at ¶ 31). Had these provisions been in place, Solas would not have produced Defendants' AEO documents under its own Bates label, would have given Defendants an opportunity to object to the production of these documents in the Western District cases, and would have been required to proactively reach out to Google and Apple to promptly remediate its violation. Even though these amendments are intended to address Solas's violations, Defendants are proposing that they be made applicable to all parties.

With respect to Solas's use of Google Translate, Defendants request that the Court amend the Protective Order to preclude Solas from entering any of Defendants' confidential information into Google Translate or any other online translation services that may result in the information becoming available to unauthorized parties.  (*id.* at ¶ 32.)

Finally, Defendants further request a modification to clarify that Solas will not use Defendants' designated documents for any purpose unrelated to the above-referenced matter. (Ex. 1 at ¶ 33.)

### C. The Court Should Award Defendants Reasonable Attorneys' Fees.

A party may be held responsible for the reasonable attorneys' fees and expenses caused by the party's misconduct. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Defendants have been forced to spend an inordinate amount of time and resources trying to resolve the issues discussed in this motion because of Solas's obfuscation of the facts underlying its protective order violations and its efforts to avoid meaningful and timely negotiations over the Protective Order

8

amendments—particularly by minimizing Defendants' concerns about the protection of AEO information. (*See, e.g.,* Ex. 9 at 5 ("your enumerated list of nine demands on pages 3–4 of your letter are unreasonable, and frankly, ridiculous"); Ex. 11, Oct. 28 Email from P. Wang to D. Valencia at 1 ("your requests are unreasonable and some appear to be made in bad faith"); *id.* ("I ask that you stop posturing about Samsung's 'duty to notify the Korea[n] government of Solas's [alleged] violations.'")). Accordingly, Defendants request that the Court award fees and costs necessary to investigate the violations of the Protective Order and to prepare and file the instant motion.

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully ask this Court to amend the Protective Order and to award attorneys' fees and costs.

9

| | |
|---|---|
| Dated: November 20, 2020 | */s/ Daniel E. Valencia* |

                                    Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
David A. Garr
dgarr@cov.com
Jared R. Frisch
jfrisch@cov.com
Daniel E. Valencia
dvalencia@cov.com
Daniel W. Cho
dwcho@cov.com
Tarek J. Austin
taustin@cov.com
Eric T. O'Brien
eobrien@cov.com
David J. Cho
djcho@cov.com
Jordan V. Hill
jvhill@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this November 20, 2020.

/s/ Melissa R. Smith
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants and counsel for Solas met and conferred concerning the substance of this motion and the relief requested on November 16, 2020. Following discussions, Solas remains opposed to this motion and the relief requested. Discussions conclusively ended in an impasse, leaving open the instant issues for the Court to resolve.

/s/ Melissa R. Smith
Melissa R. Smith