# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., *Plaintiff,* v. SAMSUNG DISPLAY CO., LTD., et al., *Defendants.* | Case No. 2:19-cv-00152-JRG |

**PLAINTIFF SOLAS OLED LTD.'S NOTICE FOLLOWING
THE APRIL 1, 2021 TELEPHONIC STATUS CONFERENCE AND
REQUEST REGARDING POST-TRIAL MOTIONS**

Plaintiff Solas OLED, Ltd., ("Solas") respectfully submits this Notice Following the April 1, 2021 Status Conference ("Status Conference") and Request Regarding Post-Trial Motions.

Per the discussion at the Status Conference, Solas believes it is appropriate to expedite post-trial proceedings in view of in the unique facts and history of this case. In view of those unique facts, any delay in completing the post-trial proceedings could significantly prejudice Solas and, perhaps more importantly, waste the time and effort of this Court and all of the jurors who dutifully served to reach their verdict after the trial in this case.

This Court has already recognized the uniqueness of this case. In denying a request to stay the case pending *Inter Partes* Review ("IPRs") of the asserted patents, this Court recognized "the unique posture and timing of this case relative to the timing of the instituted IPRs." July 17, 2020 Order Denying Motion to Stay ("Order"), Doc. No. 133 at *3-5. Based on that unique posture, the Court correctly rejected Samsung's attempt to delay the case relative to the timing of the IPRs. And it expressly did so due to the: (i) "extremely advanced" stage of the case (in which the parties had concluded fact and expert discovery) and (ii) significant "prejudice" Solas would suffer if the later-filed IPRs were allowed to conclude before the parties in this case reached trial, which "heavily weighed" against a stay. *Id*.

Since the Court issued the Order, the case has become even more unique—in ways that have created more delay and more prejudice to Solas. This is due to the fact that the trial in this case, which was originally set for October 5, 2020, has twice been postponed on the eve of trial in light of various requests by Defendants. And while those requests were due in part to matters outside of Defendants' control, it nevertheless resulted in wasting hundreds of thousands of dollars in additional resources and further prejudice and delays vis-à-vis the timing of the IPRs.

1

And if the timeline to an appealable final judgment were unnecessarily extended now, *after* the jury spent one long week evaluating the evidence and arguments to reach their verdict in this case, the prejudice to Solas would significantly increase. Due to the numerous delays outlined above, the PTAB reached a decision in the '311 patent IPR proceeding just three weeks after the jury reached its verdict—and is less than three months away from reaching a decision in the '338 patent IPR proceeding. This means that any unnecessary delay in reaching an appealable final judgment in this case could, in the words of Judge Payne, "render nugatory … the time and effort of all of the judges and jurors who have evaluated the evidence and arguments [and] would do a great disservice to the Seventh Amendment and the entire procedure put in place under Article III of the Constitution." *Versata Software, Inc. v. SAP Am., Inc*., Case No. 2:07-cv-153-RSP, 2014 WL 1600327 at *2 (E.D. Texas April 21, 2014) (denying request to delay post-trial judgment pending conclusions of parallel PTAB proceedings); *WesternGeco LLC v. Ion Physical Corp.,* Case No. 4:09-cv-1827, 2016 WL 2344347 at *12-13 (S.D. Texas May 4, 2016) (same).

However, this prejudice and "disserve to the Seventh Amendment" could be avoided. If the parties get to an appealable final judgment in this case at some point within the month of May, it is likely that the appeal of that judgment would reach its conclusion before the appeal of the '311 IPR proceeding, and certainly before any conclusion in an appeal of the '338 IPR proceeding. Solas is, of course, extremely mindful of this Court's busy docket as it continues to work hard to serve the best interests of justice, even in the toughest of conditions and circumstances. It therefore recognizes that the Court does not need to reach its decision on the post-trial motions in this case during the month of May—and that doing so would require resources that are, no doubt, already limited. Solas merely respectfully makes this request because it believes that deciding those motions in the month of May are in the best interest of preserving justice, this Court's decisions,

and the jury's hard work in this particular and uniquely situated case.[1] Simply put, an expeditious decision such as that one would be the only one that ensures the jury's service will not go to waste and that Solas would not suffer additional significant prejudice.

To facilitate this outcome and decrease the likelihood of such further prejudice, Solas now formally commits to do its part to streamline and reduce any burdens regarding the post-trial process. It will do so by: (a) committing to not filing any motions, including any fee motions and any motions concerning the asserted claims of the '450 patent, which the jury found invalid; and (b) expeditiously responding to any and all post-trial briefs Defendants file, within much shorter time durations than those outlined by the Local Rules.

To further ensure the post-trial proceedings conclude as expeditiously as possible, Solas has proposed the following small adjustments to the post-trial briefing schedule. This proposal requires Defendants to file opening briefs just *three business days before* the date on which they would normally be due and file any reply briefs just *one business day before* the date on which those would be due:

- **Opening briefs by Samsung**
    - Due date: Tuesday April 20
    - *Requested due date*: *Thursday, April 15*

- **Oppositions by Solas**
    - Solas will commit to filing these briefs on or before April 19

- **Any reply by Samsung**
    - Due date: April 26
    - *Requested Due Date: April 23*

- **Any sur-reply by Solas**
    - Solas will commit to filing these briefs on or before April 26

---

[1] And though neither side believes the appeal in this case should be consolidated with the appeals of the PTAB decisions, an expeditious decision would be the only one that guarantees the possibility of doing so.

3

For their part, Defendants did not accept this proposal. Instead, they contended they are unaware of any authority this Court has to expedite this briefing schedule, even to make the proposed adjustments which would have Defendants file their opening briefs just three days before the normal timeline under Local Rules. But this Court obviously has such authority through, among other things, the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962); *see also* Fed. R. Civ. P. 16. Defendants also requested that Solas waive its right to seek any rehearing at the PTAB, in addition to waiving its right to file a motion for fees and a motion under Rule 50(b) regarding the '450 patent. But this is an unreasonable request in light of the substantive defects in the '311 Decision, let alone the noteworthy fact that Solas presumably would now preserve its procedural rights to a rehearing in view of the currently pending challenge to the constitutionality of the PTAB in the Supreme Court *Arthrex v. Smith & Nephew* case—a point which Defendants' firm has even addressed in the recent past. *See, e.g.*, https://www.cov.com/en/events/2020/10/recent-us-supreme-court-ip-cases-and-sneak-peek-at-the-future-term.

After much prejudice to Solas and having lost a jury verdict on the validity issues in question. Defendants appear to want to further ensure they get another bite at the proverbial apple, even at the risk of further prejudicing Solas. Respectfully, this Court should not let them do so, because that would only further prejudice Solas and be a disservice to hard work of the jury and this Court, and the Seventh Amendment in general. Accordingly, this Court should grant Solas's respectful requests regarding the timing of post-trial proceedings in this case.

Dated: April 2, 2021             /s/ *Reza Mirzaie*
                                             Marc Fenster
                                             CA State Bar No. 181067
                                             Reza Mirzaie
                                             CA State Bar No. 246953
                                             Adam S. Hoffman
                                             CA State Bar No. 218740
                                             Neil A. Rubin
                                             CA State Bar No. 250761
                                             RUSS AUGUST & KABAT
                                             12424 Wilshire Boulevard, 12th Floor
                                             Los Angeles, CA  90025
                                             Telephone: 310-826-7474
                                             Email: mfenster@raklaw.com
                                             Email: rmirzaie@raklaw.com
                                             Email: ahoffman@raklaw.com
                                             Email: nrubin@raklaw.com

                                             Sean A. Luner
                                             CA State Bar No. 165443
                                             Gregory S. Dovel
                                             CA State Bar No. 135387
                                             Jonas B. Jacobson
                                             CA State Bar No. 269912
                                             DOVEL & LUNER, LLP
                                             201 Santa Monica Blvd., Suite 600
                                             Santa Monica, CA  90401
                                             Telephone: 310-656-7066
                                             Email: sean@dovel.com
                                             Email: greg@dovel.com
                                             Email: jonas@dovel.com

T. John Ward, Jr.
TX State Bar No. 00794818
Charles Everingham, IV
TX State Bar No. 00787447
Claire Abernathy Henry
TX State Bar No. 24053063
Andrea L. Fair
TX State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas  75606
Telephone: 903-757-6400
Email: jw@wsfirm.com
Email: ce@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

**ATTORNEYS FOR PLAINTIFF, SOLAS OLED LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on April 2, 2021 with a copy of this document via the Court's ECF system.

DATED:  April 2, 2021 　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　By: /s/ *Reza Mirzaie*
　　　　　　　　　　　　　　　　　　　　　　　　Reza Mirzaie