# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG DISPLAY CO., LTD.,<br>SAMSUNG ELECTRONICS CO., LTD.,<br>AND SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>Defendants. | Civil Action No. 2:19-cv-00152-JRG |

**DEFENDANTS' OPPOSITION TO PLAINTIFF SOLAS OLED LTD.'S NOTICE
FOLLOWING THE APRIL 1, 2021 TELEPHONIC STATUS CONFERENCE AND
REQUEST REGARDING POST-TRIAL MOTIONS**

Defendants Samsung Display Co., Ltd., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. ("Defendants") respectfully submit this Opposition to Solas's submission styled as "Notice Following the April 1, 2021 Status Conference and Request Regarding Post-Trial Motions" (Dkt. 360) (hereinafter Solas's "Notice").

Solas's "Notice" asks the Court to depart from specific deadlines set by the Federal Rules of Civil Procedure and to expedite the Court's own decision-making at the expense of the many other matters on the Court's docket, out of a hope by Solas that the Federal Circuit might consider and decide any appeal from this Court's final judgment before it considers and decides appeals from the PTAB's final decisions finding the claims of the asserted patents invalid. Solas's request to this Court that it rearrange the work on its busy docket to embark on a race to judgment with the PTAB is meritless, and the Court should decline it.[1]

What Solas seeks in its "Notice" would be extraordinary. The Federal Rules establish a specific deadline for post-trial motions under Rules 50(b) and 59(b), which as relevant here are 28 days after the entry of the final judgment. *See* Fed. R. Civ. P. 50(b), (d) & 59(b). Solas has not cited a single case in which any court has shortened these deadlines. Defendants are not aware of any authority under which any District Court has previously shortened Rule 50(b) or Rule 59 deadlines. Indeed, this Court has previously noted, in denying requested extensions, that the time

---

[1] Solas's "Notice" is also procedurally improper, circumventing the Court's rules for motion practice. Solas did not follow the meet-and-confer requirements of Local Rule CV-7(h), as no in-person meeting or phone call took place prior to Solas filing its "Notice." Solas sent Defendants a proposal to expedite the briefing schedule on the night of Thursday, April 1. (Ex. 1.) The following afternoon, Defendants requested additional information necessary to evaluate Solas's proposal. But Solas did not respond. Instead, Solas filed its "Notice" without a certificate of conference at midnight on the Friday of a holiday weekend. Solas's failure to abide by the local rules is "reason alone" to deny its "Notice." *Rothschild Connected Devices Innovations, LLC v. Garmin Int'l, Inc.*, No. 2:17-CV-00158-JRG-RSP, at *4 (E.D. Tex. Dec. 1, 2017).

limits for these motions are "mandatory." *Implicit, LLC v. NetScout Systems, Inc.*, No. 2:18-cv-00053-JRG, Dkt. 244 (E.D. Tex. Jan. 6, 2020).

Insofar as Solas alleges that this case is unique due to the pending IPR proceedings, its position is untenable. Many cases have co-pending IPR proceedings. *See* The Sedona Conference, *Commentary on Patent Litigation Best Practices: Parallel USPTO Proceedings Chapter ("Stage One")*, THE SEDONA CONFERENCE WORKING GROUP SERIES, 1 (Oct. 2016).[2] Yet Solas fails to identify a single example of a post-trial motion deadline being shortened in a patent litigation due to co-pending IPR proceedings (or for any other reason). Nor is there merit to Solas's assertion that this case "has become even more unique" due to the postponement of trial. (*See* Notice at 1.) This circumstance was neither unique to this case nor this Court. Every one of the Court's trials set in December 2020 through February 2021 was postponed due to the global pandemic and "a dangerously rising rate of increase in COVID-19 cases and swelling hospitalizations in this district and across the country," (Dkt. 302 at 2), just like other trials had been postponed earlier in 2020 for similar reasons.

Solas's attempt to argue that it could be prejudiced if the Federal Rules of Civil Procedure are followed turns the logic of this situation on its head. Solas improperly suggests that Defendants are somehow attempting to *delay* matters because Defendants do not want to deviate from the Court's established procedures and the explicit deadlines set by the Federal Rules of Civil Procedure. (*See, e.g.*, Notice at 2 ("[I]f the timeline to an appealable final judgment were unnecessarily *extended* now . . . .") (emphasis added).) But Defendants have not made any request of the Court regarding the schedule for post-trial motions, let alone a request to extend that schedule. It is Solas, not Defendants, that is asking the Court to depart from

---

[2] https://www.lw.com/thoughtLeadership/commentary-on-patent-litigation-best-practices.

established practice and explicit rules to expedite the schedule, for the sole purpose of having the Court issue decisions in advance of the Patent Office's decisions becoming final—decisions that found claims of the patents-in-suit invalid.

The only prejudice here would be to **Defendants,** who would need to prepare their motions on an expedited basis at this late juncture in a complex case involving issues of both liability and damages across three unrelated patents. Particularly given the number and complexity of issues presented, Defendants believe they need the full time provided by the rules to prepare, review, and submit their post-trial briefs. That time should not be shortened merely because Solas wants to race to the Federal Circuit. Solas's expedited schedule would take away five days from the time Defendants have to file their post-trial motions and nearly half of the time (three of the seven days) Defendants have to file replies. While the loss of this time would certainly prejudice Defendants' ability to adequately brief and preserve their post-trial issues, Solas fails to show how completing briefing eight days earlier would even materially impact the timeline of the appeals—even if Solas were to prevail on the post-trial motions, which Defendants do not believe Solas should.[3]

There is no need for the Court to engage in an extraordinary effort to accelerate the briefing of post-trial motions by Defendants and the disposition of them by the Court. Indeed, Solas's proposed expedited schedule is neither necessary nor sufficient to achieve Solas's apparent goal of having the Federal Circuit decide any appeal from this Court's final judgment

---

[3] Further, only if the Federal Circuit affirms the PTAB decisions finding the asserted claims invalid could Solas stand to benefit from having an appeal from the litigation decided before any appeals Solas takes from the decisions of the administrative agency. Neither judicial efficiency nor sound public policy support abbreviating the preparation or consideration of important post-trial motions and drawing the Court's resources away from other cases on its docket in order to help Solas try to collect a monetary judgment on invalid patent claims.

before it considers and decides appeals from the PTAB's final decisions invalidating claims. Even if this Court were to resolve post-trial motions as early as May and did so in Solas's favor, the appeals from this Court and the PTAB would be pending concurrently before the Federal Circuit later this year. As a result, they would in all likelihood be resolved by the same panel following coordinated oral arguments. The Federal Circuit routinely coordinates related appeals from IPRs and district court proceedings by designating them as "companion" cases to be heard on the same day before the same panel. *See, e.g.*, Order at 2, *Chrimar Sys., Inc. v. ALE USA Inc.*, No. 18-2420, Dkt. 31 (Fed. Cir. filed Dec. 17, 2018) (appeals from PTAB and district court noticed almost 8 months apart designated companion cases to be argued on same day); Order at 2, *Duncan Parking Techs, Inc. v. IPS Group, Inc.*, No. 18-1205, Dkt. 21 (Fed. Cir. filed Jan. 31, 2018) (appeals noticed approximately 1–2 months apart); Docket "note," *XY, LLC v. Trans Ova Genetics*, No. 16-2054, Dkt. 21 (Fed. Cir. filed Dec. 7, 2016) (appeals noticed approximately 1–2 months apart). When related appeals are expected, the Federal Circuit may even stay the first-noticed appeal to consolidate it with the anticipated appeal(s). *See, e.g.*, Order at 3, *BTG Int'l Ltd. v. Amneal Pharm. LLC*, No. 19-1147, Dkt. 83 (Fed. Cir. filed Dec. 12, 2018) (about one month after notice of appeals from district court judgment, Federal Circuit "vacate[d] the . . . briefing schedule and temporarily stay[ed] briefing in this case so that these appeals can be consolidated with the anticipated appeals from the Board decisions"); *see* Practice Note to Federal Circuit Rule 15 ("CONSOLIDATION . . . . Appeals or petitions for review from decisions involving the same or related patents from the same tribunal will usually be consolidated. Other appeals or petitions may be consolidated on motion or by the court sua sponte.").

The Federal Circuit will likely follow the same approach of hearing appeals in coordination under the schedule for post-trial briefing set forth in the Federal Rules and this Court's rules; this timing still allows any appeal from this Court's final judgment to be pending concurrently with appeals from the PTAB's decisions. In short, this Court's final judgment can be considered by the Federal Circuit without requiring this Court to expedite its usual post-trial process, and expediting that process is unlikely to prevent the Federal Circuit from considering and deciding appeals from the PTAB's final decisions along with this Court's final judgment.

In a footnote, Solas confusingly asserts that "neither side believes the appeal in this case should be consolidated with the appeals of the PTAB decisions" and that "an expeditious decision" is the "only" way to "guarantee[] the possibility of [consolidation]." (Notice at 3 n.1.) To be clear, Defendants have never said that they believe the appeals should or could not be consolidated, nor that they would oppose consolidation. And even if the appeals are not consolidated for whatever reason, Solas ignores the Federal Circuit's common practice of treating concurrently pending, related appeals as companion cases. Moreover, the appropriate mechanism for coordinating the parties' appeals is to do so directly with the Federal Circuit, not by expediting post-trial motions before this Court.

To the extent that Solas attempts to raise an argument regarding the constitutionality of IPR proceedings through its vague invocation of the Seventh Amendment (*see* Notice at 2–3), the Supreme Court has expressly held that "inter partes review does not violate Article III or the Seventh Amendment." *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1379 (2018). Regardless, the Court has discretion to stay or decline to stay the district court proceedings in light of the PTAB proceedings, but, in line with this Court's normal practice, nothing about the existence of the parallel proceedings should otherwise impact the

5

Court's procedures. Indeed, Solas knew last year during the discovery period in this case that the claims of the asserted patents were likely to be found invalid at least by the PTAB and opposed staying the litigation, and Defendants apprised the Court promptly, at all stages, about the IPR petitions, their institution, and the PTAB's decisions.

Finally, it is improper for Solas to request that the Court expedite its rulings solely to influence the timing of an appeal in this case relative to the timing of its appeals of the PTAB's final written decisions. If anything, judicial efficiency would counsel in favor of the Court waiting to rule until after the resolution of the three IPR petitions. *See, e.g., Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 472 F. Supp. 3d 1183, 1184 (S.D. Fla. 2020) (after jury trial completed, court stayed post-trial proceedings pending PTAB's review of claims). Nor should Solas be heard to argue about judicial resources and the jury's hard work when it continues to file cases on the '450 patent involving the same products it had accused earlier in this litigation but elected not to take to trial, after the jury verdict of invalidity—a decision it has agreed not to challenge in its Rule 50(b) and Rule 59 motions. *See Solas OLED Ltd. v. Samsung Display Co., Ltd.*, 2:21-cv-00104-JRG (E.D. Tex. March 22, 2021); *see also* Notice at 3.

Dated: April 6, 2021                    */s/ Melissa R. Smith*

                                         Melissa R. Smith
                                         Texas State Bar No. 24001351
                                         melissa@gillamsmsithlaw.com
                                         GILLAM & SMITH, LLP
                                         303 South Washington Avenue
                                         Marshall, Texas 75670
                                         Phone: (903) 934-8450
                                         Fax: (903) 934-9257

                                         Jeffrey H. Lerner
                                         jlerner@cov.com
                                         David A. Garr
                                         dgarr@cov.com

Jared R. Frisch
jfrisch@cov.com
Daniel E. Valencia
dvalencia@cov.com
Daniel W. Cho
dwcho@cov.com
Tarek J. Austin
taustin@cov.com
Eric T. O'Brien
eobrien@cov.com
David J. Cho
djcho@cov.com
Jordan V. Hill
jvhill@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this April 6, 2021.


                                            */s/ Melissa R. Smith*
                                            Melissa R. Smith