# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Civil Action No. 2:19-cv-00152-JRG<br><br>███████████<br><br>**ORAL HEARING REQUESTED** |

## DEFENDANTS' RULE 59 MOTION FOR NEW TRIAL

DC: 7531642-1

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | | A NEW TRIAL SHOULD BE GRANTED ON DAMAGES. | 1 |
| | A. | The ▓▓▓▓▓ should not have been admitted. | 1 |
| | B. | Mr. Dell's unreliable testimony should have been excluded. | 2 |
| | C. | The damages award is against the great weight of the evidence. | 5 |
| II. | | A NEW TRIAL ON NON-INFRINGEMENT OF THE '338 PATENT IS WARRANTED. | 6 |
| III. | | A NEW TRIAL ON NON-INFRINGEMENT OF THE '311 PATENT IS WARRANTED. | 7 |
| IV. | | A NEW TRIAL ON INVALIDITY OF THE '311 PATENT IS WARRANTED. | 10 |
| V. | | THE WILLFULNESS VERDICT WAS AGAINST THE GREAT WEIGHT OF THE EVIDENCE AND THE DAMAGES ENHANCEMENT SHOULD BE REMOVED. | 10 |
| VI. | | ERRORS IN THE JURY INSTRUCTIONS AND VERDICT FORM WARRANT A NEW TRIAL. | 11 |
| | A. | The Court incorrectly instructed the jury on induced infringement. | 12 |
| | B. | The Court incorrectly instructed the jury on willfulness. | 12 |
| | C. | The jury was not instructed on a necessary aspect of corroboration. | 13 |
| | D. | The jury should have been instructed on the entire market value rule. | 13 |
| | E. | The verdict form's questions 1 and 3 were error and prejudicial. | 14 |
| VII. | | THE '338 PATENT DAMAGES AWARD SHOULD BE REMITTED. | 15 |
| VIII. | | CONCLUSION | 15 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Astornet Techs. Inc. v. BAE Sys., Inc.*,
  802 F.3d 1271 (Fed. Cir. 2015) ............................................................................................. 12

*Bayer Healthcare LLC v. Baxalta Inc.*,
  989 F.3d 964 (Fed. Cir. 2021) ......................................................................................... 11, 13

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ............................................................................................................. 12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) ......................................................................................................... 13

*Kolcraft Enters., Inc. v. Graco Children's Prod., Inc.*,
  927 F.3d 1320 (Fed. Cir. 2019) ............................................................................................ 13

*Medichem, S.A. v. Rolabo, S.L.*,
  437 F.3d 1157 (Fed. Cir. 2006) ............................................................................................ 13

*Prism Techs. LLC v. Spring Spectrum L.P.*,
  849 F.3d 1360 (Fed. Cir. 2017) .............................................................................................. 1

*Smith v. Transworld Drilling Co.*,
  773 F.2d 610 (5th Cir. 1985) .................................................................................................. 1

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
  930 F.3d 1295 (Fed. Cir. 2019) ............................................................................................ 13

*Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*,
  609 F.3d 1308 (Fed. Cir. 2010) ............................................................................................ 12

**Other Authorities**

Federal Rule of Civil Procedure 59 ........................................................................................ 1, 11

Federal Rule of Evidence 403 .................................................................................................. 2, 4

Federal Rule of Civil Procedure 26(a)(2)(B) ........................................................................... 3, 7

Defendants respectfully move pursuant to Federal Rule of Civil Procedure 59 for a new trial and remittitur, to the extent the Court does not grant Defendants' motions for JMOL (Dkts. 371–373). Defendants also respectfully request an oral hearing on their motion.

A new trial is appropriate when the jury's verdict is against the great weight of the evidence, the damages award is excessive, the trial was unfair, or prejudicial error was committed in the course of trial. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). If the Court does not grant Defendants' JMOL motions (Dkts. 371–373), a new trial should be granted for the reasons stated in Defendants' JMOL motions because the verdicts are against the great weight of the evidence. A new trial is also warranted for the additional reasons set forth below.[1]

## I.   A NEW TRIAL SHOULD BE GRANTED ON DAMAGES.

If the Court does not grant Defendants' motion for JMOL of no damages (Dkt. 373), a new trial is warranted because the damages awards are against the great weight of the evidence for each of the reasons stated in Dkt. 373 (§§ III.A–G) and at least the following additional reasons.

**A.   ███████████████████████████ should not have been admitted.**

Admission of a settlement agreement requires "creditable expert evidence" and an "adequate basis." *Prism Techs. LLC v. Spring Spectrum L.P.*, 849 F.3d 1360, 1370–71 (Fed. Cir. 2017). Solas provided ***no*** expert analysis of the ███████████████████████████ let alone expert opinion of technical or economic comparability. The admission of the agreement over Defendants' objection was unfairly prejudicial, and warrants a new trial. *See* Dkt. 373 at § III.G.

The ███████████████████████████

---

[1] While Defendants maintain that "first electrode formed over said substrate so as to cover said active elements" in '450 patent, claim 1 should have been construed as Defendants proposed (*see, e.g.*, Dkts. 80, 251), and there could be no infringement under the proper construction (*see, e.g.*, Dkts. 140, 186, 251), this issue need not be addressed because the jury correctly found the claims invalid and not infringed, and Solas has represented that it will not challenge the verdict. Dkt. 360 at 3.

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████████ The settlement agreement should have been excluded at least under Federal Rule of Evidence 403.

The admission of the ████████████████████
███████████████████████████████████████
███████████████████████████████████████
█ █████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████

**B.   Mr. Dell's unreliable testimony should have been excluded.**

Mr. Dell's damages analysis for the '338 patent should have been excluded under *Daubert*. *See* Dkt 138, 190. *First*, Mr. Dell in his expert report failed to analyze the *Georgia-Pacific* factors under the correct 2013 hypothetical negotiation date, a fundamental defect that rendered his analysis unreliable. Mr. Dell based his analysis on a legally incorrect 2008/2009 date, merely dropping a conclusory footnote (repeated twice) asserting that his opinions would not be different under a 2013 date. The only analysis Mr. Dell provided of the full set of *Georgia-Pacific* factors

2

was under the 2008/2009 date, ignoring material changes that occurred by 2013. ███

███

███

███

███

███

███

contravened the Court's directive that "[t]he reports . . . form the boundaries . . . of what each expert should testify to." 9/8/2020 Pre-Trial Conf. Tr. (Public) 21:1–19; *see* Rule 26(a)(2)(B).

In addition, the Court erred in precluding Defendants from cross-examining Mr. Dell on the fact that his original reasonable royalty analysis was based on the incorrect 2008/2009 date.

███

███

███ At trial, however, ███

███

███

███

███

███

*Second*, Mr. Dell's opinions regarding the '338 patent were unreliable and should have been excluded because they were based on non-comparable licenses. Solas and Mr. Dell relied on

3

a number of licenses (PTX-509, PTX-534, PTX-535, PTX-536, PTX-537, PTX-743, PTX-744) for which there was no technical comparability opinion at all, and which also were not economically comparable. *See, e.g.*, Dkt. 138 at 7–12; Dkt. 190 at 1, 3–4; Dkt. 224 at 11–13. These included SDC's agreements with UDC in 2011 and 2018, and UDC's agreements with two other companies, Pioneer and Konica Minolta. These licenses should have been excluded at least based on Defendants' objections under FRE 403. *See, e.g.*, 3/2/2021 Tr. (Public) 276:5–23.

Moreover, Mr. Dell's analysis was based on the 2005 UDC-SDI Agreement, which was not comparable (Dkt. 373 at §§ III.D–E). Although he stated that his trial opinions were based on a *2013* hypothetical negotiation date, he never explained how or why a *2005* agreement that was terminated and replaced by a materially different agreement in 2011 would be pertinent. There was also no reliable evidence of technical comparability. Mr. Dell purported to rely on Mr. Credelle, but ▮

▮

Mr. Dell's damages analysis for the '311 patent should also have been excluded under *Daubert*. Mr. Dell relied on a royalty rate derived from a non-comparable license between Atmel and Uni-Pixel (PTX-506) (*see* Dkt. 373 at § III.A); a speculative and unreliable cost-savings

4

analysis based on external metal mesh sensor samples that did not practice any asserted claim, were never used in an accused product, and were found to be unsuitable for SDC's products (*see* Dkt. 373 at § III.B); and an incorrect identification of the SSPPU as the OLED display module instead of the touch sensor, in violation of the entire market value rule (*see* Dkt. 373 at § III.C).

    **C.    The damages award is against the great weight of the evidence.**

The damages verdicts for the '338 and '311 patents are against the great weight of the evidence and require a new trial. As explained in Defendants' JMOL motion (Dkt. 373), the evidence showed that the reasonable royalty for the '338 patent was a lump sum of no more than $1,150,000. ■■■ howed SDC would have paid, and Casio accepted, a lump sum of no more than $1,150,000 for the '338 and '450 patents combined. ■■■

The evidence further showed that the reasonable royalty for the '311 patent was a lump sum of no more than $500,000. *See* Dkt. 373 at §§ III.A–C. Mr. Martinez explained the extensive "real-world market evidence" of the value of the '311 patent, ■■■

5

Moreover, Solas's theory and evidence for the '311 and '338 patents were based entirely on a running royalty structure, and cannot support the jury's lump sum verdicts as a matter of law. As explained in Defendants' JMOL (Dkt. 373 at § III.F), the evidence provided the jury no way to convert Solas's claimed running royalty damages into a lump sum in the amounts awarded.

**II.     A NEW TRIAL ON NON-INFRINGEMENT OF THE '338 PATENT IS WARRANTED.**

If the Court does not grant Defendants' motion for JMOL of non-infringement of the '338 patent, a new trial is warranted because the verdict is against the great weight of the evidence for each of the reasons stated in Dkt. 372 at § III.A–B and at least the following additional reasons.

*First*, Dr. Fontecchio should have been permitted to testify about the pull-out current described in the '338 patent. The parties' claim construction dispute centered on whether the claimed "write current" refers to the type of current described in connection with Figure 2 of the '338 patent—a pull-out current—or whether, as Solas urged, "write current" described current more broadly. The Court construed "write current" to mean "pull-out current," agreeing with Defendants that the patentee defined "write current" by implication and noting that during prosecution the applicants amended the claims to be consistent with the specification's description of Figure 2. Dkt. 99 (CC Mem. and Order) at 18–23; DTX-2 ('338 patent) at 15:37–41.

Consistent with this, Defendants intended for Dr. Fontecchio to show the jury Figure 2 and explain how it offers a non-limiting example of a "pull-out current." However, the Court precluded Defendants from "discuss[ing] the pull-out current as it is shown and described in the '338 patent," instructing that Defendants may "only address the position taken by [Solas]" regarding whether accused products have a "pull-out current." 3/3/2021 Tr. (Public) 536:24–537:4. This was prejudicial error that denied Defendants the opportunity to have their expert explain a concrete example indisputably reflecting a pull-out current consistent with the construction, which would have helped the jury to understand that the current identified by Solas is not a pull-out current.

6

*Second*, Mr. Credelle should not have been permitted to offer opinions beyond the scope of his expert report regarding a holding transistor. In discovery, Mr. Credelle never offered an opinion that ███████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████

Solas failed to present substantial evidence at trial that ████████████████

████████████████████████████████████████

However, if it were found that Solas did introduce such evidence through the testimony of Mr. Credelle, then it was beyond the scope of his report and should not have been admitted. Defendants objected to Mr. Credelle offering opinions on this issue because they were not in his expert report, through motions to strike and objections. ████████████████████████

█████████ The admission of this testimony was inconsistent with the Court's directive that "[t]he [expert] reports . . . form the boundaries and parameters of what each expert should testify to," 9/8/2020 Pre-Trial Conf. Tr. (Public) 21:1–19, and Rule 26(a)(2)(B), and would warrant a new trial.

### III. A NEW TRIAL ON NON-INFRINGEMENT OF THE '311 PATENT IS WARRANTED.

A new trial is warranted because the verdict of infringement of the asserted claims of the '311 patent is against the great weight of the evidence for the reasons stated in Dkt. 371 §§ III–IV and at least the following additional reasons. *First*, the Court erred in construing "configured to wrap around one or more edges of a display" to mean "configured to wrap around one or more intersections between two or more surfaces of a display." CC Mem. and Order at 28. Defendants' proposed construction of "wrapped around one or more line segments where two surfaces of a display intersect" represents the plain meaning of the term and accorded with the specification and

7

prosecution history, Dkt. 80 (Defs.' Resp. CC Br.) at 27–30, and precludes Solas's misinterpretation of the limitation to encompass wrapping around "curved" or "pebble-shaped" devices or other devices having no substantial distinction between surfaces.

In the '311 patent, the "edge" refers to a line where two surfaces intersect, *i.e.*, where two substantially distinct surfaces join together. The patent distinguished having an "edge" between surfaces from having "no substantial distinction between surfaces" (e.g., curved or pebble-shaped devices) and claimed only the former; broader claims were rejected in prosecution. DTX-3 ('311 patent) at 7:47–64; DTX-6 at 0395, 0427–0444, 0447–0457. Consistent with the specification and prosecution history, Defendants' construction excludes devices where the touch sensor is wrapped around a curved or pebble-shaped surface. Defs.' Resp. CC Br. 27–30.

Solas used the Court's construction to argue (improperly, even under that construction) that ███████████████████████████████████████████ ███████████████████████████████████████ Solas's theory negates, for instance, the specification's very distinction between devices having "edges" and "pebble-shaped devices"—the latter necessarily have changes in curvature, which would constitute "edges" under Solas's theory. Further, the '311 patent discloses rounded edges, *see* DTX-3 at 7:47–54, which could not exist under Solas's theory of infringement; they would be an impossibility. If the Court's construction permitted Solas's theory, it was erroneous. A new trial should be granted under Defendants' proposed construction.

*Second*, the Court erred in precluding Defendants from introducing evidence that the claims did not cover curved or pebble-shaped devices. The Court had ruled that the claims do not cover these types of devices, *see* CC Mem. and Order at 27, but Solas flouted this ruling by arguing that any change in curvature such as a slight curve in an otherwise flat surface constitutes an "edge"—

8

which would read the claims to cover those very devices. When Dr. Sierros sought to explain ▮

▮

▮

▮

▮ Defendants were also barred from presenting testimony that the patentee amended the claims to cover only an "edge" but not "curved" or "pebble shape" devices, and canceled claims covering "curved" embodiments to overcome the PTO's rejection. *See* DTX-6 at 0395 (March 3, 2015 Response); *id.* at 0427–0444 (March 19, 2015 Office Action); *id.* at 0447–0457 (June 19, 2015 Response). Defendants were prejudiced by being precluded from offering this testimony—which would have been fully consistent with the Court's claim construction order—to support their non-infringement argument that the accused products are curved or pebble-shaped devices and do not have a touch sensor wrapped around an "edge."

*Third*, the Court's ruling that Defendants could not present evidence on non-accused products for their defense that the accused products lack the claimed "substantially flexible substrate" that "wrap[s] around one or more edges of a display" was prejudicial error. While the claims require a "substrate" that is separate from a display, the accused products have no such substrate. To argue infringement, Solas made the unfounded assertion that ▮

▮

▮ To rebut Solas's incorrect assertion, Defendants sought to introduce evidence showing ▮

▮ The TFE layer is ▮

▮ Important evidence demonstrating this fact was that the ▮

9

The precluded evidence would have showed the ███████████████

████████████████████████████████████████████████ The non-accused

products had touch sensors ████████████████████████████████████

██████████████████████████████████████████████████████████████

Evidence about those products would have showed the jury that ████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████.

## IV. A NEW TRIAL ON INVALIDITY OF THE '311 PATENT IS WARRANTED.

A new trial on the '311 patent is also warranted because of the prejudicial error in denying Defendants' motion to exclude Mr. Credelle's opinion on conception and reduction to practice. *See*, *e.g.*, Dkt. 143; 9/8/20 Pre-Trial Conf. Tr. (Public) 34:2–44:2, 81:9–83:1. Solas failed to disclose its purported dates of conception and reduction to practice until Mr. Credelle's rebuttal expert report. Defendants had no notice of or opportunity to address the alleged dates in discovery, nor to have their expert opine on these alleged dates and the purported supporting materials. The prejudice was amplified by Plaintiff cross-examining Dr. Sierros ████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████. Because the jury could have returned a "no invalidity" verdict based on a finding that Chen was not prior art, the Court should grant a new trial on invalidity.

## V. THE WILLFULNESS VERDICT WAS AGAINST THE GREAT WEIGHT OF THE EVIDENCE AND THE DAMAGES ENHANCEMENT SHOULD BE REMOVED.

If Defendants' JMOL motion on willfulness is denied, a new trial should be granted because the jury's verdict was against the great weight of the evidence for reasons stated in Dkt.

10

371 at § V. Solas never showed any Defendant "had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021). Solas presented no evidence that SEC or SEA had knowledge of the '311 patent or any embodiment of it. As to SDC, Solas presented no evidence that an Atmel sample practiced the asserted claims nor showed that SDC copied Atmel's product. Further, Atmel's technology was *external* metal mesh touch sensors. Mr. Kwak provided unrebutted testimony that ████████

████████████████████████████████████████████████. ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████  Further, Mr. Kwak provided ████████████████████████

████████████████████████████████████████. Also, shortly after trial the PTAB issued a final written decision that the asserted claims of the '311 patent are unpatentable, providing new evidence that SDC's belief of the invalidity of the '311 patent was reasonable and correct. *See* Dkt. 359; Fed. R. Civ. P. 59(e). The new evidence reinforces that the enhancement of damages should be removed, and supports amending the judgment. Fed. R. Civ. P. 59(e).

VI. **ERRORS IN THE JURY INSTRUCTIONS AND VERDICT FORM WARRANT A NEW TRIAL.**

A new trial is warranted because the Court provided certain jury instructions and verdict form questions, over Defendants' objections, that were legally erroneous and prejudicial. *See, e.g.,*

11

*Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1317 (Fed. Cir. 2010).

### A. The Court incorrectly instructed the jury on induced infringement.

The Court instructed the jury that "SDC and SEC are liable for active inducement of a claim only if Solas proves by a preponderance of the evidence that . . . SDC and SEC took action during the time the asserted patents were in force intending to cause infringing acts by SEA." 3/8/2021 Tr. (Public) 873:23–874:5. Defendants objected. 3/5/2021 Tr. (Public) 833:13–18. The Court declined to give Defendants' alternative instruction—that Solas must prove by a preponderance of the evidence that "SDC and SEC took action during the time the asserted patents were in force intending to cause infringement by SEA." 3/5/2021 Tr. (Public) 834:8–835:1.

"[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). "To prove inducement of infringement, the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Astornet Techs. Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1279 (Fed. Cir. 2015) (internal quotation marks omitted). Yet, the jury instruction asked the jury to determine only whether SDC and SEC intended to "cause infringing acts," prejudicing Defendants by suggesting the jury could find inducement by SDC and SEC if they intended SEA to carry out acts such as selling accused products even if SDC and SEC did not know those acts constituted infringement.

### B. The Court incorrectly instructed the jury on willfulness.

The Court instructed that the jury "may find that a Defendant's actions were egregious or wanton if the Defendant acted in reckless disregard of or with deliberate indifference to Solas's patent rights or if the Defendant was willfully blind to Solas's patent rights," 3/8/2021 Tr. (Public) 875:17–21. This instruction was incorrect in suggesting any of "willful blindness," "reckless disregard," or "deliberate indifference" suffices to support a finding of willful infringement.

12

The conduct warranting enhanced damages differs from "willful blindness" or "reckless disregard" or "deliberate indifference." To establish willfulness, precedent requires a "show[ing] [that] the accused infringer had a ***specific intent*** to infringe," *Bayer*, 989 F.3d at 987 (Fed. Cir. 2021) (emphasis added), and the challenged conduct must rise "to the level of wanton, malicious, and bad-faith behavior required for willful infringement," *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019); *see Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) (conduct, e.g., "consciously wrongful," "flagrant" or "characteristic of a pirate"). The Court's instruction prejudicially lowered the standard and allowed the jury to find a Defendant's conduct willful without finding "deliberate or intentional infringement." *Bayer*, 989 F.3d at 988.

### C. The jury was not instructed on a necessary aspect of corroboration.

The Court's instruction on conception and reduction to practice of the claimed invention, 3/8/2021 Tr. (Public) 881:7–12, was prejudicial in failing to instruct the jury that independent corroborating evidence is evidence not derived from the inventor or based on the inventor's testimony. *See Kolcraft Enters., Inc. v. Graco Children's Prod., Inc.*, 927 F.3d 1320, 1325 (Fed. Cir. 2019) (An inventor "must provide independent corroborating evidence in addition to his own statements and documents." (citation omitted)); *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1170–71 (Fed. Cir. 2006); 3/5/2021 Tr. (Public) 837:3–15. It was error not to provide the instruction Defendants' requested because Solas's evidence was based on the named inventors' own testimony and documents (and Mr. Credelle's parroting of those materials), yet the jury was not instructed that such evidence fails to meet the independent corroboration requirement.

### D. The jury should have been instructed on the entire market value rule.

The Court erred in not giving an instruction on the entire market value rule ("EMVR"). *See* 3/5/2021 Tr. (Public) 839:7–14. The appropriate royalty base for the '311 patent was disputed: Solas's experts testified the royalty base is the entire OLED display module, whereas Defendants'

13

experts testified the appropriate base is a touch sensor without a display. The omission of a jury instruction on EMVR was prejudicial because it allowed the jury to accept Solas's use of display modules as the royalty base without finding the claimed touch sensor drives market demand for the modules. Mr. Dell used SDC's revenues from sales of display modules as the royalty base without identifying any evidence the claimed touch sensor technology drives consumer demand.

### E. The verdict form's questions 1 and 3 were error and prejudicial.

Question 1 on the verdict form, which asked only "Did Solas prove by a preponderance of the evidence that Samsung infringed **ANY** of the Asserted Claims?" (Dkt. 341 at 4), was error and prejudicial to Defendants. *First*, although there are three separate Defendants, each accused of infringing in different ways, this Question did not ask which Defendant infringed or whether the infringement was direct or by inducement. By conflating the Defendants, the verdict form also invited the jury to disregard restrictions on liability for indirect infringement, such as a lack of liability before a Defendant had notice of the pertinent patent. *Second*, the Question did not ask which claims Defendants allegedly infringed, offering no way to ascertain which claim of the '311 or '338 patent was found to be infringed. All that is apparent is that the '450 patent was not infringed. For example, the jury could have found that Defendants infringed only Claim 5 of the '338 patent—and not Claim 9. *Third*, the Question does not specify which products were found to infringe the '311 or '338 patent, despite material differences among sets of accused products (identified in Defendants' proposed verdict form). As the Question was put to the jury—without separating infringement out by product—the jury could have inappropriately awarded damages based on all of the products even if the jury found infringement for just one product.

Question 3 on the Verdict form, which asked whether "Samsung willfully infringed **ANY** of the Asserted Claims of the '311 Patent," (Dkt. 341 at 6), was also error. This Question fails to separate the individual Defendants, and without this separation, it is not clear which entity the jury

14

found willfully infringed. The record reflects that SDC maintained an arm's length relationship with SEC and SEA, especially with respect to technical information, *see, e.g.*, 3/3/2021 Tr. (Public) 471:7–16 (Mr. Repice), and Solas presented no evidence that SEC or SEA even had notice of the '311 patent. By failing to distinguish the entities, Questions 1 and 3 erroneously and prejudicially invited the jury to find one entity could willfully infringe based on behavior of a different entity.

### VII.  THE '338 PATENT DAMAGES AWARD SHOULD BE REMITTED.

If the Court does not grant JMOL of no damages for the '338 patent (*see* Dkt. 373) or a new trial on the '338 patent, the damages on the '338 patent should be remitted to $13,663,248.50.

Even under Solas's damages theory, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the verdict should be remitted to that amount. *See* Dkt. 373 at § III.D.

### VIII.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that, if their renewed JMOL motion is not granted, the Court order a new trial. Defendants further request remittitur of the damages award for the '338 patent of $13,663,248.50.

15

Dated: April 19, 2021                                Respectfully submitted,

/s/ *Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner
jlerner@cov.com
Jared R. Frisch
jfrisch@cov.com
Daniel W. Cho
dwcho@cov.com
Tarek J. Austin
taustin@cov.com
Eric T. O'Brien
eobrien@cov.com
David J. Cho
djcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this April 19, 2021.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendants and counsel for Solas met and conferred concerning the substance of the motion for new trial conditioned upon remittitur and the relief requested on April 16, 2021. Following discussions, Solas remains opposed to this motion and the relief requested. Discussions conclusively ended in an impasse, leaving open the instant issues for the Court to resolve.

*/s/ Melissa R. Smith*
Melissa R. Smith