## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| SOLAS OLED LTD.<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG DISPLAY CO., LTD.,<br>SAMSUNG ELECTRONICS CO., LTD.,<br>AND SAMSUNG ELECTRONICS<br>AMERICA, INC.,<br><br>Defendants. | Civil Action No. 2:19-cv-00152-JRG<br><br>███████████████<br><br>**ORAL HEARING REQUESTED** |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF NO DAMAGES

DC: 7538525-5

## TABLE OF CONTENTS

I.      The ███████████████ cannot support the damages award for the '311 patent. .................................................................................................. 1

II.    Mr. Dell's cost savings analysis cannot support the damages award for the '311 patent. .................................................................................................. 2

III.   Solas's display module royalty base fails to support the '311 patent damages award. ..................................................................................................... 4

IV.   The UDC portfolio license agreements cannot support the '338 patent damages award. ..................................................................................................... 4

V.    Solas's running royalty evidence cannot support the jury's lump sum damages awards. .................................................................................................... 6

VI.   The ███████████████ cannot support the jury award. ........................................ 6

VII.  Conclusion........................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ericsson, Inc. v. D-Link Sys., Inc.*,
    773 F.3d 1201 (Fed. Cir. 2014)......................................................................................3

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    879 F.3d 1299 (Fed. Cir. 2018)...................................................................................4, 5

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009)......................................................................................6

*Powell v. Home Depot U.S.A., Inc.*,
    663 F.3d 1221 (Fed. Cir. 2011)...................................................................................2, 3

*Prism Technologies LLC v. Sprint Spectrum L.P.*,
    849 F.3d 1360 (Fed. Cir. 2017)...................................................................................2, 3

*Spring Commc'ns Co. v. Charter Commc'ns, Inc.*,
    No. 17-1734-RGA, 2021 WL 982732 (D. Del. Mar. 16, 2021) ...............................7

*VirnetX, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014)......................................................................................4

Solas's opposition (Dkt. 380, "Opp.") fails to show that there was substantial evidence to support the damages award. Defendants' motion for JMOL (Dkt. 373, "Mot.") should be granted.

**I.     The ███████████████████ cannot support the damages award for the '311 patent.**

Solas cannot dispute that Mr. Dell relied on the ████████████████. His analysis was based on the *Georgia Pacific* factors, 3/3/2021 Tr. (Public) 445:25–449:9, and, as Solas admits, included ████████████████████████████ further admits that Mr. Dell "[u]tilized" the agreement "as [s]upporting [e]vidence in [h]is [d]amages [m]odel." Opp. at 2; ████████████████████████████

Yet the absence of evidence of technical comparability is incontrovertible. It is undisputed that Solas's technical expert did not testify about the licensed patents (which did not include the '311 patent). *See also* Mot. at 2–3. As for economic comparability, Solas asserts that Mr. Dell ████████ ████████████████████████████ ████████████████████████████ ████████████████████████████████.

It is also undisputed that Mr. Dell did not apportion the ████████████████ ████████████████████████████ ████████ compared to his damages analysis (OLED display modules). *See* Mot. at 3. And despite acknowledging that the '311 patent was "in application stage at the time" and among ████████ ████████████████, Opp. at 4, Solas fails to identify any attempt by Mr. Dell to ████████████████. Moreover, Solas's claim that "the '311 patent . . . [was] a driving force behind the ████████████████ Opp. at 4, is unsupported by the evidence.[1] When asked

---

[1] Solas points to the rate increasing to ████████████████████████████ ████████████████ '311 patent was the value driver. But there is no evidence that the ████ (continued…)

whether "the '311 patent [was] fundamental to the Uni-Pixel deal," Mr. Shaikh, who testified that

he negotiated the deal for Atmel, responded: "Our focus was *manufacturing* first and then *other*

patents." 3/2/2021 Tr. (Public) 320:10–12 (emphases added). Asked point blank whether he had

told Mr. Dell "that the principal value in the patent portfolio that went to Uni-Pixel was the '311

patent," Mr. Shaikh would not agree, stating he could not "remember" such discussion and

responding: "Well, there were a lot of *other* patents, too." *Id*. at 320:6–321:14 (emphasis added).

Defendants presented ████████████████████████████, backed by unrebutted expert

comparability testimony, confirming that, at most, damages for the '311 patent would be a lump sum

of $500,000. *See* Mot. at 4–5. Defendants also ███████████████████████████████

████████████████████████████████████████████████████████████████

Contrary to Solas's assertion, Opp. at 6, Mr. Martinez was clear that he ████████████████

████████████████████████████████████████████████████████████████

## II.    Mr. Dell's cost savings analysis cannot support the damages award for the '311 patent.

Solas's cost savings theory contradicts precedent and cannot support the damages award.

Solas identifies *no* authority that a cost savings analysis can be wholly based, as Solas's was, on a

component (1) never used in any accused product, and (2) not shown to have practiced an asserted

claim. In fact, the cases that Solas relies on—*Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221

(Fed. Cir. 2011) and *Prism Technologies LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360 (Fed. Cir.

2017)—confirm that cost savings estimates must be based on "use of the *infringing product*,"

*Powell*, 663 F.3d at 1240 (emphasis added); *see also Prism*, 849 F.3d at 1376. In *Powell*, the accused

products were saw guards, and the expert estimated cost savings from "reducing claims from

_____

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

employee accidents" by analyzing data from "Home Depot stores where the [accused] saw guards were installed." *Powell*, 663 F.3d. at 1240. In *Prism*, the analysis was also based on the accused products—"third-party backhaul networks." 849 F.3d at 1364–65. Besides reviewing "industry studies," *id*. at 1377; Opp. at 10, the expert also "went to Sprint records . . . [and] limit[ed] the costs to just the 161 user devices that were charged with infringement," Prism's Op. Br., *Prism Techs. LLC v. Sprint Spectrum L.P.*, Nos. 16-1456, 16-1467, 2016 WL 2851598, at *61–62 (Fed. Cir. May 12, 2016). Here, in contrast, it is undisputed that ███████████████████████████

████████████████████████████████████████████████████████ ██

Further, Solas errs in attempting to justify Mr. Dell's comparison of the costs of external metal mesh sensors to ITO sensors by arguing that metal mesh is "an infringing feature" and that a cost savings analysis can be based on a comparison of any "infringing feature" to "an identified noninfringing alternative." Opp. at 7. Damages must reflect "the incremental value that ***the patented invention*** adds ***to the end product***." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) (emphases added). Mr. Dell's analysis considered only metal mesh, failing to address what allegedly distinguished the claims from the prior art, i.e., touch sensors configured to ***wrap around the edge of a display***. *See* Mot. at 6–8. Metal "mesh" did ***not*** distinguish the claims from the prior art. Solas admits "the '311 patent did not . . . come up with the concept of metal mesh." Opp. at 6–7. ███████████████████████████

████████████████████████████████████████████████████████

Mr. Dell's faulty cost-savings conclusion is also incompatible with other trial evidence, including Mr. Shaikh's testimony that ITO touch sensors were "price competitive" with Atmel's

---

[2] The undisputed evidence also shows those ████████████████████████████████
████████████████████████████████████████████████████████

3

metal mesh touch sensors. *See, e.g.*, 3/2/2021 Tr. (Public) 318:7–319:12 (ITO and metal mesh touch sensors were both "about $1 an inch"); ███████████████████████████████

### III.    Solas's display module royalty base fails to support the '311 patent damages award.

Solas cites no authority for its argument that the SSPPU must be based on what the accused infringer sells. Opp. at 11 (arguing "the display module as the SSPPU is proper for the simple fact that it is the smallest infringing . . . unit that Samsung actually sells"). ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Even were the OLED display module the SSPPU, however, Mr. Dell failed to apportion the royalty base to only the patented feature. Solas does not dispute that the claims do not require a display and "are drawn to an individual component of a multi-component product," *i.e.*, the touch sensor component of the display. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014). Thus, the royalty base here required "[f]urther apportionment . . . to reflect the value of the patented [touch sensor] technology compared to the value of the unpatented elements" in the OLED display module. *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1311 (Fed. Cir. 2018).

### IV.    The UDC portfolio license agreements cannot support the '338 patent damages award.

There is no evidentiary basis for the '338 patent damages award. Even under Solas's theory based on the 2005 UDC-SDI Agreement, the undisputed facts confirm the award is excessive and unsupported. ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ Solas cites no contrary testimony.

████████████████████████████████████████████████

████████████████████████████████████████████████

4

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████ *Finjan*, 879 F.3d at 1311, as is the damages award.

The 2005 UDC-SDI Agreement also cannot support the damages award because it was not shown to be comparable. Solas's technical expert admitted he ██████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████ Solas asserts that this shortcoming should be excused because ██████████████████████████████████████████████████

██████████████████████████████████████ But that is no answer; Solas and Mr. Dell (who was not offered as an expert in contract interpretation) ignore SDC's

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████ As for economic comparability, Solas does not dispute that the 2005 UDC/SDI agreement was an idiosyncratic arrangement ████████████████████████████████████

████████████████████████████████ ; the ████████████████████████ 2005 agreement

---

[3] Solas responds by referring to "Mr. Credelle's testimony that ***he categorized*** every licensed U.S. patent." Opp. at 14 (emphasis added). ██████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████[4]

## V.      Solas's running royalty evidence cannot support the jury's lump sum damages awards.

For the '311 patent, Solas acknowledges its "1 percent rate" (Opp. at 5) was a running royalty "applied to infringing sales" since "infringement [began] in 2017," but then asserts, without support, that "the jury had more than adequate basis to award the[] expected cost savings as a lump sum" (*id.* at 18–19). But there was no "basis for comparison" to allow the jury "to recalculate in a meaningful way" Solas's running royalty evidence into lump sum verdicts. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326–30 (Fed. Cir. 2009). Tellingly, Solas identifies none. For the '338 patent, Solas argues that "the jury heard evidence of the rates of the ███████████████████████ ███████████████████████████" Opp. at 19, but that is not correct. Solas cites█████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ But Mr. Dell did not testify how these agreements could purportedly allow conversion of the ██████████████████ ███████████████████████████████████████ Solas never suggested that the 2011 and 2018 UDC agreements even supported a lump sum award. *See Lucent Techs.*, 580 F.3d at 1329 ("[A] lump-sum damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers, one of which is arguably in the ballpark of the jury's award.").

## VI.     The███████████████████████ cannot support the jury award.

Solas's claim that it "did not even use the █████████████████████████████," Opp. at 20, is contradicted by the trial record. Solas emphasized the ███████████████████

---

[4] Solas also admits that "Mr. Dell did not present [the post-2005 UDC agreements] as comparable agreements." Opp. at 17 (calling the post-2005 agreements "circumstantial facts").

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

## VII.   Conclusion

Defendants respectfully request that the Court enter JMOL of no damages. As the evidence shows (*see* Mot. at 4–5, 16–19),[5] a reasonable royalty for the '311 patent is a lump sum of no more than $500,000, and, for the '338 patent, a lump sum of no more than $1,150,000.

---

[5] Contrary to Solas's repeated argument that Defendants' damages arguments simply request "that Solas receive zero damages" and nothing more, *see, e.g.,* Opp. at 22, Defendants' motion argues throughout that Solas's damages theories cannot support the jury's damages verdicts, and that the evidence confirms that the evidence can support only markedly lower awards.

Dated: May 3, 2021                    Respectfully submitted,

                                      /s/ Daniel W. Cho

                                      Melissa R. Smith
                                      Texas State Bar No. 24001351
                                      melissa@gillamsmithlaw.com
                                      GILLAM & SMITH, LLP
                                      303 South Washington Avenue
                                      Marshall, Texas 75670
                                      Phone: (903) 934-8450
                                      Fax: (903) 934-9257

                                      Jeffrey H. Lerner
                                      jlerner@cov.com
                                      Jared R. Frisch
                                      jfrisch@cov.com
                                      Daniel W. Cho
                                      dwcho@cov.com
                                      Tarek J. Austin
                                      taustin@cov.com
                                      Eric T. O'Brien
                                      eobrien@cov.com
                                      David J. Cho
                                      djcho@cov.com
                                      COVINGTON & BURLING LLP
                                      One CityCenter
                                      850 Tenth Street, NW
                                      Washington, DC 20001-4956
                                      Phone: (202) 662-6000
                                      Fax: (202) 662-6291

                                      Robert T. Haslam
                                      rhaslam@cov.com
                                      COVINGTON & BURLING LLP
                                      3000 El Camino Real
                                      5 Palo Alto Square, 10th Floor
                                      Palo Alto, CA 94306-2112
                                      Phone: (650) 632-4700
                                      Fax: (650) 632-4800

                                      **COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY
                                      CO., LTD., SAMSUNG ELECTRONICS CO., LTD.,
                                      AND SAMSUNG ELECTRONICS AMERICA, INC.**

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this May 3, 2021.


/s/ Melissa Smith
Melissa Smith