# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> SAMSUNG DISPLAY CO., LTD., et al., <br><br> *Defendants.* | Case No. 2:19-cv-00152-JRG |

**PLAINTIFF SOLAS OLED LTD.'S OPPOSITION TO DEFENDANTS'
RULE 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW OF
NONINFRINGEMENT OF THE ASSERTED CLAIMS OF THE '338 PATENT
[CORRECTED]**

**FILED UNDER SEAL**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT......................................................................................................................... 1

    A. "a driving transistor, one of the source and the drain of which is connected to the pixel electrode".............................................................................................................. 1

    B. "a switch transistor which makes a write current flow between the drain and the source of the driving transistor" ................................................................................... 5

    C. "a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period"............................................................ 8

    D. "a plurality of interconnections which are formed to project from a surface of the transistor array substrate" ....................................................................................... 10

    E. Indirect Infringement ................................................................................................ 12

III. CONCLUSION ................................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242 (1986) .................................................................................................................. 1

*Biscotti Inc. v. Microsoft Corp.*,
　302 F. Supp. 3d 797 (E.D. Tex. 2018) .................................................................................. 3, 6

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
　No. 2:14-CV-911-JRG, 2016 WL 4440255 (E.D. Tex. Aug. 23, 2016) .................................... 3

*Wi-Lan, Inc. v. Apple, Inc.*,
　811 F.3d 455, 465 (Fed. Cir. 2016) .......................................................................................... 3

**FILED UNDER SEAL**

I. **INTRODUCTION**

Samsung's motion for JMOL on the '338 patent seeks to relitigate issues that it lost both at summary judgment and before the jury, or that it failed to raise altogether at trial. Each of Samsung's first three grounds for JMOL was presented, with virtually the same arguments, in Samsung's prior unsuccessful motion for summary judgment. (Dkt. 139; Dkt. 263, 9/8/20 Pretrial Tr. at 169:23–170:10.) The inquiry to decide this motion is the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986) (noting that for summary judgment and JMOL, "the inquiry under each is the same").

As further explained below, the jury's verdict of infringement of the '338 patent is well-supported by substantial evidence. Samsung's motion should be denied, both as to the issues the Court considered at summary judgment and for the new issues that Samsung raises now.

II. **ARGUMENT**

    A. **"a driving transistor, one of the source and the drain of which is connected to the pixel electrode"**

Substantial evidence supports the jury's finding that each of Samsung's products accused of infringing the '338 patent have a driving transistor, the drain of which is connected to the pixel electrode, and that these products thus satisfy this limitation:



1

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████ But this argument rests on mischaracterization of the cross examination of Mr. Credelle. ████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

──────────────────────

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

2



This argument is an untimely request to construe the claims, and the construction that Samsung seeks is legally erroneous. "It is too late at the JMOL stage to argue for or adopt a new and more detailed interpretation of the claim language and test the jury verdict by that new and more detailed interpretation." *Biscotti Inc. v. Microsoft Corp.*, 302 F. Supp. 3d 797, 803 (E.D. Tex. 2018) (quoting *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455 (Fed. Cir. 2016)). *See also Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG, 2016 WL 4440255, at *5 (E.D. Tex. Aug. 23, 2016) ("a Rule 50 motion is an inappropriate vehicle for LG's re-urged and new claim construction arguments."). It is also an argument that the Court already rejected in deciding summary judgment.

Further, a construction of "connected" as requiring "physical contact" is contrary to how the specification of the '338 patent uses the term and excludes the preferred embodiment. In the preferred embodiment, "In the driving transistor 23, the source 23s is ***electrically connected*** to the sub-pixel electrode 20a of the organic EL element 20d." (PTX-2, '338 patent at 7:7–9 (emphasis added).) As Figure 6 of the patent makes clear, the connection between source 23s and pixel electrode 20a goes through a "conductive pad . . . buried in the contact hole 88." (*Id.* at 12:8–9.)

3



FIG.6

Nothing in the '338 patent specification suggests that the invention requires "physical contact" or anything more than an "electrical connection" between the driving transistor and pixel electrode.

The description of the Figure 2 circuit in the specification contains the phrase "electrically connected" 17 times and never mentions the concept of a connection requiring "physical contact." (PTX-2, '338 patent at 6:45–7:42.) Even when the specification uses the term "connected," without the modifier "electrically," it is talking about an electrical connection. For example, the specification states "the signal line group 4 may overlap the sub-pixel electrode 20a connected to it when viewed from the upper side." (*Id.* at 6:5–7.) This "signal line group 4" that is "connected" to the electrode 20a is made up of "the three signal lines Yr, Yg, and Yb." (*Id.* at 5:5–6.) However, an examination of Figure 2 reveals that the only "connection" between the electrode and any of the signal lines in the signal line group is one that passes through transistor 21. ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Samsung argues that "connected" cannot encompass an electrical connection because of the claim language specifying "one of the source and the drain of which is connected," because the source and drain themselves are electrically connected. But Samsung's cramped interpretation of this claim phrase flies in the face of how the specification describes electrical connections. For example, the specification describes the connections of the switch transistor, saying:

4

> In the switch transistor **21**, a source **21***s* is electrically connected to the signal line Y$_j$. A drain **21***d* is electrically connected to the sub-pixel electrode **20***a* of the organic EL element **20**, a source **23***s* of the driving transistor **23**, and an upper electrode **24**B of the capacitor **24**.

(PTX-2, '338 patent at 6:61–65.) Here, the specification describes the source of a transistor as being electrically connected to *one element* and the drain of that transistor as being electrically connected to a set of three *other elements*, even though—as Samsung points out—there is an electrical connection between the source and drain of any transistor. Notably, the three elements 20a, 23s, and 24B are not even directly connected to drain 21d, as the connection of 21d to 20a passes from drain 21d through electrode 24b, source 23s, and contact hole 88, before reaching 20a. (*Id.* at 7:44–58, 12:6–13, Figs. 3, 6). The specification's description of the holding transistor 22 and driving transistor 23 likewise refers to the source being "electrically connected" to one set of elements and the drain being "electrically connected" to a different set of elements. (*Id.* at 7:1–15.)

A person skilled in the art would interpret the term "connected" in the claims the same way as the specification, describing the source of a transistor as electrically connected when the most direct electrical path is through the source and describing the drain as electrically connected when the most direct electrical path is through the drain. The Court correctly rejected Samsung's overly narrow interpretation of "connected" at summary judgment and should reject it again here.

### B. "a switch transistor which makes a write current flow between the drain and the source of the driving transistor"

Substantial evidence supports the jury's finding that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that these products thus satisfy this limitation. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But the Court adopted Samsung proposed construction of this term as "pull-out current." (Dkt. 99, Claim Construction Memorandum and



5

Order at 23.) ▇▇▇ based on statements from IPRs that were never presented to the jury (Dkt. 372 at 9–10) amounts to a request to re-construe the claims *after* the verdict. Such claim construction arguments are untimely and have been waived. *See Biscotti*, 302 F. Supp. 3d at 803.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████

      ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████

    ██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████



(PTX-2, '338 patent, Fig. 2 (red annotations added).) As the arrows labeled "A" show (PTX-2, '338 patent at 15:34–37), the write current flows into the circuit at one point and out at a different point. So, the mere fact that a current flows into the circuit from somewhere else cannot prevent it from being a write current. ████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

7

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ then the Court would have granted Samsung's summary judgment motion, which made those same arguments. The Court correctly rejected those arguments prior to the jury's verdict, and it should reject them again now.

### C. "a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period"

Substantial evidence supports the jury's finding that Samsung's accused products ████

██████████████████████████████████████████████████████

███████████████████ and that these products thus satisfy this limitation.

██████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

8

[REDACTED]

Samsung's expert, Dr. Fontecchio, conceded these factual points. [REDACTED]

[REDACTED] (PTX-2, '338 patent at 15:58–63 ("In the subsequent light emission period [the] charges on the side of the electrode 24A of the capacitor 24 are confined by the holding transistor 22 in the OFF state, and a

floating state is set.")) ▮

▮

▮

▮

▮

▮ The Court properly rejected Samsung's argument based on this testimony during summary judgment. (*See* Dkt. 139 at 7–8.) Samsung did not even attempt to explain, in its motion or before the jury how this testimony is inconsistent with Solas's infringement theory or why it would be impossible ▮ ▮

### D. "a plurality of interconnections which are formed to project from a surface of the transistor array substrate"

Substantial evidence supports the jury's finding that each of Samsung's accused products have a plurality of interconnections which are formed to project from a surface of the transistor array substrate, and that these products thus satisfy this limitation.

▮

▮



10

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████

█████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████

██████████████ Based on Mr. Credelle's testimony concerning the analysis that he did of Samsung's products, his citation of relevant Samsung documents, and Dr. Fontecchio's failure to dispute his opinions concerning the "interconnections" on these products, the jury could reasonably have concluded that each of these products satisfied the "interconnection" limitations.

█████████████████████████████████████████████
███████████████████████████████████████████████████

 But Samsung did not ask the Court to construe "interconnection" to require that they be connected in a particular way or to particular structure. Samsung's untimely request for the Court to construe the term, *after* the jury has rendered its verdict should be rejected. The jury heard substantial evidence that all of the Samsung accused products contain the required "interconnections" and reasonably concluded these products infringe.

### E. Indirect Infringement

Samsung's arguments concerning indirect infringement do not appear to challenge the jury's verdict, as nothing in the verdict refers to indirect infringement or depends on the existence or extent of indirect infringement. As Samsung's motion concedes, Solas presented a case that display panels made by SDC satisfy the '338 patent claims and that at least SEA is a direct infringer, due to its importation and sale of products made by SEC, containing these SDC panels. (3/3/21 Tr. (public) at 440:7-20 (Dell).) Moreover, at least since they were served with the complaint, SEC and SDC have had knowledge of the '338 patent, and a jury could reasonably have concluded from the circumstances that they intended that their subsidiary / co-subsidiary SEA infringe the patent. Further responses to Samsung's indirect infringement arguments can be found in section II.E to Solas's opposition to Defendants' Rule 50(b) motion regarding the '311 patent.

### III. CONCLUSION

For the forgoing reasons, Solas respectfully asks that the Court deny Samsung's motion.

Dated: April 28, 2021         /s/ *Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Adam S. Hoffman
CA State Bar No. 218740
Neil A. Rubin
CA State Bar No. 250761
Jacob Buczko
CA State Bar No. 269408
James S. Tsuei
CA State Bar No. 285530
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: mfenster@raklaw.com
Email: rmirzaie@raklaw.com
Email: ahoffman@raklaw.com
Email: nrubin@raklaw.com
Email: jbuczko@raklaw.com
Email: jtsuei@raklaw.com

T. John Ward, Jr.
TX State Bar No. 00794818
Claire Abernathy Henry
TX State Bar No. 24053063
Andrea L. Fair
TX State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas  75606
Telephone: 903-757-6400
Email: jw@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

**ATTORNEYS**
**FOR PLAINTIFF,**
**SOLAS OLED LTD.**

13

## CERTIFICATE OF SERVICE

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on April 28, 2021 with a copy of this document via the Court's ECF system.


DATED:  April 28, 2021                                        Respectfully submitted,

                                                                                By: /s/ *Reza Mirzaie*
                                                                                       Reza Mirzaie

## CERTIFICATE OF AUTHORIZATION OF SEALING

I hereby certify that the foregoing document and the attachments filed herewith are authorized to be filed under seal pursuant to the Protective Order governing this case.

DATED:  April 28, 2021							Respectfully submitted,

										By: /s/ *Reza Mirzaie*
										    Reza Mirzaie